**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90117
Telephone:  (213) 330-3359
Facsimile:   (212) 214-0506
Email:  fortunato@bespc.com
          passmore@bespc.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-02319-VAP |
| Plaintiff, | CLASS ACTION |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JARETT ELION AND ZHENG LI FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** |
| FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG, | |
| Defendants. | Judge:  Honorable Virginia A. Phillips |
| | Hearing Date: June 8, 2020 |
| | Time:  2:00 p.m. |
| | Courtroom:  Courtroom 8A – 8th Floor |

| | |
|---|---|
| MOHAMED NAHAS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG, <br><br> Defendants. | Case No. 2:20-cv-03130-VAP |

## TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT.................................................................................1

II.     FACTUAL BACKGROUND .................................................................................2

III.    ARGUMENT..........................................................................................................4

      A.      Consolidation of the Actions Is Appropriate .............................................4

      B.      The Court Should Appoint Movant as Lead Plaintiff.................................5

            1.      The Procedure Required by the PSLRA...........................................5

            2.      Movant Filed a Timely Motion.......................................................7

            3.      Movant Has the Largest Financial  Interest in the Relief Sought by the Class....................................................................................8

            4.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure..................................................8

      C.      Movant's Choice of Counsel Should Be Approved................................13

IV.    CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...........................................................................1, 6, 9

*Crawford v. Honig,*
  37 F.3d 485 (9th Cir. 1994) ...................................................................................11

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992) ...................................................................................11

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004)............................................................................10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................10

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) ...............................................................................4, 5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998)..............................................................................10

*Primavera Familienstifung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997)..............................................................................5

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993)....................................................................................10

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d 1129 (C.D. Cal. 1999) .....................................................................9

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984) .............................................................................10, 11

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. Mar. 9, 2001) .................................................................4

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B).......................................................................................passim

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)....................................................................................7

**Rules**

Fed. R. Civ. P. 23(a) .............................................................................................passim

Fed. R. Civ. P. 42(a) .......................................................................................................4, 5

## I.   SUMMARY OF ARGUMENT

Presently pending before the Court are two securities class action lawsuits (together, the "Action")[1] brought on behalf of all persons and entities that purchased or otherwise acquired Funko, Inc. ("Funko" or the "Company") securities between October 31, 2019 and March 5, 2020, both dates inclusive (the "Class Period").[2] Plaintiffs in the Action allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its senior officers.[3]

The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movants Jarett Elion and Zheng Li

---

[1] There is also a related securities class action lawsuit pending in the U.S. District Court for the Western District of Washington captions *Dachev. v. Funko, Inc.*, Case No. 2:20-cv-00544-BAT (the "*Dachev* Action").

[2] Plaintiffs in the Action propose a class period of October 31, 2019 through March 5, 2020, while plaintiff in the *Dachev* Action proposes a longer, more expansive class period of August 8, 2019 through March 5, 2020, inclusive.

[3] Specifically, Plaintiff alleges violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against Funko, Chief Executive Officer Brian Mariotti ("Mariotti"), former Chief Financial Officer Russell Nickel ("Nickel"), and current Chief Financial Officer Jennifer Fall Jung ("Jung") (collectively, "Defendants").

(together, the "Movant") lost approximately $143,343.90 as a result of the alleged fraud during the Class Period. Movant believes that it has the largest financial interest in the outcome of the Action.[4] Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and that it will fairly and adequately represent the interests of the Class.[5] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) the above-captioned actions be consolidated; (2) it be appointed Lead Plaintiff; and (3) its selection of Bragar Eagel & Squire, P.C. ("BES") be approved as Lead Counsel.

## II.   FACTUAL BACKGROUND

Funko is a pop culture consumer products company that creates figures, plush, accessories, apparel, and homewares regarding movies, TV shows, videogames, musicians, and sports teams. ¶ 19.[6]

---

[4]   Signed certifications identifying Jarett Elion and Zheng Li's transactions, as required by the PSLRA, as well as a chart calculating their losses, and a joint declaration executed by them evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl."), as Exhibits 1, 2, and 3, respectively.

[5]   The "Class" consists of all investors, other than Defendants, who purchased or otherwise acquired Funko securities during the Class Period.

[6]   Citations to "¶__" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Law (the "Complaint") filed in *Ferreira v. Funko, Inc. et al.*, Case No. 2:20-cv-02319-VAP (the *"Ferreira* Action"). ECF No. 1. Unless

On February 5, 2020, after the markets closed, Funko issued a press release announcing its preliminary fourth quarter 2019 financial results. ¶ 23. Therein, Funko stated that "[n]et sales are expected to be approximately $214 million, a decrease of 8% compared to $233 million in the fourth quarter of 2018." *Id*. The Company also disclosed a $16.8 million write-down to "dispose of slower moving inventory to increase operational capacity." *Id*.

On this news, Funko's share price fell $6.20, or 40%, to close at $9.29 per share on February 6, 2020, on unusually heavy trading volume. ¶ 25.

On March 5, 2020, after the markets closed, Funko issued a press release announcing its fourth quarter and full year 2019 financial results. ¶ 26. Therein, Funko affirmed net sales for the fourth quarter of 2019 had decreased 8% year-over-year to $213.6 million due to, among other things, "softness at retail during the holiday season which led to a decrease in orders." *Id*.

On this news, Funko's share price fell $0.32, or over 4%, to close at $6.92 on March 6, 2020, thereby injuring investors further. ¶ 27.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Funko was experiencing lower than expected sales; otherwise defined, capitalized terms shall have the same meaning as set forth in the Complaint.

(2) that, as a result, Funko was reasonably likely to incur a write-down for slower moving inventory; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis. ¶ 22.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990), *cert. denied*, 498 U.S. 920, 112 (1990)).  Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99 Civ. 1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept.17, 1999) ("In securities actions where the complaints

are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . .") (citation and quotations omitted); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The actions here present similar factual and legal issues, as they involve the same subject matter and are based on the same wrongful course of conduct.  The actions name the same parties as Defendants.  Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.  Accordingly, consolidation under Rule 42(a) is appropriate.  *Celotex Corp.*, 899 F.2d at 1285.

**B.     The Court Should Appoint Movant as Lead Plaintiff**

**1.     The Procedure Required by the PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion

for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A).  The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.    15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)  has either filed the complaint or made a motion in response to a notice;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30.  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 WL 75774, (N.D. Cal. Jan.

4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against it.  Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### 2. Movant Filed a Timely Motion

On March 10, 2020, counsel in the *Ferreira* Action, the first-filed action, caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[7]

Movant reviewed the complaint filed in the Action and has timely filed its motion within the statutory guidelines.  *Johnson*, 2013 WL 75774, *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (to be considered as lead plaintiff, person can "either file[] the complaint or [make] a motion in response to a notice").

[7] The Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 4 to the Fortunato Declaration.

### 3.    Movant Has the Largest Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action.  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Fortunato Decl., Ex. 2.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.

During the Class Period, Movant purchased Funko securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby.  Movant suffered a substantial loss of approximately $143,343.90.  *See* Fortunato Decl., Ex. 2.  Movant thus has a significant financial interest in the outcome of this Action.  To the best of the Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 4.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### a.    Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant meets the

typicality requirement of Rule 23 because:  (i) it suffered the same injuries as the absent Class members; (ii) it suffered as a result of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues.  *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise").  Rule 23 does not require that the named plaintiff be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members.  Movant, like the other members of the Class, acquired Funko securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby.  Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because the Movant suffered losses similar to those of other Class members and its losses result from Defendants' common course of wrongful conduct.  Accordingly, Movant

satisfies the typicality requirement of Rule 23(a)(3).  *See id.*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.      Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class.  15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses it suffered as a result of the wrongful conduct alleged in the Action.  This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.  *See Johnson*, 2013 WL 75774, (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses).

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Further, as detailed in Movant's Joint Declaration, Jarett Elion and Zheng Li are sophisticated investors with substantial experience investing in capital markets that are committed to managing the Action.  Fortunato Decl., Ex. 3 at ¶¶ 3-4.  They have committed to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy.  *Id.* at ¶¶ 9-13.  To ensure this litigation is managed effectively, they have agreed to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the Action.  *Id.* at ¶ 16.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is therefore the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

**C.      Movant's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained BES as proposed Lead Counsel for the Class. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this, and are well-qualified to represent the Class.  *See* Fortunato Decl., Ex. 5 (BES firm résumé).

**IV.      CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the above-captioned actions; (2) appoint Jarett Elion and Zheng Li as Lead Plaintiff for the Class in the Action; (3) approve BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: May 11, 2020                                   Respectfully submitted,

                                                      **BRAGAR EAGEL & SQUIRE, P.C.**

                                                      /s/ *Melissa A. Fortunato*
                                                      Melissa A. Fortunato (SBN 319767)
                                                      Marion C. Passmore (SBN 228474)
                                                      601 S. Figueroa Street, Suite 4050
                                                      Los Angeles, California 90117
                                                      Telephone:  (213) 330-3359

Facsimile:   (212) 214-0506
Email:  fortunato@bespc.com
              passmore@bespc.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above cases and am over eighteen years old.  On May 11, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this May 11, 2020.

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato