**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
JOHN T. JASNOCH (CA 281605)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508

*Counsel for Lead Plaintiff Movant Angela Michl*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,<br><br>Defendants. | Case No. 2:20-cv-02319-VAP-PJW<br><br>**NOTICE OF MOTION & MOTION OF PLAINTIFF ANGELA MICHL FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; (2) APPROVAL OF HER SELECTION OF LEAD COUNSEL; AND (3) CONSOLIDATION; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**<br><br>Date:    June 15, 2020<br>Time:    2:00 p.m.<br>Dept.:   8A<br>Judge:  Hon. Virginia A. Phillips |

[Caption continued on next page.]

1

MOHAMED NAHAS, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,

Defendants.

Case No. 2:20-cv-03130-VAP-PJW

NTC OF MOT. & MOT. OF ANGELA MICHL FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; (2) APPROVAL OF HER SELECTION OF LEAD COUNSEL; AND (3) CONSOLIDATION; MEMO. OF POINTS & AUTHORITIES IN SUPPORT
CASE NO. 2:20-CV-02319-VAP-PJW

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ......................................................................... 6

STATEMENT OF THE ISSUES TO BE DECIDED .................................................. 7

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 7

    I.      INTRODUCTION ................................................................................... 7

    II.    FACTUAL BACKGROUND ................................................................. 9

    III.   ARGUMENT ........................................................................................ 11

          A.    Michl Should Be Appointed Lead Plaintiff .............................. 11

               1.    Michl's Motion Is Timely ............................................... 11

               2.    Michl Has the Largest Financial Stake in the Relief Sought by the Class ......................................................... 12

               3.    Michl Is Otherwise Qualified Under Rule 23 ................ 14

          B.    The Court Should Approve Michl's Choice of Counsel .......... 16

          C.    The Above-Captioned Cases Should Be Consolidated ............ 19

    IV.   CONCLUSION .................................................................................... 20

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .......................................................................... 10, 18

*In re Cohen*,
586 F.3d 703 (9th Cir. 2009) .............................................................................. 18

*Cornwell v. Credit Suisse Grp.*,
No. 08-cv-03758 (VM), 2011 WL 13263367 (S.D.N.Y. July 20, 2011)..... 19, 20

*Dolan v. Axis Capital Holdings Ltd.*,
No. 04 Civ. 8564(RJH), 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) .............. 21

*Feyko v. Yuhe Int'l Inc.*,
No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ............... 14

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ............................................................................ 21

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ............................................................. 15

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
No. 13-CV-05368, 2014 WL 2604991 (N.D. Cal. June 10, 2014) .................... 13

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)....... 14, 15

*Russo v. Finisair Corp.*,
No. 5-CV-11-01252, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ................. 17

*Weltz v. Lee*,
199 F.R.D 129 (S.D.N.Y. 2001)......................................................................... 21

*Westley v. Oclaro, Inc.*,
No. C-11-2448 EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ........ 16, 17

NTC OF MOT. & MOT. OF ANGELA MICHL FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; (2) APPROVAL OF HER SELECTION OF LEAD COUNSEL; AND (3) CONSOLIDATION; MEMO. OF POINTS & AUTHORITIES IN SUPPORT
CASE NO. 2:20-CV-02319-VAP-PJW

**STATUTES, RULES & REGULATIONS**

15 U.S.C.
   §78u-4(a)(3)(A)(i) ...................................................................................................13
   §78u-4(a)(3)(A)(i)(II) ...........................................................................................14
   §78u-4(a)(3)(A)-(B) ..............................................................................................14
   §78u-4(a)(3)(B)(i)..................................................................................................14
   §78u-4(a)(3)(B)(iii) ...............................................................................................10
   §78u-4(a)(3)(B)(iii)(I)(bb).....................................................................................14
   §78u-4(a)(3)(B)(iii)(I)(cc) .....................................................................................16
   §78u-4(a)(3)(B)(iii)(II)(aa).....................................................................................18
   §78u-4(a)(3)(B)(v).............................................................................................10, 18

**FEDERAL RULES OF CIVIL PROCEDURE**
   Rule 42(a) ..............................................................................................................21

**OTHER AUTHORITIES**

NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008)..................................................17

## <u>NOTICE OF MOTION AND MOTION</u>

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff movant and putative Class member Angela Michl ("Michl"), by and through her undersigned counsel, hereby moves this Court in Courtroom 8A of the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California, on June 15, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an order: (1) appointing Michl as Lead Plaintiff for the putative Class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; (2) approving her selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (3) consolidating the above-captioned actions.

This motion is made on the grounds that Michl timely filed this motion and she is the most adequate plaintiff.  Based on the information presently available, Michl has the largest financial interest in the relief sought by the Class amongst movants for lead plaintiff, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as her claims are typical of the claims of the Class, and she will fairly and adequately represent the interests of the Class.  In addition, Michl has selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel.  Further, the

6

above-captioned cases are sufficiently similar that they should be consolidated and proceed together.

This motion is based on this notice of motion and memorandum of points and authorities herein, the Declaration of John T. Jasnoch ("Jasnoch Decl.") filed concurrently herewith and in support hereof, including Exhibits A-E attached thereto, the pleadings and other files and records previously entered in these actions, and such other written or oral argument as may be presented to the Court.

## STATEMENT OF THE ISSUES TO BE DECIDED

1.      Whether the Court should appoint Michl as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B);

2.      Whether the Court should approve Michl's selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and

3.      Whether the Court should consolidate the above-captioned cases pursuant to Fed. R. Civ. P. 42(a).

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Michl, by and through her undersigned counsel, respectfully submits this memorandum of points and authorities in support of her motion for: (1) appointment as Lead Plaintiff pursuant to §21D of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; (2) approval of her selection of Scott+Scott to serve as Lead Counsel for

7

the putative Class; and (3) consolidation of the above-captioned actions. The two above-captioned cases are nearly identical and should be consolidated and proceed together.

The PSLRA provides that the Court is to appoint as lead plaintiff the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii). As demonstrated below, Michl should be appointed to serve as Lead Plaintiff for this litigation because: (1) her motion for appointment is timely filed; (2) based on information presently available, she has the largest financial interest in this litigation; and (3) she is an adequate and typical Class member. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Michl's selection of Scott+Scott to serve as Lead Counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating securities class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative class.

8

## II.    FACTUAL BACKGROUND

On March 10, 2020, a putative class action was filed in this District, captioned *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (the "*Ferreira* Action"), on behalf of all persons and entities that purchased or otherwise acquired Funko, Inc. ("Funko" or the "Company") securities between October 31, 2019 and March 5, 2020, inclusive (the "Class Period"), asserting claims under §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.  ¶¶1, 9.[1]  Then, on April 3, 2020, a similar action was filed in this District, on behalf of the same class and with the same Class Period, captioned *Nahas v. Funko, Inc.*, No. 2:20-cv-03130 (the "*Nahas* Action").  These two related pending actions bring nearly identical claims, on behalf of the same class of investors, against the same defendants.[2]

Funko is a pop culture consumer products company that creates figures, plush, accessories, apparel, and homewares regarding movies, TV shows,

---

[1]    All "¶" and "¶¶" citations refer to the Class Action Complaint for Violations of the Federal Securities Laws filed in the *Ferreira* Action on March 9, 2020 (ECF No. 1) (the "Complaint").

[2]    Additionally, a third similar action was filed in the Western District of Washington on April 9, 2020, captioned *Dachev v. Funko, Inc.*, No. 2:20-cv-00544 (the "W.D. Wash. Action").  The W.D. Wash Action states a longer class period of August 8, 2019 through March 5, 2019, inclusive.  Michl's losses are the same under the class period stated in the W.D. Wash. Action and the class period stated in the actions pending in this Court.  Michl is also filing a motion to be appointed lead plaintiff of the W.D. Wash. Action.

9

videogames, musicians, and sports teams. ¶19. According to the pending complaints, throughout the Class Period, Funko and three of its executives (together, "Defendants") made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶21. Specifically, Defendants failed to disclose to investors that: (1) Funko was experiencing lower than expected sales; (2) consequently, Funko was reasonably likely to incur a write-down for slower moving inventory; and (3) as a result of the foregoing, Defendants' statements and disclosures were materially misleading, failed to disclose material information, and/or lacked a reasonable basis. ¶¶20-22.

On February 5, 2020, after the markets closed, Funko issued a press release announcing its preliminary financial results for the fourth quarter of 2019. ¶23. In this release, Funko stated that "[n]et sales are expected to be approximately $214 million, a decrease of 8% compared to $233 million in the fourth quarter of 2018." ¶23. Funko further disclosed a $16.8 million write-down to "dispose of slower moving inventory to increase operational capacity." *Id.* On this news, Funko's share price fell $6.20 per share in one day, or approximately 40%, to close at $9.29 per share on February 6, 2020. ¶25.

Then, on March 5, 2020, after the markets closed, Funko issued a press release on announcing its financial results for the fourth quarter and full year of

10

2019.  ¶26.  In this release, Funko confirmed that net sales for the fourth quarter of 2019 had decreased 8% year-over-year to $213.6 million due to, among other things, "softness at retail during the holiday season which led to a decrease in orders." *Id*.  On this news, the Company's stock price fell another $0.32, or over 4%, to close at $6.92 per share on March 6, 2020.  ¶27.

## III.    ARGUMENT

### A.    Michl Should Be Appointed Lead Plaintiff

#### 1.    Michl's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  15 U.S.C. §78u-4(a)(3)(A)(i). Following the commencement of the *Ferreira* Action, on March 10, 2020, plaintiff Gilberto Ferreira published notice of pendency of the action via *Business Wire. See* Jasnoch Decl., Ex. A.  Because the Early Notice was published within 20 days of the initiating *Ferreira* Action, notice was timely.  *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").[3]

---

[3]    Unless otherwise noted, emphasis is added and citations are omitted.

11

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice, or May 11, 2020.[4]  15 U.S.C. §78u-4(a)(3)(A)-(B).  Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely.   15 U.S.C. §78u-4(a)(3)(A)(i)(II).   Moreover, Michl has submitted a certification stating her willingness to serve as a representative party on behalf of the Class.  *See* Jasnoch Decl., Ex. C.

### 2. Michl Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."  15 U.S.C. §78u-4(a)(3)(B)(i).  Furthermore, there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l*

---

4   A notice was also issued regarding the W.D. Wash Action, identifying the same May 11, 2020 deadline.  *See* Jasnoch Decl. Ex. B.

12

*Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730).  "District courts 'have typically considered the Olsten–Lax factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'"  *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)).  "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Michl has the largest financial interest in the relief sought in this litigation.  Michl suffered losses of approximately $3,740.  *See* Jasnoch Decl., Ex. D.  Given that Michl has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, she should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3.    Michl Is Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal

14

issues.'" *Id.* Here, Michl's claims are typical of the claims of the other members of the putative Class because, like all other Class members, Michl: (1) purchased Funko securities during the Class Period; (2) was adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof. *See Russo v. Finisair Corp.*, No. 5-CV-11-01252, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Michl are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. *See* NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate '"whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). Michl satisfies the "adequacy" requirement in the instant litigation because her interests are clearly aligned with the interests of the putative Class. Moreover, Michl, like all other members of the Class, suffered losses as a result of purchasing Funko

15

securities at prices that were artificially inflated due to Defendants' alleged misconduct.  Michl will, therefore, benefit from the same relief as other Class members.  In short, there is absolutely no evidence of antagonism between Michl and the putative Class.

Michl has also demonstrated that she is an adequate representative in this matter by retaining competent and experienced counsel.  As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Michl has made a *prima facie* showing that she satisfies all of the requirements of Rule 23 for the purposes of her motion.

### B.    The Court Should Approve Michl's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

16

Michl has selected the law firm of Scott+Scott to represent the class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Jasnoch Decl., Ex. E. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[5]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's

---

[5] Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

17

diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.) (regarding Funko's Initial Public Offering); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Amann v. Metro Bank PLC*, No. 2:19-cv-04739 (C.D. Cal.); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Michl's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Michl's

18

choice of counsel, the putative Class will receive the highest caliber of representation.

### C.     The Above-Captioned Cases Should Be Consolidated

Under Fed. R. Civ. P. 42(a) ("Rule 42(a)"), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D 129, 131 (S.D.N.Y. 2001). "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id.*; *see also Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564(RJH), 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The two above-captioned actions present very similar, if not identical, factual and legal issues, allege the same violations of the federal securities laws against the same defendants, and are based on identical revelations of the truth. Because the above-captioned actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions. Accordingly, consolidation under Rule 42(a) is appropriate here.

## IV.    CONCLUSION

For all of the foregoing reasons, Michl respectfully requests that the Court appoint her as Lead Plaintiff, approve her selection of Scott+Scott to serve as Lead Counsel, and consolidate the above-captioned cases.

DATED:  May 11, 2020                              Respectfully submitted,

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

 /s/ John T. Jasnoch
JOHN T. JASNOCH (CA 281605)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508

– and –

THOMAS L. LAUGHLIN, IV
(to be admitted *pro hac vice*)
tlaughlin@scott-scott.com
RHIANA L. SWARTZ
(to be admitted *pro hac vice*)
rswartz@scott-scott.com
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334

*Attorneys for Lead Plaintiff Movant Angela Michl and Proposed Lead Counsel for the Class*

20

BRIAN SCHALL
brian@schallfirm.com
**SCHALL LAW FIRM**
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192

*Additional Counsel for Lead Plaintiff*
*Movant Angela Michl*

21

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

Executed on May 11, 2020, at San Diego, California.

 /s/ John T. Jasnoch
JOHN T. JASNOCH (CA 281605)

NTC OF MOT. & MOT. OF ANGELA MICHL FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; (2) APPROVAL OF HER SELECTION OF LEAD COUNSEL; AND (3) CONSOLIDATION; MEMO. OF POINTS & AUTHORITIES IN SUPPORT CASE NO. 2:20-CV-02319-VAP-PJW