**JOHNSON FISTEL, LLP**
Frank J. Johnson (SBN 174882)
FrankJ@johnsonfistel.com
Brett M. Middleton (SBN 199427)
BrettM@johnsonfistel.com
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856

*Counsel for Lead Plaintiff Movant*
*Gerber Kawasaki, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, on behalf of himself and a class of similarly situated investors,<br><br>        Plaintiff,<br><br>        v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,<br><br>        Defendants. | Case No.: 2:20-cv-02319-VAP-PJW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF GERBER KAWASAKI, INC. AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>DATE:    June 8, 2020<br>TIME:    2 p.m.<br>CTRM:   8A, 8th Floor<br>JUDGE:  Hon. Virginia A Phillips |
| MOHAMED NAHAS, on behalf of himself and a class of similarly situated investors,<br><br>        Plaintiff,<br><br>        v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,<br><br>Defendants. | Case No.: 2:20-cv-03130-VAP-PJW |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF GERBER KAWASAKI, INC. AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.   SUMMARY OF THE ACTIONS.......................................................................2

III.  ARGUMENT .....................................................................................................4

      A.    The Related Actions Should Be Consolidated...........................................4

      B.    Gerber Kawasaki Should Be Appointed Lead Plaintiff............................4

            1.    Gerber Kawasaki's Motion is Timely..............................................5

            2.    Gerber Kawasaki Possesses the Largest Financial Interest............5

            3.    Gerber Kawasaki Otherwise Satisfies Rule 23 ..............................6

      C.    Johnson Fistel Should Be Appointed Lead Counsel.................................8

IV.  CONCLUSION ..................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burnett v. Rowzee*,
No. SACV07641DOCANX, 2007 WL 4191991 (C.D. Cal. Nov. 26, 2007) ...........4

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992)...................................................................................7

*In re Adams Apple, Inc.*,
829 F.2d 1484 (9th Cir. 1987)................................................................................4

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002)...........................................................................5, 6, 8

*Northstar Fin. Advisors Inc. v. Schwab Investments*,
779 F.3d 1036 (9th Cir. 2015)................................................................................8

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
256 F.R.D. 620 (E.D. Wis. 2009)...........................................................................1

*Sokolow v. LJM Funds Mgmt., Ltd.*,
No. 18-CV-01039, 2018 WL 3141814 (N.D. Ill. June 26, 2018) .............................8

*Westley v. Oclaro, Inc.*,
2011 U.S. Dist. LEXIS 102249, at *6 (N.D. Cal. Sept. 12, 2011).........................7

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
2012 U.S. Dist. LEXIS 21590, at *14 n.1 (N.D. Cal. Feb. 21, 2012)......................1

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
549 F.3d 100 (2d Cir. 2008) ...................................................................................7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i)...................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(i) ..................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..............................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) .............................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)..............................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).........................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................2, 5, 8

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF GERBER KAWASAKI, INC. AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................5, 6

Fed. R. Civ. P. 23(a)(3)-(4).................................................................................6

Fed. R. Civ. P. 23(a)(4)........................................................................................7

Fed. R. Civ. P. 42(a) ........................................................................................1, 4

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF GERBER KAWASAKI, INC. AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

## I.    INTRODUCTION

Presently pending in this District are two related securities class actions (the "Actions") on behalf of persons who purchased or otherwise acquired Funko securities between October 31, 2019 and March 5, 2020.[1]  A third, substantially identical class action, with a slightly longer class period of August 8, 2019 through March 5, 2020 (the "Class Period"), is pending in the United States District Court for the Western District of Washington.[2]

In securities class actions, the Private Securities Litigation Reform Act ("PSLRA") requires district courts resolve pending consolidation motions prior to appointing a lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Here, the Actions should be consolidated because they involve identical factual and legal issues.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Here, Gerber Kawasaki, Inc. ("Gerber Kawasaki") should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has the largest financial interest in the

---

[1]  The Actions are *Ferreira v. Funko, Inc., et al.*, No. 2:20-cv-02319-VAP-PJW (filed March 10, 2020) ("*Ferreira* Action") and *Nahas v. Funko, Inc., et al.*, No. 2:20-cv-03130-VAP-PJW (filed April 3, 2020) ("*Nahas* Action").

[2]  *See Dachev v. Funko, Inc., et al.*, No. 2:20-cv-00544 (W.D. Wash.) (filed on April 9, 2020) ("*Dachev* Action").  Notwithstanding its slightly longer class period, the *Dachev* Action asserts substantially similar claims against the same defendants.  For the purposes of this Motion, it is appropriate to consider the longer class period from the *Dachev* Action.  *See Woburn Ret. Sys. v. Omnivision Techs., Inc.*, 2012 U.S. Dist. LEXIS 21590, at *14 n.1 (N.D. Cal. Feb. 21, 2012) (for purposes of appointing a lead plaintiff, the longest (*i.e.*, most inclusive) class period generally governs); *accord Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624–25 (E.D. Wis. 2009).

1

outcome of this litigation; and (3) is typical and will adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Finally, the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Because Johnson Fistel, LLP ("Johnson Fistel") is a leading complex litigation law firm and has earned a reputation for excellence in shareholder rights litigation, the Court should approve Gerber Kawasaki's choice of the firm to serve as lead counsel.

## II.    SUMMARY OF THE ACTIONS

Funko is a pop culture consumer products company that creates figures, plush, accessories, apparel, and homewares regarding movies, TV shows, videogames, musicians, and sports teams. *Ferreira* Complaint ¶¶ 2, 19.

On August 8, 2019, Funko issued a press release announcing its financial results for Q2 2019, including a net sales increase of 38% to $191.2 million, a gross profit increase of 35% to $71.2 million, and a net income increase from $300,000 to $11.4 million. *Dachev* Complaint ¶ 21. The Company also announce that it was raising its full year net sales outlook for 2019 to $840 million to $850 million. *Id.* Funko further stated in this press release that "[o]ur strong results in the first half of 2019 have allowed us to increase our guidance for the full year." *Id.* ¶ 22. It continued, "[m]ore importantly, the growing range of opportunities for revenue growth, international expansion and entry into new categories make us confident that our best days lie ahead, and that our fans, partners, employees and shareholders can look forward to the future." *Id.*

In its Q2 2019 Form 10-Q, which was filed that same day with the SEC, the Company acknowledged that its "success depends, in part, on [its] ability to successfully manage [its] inventories." *Id.* ¶ 23. It further assured investors that the Form 10-Q "fairly presents, in all material respects, the financial condition and results of operations of the Company." *Id.* ¶ 24.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF GERBER KAWASAKI, INC. AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

On October 31, 2019, Funko issued a press release announcing its financial results for Q3 2019, including a net sales increase of 26% to $223.3 million, a gross profit increase of 26% to $85.5 million, and a net income increase from $7.6 million to $15.5 million. *Ferreira* Complaint ¶ 20. The Company also reiterated its full year net sales outlook of $840 million to $850 million. *Id.*

In its Q3 2019 Form 10-Q, which was filed with the SEC that same day, the Company again stated that its "success depends, in part, on [its] ability to successfully manage [its] inventories." *Id.* ¶ 21.

The above statements, however, were materially false and/or misleading when made, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Defendants failed to disclose that: (1) Funko was experiencing lower than expected sales; (2) as a result, Funko was reasonably likely to incur a write-down for slower moving inventory; and (3) therefore, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis when made. *Id.* ¶ 22.

On February 5, 2020, after the market closed, Funko issued a press release announcing its preliminary Q4 2019 financial results. *Id.* ¶ 23. The news was not good. Among other things, Funko stated that "[n]et sales are expected to be approximately $214 million, a decrease of 8% compared to $233 million in the fourth quarter of 2018." *Id.* The Company also disclosed a $16.8 million write-down to "dispose of slower moving inventory to increase operational capacity." *Id.* Making matters worse, Funko stated that it did not expect the sales trends to improve until the second half of 2020. *Id.* ¶ 24. On this stunning news, Funko's share price plummeted $6.20 per share, or 40%, to close at $9.29 per share on February 6, 2020. *Id.* ¶ 25.

On March 5, 2020, Funko issued a press release announcing its Q4 and full year 2019 financial results. *Id.* ¶ 26. Therein, Funko affirmed that net sales for Q4 quarter had decreased 4% year-over-year to $213.6 million due to, among other things,

3

"softness at retail during the holiday season which led to a decrease in orders." *Id.* In response, the price of Funko's common stock dropped another 4%, further damaging investors. *Id.* ¶ 27.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a), consolidation is appropriate when the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Consolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

The Actions present the same factual and legal issues and allege identical claims in the same class period. Each complaint names Funko, its CEO (Brian Mariotti), its current CFO (Jennifer Fall Jung), and its former CFO (Russell Nickel) as Defendants. Because the Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate. *See Burnett v. Rowzee*, No. SACV07641DOCANX, 2007 WL 4191991, at *1 (C.D. Cal. Nov. 26, 2007).

### B. Gerber Kawasaki Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff. First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i).

4

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 729–31 (9th Cir. 2002).

Here, Gerber Kawasaki meets each of these requirements and should be appointed lead plaintiff and permitted to select its choice of lead counsel for the class, subject to Court approval, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 1.    Gerber Kawasaki's Motion is Timely

The statutory notice published on March 11, 2020, in connection with the filing of the first-filed *Ferreira* Action advised class members of the pendency of the action, the claims asserted therein, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by May 11, 2020. *See* Declaration of Brett M. Middleton in Support of Motion for Consolidation, Appointment of Gerber Kawasaki, Inc. as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Middleton Decl.") (filed herewith), Ex. A. Because this Motion is being filed on May 11, 2020, it is timely, and Gerber Kawasaki is entitled to be considered for appointment as lead plaintiff.[3]

### 2.    Gerber Kawasaki Possesses the Largest Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial

---

[3] On the same day that the *Dachev* Action was filed, counsel for Dachev issued a notice announcing the extended Class Period and reiterating the May 11, 2020 statutory deadline. Middleton Decl., Ex. B.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF GERBER KAWASAKI, INC. AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Gerber Kawasaki caused approximately 76,688 shares of Funko common stock to be purchased during the Class Period across various individual client accounts representing $686,946.09 in losses using a first-in, first-out (FIFO) methodology or $437,037.99 in losses using a last-in, first-out (LIFO) methodology.[4]  Gerber Kawasaki has received valid assignments of claims from each private client account listed on its Certification, transferring all rights and title to prosecute all causes of action relating to transactions in Funko securities prior to the filing of this motion.  *See* Middleton Decl., Ex. E (Gerber Kawasaki's client assignments); section III.B.3, *infra*.  Accordingly, Gerber Kawasaki has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' alleged violations of the federal securities laws.  To the best of its counsel's knowledge, there are no other plaintiffs or movants with a larger financial interest during the Class Period.  Therefore, Gerber Kawasaki satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.     Gerber Kawasaki Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).  The test of typicality is "'whether other members have the same or similar injury, whether

---

[4] Tables reflecting the calculations of financial losses under FIFO and LIFO are attached as Ex. C to the Middleton Decl.  A copy of Gerber Kawasaki's PSLRA Certification is attached as Ex. D to the Middleton Decl.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF GERBER KAWASAKI, INC. AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the movant's and the class's interests and the movant's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4). At the lead plaintiff selection stage, all that is required is a preliminary showing that the movant's claims are typical and adequate. *See, e.g.*, *Westley v. Oclaro, Inc.*, 2011 U.S. Dist. LEXIS 102249, at *6 (N.D. Cal. Sept. 12, 2011).

The typicality requirement is satisfied here because Gerber Kawasaki seeks the same relief and advances the same legal theories as other class members. Indeed, like all other class members, Gerber Kawasaki: (1) purchased Funko securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. Gerber Kawasaki's claims therefore arise from the same course of events and its legal arguments to prove Defendants' liability are identical to the balance of the class.

The adequacy requirement is also satisfied here because no antagonism exists between Gerber Kawasaki's interests and those of the absent class members. Instead, the interests of Gerber Kawasaki and fellow class members are squarely aligned. Moreover, Gerber Kawasaki is not subject to unique defenses and is not aware of any conflicts between its claims and those asserted by the class. Gerber Kawasaki, a Registered Investment Advisor, received valid assignments of claims from its clients transferring all rights and title to prosecute all causes of action relating to its transactions in Funko securities on its clients' behalf. *See* Middleton Decl., Ex. E (client assignments) & Ex. F ¶ 7 (Declaration of Ross Gerber).[5] And it has amply

---

[5] *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) (concluding that "an assignment of claims transfers legal title or ownership of those claims and thus fulfills the constitutional requirement of an 'injury-

7

demonstrated its adequacy by signing a sworn Certification and a Declaration affirming its willingness to serve as, and to assume the specific responsibilities of, a lead plaintiff. *See* Middleton Decl., Ex. D & Ex. F ¶¶ 9–14. Gerber Kawasaki has also retained counsel experienced in prosecuting securities class actions. *See* Middleton Decl., Ex. F.

Because Gerber Kawasaki has the largest financial interest in the Actions and has made *a prima facie* showing of typicality and adequacy, it should be appointed lead plaintiff.

### C. Johnson Fistel Should Be Appointed Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732-35. Gerber Kawasaki has selected Johnson Fistel to serve as lead counsel for the proposed class.

Johnson Fistel is a leading complex litigation law firm and has earned a reputation for excellence and innovation in shareholder rights litigation. The firm and its attorneys have been appointed as lead or co-lead counsel in shareholder litigation in federal and state courts throughout the country and have successfully litigated numerous such cases on behalf of injured investors. *See* Middleton Decl., Ex. G (Johnson Fistel Firm Resume).

Thus, the Court can be assured that by approving Gerber Kawasaki's choice of Johnson Fistel as lead counsel, the putative class will receive the highest caliber of legal representation.

---

in-fact.'"); *cf. Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1043–44 (9th Cir. 2015) (applying *W. R. Huff* in addressing whether an investment advisor suing on behalf of its clients may cure a standing deficiency by securing assignments after-the-fact); *see also Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-CV-01039, 2018 WL 3141814, at *5–7 (N.D. Ill. June 26, 2018) (appointing as a PSLRA co-lead plaintiff an investment advisor which had properly secured assignments from more than 200 of its clients).

8

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF GERBER KAWASAKI, INC. AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

## IV.    CONCLUSION

The Court should consolidate the two related actions because they are virtually identical and share overlapping questions of law and fact.  In addition, Gerber Kawasaki has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Gerber Kawasaki respectfully requests that it be appointed lead plaintiff and its choice of lead counsel, Johnson Fistel, be approved.

Respectfully Submitted,

Dated:  May 11, 2020

**JOHNSON FISTEL, LLP**

By: _/s/ Brett M. Middleton_
BRETT M. MIDDLETON

FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
BrettM@johnsonfistel.com
FrankJ@johnsonfistel.com

9

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF GERBER KAWASAKI, INC. AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL