Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*William Hurt*
[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf Of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,<br><br>Defendants. | No. 2:20-cv-02319-VAP-PJW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WILLIAM HURT'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:          June 8, 2020<br>Time:         2:00 p.m.<br>Courtroom: 8A, 8th Floor<br>Judge:        Hon. Virginia A. Phillips<br><br>ORAL ARGUMENT REQUESTED |

[Caption continued on the next page.]

010915-11/1261991 V1

| | |
|---|---|
| MOHAMED NAHAS, Individually and On Behalf Of All Other Similarly Situated,<br><br>                              Plaintiff,<br><br>      v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,<br>                              Defendants. | No. 2:20-cv-03130-VAP-PJW |

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................ 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ..................................... 3

III.    ARGUMENT ....................................................................................... 5

      A.      The Related Actions Should Be Consolidated ........................................ 5

      B.      Movant Should Be Appointed As Lead Plaintiff ..................................... 7

            1.      The Governing Law of the PSLRA .............................................. 7

            2.      Movant Complied with the PSLRA and Timely Filed this Motion 8

            3.      Movant has the Largest Financial Interest in the Relief Sought by the Class ............................................................................... 10

      C.      Movant Otherwise Satisfies the Requirements of F.R.C.P. Rule 23 ..... 11

            1.      Movant's Claims Are Typical of the Claims of All the Class Members ............................................................................... 12

            2.      Movant Will Adequately Represent the Interests of the Class.... 13

      D.      The Court Should Approve Movant's Choice of Lead Counsel............ 15

IV.     CONCLUSION .................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Brown v. Innerworkings, Inc.*,
2018 WL 4859154 (C.D. Cal. July 27, 2018) ................................................2, 13

*In re Cavanaugh*
306 F.3d 726 (9th Cir. 2002) .......................................................................11, 12

*Crihfield v. CytRx Corp.*,
2016 WL 10587938 (C.D. Cal. Oct. 26, 2016) .....................................................6

*Deering v. Galena Biopharma, Inc.*,
2014 WL 4954398 (D. Or. Oct. 3, 2014) ............................................................10

*Deora v. NantHealth, Inc.*,
2017 WL 3084161 (C.D. Cal. May 31, 2017)........................................................6

*In re Emulex Corp.*,
210 F.R.D. 717 (C.D. Cal. 2002)........................................................................13

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011, at 1020 (9th Cir. 1998) ..............................................................12

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ..............................................................................12

*Hardy v. MabVax Therapeutics Holdings*,
2018 WL 4252345 (S.D. Cal. Sep. 6, 2018) .......................................................10

*Herrgott v. United States Dist. Court for the N. Dist. of Cal.*
306 F.3d 726 (9th Cir. 2002) ..............................................................................11

*Investors Research Co. v. U.S. District Court for Cent. Dist. of Cal.*,
877 F.2d 777 (9th Cir. 1989) ................................................................................6

*Longo v. OSI Sys.*,
2018 WL 4860145 (C.D. Cal. Mar. 1, 2018) ......................................................10

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
2014 WL 2604991 (N.D. Cal. June 10, 2014) ................................................7, 10

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL.
AND APPROVE THE SELECTION OF COUNSEL
Case No.: 2:20-cv-02319-VAP-PJW

- ii

*Middlesex Cty. Ret. Sys. v. Semtech Corp.*,
  2010 WL 11507255 (C.D. Cal. Aug. 27, 2010) ................................................... 12

*Query v. Maxim Integrated Prods., Inc.*,
  558 F. Supp. 2d 969 (N.D. Cal. 2008) ............................................................... 10

*Schwartz v. Harp*,
  108 F.R.D. 279 (C.D. Cal. 1985) ....................................................................... 12

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) ..................................................... 13

*Vignola v. FAT Brands, Inc. et al.*,
  2018 WL 6356109 (C.D. Cal. Nov. 16, 2018) ............................................. 11, 13

*Yousefi v. Lockheed Martin Corp.*,
  70 F. Supp. 2d 1061 (C.D. Cal. 1999) .................................................................. 7

*Guohua Zhu v. UCBH Holdings, Inc.*,
  682 F. Supp. 2d 1049 (N.D. Cal. 2010) ............................................................. 12

**Federal Statutes**

15 U.S.C. § 77z-1(a)(3)(B)(i) ...................................................................................... 7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ............................................................................... 8

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) .............................................................................. 9

15 U.S.C. § 78u-1(a)(3)(B)(iii)(I) ............................................................................. 14

15 U.S.C. § 78u-1(a)(3)(B)(iii)(II) ............................................................................ 14

15 U.S.C. § 78u-4(a)(3)(A)(i) ..................................................................................... 8

15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(II) ....................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................. 2, 7

15 U.S.C. § 78u-4(a)(3)(B)(ii) .................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................. 15

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...........................................................................8, 14

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ...........................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...........................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ...............................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................14

15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa) ..............................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................................14

## Other Authorities

141 Cong. Rec. S8895 (June 22, 1995) .........................................................................8

Fed. R. Civ. P. 23.............................................................................................*passim*

Fed. R. Civ. P. 23(a) .......................................................................................*passim*

Fed. R. Civ. P. 23(a)(3)...............................................................................................11

Fed. R. Civ. P. 42(a) ..........................................................................................1, 5, 6, 7

Manual for Complex Litigation (Third),
    § 20.123 (1995)............................................................................................6

William Hurt ("Movant"), hereby moves the Court for an order consolidating the related actions, appointing Movant as Lead Plaintiff and for approval of his selection of lead counsel. Movant makes this motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3). Movant is believed to be the movant with the largest financial interest in the outcome of this litigation. Movant satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the class and he will fairly and adequately represent the interests of the class. Movant has selected experienced and effective counsel as proposed lead counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman").

## I.   PRELIMINARY STATEMENT

The two above-captioned Related Actions[1] assert substantially identical claims of securities fraud against identical Defendants on behalf of overlapping classes of investors that purchased Funko securities during the same class period. Accordingly, the cases should be consolidated. *See* Fed. R. Civ. P. 42(a).[2]

---

[1] *Ferreira v. Funko, Inc., et al.*, No. 2:20-cv-02319-VAP-PJW (C.D. Cal.) ("Ferreira Compl."); and *Nahas v. Funko, Inc., et al.*, No. 2:20-cv-03130-VAP-PJW (C.D. Cal.) ("Nahas Compl.").

[2] A third action entitled, *Dachev v. Funko, Inc.*, No. 2:20-cv-00544 (W.D. Wa.) ("*Dachev* Compl."), alleging the same securities fraud claims against the same defendants, but with a longer alleged class period (August 8, 2019 and March 5, 2020), was subsequently filed in the Western District of Washington on April 9, 2020 and is now pending before the Honorable Brian A. Tsuchida. Movant will be filing a copy of these motion papers in the *Dachev* action.

Mr. Hurt is the movant most capable of adequately representing the interests of class members. As described in the certification and loss chart attached to the Declaration of Danielle Smith at Exs. B and C ("Smith Decl."),[3] Movant has suffered a loss in excess of $330,000.00 as a result of his purchases of Funko, Inc. ("Funko" or "Company") securities between August 8, 2019 and March 5, 2020 (the "Class Period"). Movant believes that he has sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff.

Moreover, Movant satisfies both the applicable requirements of the PSLRA and Federal Rule of Civil Procedure 23 ("Rule 23"). In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of serving in that role.[4] Movant is also qualified to represent the class. Mr. Hurt is a retired portfolio manager with extensive investment experience and an MBA degree, and is more than well-equipped to serve as Lead Plaintiff.[5] Movant respectfully submits that he should be appointed as Lead Plaintiff in this action, and that this

---

[3] "Smith Decl." refers to the Declaration of Danielle Smith in Support of Motion to Appoint William Hurt as Lead Plaintiff and to Approve His Selection of Lead Counsel.

[4] *See* Smith Decl. Ex. B. The relevant federal securities laws specifically authorize any class member seeking to be appointed lead plaintiff to either file a complaint or move for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

[5] Smith Decl., Ex. D (Movant's Declaration) at ¶ 2.

Honorable Court should approve his selection of the law firm Hagens Berman Sobol Shapiro LLP as lead counsel in this action.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Related Actions each assert violations of Sections 10(b) and 20(a) of the Exchange Act against Funko, a company incorporated in Delaware and whose securities trade on the NASDAQ under the ticker symbol "FNKO." Ferreira Compl. ¶ 14; Nahas Compl. ¶ 14. Defendant Brian Mariotti ("Mariotti") was the Company's Chief Executive Officer during the Class Period, Defendant Russell Nickel ("Nickel") served as the Company's Chief Financial Officer ("CFO"), from October 2013 until August 13, 2019, and Defendant Jennifer Fall Jung ("Jung") has been the Company's CFO since August 13, 2019. Ferreira Compl. ¶¶ 15-17; Nahas Compl. ¶¶ 15-17.

On March 10, 2020, the first of the two Related Actions, *Ferreira v. Funko, Inc., et al.*, No. 2:20-cv-02319-VAP-PJW (C.D. Cal. Mar. 10, 2020) was filed against Defendants Funko, Mariotti, Nickel, and Jung, on behalf of all purchasers of Funko securities between October 31, 2019 and March 5, 2020, asserting violations of Sections 10(b) and 20(a) of the Exchange Act. Ferreira Compl. ¶ 1. On April 3, 2020, a second related action, *Nahas v. Funko, Inc., et al.*, No. 2:20-cv-03130-VAP-PJW (C.D. Cal. Apr. 3, 2020) was filed against the same Defendants, asserting identical Exchange Act claims on behalf of a putative class of investors who purchased or otherwise acquired Funko securities during an identical class period (October 31, 2019 and March 5, 2020). Nahas Compl. ¶ 1.

Thereafter, on April 9, 2020, the *Dachev* complaint was filed in the Western District of Washington, asserting similar Exchange Act claims against the same Defendants, but asserting a longer class period of August 8, 2019 through March 5, 2020. Dachev Compl. ¶ 1.

The Related Actions each claim that Defendants' violations of the Exchange Act for false and misleading statements regarding the Company's business, operations and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose to investors that: (1) that Funko was experiencing lower than expected sales; (2) that, as a result, Funko was reasonably likely to incur a write-down for slower moving inventory; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis. Ferreira Compl. ¶ 7; Nahas Compl. ¶ 3. These false and misleading statements caused the price of Funko securities to be artificially inflated, and thereby resulted in the damages suffered by Movant and the other members of the class. Ferreira Compl. ¶¶ 34-36, 38, 40-41, 43, 47, 52-54; Nahas Compl. ¶¶ 34-36, 38, 40-41, 43, 47, 52-54.

The truth was revealed on February 5, 2020, after the market closed, when the Company issued a press release announcing preliminary fourth quarter 2019 financial results. Therein, Funko stated that "[n]et sales are expected to be approximately $214 million, a decrease of 8% compared to $233 million in the fourth quarter of 2018." The Company also disclosed a $16.8 million write-down to "dispose of slower moving

inventory to increase operational capacity" and disclosed that the Company expected that sales trends would not improve until second half of fiscal 2020. Ferreira Compl. ¶¶ 3, 23-24; Nahas Compl. ¶¶ 4, 23-24. On this news, Funko's stock price fell $6.20 per share, or 40%, to close at $9.29 per share on February 6, 2020, on unusually heavy trading volume. Ferreira Compl. ¶¶ 4, 25; Nahas Compl. ¶¶ 5, 24.

On March 10, 2020, Plaintiff Ferreira's counsel published a notice of pendency of that action over the national wire service, *BusinessWire*. Smith Decl., Ex. A (Published Notice). That notice advised class members of the existence of the lawsuit and described the claims asserted. *Id*.

### III. ARGUMENT

**A. The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate under Federal Rule of Civil Procedure 42(a) where, as here, the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a) ("[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").

Rule 42(a) affords the Court broad discretion to consolidate cases in this district. *Investors Research Co. v. U.S. District Court for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989) (district court has broad discretion to consolidate cases pending in the same district). Consolidation is appropriate, where, as here, the actions involve common questions of law and fact, and consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also* Manual for Complex Litigation (Third), § 20.123 (1995). Courts recognize that class action shareholder suits are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *Deora v. NantHealth, Inc.*, No. 2:17-cv-01825-TJH-MRW, 2017 WL 3084161, at *3 (C.D. Cal. May 31, 2017); *see also Crihfield v. CytRx Corp.*, No. 2:16-cv-05519-SJO-SK, 2016 WL 10587938, at *2 (C.D. Cal. Oct. 26, 2016) (finding that the consolidation of a securities class action "expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.") (*citing*

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL.
AND APPROVE THE SELECTION OF COUNSEL
Case No.: 2:20-cv-02319-VAP-PJW

- 6

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 5:13-cv-05368-LHK, 2014 WL 2604991, at \*3 (N.D. Cal. June 10, 2014).

Here, the Related Actions present virtually identical factual and legal issues. Each Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names the same Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).

**B.      Movant Should Be Appointed As Lead Plaintiff**

**1.      The Governing Law of the PSLRA**

The PSLRA governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). The PSLRA requirements are both procedural and substantive. *Id*. The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

There is a rebuttable presumption that the lead plaintiff presumed to be most capable of adequately representing the Class is the investor that:

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added). Congress' goal in enacting the PSLRA was to empower investors to "have greater control over their class action cases."[6]

### 2.    Movant Complied with the PSLRA and Timely Filed this Motion

The first procedural requirement is that the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the class action was filed on March 10, 2020, and notice was published nationally via *BusinessWire* (a national business-oriented wire service) the same day. *See* Smith Decl., Ex. A (Published Notice).

The second procedural requirement is met within sixty days after publication of notice, when "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa). After the procedural requirements are satisfied, the Court is charged with selecting the class member "most capable of adequately representing the

---

[6] *See* 141 Cong. Rec. S8895 (Sen. D'Amato) ("the legislation empowers investors so that they, not their lawyers, have greater control over their class action cases") (June 22, 1995).

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL.
AND APPROVE THE SELECTION OF COUNSEL
Case No.: 2:20-cv-02319-VAP-PJW                                                    - 8

interests of the class" to serve as Lead Plaintiff, based on the substantive considerations outlined in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Only by a showing that a presumptive Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under the PSLRA test, Movant meets the criteria of "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. First, Movant met the procedural requirements of the PSLRA by timely moving this Court for appointment as Lead Plaintiff within sixty days of publication of the notice. Accordingly, Movant meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), and has filed his motion within the 60-day time period requirement. Next, as outlined below, Movant has the largest known financial interest in the case and he satisfies the requirements of Rule 23. Movant has hired reputable and experienced counsel and possess the willingness, resources, and expertise to obtain excellent results for the Class. Finally, Movant is not subject to any unique defenses that would bar his ability to represent the class.

Consequently, this Court should appoint Movant as Lead Plaintiff.

### 3.    Movant has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As a result of his purchases of Funko securities during the Class Period, Movant has suffered losses over $330,000.00. Smith Decl., Exs. B and C. Movant's loss calculations are based on the longer class period provided in the *Dachev* complaint. Courts in the Ninth Circuit have routinuely applied the longer, more inclusive class period in similar circumstances.[7] Accordingly, for the purpose of calculating Movant's financial interest in this matter, the longer class period (August 8, 2019 through March 5, 2020) should apply.

Movant's losses were calculated using an approved calculation method,[8] and to the best of the Movant's knowledge, this represents the largest known financial

---

[7] *See e.g.*, *Hardy v. MabVax Therapeutics Holdings*, No. 18-cv-01160-BAS-NLS, 2018 WL 4252345, at *5 (S.D. Cal. Sep. 6, 2018) ("For the purposes of assessing which proposed lead plaintiff has the largest financial interest, the most sensible way to harmonize the different class periods is to adopt the longest class period"); *Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) ("Courts have almost universally held that the longest, most inclusive class period should be used to determine which lead plaintiff movant has the largest financial interest in the relief sought by the class."); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *6 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs.").

[8] *See Longo v. OSI Sys.*, No. 2:17-cv-08841-VAP-SK, 2018 WL 4860145, at *4 (C.D. Cal. Mar. 1, 2018); *Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 974 (N.D. Cal. 2008).

interest in the relief sought by the Class. Movant, therefore, is presumptively the most adequate to serve as Lead Plaintiff.

**C.     Movant Otherwise Satisfies the Requirements of F.R.C.P. Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provides that the lead plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a).[9] Here, Movant more than satisfies these requirements. Movant has extensive investment experience, as he is a retired portfolio manager who previously worked at Capital Group Companies, one of the world's oldest and largest investment management organizations, for over 40 years. He has an MBA degree from Harvard Business School.[10] At this stage of the litigation, however, courts focus only on the typicality and adequacy requirements of Rule 23.[11] Further, the inquiry into typicality and adequacy at the lead plaintiff stage are not as rigorous as during a class certification proceeding and Movant must make only a preliminary showing that it meets the Rule 23 typicality and adequacy

---

[9] *See Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 729-30 (9th Cir. 2002).

[10] Smith Decl., Ex. D (Movant's Declaration) at ¶ 2.

[11] *See Vignola v. FAT Brands, Inc. et al.,* No. 2:18-cv-70469-PSG-PLA*,* 2018 WL 6356109, at *3 (C.D. Cal. Nov. 16, 2018) ("[t]he typicality and adequacy requirements . . . are the main focus," and "[e]xamination of the remaining requirements is deferred until the lead plaintiff moves for class certification.") (*citing In re Cavanaugh*, 306 F.3d at 730.

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL.
AND APPROVE THE SELECTION OF COUNSEL                                          - 11
Case No.: 2:20-cv-02319-VAP-PJW

requirements to be entitled to lead plaintiff status under the PSLRA.[12] As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

1.     **Movant's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same course of conduct that gives rise to the claims of the class members and are based on the same legal theory.[13]

The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical, since "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."[14] In this case, the typicality requirement is met because Movant's claims arise from the same conduct as

---

[12] *See Cavanaugh*, 306 F.3d at 731 (presumptive lead plaintiff must show only "a prima facie showing of typicality and adequacy").

[13] *See Brown v. Innerworkings, Inc.*, No. 8:18-cv-00832-CJC-KES, 2018 WL 4859154, at *1 (C.D. Cal. July 27, 2018) (*citing Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

[14] *Middlesex Cty. Ret. Sys. v. Semtech Corp.*, No. 2:07-cv-07114-CAS-FMO, 2010 WL 11507255, at *3 (C.D. Cal. Aug. 27, 2010) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, at 1020 (9th Cir. 1998), *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

the claims of every other Class Member. Like all Class Period investors, Movant purchased Funko securities when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions. Both Movant and the Class Members suffered damages as a result of these purchases. Simply put, Movant, like all the other class members, (1) purchased Funko securities between August 8, 2019 and March 5, 2020; (2) purchased Funko securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Movant's claims and injuries therefore "arise out of the same event or course of conduct as do the other class members' claims and are based on the same legal theories."[15]

Moreover, Movant is not subject to any unique or special defenses. Thus, he meets the typicality requirement of Rule 23 because his claims are the same as the claims of the other class members.

**2.    Movant Will Adequately Represent the Interests of the Class**

When evaluating whether a class representative is adequate, courts assess whether he "has interests antagonistic to the class, and whether [his] counsel have the necessary capabilities and qualifications."[16] As described below, Movant will adequately represent the interests of the class.

---

[15] *See Vignola,* 2018 WL 6356109, at *3 *(citing Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999)).

[16] *See Brown,* 2018 WL 4859154, at *2 *(citing In re Emulex Corp.,* 210 F.R.D. 717, 720 (C.D. Cal. 2002)).

His interests are clearly aligned with the members of the class because his claims arise from the same conduct as the claims of the Class. There is no evidence of antagonism between Movant's interests and those of proposed class members. Furthermore, Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's shared interests with the members of the class, clearly shows that Movant will adequately and vigorously pursue the interests of the class. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent Movant and the class.[17]

In sum, because of Movant's common interests with the class members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Movant not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.[18]

---

[17] *See* Smith Decl., Ex. E (Firm Résumé).

[18] The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 78u-1(a)(3)(B)(iii)(I) and (II). Movant meets the presumption of adequacy.

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL.
AND APPROVE THE SELECTION OF COUNSEL                                         - 14
Case No.: 2:20-cv-02319-VAP-PJW

**D.      The Court Should Approve Movant's Choice of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant selected Hagens Berman to serve as Lead Counsel for the class. Hagens Berman has successfully prosecuted complex class action cases of various types and complex securities fraud actions. Hagens Berman is one of the nation's leading class action law firms, and has earned an international reputation for excellence and innovation in groundbreaking litigation against large corporations. Hagens Berman has recovered hundreds of millions of dollars in losses for individuals and institutions through securities litigation, in cases that frequently result in industry-leading percentage returns for damaged investors.[19] This Court may be assured that in the event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

In sum, because of Movant's common interests with the Class Members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case. Because Movant not only meets both the typicality and adequacy

---

[19] Smith Decl., Ex. E (Firm Résumé).

Requirements of Rule 23(a), but has also sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.

## IV.   CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the related actions; (2) appoint him to serve as Lead Plaintiff in this action; (3) approve his selection of Lead Counsel for the class; and (4) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 11, 2020          HAGENS BERMAN SOBOL SHAPIRO LLP

s/ Danielle Smith
     DANIELLE SMITH

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
Karl Barth
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
karlb@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*William Hurt*