POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Movant*
*the Funko Investor Group*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG, <br><br> Defendants. | Case No. 2:20-cv-02319-VAP-PJW <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FUNKO INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL <br><br> DATE:  June 8, 2020 <br> TIME:  2:00 p.m. <br> JUDGE:  Virginia A. Phillips <br> CTRM:  8A, 8th Floor |
| MOHAMED NAHAS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG, <br><br> Defendants. | Case No. 2:20-cv-03130-VAP-PJW |

MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   STATEMENT OF FACTS .........................................................................................2

III.  ARGUMENT..............................................................................................................3

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES .................................................................................................3

    B.    THE FUNKO INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ......................................................................................................5

        1.    The Funko Investor Group is Willing to Serve as Class Representative ..............................................................................................6

        2.    The Funko Investor Group Has the "Largest Financial Interest" .......7

        3.    The Funko Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.............................8

        4.    The Funko Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ... 11

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......................................................................................................11

IV.   CONCLUSION..........................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ..................................................................................5

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ..................................................................................4

*Deinnocentis v. Dropbox, Inc.*, 19-CV-06348-BLF,
    2020 WL 264408 (N.D. Cal. Jan. 16, 2020) .................................................................9

*Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL),
    2019 WL 4934277 (S.D. Cal. Oct. 7, 2019) ...............................................................10

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .......................................................................................9

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ..............................................8

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
    2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ..........................................4, 5

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ...............................................................................8

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ..................................................................................4

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) .......................................................................................4

*Karinski v. Stamps.com, Inc.*, CV 19-1828-R,
    2019 WL 8013753 (C.D. Cal. June 5, 2019) ..............................................................10

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ......................................................................5, 8

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ............................................7, 8

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993) ..................................................................................4

*Osher v. Guess ?, Inc.*,
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ...........................................11

*Richardson v. TVIA, Inc.*, C 06 06304 RMW,
  2007 WL 1129344 (N.D. Cal. Apr. 16, 2007).............................................................8

*Vataj v. Johnson*, 19-CV-06996-HSG,
  2020 WL 532981 (N.D. Cal. Feb. 3, 2020) .................................................................9

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) .............................................................................*passim*

## **Rules**

Federal Rules of Civil Procedure Rule 23 ....................................................................*passim*

Federal Rules of Civil Procedure Rule 42 ...................................................................... 1, 4

Movants Abdul Baker, Zhibin Zhang and Huaiyu Zheng (collectively, the "Funko Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the Funko Investor Group as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired Funko, Inc. ("Funko" or the "Company") securities between August 8, 2019 and March 5, 2020, both dates inclusive (the "Class Period"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Bernstein Liebhard LLP ("Bernstein Liebhard") as Co-Lead Counsel for the Class.

## I.  PRELIMINARY STATEMENT

The Related Actions are on behalf of all persons and entities that purchased or otherwise acquired Funko securities during the Class Period.  Each of the Related Actions raises substantially similar allegations: defendants violated federal securities laws by issuing false and misleading statements.  Accordingly, consolidation of the Related Actions is appropriate.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the

requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Funko Investor Group, with losses of approximately $484,078 in connection with its purchases of Funko securities, has the largest financial interest in the relief sought in this action to its members' knowledge. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Ex. A. The Funko Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as its members are adequate representatives with claims typical of the other Class members. Accordingly, the Funko Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II.   STATEMENT OF FACTS

As the Complaint in the Related Actions allege, Funko is a pop culture consumer products company that creates figures, plush, accessories, apparel, and homewares regarding movies, TV shows, videogames, musicians, and sports teams.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (i) Funko was experiencing lower than expected sales; (ii) consequently, Funko was reasonably likely to incur a writedown for slower moving inventory; and (iii) as a result of the foregoing, Defendants' positive statements about the Company's

business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

On February 5, 2020, after the market closed, Funko issued a press release announcing its preliminary fourth quarter 2019 financial results. Therein, Funko stated that "[n]et sales are expected to be approximately $214 million, a decrease of 8% compared to $233 million in the fourth quarter of 2018." The Company also disclosed a $16.8 million writedown to "dispose of slower moving inventory to increase operational capacity."

On this news, Funko's stock price fell $6.20 per share, or 40%, to close at $9.29 per share on February 6, 2020, on unusually heavy trading volume.

Then, on March 5, 2020, after the market closed, Funko issued a press release announcing its fourth quarter and full year 2019 financial results. Therein, Funko affirmed that net sales for fourth quarter had decreased 4% year-over-year to $213.6 million due to, among other things, "softness at retail during the holiday season which led to a decrease in orders."

On this news, Funko's stock price fell $0.32 per share, or over 4%, to close at $6.92 per share on March 6, 2020, thereby injuring investors further.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Funko's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Knox v. Yingli Green Energy Holding Co. Ltd.,* 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) ("Consolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate."); *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE,* 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## B.    THE FUNKO INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Funko Investor Group should be appointed Lead Plaintiff because, to its members' knowledge, it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange

Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Funko Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    The Funko Investor Group is Willing to Serve as Class Representative

On March 10, 2020, counsel for a plaintiff in the first of the Related Actions to be filed caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA,

which announced that a securities class action had been filed against the defendants herein, and advised investors in Funko securities that they had 60 days—*i.e.*, until May 11, 2020—to file a motion to be appointed as Lead Plaintiff.  *See* Pafiti Decl., Ex. B.

The Funko Investor Group has filed the instant motion pursuant to the Notice, and its members have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. C.  Accordingly, the Funko Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.     The Funko Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Funko Investor Group's members believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended

during the class period; and (4) the approximate losses suffered).[1]   The most critical among the *Lax* Factors is the approximate loss suffered.  *See, e.g.*, However, "[o]f the Olsten–Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Knox*, 136 F. Supp. 3d at 1163 (C.D. Cal. 2015); *Richardson v. TVIA, Inc.*, C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007).

During the Class Period, the Funko Investor Group (1) purchased 144,877 shares of Funko stock; (2) expended $2,540,294 on its purchases of Funko securities; (3) retained 55,946 of its shares of Funko stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $484,078 in connection with its purchases of Funko securities. *See* Pafiti Decl., Ex. A.  Because the Funko Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    The Funko Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

Procedure."   Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002).   Moreover, at this stage "courts need only consider typicality and adequacy." *Deinnocentis v. Dropbox, Inc.*, 19-CV-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the same essential characteristics as the claims of the class at large. *Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020).

The claims of the Funko Investor Group are typical of those of the Class.  The Funko Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Funko, or omitted to state material

facts necessary to make the statements they did make not misleading.  The Funko Investor Group, as did all members of the Class, purchased Funko securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019). The class representative must also have sufficient interest in the outcome of the case to ensure vigorous advocacy.  *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019)

The Funko Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Funko Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. The Funko Investor Group's members have submitted herewith a Joint Declaration attesting, *inter alia*, to their shared desire to prosecute this case collaboratively for the benefit of the class and to their understanding of a lead plaintiff's responsibilities pursuant to the PSLRA.  *See* Pafiti Decl., Ex. D  Moreover, in Pomerantz and Bernstein

MEMORANDUM OF POINTS AND AUTHORITIES

Liebhard, the Funko Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The Funko Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the Funko Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the Funko Investor Group to fairly and adequately represent the Class has been discussed above.  The Funko Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v.*

*Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at \*15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Funko Investor Group has selected Pomerantz and Bernstein Liebhard as Co-Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Pafiti Decl., Ex. E. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

Similarly, Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Sec. Litig.*, No.

1:19-cv-10965-NRB (S.D.N.Y.); *Stirling v. Ollie's Bargain Outlet Holdings Inc.*, No. 1:19-cv-08647-JPO (S.D.N.Y.); and *In re Fiat Chrysler Automobiles N.V. Sec. Litig.*, No. 1:19-cv-06770-ERK (E.D.N.Y.). *See* Lieberman Decl., Ex. F.

As a result of these firms' extensive experience in litigation involving issues similar to those raised in the Related Actions, the Funko Investor Group's counsel have the skill and knowledge which will enable them to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by the Funko Investor Group, the members of the class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, the Funko Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Funko Investor Group as Lead Plaintiff for the Class; and (3) approving Pomerantz and Bernstein Liebhard as Co-Lead Counsel for the Class.

Dated: May 11, 2020                          POMERANTZ LLP

                                             */s/ Jennifer Pafiti*
                                             Jennifer Pafiti (SBN 282790)
                                             1100 Glendon Avenue, 15th Floor
                                             Los Angeles, CA 90024
                                             Telephone: (310) 405-7190
                                             jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184
pdahlstrom@pomlaw.com

BERNSTEIN LIEBHARD LLP
Stanley D. Bernstein
Laurence J. Hasson
Matthew E. Guarnero
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
lhasson@bernlieb.com
mguarnero@bernlieb.com

*Counsel for the Funko Investor Group and
Proposed Co-Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES

14

CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/     Jennifer Pafiti*
Jennifer Pafiti