**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90117
Telephone:  (213) 330-3359
Facsimile:   (212) 214-0506
Email:  fortunato@bespc.com
          passmore@bespc.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,<br><br>                    Defendants. | Case No. 2:20-cv-02319-VAP<br><br>CLASS ACTION<br><br>**JARETT ELION AND ZHENG LI'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>Judge:  Honorable Virginia A. Phillips<br>Hearing Date:  June 8, 2020<br>Time:  2:00 p.m.<br>Courtroom:  Courtroom 8A – 8th Floor |

MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:20-cv-02319-VAP

| | |
|---|---|
| MOHAMED NAHAS, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-03130-VAP |
| Plaintiff, | |
| v. | |
| FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG, | |
| Defendants. | |

# **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ..........................................................................1

II.  BACKGROUND ...........................................................................................2

III. ARGUMENT..................................................................................................3

    A.   The Competing Movants Filed Late Motions and Are Statutorily Ineligible for Appointment as Lead Plaintiff ...........................................4

    B.   Elion and Li Satisfy the Typicality and Adequacy Requirements............8

        1.   Typicality .................................................................................9

        2.   Adequacy ................................................................................10

    C.   Movants' Choice of Counsel Should be Approved ...............................11

IV.  CONCLUSION ...........................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Bangzheng Chen v. CytRx Corp.*,
  2014 WL 12591806 (C.D. Cal. June 13, 2014) ................................................................3

*Carson v. Clarent Corp.*,
  2001 WL 1782712 (N.D. Cal. Dec. 14, 2001) ................................................................8

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ................................................................9

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ................................................................6, 9, 10

*Goodworth Holdings, Inc. v. Suh*,
  99 F. App'x 806 (9th Cir. 2004) ................................................................7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................9, 10

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ................................................................passim

*In re Enron Corp., Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002) ................................................................7

*In re Herbalife, Ltd. Sec. Litig.*,
  2014 WL 12586789 (C.D. Cal. July 30, 2014) ................................................................4

*In re MicroStrategy Inc. Sec. Litig.*,
  110 F. Supp. 2d 427 (E.D. Va. 2000) ................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................9, 10

*In re Telxon Corp. Sec. Litig.*,
  67 F. Supp. 2d 803 (N.D. Ohio 1999) ................................................................7

*Johnson v. OCZ Tech. Grp.*,
  2013 WL 75774 (N.D. Cal. Jan. 4, 2013) ................................................................9, 10

*Osher v. Guess? Inc.*,
  2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ................................................................11

*Parker v. Joe Lujan Enters., Inc.*,
  848 F.2d 118 (9th Cir. 1988) ................................................................7

*Reitan v. China Mobile Games & Entm't Grp.*,
  68 F. Supp. 3d 390 (S.D.N.Y. 2014) ................................................................7

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993) ................................................................9, 10

*Skwortz v. Crayfish Co., Ltd.*,
  2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) ................................................................6

*Switzenbaum v. Orbital Scis. Corp.*,
  187 F.R.D. 246 (E.D. Va. 1999) ................................................................7

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................................8

*Tsirekidze v. Syntax-Brillian Corp.*,
  2008 WL 942273 (D. Az. Apr. 4, 2008)...................................................................11

*Waltner v. F.D.I.C.*,
  549 F. App'x 678 (9th Cir. 2013) ............................................................................7

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984) .................................................................................10


**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................4, 7, 8, 11

**Rules**

Fed. R. Civ. P. 23................................................................................................passim

Fed. R. Civ. P. 6.......................................................................................................5

L.R. 5-4.6.1 ................................................................................................................5

L.R. 7-12 ....................................................................................................................5

## I.  PRELIMINARY STATEMENT

Movants Jarett Elion ("Elion") and Zheng Li ("Li") respectfully submit this memorandum of law in opposition to the competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (ECF Nos. 23, 25, 29, 34).[1]

Six movants (or movant groups) originally filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The motions were filed by Ganesh Shenoy ("Shenoy") (ECF No. 14); Jarett Elion and Zheng Li ("Movants") (ECF No. 19); Angela Michl ("Michl") (ECF No. 23); Gerber Kawasaki, Inc. ("Kawasaki") (ECF No. 25); William Hurt ("Hurt") (ECF No. 29); and Abdul Baker, Zhibin Zhang, and Huaiyu Zheng (collectively, the "Funko Investor Group") (ECF No. 34).  On May 18, 2020, Shenoy filed a Notice of Withdrawal of Motion (ECF No. 43), and thus five competing motions for lead plaintiff remain before the Court.

Pursuant to the PSLRA, Movants are presumptively the most adequate lead plaintiff because they have the largest financial interest in the Actions of all eligible plaintiffs and satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  As no proof of Movants' inadequacy exists to rebut this presumption, Movants must be appointed as lead plaintiff.

---

[1]  All movants agree that the above-captioned related actions (the "Actions") should be consolidated.  To date, defendants have not taken a position on consolidation.

## II.    BACKGROUND

On March 10, 2020, plaintiff Gilberto Ferriera ("Ferreira") filed a complaint ("the *Ferreira* Action") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission on behalf of a class consisting of all persons and entities that purchased or otherwise acquired Funko, Inc. ("Funko" or the "Company") securities between October 31, 2019 and March 5, 2020, inclusive (the "Class Period").  Plaintiff Ferreira duly caused a notice to be filed in a widely circulated national business-oriented wire service advising other class members of their right to seek appointment as a representative party.  *See* ECF No. 21-4 (Notice).

On April 3, 2020, Mohamed Nahas commenced a nearly identical action in this District, on behalf of the same Class and asserting the same claims against the same defendants as the *Ferreira* Action (the "*Nahas* Action").  Both the *Ferreira* Action and the *Nahas* Action allege that there were two disclosures correcting Funko's false statements or omissions.  The first occurred on February 5, 2020, when Funko issued a press release announcing its preliminary fourth quarter 2019 financial results and stating that it expected a decrease in net sales year over year.  *Ferreira* Action, ECF No. 1 at ¶ 23; *Nahas* Action, ECF No. 1 at ¶ 23.  On this new, Funko's share price fell $6.20, or 40%, to close at $9.29 per share on February 6, 2020, on unusually heavy trading volume.  *Ferreira* Action, ECF No. 1 at ¶ 25; *Nahas* Action, ECF No.

1 at ¶ 25.  The second occurred on March 5, 2020, when Funko issued a press release announcing its fourth quarter and full year 2019 financial results affirming that net sales for the fourth quarter had decreased and that Funko was experiencing a decrease in orders.  *Ferreira* Action, ECF No. 1 at ¶ 26; *Nahas* Action, ECF No. 1 at ¶ 26.  On this news, "the Company's share price fell $0.32 per share, or over 4%, to close at $6.92 per share on March 6, 2020, thereby injuring investors further."  *Ferreira* Action,   ECF No. 1 at ¶ 27; *Nahas* Action, CEF No. 1 at ¶ 27.

On May 11, 2020, Elion and Li, and five other movants, filed motions to be appointed Lead Plaintiff in the Actions.

## III.   ARGUMENT

To identify the presumptively most adequate plaintiff, "'the district court must consider the losses allegedly suffered by the various plaintiffs' who have ***timely filed*** motions to serve as lead plaintiff, and select as the 'presumptively most adequate plaintiff and hence the presumptive lead plaintiff the one who has the largest financial interest in the relief sought by the class' and who otherwise satisfies Rule 23's typicality and adequacy requirements."  *Bangzheng Chen v. CytRx Corp*., 2014 WL 12591806, at *2 (C.D. Cal. June 13, 2014) (quoting *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)) (emphasis added).

Once the Court has determined which movant has the largest financial interest, the Court then focuses on that plaintiff and must "determine, based on information he has provided in his pleadings and declarations, whether he satisfies the requirements

of Rule 23(a) in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730. If that plaintiff does not satisfy the Rule 23 criteria, then the Court must "repeat the inquiry," considering the plaintiff with the second highest financial stake, "until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*.

Although three of the competing movants suffered greater losses than Movants, each of them failed to file a timely motion. Of the timely filed motions, Movants have the greatest losses and therefore should be appointed as Lead Plaintiff.

### A. The Competing Movants Filed Late Motions and Are Statutorily Ineligible for Appointment as Lead Plaintiff

The PSLRA specifically states that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). This is the first step in the sequential statutory steps for appointing lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); *Cavanaugh*, 306 F.3d at 732 (explaining that the "statutory process is sequential"); *In re Herbalife, Ltd. Sec. Litig.*, 2014 WL 12586789, at *1 (C.D. Cal. July 30, 2014) ("The first prong has been met, as the Funds filed a timely motion to be appointed lead plaintiff."). After the timely filing of a motion for appointment as lead plaintiff, the court will then "consider the losses allegedly suffered" by the movants and give other movants "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and

adequacy requirements." *Cavanaugh*, 306 F.3d at 730; 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Rule 6(a)(4) provides that the last day ends for electronic filing "at midnight in the court's time zone," "[u]nless a different time is set by . . . court order." Fed. R. Civ. P. 6(a)(4). This Court's Local Rules also set the timeliness requirement at midnight of the 60th day. L.R. 5-4.6.1. ("Unless otherwise provided by order of the assigned judge, all electronic transmissions of documents must be completed prior to midnight . . . to be considered timely filed on that day."). Local Rule 7-12 also states that the "Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule" and the "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. Lastly, this Court's Standing Order states that all documents required to be e-filed "shall be completed by ***4:00 p.m. on the date due.*** Any documents 'e-filed' after 4:00 p.m. on the date due will be considered **untimely**." ECF No. 9, at 7 (emphasis in original). Therefore, motions for appointment as lead plaintiff were due by 4:00 p.m. on May 11, 2020, pursuant to the PSLRA and this Court's Standing Order. *Id.*[2]

---

[2] All movants agree that May 11, 2020 was the deadline in this case. *See* ECF Nos. 15 at 5; 19 at 2; 23 at 12; 25 at 1 n.1; 30 at 9; and 35 at 7.

| *Movant* | *Time Filed* |
|---|---|
| Elion and Li | 3:46 PM PDT |
| Michl | 7:49 PM PDT |
| Kawasaki | 8:53 PM PDT |
| Hurt | 9:11 PM PDT |
| The Funko Investor Group | 11:25 PM PDT |

Filing "an untimely motion has the effect of preventing the [movants] from satisfying the first requirement of the most adequate plaintiff presumption." *Skwortz v. Crayfish Co., Ltd.*, 2001 WL 1160745, at *5 (S.D.N.Y. Sept. 28, 2001).  Michl, Kawasaki, Hurt, and the Funko Investor Group all filed their motions for appointment as lead plaintiff dramatically later than this Court's Standing Orders allow.  As a result, the Court should not consider the motions of Michl, Kawasaki, Hurt, or the Funko Investor Group as they failed to meet the timeliness requirements. *See Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (declining to consider "untimely" motion filed after statutory deadline); *Skwortz*, 2001 WL 1160745, *5 (finding that the "tardiness of the Chang Plaintiffs Group motion" – filed one day late – "precludes this Court from appointing the Group as Lead Plaintiff" because the PSLRA's deadline is "mandatory"); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 433 (E.D. Va. 2000) ("A motion filed after the sixty-day period by a person who has not filed a complaint, however, is untimely, and may not, except perhaps in rare

circumstances, be considered by a court."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action."); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 249 (E.D. Va. 1999) (plaintiff was ineligible because he "never filed a complaint himself or moved for appointment within the time that the PSLRA requires of those who hope to become the Lead Plaintiff"). Therefore, Michl, Kawasaki, Hurt, and the Funko Investor Group are barred from appointment as lead plaintiff due to their failure to comply with the first statutory requirement – filing a timely motion. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).[3]

Not only were four of the five competing motions late, but they were filed "after the [Movant's] calculated losses were in the record and available for comparison." *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 455 (S.D. Tex. 2002) (declining to consider motion filed after statutory deadline); *Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 398 (S.D.N.Y. 2014) (recognizing that "several decisions express concern that allowing parties to amend their lead plaintiff motions after the 60-day deadline might allow movants to manipulate the size of their

---

[3] *See generally Waltner v. F.D.I.C.*, 549 F. App'x 678, 679 (9th Cir. 2013) ("district court did not abuse its discretion by denying the Waltners' motion . . . because the motion was untimely under the local rules"); *Goodworth Holdings, Inc. v. Suh*, 99 F. App'x 806, 808 (9th Cir. 2004) (declining to appoint movant where "motion was untimely, and the Court was not required to excuse plaintiff's ignorance of the unambiguous local rule"); *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988) (finding no clear error of judgment where "motion for leave to amend was untimely under the district court's scheduling order").

financial losses"). In *Carson v. Clarent Corp.*, 2001 WL 1782712 (N.D. Cal. Dec. 14, 2001), a movant argued that even though their motion was untimely, "given their large financial stake . . . the Court should nonetheless appoint them lead plaintiff." *Id*. at *2. The *Carson* Court "decline[d] the [movant's] invitation to ignore the PSLRA's time requirements" because the "PSLRA does not have different filing deadlines based on the financial interest of the movant." *Id*.[4]

Since all of the competing motions are untimely, Movants are the only eligible movant.[5] As Movants' motion demonstrates, they satisfy the Rule 23 requirements and have selected qualified counsel. See ECF No. 21, Ex. 5. Accordingly, Movants should be appointed Lead Plaintiff.

**B.     Elion and Li Satisfy the Typicality and Adequacy Requirements**

In addition to the largest financial interest requirement, the PSLRA also requires that the lead plaintiff "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Only a "preliminary showing" of typicality and adequacy under Rule 23 is required at the lead plaintiff stage. *See Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999); *In re Cavanaugh*, 306 F.3d at 732.

---

[4] Here, the Funko Investor Group appears to have been quickly assembled by counsel after seeing Movant's losses. By filing late, these competing (late) movants may have been able to claim greater aggregate losses than Movants, who filed a timely motion.
[5] See ECF Nos. 17, Ex. 3; 21, Ex. 2.

A lead plaintiff's claims are typical of the claims of the class if they purchased artificially inflated securities during the class period while relying on the alleged misrepresentations and suffered losses as a result. *Ferrari*, 225 F.R.D. at 607; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993). A lead plaintiff satisfies the adequacy requirement with a preliminary showing that:  (1) lead counsel is qualified; (2) there is no conflict between the lead plaintiff and the class; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy. *See Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted); *Johnson v. OCZ Tech. Grp.*, 2013 WL 75774, at *1 (N.D. Cal. Jan. 4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).  Here, Elion and Li satisfy both the typicality and adequacy prongs of Rule 23 requiring their appointment as Lead Plaintiff.

### 1.     Typicality

Movants satisfy the typicality requirement.  Like all members of the Class, Movants:  (1) purchased Funko common stock during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by defendants; and (3) suffered heavy losses as a result.  Because of this, Movants' claims are substantially similar, if not identical, to those of the other members of the Class who purchased Funko shares during the Class Period and suffered losses from

the alleged misconduct on the part of the defendants. *See Ferrari*, 225 F.R.D. at 607; *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984) (noting that lead plaintiff's claims need not be identical with those of the class to satisfy the typicality requirement).

### 2.   Adequacy

Movants also readily satisfy the adequacy requirement of Rule 23.  Moreover, Movants have no conflicts with absentee class members and are highly motivated to recover their losses of approximately $143,343.90. *See Johnson*, 2013 WL 75774, at *3 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses).

Having demonstrated that Movants are the presumptive Lead Plaintiff in the Actions, that strong presumption can be rebutted only with ***proof*** that the movant with the largest financial interest is atypical or inadequate.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 729-30.  "[O]ther than pointing out its relatively low[er] financial stake in the litigation," it is unlikely that the other movants will make any argument against [Movants'] appointment. *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Az. Apr. 4, 2008) (appointing movant as lead plaintiff despite the fact that it had the smallest financial interest

because it "is the first [movant] to meet [the PSLRA's] standards"). Movants have no conflicts with the members of the Class and are motivated to recover the heavy losses they suffered.

As demonstrated above, Elion[6] and Li possess the largest losses and satisfy Rule 23, and therefore should be appointed lead plaintiff pursuant to the PSLRA.

### C.     Movants' Choice of Counsel Should be Approved

The Court should also approve Movants' selection of Bragar Eagel & Squire, P.C. ("BES") as lead counsel for the putative class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class subject to approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher v. Guess? Inc.*, 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). BES, proposed lead counsel for the class, is highly experienced in securities class actions such as this, are well qualified to litigate the Actions, and will prosecute the Actions effectively and expeditiously. *See* ECF No. 21-5 (firm résumé of BES).

### IV.   CONCLUSION

Based on the foregoing, Movants respectfully requests that the Court grant their motion:   (1) consolidating the Actions; (2) appointing Elion and Li as Lead

---

[6] Elion's Class Period transactions include those over which he held power of attorney. Attached as Exhibit 1 to the accompanying Declaration of Melissa A. Fortunato is Pearl Elion's assignment to Elion for those shares.

Plaintiff; (3) approving Movants' selection of BES as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

DATED: May 18, 2020                    Respectfully submitted,

                                       **BRAGAR EAGEL & SQUIRE, P.C.**


                                       By: */s/ Melissa A. Fortunato*
                                       Melissa A. Fortunato (SBN 319767)
                                       Marion C. Passmore (SBN 228474)
                                       601 Figueroa Street, Suite 4050
                                       Los Angeles, California 90117
                                       Telephone:  (213) 330-3359
                                       Facsimile:  (212) 214-0506
                                       Email:       fortunato@bespc.com
                                                    passmore@bespc.com


                                       *Counsel for Movant and Proposed*
                                       *Lead Counsel for the Class*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above cases and am over eighteen years old. On May 18, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this May 18, 2020.

/s/ Melissa A. Fortunato
Melissa A. Fortunato