Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*William Hurt*
[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf Of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,<br><br>Defendants.<br><br>[Caption continued on the next page.] | No. 2:20-cv-02319-VAP-PJW<br><br>**WILLIAM HURT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:        June 8, 2020<br>Time:       2:00 p.m.<br>Courtroom: 8A, 8th Floor<br>Judge:      Hon. Virginia A. Phillips<br><br>ORAL ARGUMENT REQUESTED |

010915-11/1270802 V1

MOHAMED NAHAS, Individually and On Behalf Of All Other Similarly Situated,

Plaintiff,

v.

FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,

Defendants.

No. 2:20-cv-03130-VAP-PJW

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................. 1

II.  PRELIMINARY STATEMENT ........................................................................... 1

III.  ARGUMENT ....................................................................................................... 5

    A.  Mr. Hurt Is the Presumptive Lead Plaintiff .............................................. 6

    B.  No Movant Has Rebutted Mr. Hurt's Typicality or Adequacy. .............. 6

    C.  Mr. Hurt's Motion is Properly Considered By the Court Pursuant to the PSLRA ....................................................................................................... 9

IV.  CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*In re Consumers Power Co. Sec. Litig.*,
  105 F.R.D. 583 (E.D. Mich. 1985)........................................................................7

*Emerson v. Genocea Biosciences, Inc.*,
  2018 WL 839382 (D. Mass. Feb. 12, 2018)........................................................11

*In re Facebook Privacy Litig.*,
  2016 WL 4585817 (N.D. Cal. Sept. 2, 2016)........................................................8

*Garfinkel v. Memory Metals, Inc.*,
  695 F. Supp. 1397 (D. Conn. 1988) ......................................................................8

*Herrgott v. United States Dist. Court for the N. Dist. of Cal.(In re Cavanaugh)*,
  306 F.3d 726 (9th Cir. 2002) .....................................................................*passim*

*Ironwood Country Club v. Liberty Ins. Underwriters, Inc.*,
  2014 WL 12597633 (C.D. Cal. Jan. 16, 2014).....................................................11

*The Mannkind Sec. Actions*,
  2011 WL 13218021 (C.D. Cal. Apr. 27, 2011)......................................................2

*Medicare Beneficiaries' Def. Fund v. Empire Blue Cross Blue Shield*,
  938 F. Supp. 1131 (E.D.N.Y. 1996).......................................................................8

*Navarro v. City of Fontana*,
  2010 WL 11459999 (C.D. Cal. Sept. 3, 2010).....................................................10

*In re Network Assocs., Inv. Sec. Litig.*,
  76 F. Supp. 2d 1017 (N.D. Cal. 1999)....................................................................3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.,* 229 F.R.D. 395 (S.D.N.Y. 2004).........................................................9

*Rieckborn v. Velti PLC*,
  2013 WL 6354597 (N.D. Cal. Dec. 3, 2013) .........................................................2

*Uche-Uwakwe v. Shinseki*,
    972 F. Supp. 2d 1159 (C.D. Cal. 2013)...............................................................11

*Waterford Twp. Police v. Mattel, Inc.*,
    2017 WL 10667732 (C.D. Cal. Sept. 29, 2017)......................................8, 11, 12

## Federal Statutes

15 U.S.C. § 78u-4 ...........................................................................................*passim*

15 U.S.C. § 78u-4(a)(3)(A)(i)...............................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)..............................................................................3

15 U.S.C. § 78u-4(a)(4)(A)(i)(II) ........................................................................10

## Other Authorities

5 Moore's Federal Practice - Civil § 23.25 (2020)..................................................8

Fed. R. Civ. P. 23...........................................................................................4, 5, 6

Fed. R. Civ. P. 23(a) .............................................................................................6

## I.    INTRODUCTION[1]

Proposed Lead Plaintiff William Hurt ("Mr. Hurt") is a sophisticated individual investor who suffered the largest loss of any individual lead plaintiff movant as a result of his investment in Funko, Inc. ("Funko" or "Company"). Thus, Mr. Hurt respectfully submits this reply memorandum of points and authorities in further support of his motion for consolidation of the related actions, appointment as lead plaintiff, and for approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel for the class (ECF Nos. 29-31), and in further opposition to the competing motions of (1) the Gerber Kawasaki, Inc. group (ECF Nos. 25-26); (2) the self-styled "Funko Investor Group," (ECF No. 34-36) and (3) Jarett Elion and Zheng Li ("Elion/Li Group") (ECF No. 19-21).[2]

## II.    PRELIMINARY STATEMENT

Mr. Hurt has successfully shown that the Gerber Kawasaki group is not qualified nor appropriate to be a lead plaintiff. Specifically, and as explained more fully in Mr. Hurt's Opposition brief (*see* ECF No. 49): (1) Gerber Kawasaki has not suffered any losses itself, and therefore lacks both constitutional and statutory standing pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) irrespective of whether the assignments of its 84 separate investors are proper for

---

[1] Capitalized terms herein, unless otherwise defined, have the same meaning as set forth in Mr. Hurt's opening motion papers. ECF Nos. 29-31 (the "Motion").

[2] Two other movants, Ganesh Shenoy and Angela Michl, have withdrawn or filed a non-opposition to the competing lead plaintiff applications. ECF Nos. 43, 47.

Article III standing purposes, Gerber Kawasaki faces unique legal issues that other class members do not; (3) when accounting for the net gain from the sale of shares acquired prior to the class period and sold during the class period, Gerber Kawasaki's true aggregated losses are only $234,121.63, nearly one-third less than those of Mr. Hurt; (4) Gerber Kawasaki's assignments, if valid, will render it subject to the same defenses that exist against its assignors, which means that the case will be engulfed in the discovery of 84 disbursed investors' knowledge and reliance on Defendants' alleged false and misleading statements, among other case issues; (5) conflicts of interest exist between Gerber Kawasaki and the Class, as certain of its assignor clients sold all of their Funko shares weeks before the disclosures alleged to have revealed the fraud in any of the Related Actions; and (6) the vastly dissimilar trading patterns among its 84 investor clients raises unique reliance issues and likely renders Gerber Kawasaki's interests "antagonistic" to those of the proposed class.

With the presumption successfully rebutted, the Court must now "turn to the movant with the next-largest financial interest and repeat the process, continuing sequentially until it identifies the most capable plaintiff." *Rieckborn v. Velti PLC,* No. 13-cv-03889-WHO, 2013 WL 6354597, at \*2 (N.D. Cal. Dec. 3, 2013) (*citing Herrgott v. United States Dist. Court for the N. Dist. of Cal.(In re Cavanaugh)*, 306 F.3d 726, 730-31 (9th Cir. 2002); *The Mannkind Sec. Actions*, No. 2:11-cv-00929-GAF-SS, 2011 WL 13218021, at \*1-2 (C.D. Cal. Apr. 27, 2011) (same).

HURT REPLY MPA IFSO MOTION TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL
Case No.: 2:20-cv-02319-VAP-PJW

- 2

Funko Investor Group claims the next largest loss, but is comprised of three unrelated individual investors, none of whom claim a larger loss than Mr. Hurt. Here too, Mr. Hurt has successfully shown that Funko Investor Group is not the most appropriate lead plaintiff. *See* ECF No. 49. Specifically, the Funko Investor Group: (1) is comprised of three members with no prior existing relationship with one another; (2) presents no evidence that the three individuals are a cohesive group, particularly given their residence in three different states, different professions, and varying levels of investment experience; (3) has selected two law firms to represent it, suggesting that that the balance between client and counsel control is tilted decidedly in favor of the lawyers; (4) has failed to justify its composition and decision-making structure; and (5) due to the foregoing, is an "artificial aggregation" manufactured for the simple purpose of qualifying to be lead plaintiff and is therefore inadequate to serve as lead plaintiff. *In re Network Assocs., Inv. Sec. Litig.*, 76 F. Supp. 2d 1017, 1026-27 (N.D. Cal. 1999).

Understanding that none of their groups' individual members have a larger financial interest in the litigation than that possessed by Mr. Hurt, Gerber Kawasaki and the Funko Investor Group suggest Mr. Hurt is inadequate because he is 93 years old and is enlisting the assistance of a personal professional CPA in managing this litigation. As explained more fully below, Mr. Hurt's age and the use of his personal accountant for assistance do not affect his typically or adequacy in this action for Rule 23 purposes.

The Elion/Li Group, which has claimed less than half of the losses of Mr. Hurt, and has the smallest losses of all remaining movants, relies heavily on an argument that Mr. Hurt's motion, as well as each of the other competing motions for appointment, are untimely. Mr. Hurt's Motion, however, was filed within the sixty days of the issuance of the Notice issued by the named plaintiff's counsel that alerted potential class members of the time frame for them to take action. *See* ECF No. 31-1 (informing potential class members that "[i]nvestors are hereby notified that they have 60 days from the date of this notice to move the Court to serve as lead plaintiff in this action" and not providing any time deadline).

Mr. Hurt has filed his documents on the same day they were due and within hours of the 4 p.m. deadline listed in the Court's Standing Order. This Court has considered filings filed after 4 p.m. in instances where the Court has not provided that individual with a previous warning, where consideration of the filing would be in the interest of justice, where there is no undue prejudice to the defendants, or where there is no undue delay in the litigation. Since the Elion/Li Group has not articulated any undue prejudice or unduly delay from Mr. Hurt filing his documents within hours of the deadline, and because the consideration of his documents would be in the interest of justice, Mr. Hurt respectfully requests that the Court consider his filings.

Given the foregoing, Mr. Hurt is presumptively the "most adequate plaintiff," and he should be appointed as the lead plaintiff unless a competing movant provides proof that Mr. Hurt is either atypical or inadequate to serve as lead plaintiff. 15 U.S.C.

§ 78u-4(a)(3)(B)(iii). Mr. Hurt individually has suffered over $330,000 in losses – more than any other single investor – and therefore has a substantial financial interest in this litigation.[3] Moreover, Mr. Hurt, a Harvard-educated and renowned portfolio manager, fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, has demonstrated that he is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action, and has enlisted professional help to oversee his lawyers.[4]

## III.   ARGUMENT

The lead plaintiff is the movant that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Following the simple process outlined by the Ninth Circuit, the PSLRA requires the Court to "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). The Court "must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* (emphasis in original). If "the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve

---

[3] *See* ECF Nos. 30 at 10, 31-3.

[4] *See* ECF No. 30 at 11-16.

and satisfies the requirements of Rule 23." *Id.* Application of the PSLRA and *Cavanaugh* here requires that the Court grant Mr. Hurt's motion.

### A.   Mr. Hurt Is the Presumptive Lead Plaintiff

Mr. Hurt has suffered more than $330,000 in losses as a result of defendants' alleged wrongdoing. He has submitted a declaration attesting to his background and experience, and has enlisted a professional advisor who is an actively licensed CPA to assist in managing the attorneys. The other three movants are groups of investors with smaller financial interests, combined in various manners solely to litigate this case, and/or lack standing under the PSLRA. *See* Hurt Opp., ECF No. 49. Because Mr. Hurt has the largest financial interest and satisfies the requirements of Rule 23, his motion should be granted.

### B.   No Movant Has Rebutted Mr. Hurt's Typicality or Adequacy.

Based on his pleadings and declarations, Mr. Hurt has met the "typicality" and "adequacy" requirements of Fed. R. Civ. P. 23(a). *Cavanaugh*, 306 F.3d at 730. No movant contests Mr. Hurt's typicality. Both Gerber Kawasaki and the Funko Investor Group, however, contend that Mr. Hurts age, along with his enlistment of his personal accountant as professional help in managing this litigation, make Mr. Hurt inadequate. ECF No. 44 at 17; ECF No. 48 at 18-19.

In reality, Mr. Hurt's sworn declaration demonstrates his overwhelming qualifications, as well as his willingness and ability to perform. In particular, he states:

> 2.      I am 93 years old. I am retired and presently reside in San Marino, California. Previously, I worked for over 40 years at Capital

Group Companies, one of the world's oldest and largest investment management organizations, where I served as a portfolio manager at the firm's Los Angeles California headquarters. I also served as the chairman emeritus of Capital Strategy Research, Inc. Before joining Capital Group Companies, I was executive vice president and director of marketing and research for Dean Witter & Company. In total, I have over 65 years of professional investment experience. I hold a Master of Business Administration degree from Harvard Business School and a bachelor's degree from the University of Southern California graduating magna cum Laude. I am also the founder of the WHH Foundation, a charitable organization dedicated to the development of human capital in the areas of education, health, the arts, and community-building.

****

4.       I am familiar with the responsibilities of a lead plaintiff under the PSLRA. Specifically, I understand that a lead plaintiff is required to direct the litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that I would owe duties to the Class to act in its best interest. To help me in carrying out these duties, I have enlisted the assistance of my personal accountant, Teresa A. Boyle. Ms. Boyle is a Certified Public Accountant based in Pasadena, California, who has experience working with attorneys, including managing a national law firm on my behalf several years ago in a complex estate legal proceeding.

Declaration of William H. Hurt (ECF No. 31-4 at ¶¶ 2, 4).

The competing movants provide no support that the elderly are automatically disqualified to manage litigation. Many federal judges have been older than Mr. Hurt while serving on the bench. Judge Wesley Brown sat until he died at age 104.[5] In 2012, at least 13 federal judges over age 90 were still hearing cases.[6] Justice Ginsburg is 87 years old and Justice Breyer is 81.[7] *See also In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 604 (E.D. Mich. 1985) (rejecting defendants' contention that

---

[5] *Wesley Brown, nation's oldest federal judge, dies at age 104*, Associated Press (Jan. 24, 2012), https://www.politico.com/story/2012/01/wesley-brown-nations-oldest-federal-judge-dies-at-age-104-071888.

[6] Abby Rogers, *These 13 Oldest Federal Judges – All In Their 90s – Are Still Hearing Cases*, Business Insider (Aug. 5, 2012), https://www.businessinsider.com/20-oldest-federal-judges-2012-7.

[7] *Supreme Court of the United States*, Wikipedia, https://en.wikipedia.org/wiki/Supreme_Court_of_the_United_States (last visited May 21, 2020).

class representative "is unacceptable because he is too old and sick," and finding that "[t]he court is satisfied that [the proposed class representative]'s physical problems do not render him inadequate."). *See also Medicare Beneficiaries' Def. Fund v. Empire Blue Cross Blue Shield,* 938 F. Supp. 1131, 1145 (E.D.N.Y. 1996) (holding that the mere fact that named plaintiffs were of advanced ages did not compel finding that they could not adequately represent class); *Garfinkel v. Memory Metals, Inc*., 695 F. Supp. 1397, 1405 (D. Conn. 1988) (rejecting defendants' assertion that three proposed class representatives were inadequate for reasons of advanced age); *In re Facebook Privacy Litig*., No. 10-CV-02389-RMW, 2016 WL 4585817, at *7 (N.D. Cal. Sept. 2, 2016) (rejecting attack on class representative's adequacy based on preexisting health issues since defendant did not produce any evidence plaintiff could not carry out duties). *See also* 5 Moore's Federal Practice - Civil § 23.25 (2020) (No *per se* rule barring an individual from serving as a class representative due to age or health condition.).

As recognized by this Court, the "strong presumption" in favor of appointing Mr. Hurt can only be rebutted with "proof" that Mr. Hurt is inadequate. *Waterford Twp. Police v. Mattel, Inc.,* No. 2:17-cv-04732-VAP-KS, 2017 WL 10667732, at *3, 6 (C.D. Cal. Sept. 29, 2017) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *In re Cavanaugh*, 306 F.3d at 730.) No such proof exists here. As with any movant, if something were to happen, this Court has the continuing duty to monitor whether the lead plaintiffs is capable, and designation of lead plaintiff can be revisited if circumstances warrant. Gerber Kawasaki Opp. at 13; ECF No. 44 at 18.

So too, no support is cited for their contention that enlistment of a professional CPA demonstrates anything but adequacy. Institutional investors rely on advisors all the time, their certifications are signed by management, not the owners, and often the cases are overseen by professional staff. In fact, the professional resources of institutional investors are often cited in determining their adequacy. *See e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.,* 229 F.R.D. 395, 417-418 (S.D.N.Y. 2004). Mr. Hurt's background and enlistment of a professional accountant to help him in no way suggests he is ceding control. At a minimum, his enlistment of Ms. Boyle demonstrates not just a passing interest, but an intense scrutiny over the lawyers.[8]

**C.    Mr. Hurt's Motion is Properly Considered By the Court Pursuant to the PSLRA**

On March 10, 2020, counsel for named plaintiff Gilberto Ferreira issued the Notice to be published pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)[9] which announced that a securities class action had been filed against Funko and certain of its officers and directors, and which advised putative class members "Investors are hereby

---

[8] To the extent more information is needed on Ms. Boyle, the competing movants have had every opportunity to investigate her. She is more than adequately described in the papers. Indeed a quick internet search verifies her CPA active and clear license, as well as her experience level. *See* Teresa A. Boyle Licensing Status Search, Dept. of Consumer Affairs, https://search.dca.ca.gov/details/300/CPA/25040/97cc9ba9b31e2915265b9179b54efb0c (last visited May 21, 2020).

[9] *See* ECF No. 30, at p. 5 (stating that "On March 10, 2020, Plaintiff Ferreira's counsel published a notice of pendency of that action over the national wire service, *BusinessWire*. Smith Decl., Ex. A [ECF No. 31-1] (Published Notice). That notice advised class members of the existence of the lawsuit and described the claims asserted.").

notified that they have **60 days from the date of this notice** to move the Court to serve as lead plaintiff in this action." ECF No. 31-1 (emphasis in original). The Notice, however, was devoid of any specific time by which a potential class member must move the Court by on day sixty. In response to this Notice, Mr. Hurt moved for appointment on day sixty. *See* ECF Nos. 29-31. The same day, the competing movants filed their respective motions. *See* ECF Nos. 14-36.

The Elion/Li Group, however, argues that the Court's Standing Order issued on March 23, 2020 (the "Standing Order", ECF No. 9) truncated the 60-day period specified in both 15 U.S.C. § 78u-4(a)(4)(A)(i)(II) and the time for moving the Court as contained in the Notice issued to potential class members. ECF No. 46, at pp. 4-8. But as the Notice never indicated a specific time by which potential class members needed to file, penalizing the movants for filing their motions within the deadline set forth in the PSLRA Notice is inequitable to all class members who sought or would have sought appointment as Lead Plaintiff.

In addition, Mr. Hurt's filings may only be considered untimely for filing after 4 p.m. due to the requirement listed in the Court's Standing Order. ECF No. 9. In the past, the Court has routinely considered untimely filings when it would not cause undue prejudice or unduly delay the litigation with the caveat that future filings following the warning may not be considered. *See Navarro v. City of Fontana*, No. 5:09-cv-01525-VAP-DTB, 2010 WL 11459999, at *1 (C.D. Cal. Sept. 3, 2010) (considering motion because it would not "unduly delay the litigation" or cause undue

prejudice); *Ironwood Country Club v. Liberty Ins. Underwriters, Inc.*, No. 5:13-cv-00996-VAP-DTB, 2014 WL 12597633, at *2 n.2 (C.D. Cal. Jan. 16, 2014) (considered a filing filed approximately 2 hours and 19 minutes late and warning the party aware that filings after this warning may result in rejection of the filing); *Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1163 n.4 (C.D. Cal. 2013) (considering a reply filed after a Monday holiday rather than on the Friday preceding the holiday as it was "in the interest of justice" and in "the absence of undue prejudice"). *See also Emerson v. Genocea Biosciences, Inc.*, No. 1:17-cv-12137-PBS, 2018 WL 839382, at *3 (D. Mass. Feb. 12, 2018) (finding that the "6 p.m. deadline under the local rules is not sacrosanct," and that "[b]ecause [movant]'s motion was filed on the sixtieth day of the PSLRA's 60-day window, the motion did not turn into a pumpkin at the stroke of 6 p.m.").

Finally, the Elion/Li Group misses and entirely fails to address the factors recently considered by this Court in a PSLRA filing addressed in in *Waterford Twp.*, 2017 WL 10667732, at *4 (granting motion to be appointed Lead Plaintiff and finding that "in the interest of justice the Court accepts [movant]'s Motion as properly filed."). There the Court appointed an individual who filed his motion after the time provided in this Court's Standing Order, but on the correct calendar day required by the PSLRA. The Court further looked to whether the delay may have been purposeful in order (1) to "manipulate the loss calculation after reviewing timely-filed motions" or (2) to form "a group of investors who were hastily gathered together after the deadline

in response to an earlier filing." *Id.* The Court also looked at whether the late filings caused significant delays in the litigation. Here, as in *Waterford*, Mr. Hurt is a single investor and not a group. His loss calculations are simple and not even subject to a LIFO/FIFO calculation gimmickry. Thus there is no indication or reason to suspect that his filing after the 4 p.m. deadline was for purposes of manipulating loss calculations or hastily forming a group. So too the Elion/Li Group does not claim Mr. Hurt's filing has not caused any delay or prejudice in the litigation.

Accordingly, Mr. Hurt's Motion may properly be considered by the Court.

## IV.    CONCLUSION

For the foregoing reasons and for those reasons set forth in his opening and opposition briefs, Mr. Hurt respectfully requests that the Court (1) consolidate the above-captioned actions and all subsequently-filed related actions; (2) appoint Mr. Hurt as Lead Plaintiff; (3) approve his selection of Hagens Berman Sobol Shapiro LLP as lead counsel; and (4) deny the competing motions.

Respectfully submitted,

DATED: May 22, 2020          HAGENS BERMAN SOBOL SHAPIRO LLP

                             *s/ Danielle Smith*
                                 DANIELLE SMITH

                             Reed R. Kathrein (139304)
                             Lucas E. Gilmore (250893)
                             Danielle Smith (291237)
                             715 Hearst Avenue, Suite 202
                             Berkeley, CA  94710
                             Telephone: (510) 725-3000

Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
Karl Barth
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
karlb@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*William Hurt*