**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90117
Telephone:  (213) 330-3359
Facsimile:   (212) 214-0506
Email:  fortunato@bespc.com
          passmore@bespc.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-02319-VAP |
| Plaintiff, | CLASS ACTION |
| v. | **JARETT ELION AND ZHENG LI'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF** |
| FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG, | |
| Defendants. | Judge:  Honorable Virginia A. Phillips Hearing Date:  June 8, 2020 Time:  2:00 p.m. Courtroom:  Courtroom 8A – 8th Floor |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:20-cv-02319-VAP

MOHAMED NAHAS, Individually and On Behalf of All Others Similarly Situated,

               Plaintiff,

      v.

FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,

               Defendants.

Case No. 2:20-cv-03130-VAP

## I.    PRELIMINARY STATEMENT

Movants Jarett Elion ("Elion") and Zheng Li ("Li") respectfully submit this reply memorandum of law in further support of their motion for appointment as lead plaintiff.

Three other competing motions for appointment as lead plaintiff remain before the Court and none of them address the fact that only movants Elion and Li filed a timely motion to be appointed lead plaintiff.[1]  Nor do any of the three competing movants explain any reason for having failed to file timely or offer any grounds for the Court to excuse their failure to do so.  By the time responses were filed on May 18, 2020, the competing movants should have been aware of their failure to comply with this Court's order requiring that all motions be filed by 4:00 p.m., yet each of the competing motions is silent on the issue.  The Court, in these circumstances, should not excuse the late filing.

In addition, while the remaining competing movants stated that they opposed all others, the oppositions of William Hurt ("Hurt") (ECF No. 49) and Abdul Baker, Zhibin Zhang, and Huaiyu Zheng (collectively, the "Funko Investor Group") (ECF No. 48) do not directly oppose Elion and Li's motion other than to claim that their losses are larger.  Gerber Kawasaki, Inc. ("Kawasaki") argues that Elion and Li are

---

[1]  Movant Ganesh Shenoy  filed a Notice of Withdrawal (ECF No. 43) and Movant Angela Michl filed a Notice of Non-Opposition to Competing Motions for Lead Plaintiff and Lead Counsel (ECF No. 47).

inadequate because they are an improper group (*see* ECF No. 44), but Kawasaki's opposition to Elion and Li's appointment as lead plaintiff falls short. Elion and Li are a small, cohesive group of sophisticated investors who have demonstrated their adequacy.

In the end, Elion and Li are the only movants to have met ***all*** of the statutory requirements for appointment as lead plaintiff as set forth in the Private Litigation Reform Act of 1995 ("PSLRA"). Elion and Li are the only movants to have filed a ***timely*** motion for appointment. Elion and Li also suffered substantial losses of $143,343.90 and satisfy the requirements of typicality and adequacy. As the only movants to have satisfied all of the statutory requirements, Elion and Li should be appointed as lead plaintiff, and their choice of Bragar Eagel & Squire, P.C. as lead counsel should be approved.

## II.   ARGUMENT

### A.   Elion and Li are the Only Movants to Have Met All of the Statutory Requirements for Appointment as Lead Plaintiff

The PSLRA is clear that the first step in the appointment of a lead plaintiff is the filing of a complaint or the filing of a "motion in response to the published notice." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 WL 75774, at *2 (N.D. Cal. Jan. 4, 2013). After the filing of a motion for appointment, the court considers the financial interests of the movants and whether each movant satisfies the requirements of Rule 23 of the Federal Rules of

Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  This "statutory process is sequential." *Id*. at 732.

This Court's Standing Order requires documents to be e-filed "by **4:00 p.m. on the due date**" and anything filed after 4:00 p.m. "will be considered **untimely**." ECF No. 9 at 7 (emphasis in original).  These rules were readily available to all movants on the Court's website and were filed on the docket in the Actions, and yet not one of the other three competing movants filed a timely opening brief, precluding them from being appointed as lead plaintiff. *See, e.g.*, *Skwortz v. Crayfish Co., Ltd.*, No. 00 Civ. 6766 (DAB), 2001 WL 1160745, *5 (the "tardiness of the Chang Plaintiffs Group motion" – filed one day late – "precludes this Court from appointing the Group as Lead Plaintiff" because the PSLRA's deadline is "mandatory"); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 433 (E.D. Va. 2000) ("A motion filed after the sixty-day period by a person who has not filed a complaint, however, is untimely, and may not, except perhaps in rare circumstances, be considered by a court.").  With the submission of their oppositions, Hurt and the Funko Investor Group again filed past this Court's deadline. *See* ECF Nos. 48 (the Funko Investor Group filed at 8:42 p.m.), 49 (Hurt filed at 10:10 p.m.).

Moreover, Kawasaki, the Funko Investor Group, and Hurt all failed to offer any explanation or reason for having failed to timely file.  The competing movants should have known by the time responses were due that Elion and Li's original filing

before 4:00 p.m. was purposeful. As such, the competing movants should have addressed the issue in their responses so that Elion and Li could respond in this reply. Having failed to do so, the competing movants should be precluded from raising new arguments concerning their late filing in reply.

**B.     No Proof Exists to Rebut the Presumption in Favor of Elion and Li**

Being the only remaining movants to have timely filed a motion with substantial financial losses of $143,343.90 and readily satisfying the typicality and adequacy requirements of Rule 23, movants Elion and Li have demonstrated that they are the presumptive lead plaintiff in the Actions. This strong presumption can be rebutted only with ***proof*** that the movant is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(ii)(II); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 669 (C.D. Cal. 2005) ("'the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job'") (quoting *In re Cendent Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)). None of the competing movants have provided proof that rebuts the presumption in favor of Elion and Li.

Tellingly, neither the Funko Investor Group nor Hurt substantively mention Elion and Li in their oppositions except to note their loss size, which does not rebut the presumption in favor of Elion and Li under these circumstances. *See* ECF Nos. 48 at 5, 49 at 1 n.1; *see also* ECF No. 44 at 13; *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) ("The opposing movants make no argument against St. Clair other than pointing out its

relatively low financial stake in the litigation.  But we have thoroughly applied the *In re Cavanaugh* test, and St. Clair is the first to meet its standards.").[2]

The only movant to question Elion and Li's adequacy is Kawasaki, and Kawasaki's challenge lacks merit, failing to provide the requisite proof needed to rebut the presumption.  Kawasaki's sole challenge to Elion and Li's adequacy is that they are an "improper" group of two individuals.  ECF No. 44 at 13.  This argument fails.  Courts routinely appoint groups as lead plaintiff because the PSLRA "expressly authorizes the appointment of a 'group' of persons to serve as Lead Plaintiffs." *Ferrari v. Gisch*, 225 F.R.D. 599, 608 (C.D. Cal. 2004); *see also Maiman v. Talbott*, 2009 WL 10675075, at *2-3 (C.D. Cal. Sept. 14, 2009).  "[T]he key question is whether the proposed plaintiff group can effectively manage the litigation and direct lead counsel. . . . .  [And,] any group appointed must be sufficiently small that it can engage in coordinated decision-making."  *Ferrari*, 225 F.R.D. at 608-09 (noting group of three is manageable with two of the three having "substantial purchases" of

---

[2]  The Funko Investor Group stated that it "reserves the right to further address the competing movants' adequacy or typicality, if necessary" (ECF No. 48 at 13).  The Funko Investor Group "did not raise" any "argument" rebutting Elion and Li's typicality and adequacy "in [its] Opposition, and thus has waived it."  *Tillman v. Tillman*, 2009 WL 10654599, at *5 (C.D. Cal. Oct. 26, 2009) (Phillips, J.); *see also McGuigan v. Cty. of San Bernardino*, 2016 WL 6603955, at *5 (C.D. Cal. Mar. 25, 2016) (Phillips, J.) ("'The [C]ourt declines to considered arguments raised for the first time in reply, since the other party has no opportunity to respond.'") (citation omitted); *Hill v. Opus Corp.*, 464 B.R. 361, 371 n.34 (C.D. Cal. 2011) (same) (collecting cases).  The same holds true for movant Hunt.  *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived.").

the stock and finding the group adequate); *see also Johnson*, 2013 WL 75774, at *3 ("Small, cohesive groups similar to the OCZ Investor Group are routinely appointed as Lead Plaintiff in securities actions when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel.").

Elion and Li, a group of only two individuals, are a small, cohesive group of sophisticated investors who incurred significant losses in connection with their purchases of Funko securities. Li has approximately twenty years of investing experience (ECF No. 21-3 at ¶ 3) and Elion has approximately twenty-six years of investing experience (ECF No. 21-3 at ¶ 4). Elion and Li submitted a joint declaration with their opening motion (ECF No. 21-3) demonstrating the necessary information on how the group was formed (*id.* at ¶¶ 3-4, 8-9) and how they would work together "to effectively manage the litigation and direct lead counsel" (*id.* at ¶¶ 9-11, 14-16). *Maiman*, 2009 WL 10675075, at *2-3 (appointing group as "there is no indication" the members "cannot effectively manage the litigation and direct lead counsel" and the group had "pledged to litigate aggressively by attending hearings, providing deposition testimony, and appearing at trial").

Further, in their joint declaration, Elion and Li acknowledge their fiduciary duty to the Class if appointed (ECF No. 21-3 at ¶ 10); state that they moved together because they "believe combining [their] collective resources and knowledge will best

serve the Class" (*id.* at ¶ 2); state that they will manage the litigation through "joint calls" and "emails," among other things, to be conducted with or without counsel (*id.* at ¶¶ 11, 14); and, state that they have "directed counsel to keep us informed" and will continue to "direct lead counsel and oversee the prosecution . . . for the benefit of the Class" (*id.* at ¶ 15). This is all that is required and the fact that Elion and Li had no "preexisting relationship"[3] has little bearing on the matter. *See, e.g.*, *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018) ("a group of previously-unrelated investors may show that it is an adequate class presentative if it demonstrates that the group is small and cohesive, and that the individual members have demonstrated an ability to work together efficiently on behalf of the class"); *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-cv-1463-JLS (RNBx), 2014 WL 12694135, at *4 (C.D. Cal. Jan. 8, 2014) (appointing a group of "previously unaffiliated investors as lead plaintiff" and noting that each member stated in the joint declaration that the group was formed because of "common interests"); *Bruce v. Suntech Power Holdings Co. Ltd.*, No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012) ("While a pre-litigation relationship

---

[3] Even if the Court were to find that Elion and Li had to have had a "preexisting relationship," Elion alone has the largest losses of any movant to timely file a motion here. *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) (appointing a group of three individuals without a preexisting relationship, noting that one of the individuals "has the greatest financial stake in the litigation of any movant, so it is not necessary for the members of the Akeena Investor Group to aggregate themselves in order to overcome the largest stake requirement-one of its members could meet that requirement by herself").

amongst lead plaintiffs is preferred, it is not required."); *In re Versata, Inc., Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at *3-6, (N.D. Cal. Aug. 20, 2001) ("A case-by-case approach governed by the rule of reason allows the court both to guard against improper plaintiffs -- whether or not they have a pre-litigation relationship -- and to select investors who are most willing and able to represent the interests of the class.  Under such an approach, the singular focus will be whether the asserted group has demonstrated the ability to represent the class and direct the litigation without undue influence from counsel.").

## III.  CONCLUSION

Elion and Li are the only movants who filed a timely motion, have a substantial financial interest, and satisfy the requirements of Rule 23.  Accordingly, Elion and Li's motion should be granted.

DATED: May 22, 2020                 Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

By: */s/ Melissa A. Fortunato*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
601 Figueroa Street, Suite 4050
Los Angeles, California 90117
Telephone:  (213) 330-3359
Facsimile:  (212) 214-0506
Email:       fortunato@bespc.com
                 passmore@bespc.com

*Counsel for Movant and Proposed Lead Counsel for the Class*

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:20-cv-02319-VAP
8

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above cases and am over eighteen years old. On May 22, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this May 22, 2020.

/s/ Melissa A. Fortunato
Melissa A. Fortunato