**JOHNSON FISTEL, LLP**
Frank J. Johnson (SBN 174882)
FrankJ@johnsonfistel.com
Brett M. Middleton (SBN 199427)
BrettM@johnsonfistel.com
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856

*Counsel for Lead Plaintiff Movant*
*Gerber Kawasaki, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, on behalf of himself and a class of similarly situated investors,<br><br>       Plaintiff,<br><br>       v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,<br><br>       Defendants. | Case No.: 2:20-cv-02319-VAP-PJW<br><br>**DECLARATION OF BRETT M. MIDDLETON IN SUPPORT OF GERBER KAWASAKI, INC.'S RESPONSE IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>DATE:     June 8, 2020<br>TIME:     2 p.m.<br>CTRM:   8A, 8th Floor<br>JUDGE:  Hon. Virginia A Phillips |
| MOHAMED NAHAS, on behalf of himself and a class of similarly situated investors,<br><br>       Plaintiff,<br><br>       v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, and JENNIFER FALL JUNG,<br><br>Defendants. | Case No.: 2:20-cv-03130-VAP-PJW |

DECLARATION OF BRETT M. MIDDLETON

I, Brett M. Middleton declare as follows:

1.    I am an attorney licensed to practice before all courts of the State of California and this Court.  I am a Partner with Johnson Fistel, LLP, counsel for movant Gerber Kawasaki, Inc. ("Gerber Kawasaki") in the above-captioned action.  I make this declaration in support of Gerber Kawasaki, Inc.'s Response in Further Support of Its Motion for Appointment as Lead Plaintiff.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.    At the time of filing its initial Motion, Gerber Kawasaki was unaware of the Court's Standing Order requiring filings to be completed by 4:00 p.m.

3.    Upon internally docketing the opposition date, Gerber Kawasaki discovered the 4:00 p.m. requirement and later timely filed its opposition brief.

4.    Because it did not file either of the two related cases before the Court, and its counsel had not previously entered appearances, Gerber Kawasaki was not served with a copy of the Court's Standing Order.  Instead, after being retained to represent Gerber Kawasaki, counsel internally docketed the due date for lead plaintiff motions in this action (and in the *Dachev* action in W.D. Wash.) based solely upon the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).   Nonetheless, counsel fully appreciates its responsibilities and apologizes for its oversight.

5.    Gerber Kawasaki's losses were set at the time of the 4:00 p.m. deadline and it did not manipulate its loss calculation after reviewing any competing motion, timely-filed or not.

6.    Attached hereto as Exhibit A is a "Modified LIFO Loss Chart" that shows: (i) a loss per share in 10 of 11 Gerber Kawasaki accounts that sold pre-Class shares prior to a corrective disclosure; (ii) that Gerber Kawasaki had 6,700 pre-Class Period shares that were sold prior to the February 5, 2020 corrective disclosure; and (iii) assuming a constant Class Period inflation through February 5, 2020, these shares had $6.20 in artificial inflation at the time of sale and thus Gerber Kawasaki's estimated

DECLARATION OF BRETT M. MIDDLETON

LIFO loss would be decreased by $41,540 ($6.20 x 6,700), leaving it with the greatest financial interest of $392,624.

7.    Attached hereto as Exhibit B is the "Declaration of Ross Gerber" explaining that: (i) Gerber Kawasaki did not short Funko stock; and (ii) two trades on Gerber Kawasaki's Certification were correctly reported with the correct amounts and prices, albeit with incorrect dates.

I declare under penalty of perjury that the foregoing is true and correct. Executed this twenty-second day of May, 2020.

*/s/ Brett M. Middleton*
BRETT M. MIDDLETON

DECLARATION OF BRETT M. MIDDLETON