LATHAM & WATKINS LLP
    Benjamin A. Naftalis (*pro hac vice*)
    *benjamin.naftalis@lw.com*
    Kevin M. McDonough (*pro hac vice*)
    *kevin.mcdonough@lw.com*
885 Third Avenue
New York, New York  10022-4834
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

LATHAM & WATKINS LLP
    Meryn C. N. Grant (State Bar No. 291315)
    *meryn.grant@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California  90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for the Funko Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, ANDREW PERLMUTTER, JENNIFER FALL JUNG, KEN BROTMAN, GINO DELLOMO, ADAM KRIGER, ACON INVESTMENTS, L.L.C., ACON FUNKO MANAGER, L.L.C., ACON FUNKO INVESTORS, L.L.C., ACON FUNKO INVESTORS HOLDINGS 1, L.L.C., ACON INVESTORS HOLDINGS 2, L.L.C., ACON INVESTORS HOLDINGS 3, L.L.C., and ACON EQUITY GENPAR, L.L.C.,<br><br>                    Defendants. | Case No. 2:20−cv−02319−VAP−PJW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FUNKO DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**<br><br>Hearing<br>Date: January 25, 2021<br>Time: 2:00 PM<br>Courtroom: 8A<br>Judge: Hon. Virginia A. Phillips |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

**TABLE OF CONTENTS**

I.   ARGUMENT ......................................................................................................... 1

     A.   Exhibits 14, 17-18, And 20-33 Are Incorporated By Reference Into The CAC ........................................................................ 2

     B.   Funko's SEC Filings, Press Releases, And Earnings Call Transcripts Are Judicially Noticeable ............................................... 5

     C.   The Exhibits And Tables Summarizing Information Derived From The Exhibits Are Subject To Judicial Notice ....................................................................................................... 8

II.  CONCLUSION .................................................................................................... 8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012) ............................................................... 3

*DeMarco v. DepoTech Corp.*,
149 F. Supp. 2d 1212 (S.D. Cal. 2001), *aff'd*, 32 F. App'x 260 (9th
Cir. 2002) ............................................................................................................. 8

*Diaz v. N. Dynasty Minerals Ltd.*,
2019 WL 1873291 (C.D. Cal. Feb. 22, 2019), *aff'd sub. nom.*
*Nozak v. N. Dynasty Minerals Ltd.*, 804 F. App'x 732 (9th Cir.
2020) ............................................................................................................... 1, 2

*Dreiling v. Am. Express Co.*,
458 F.3d 942 (9th Cir. 2006) ............................................................................... 5

*Lake v. Zogenix, Inc.*,
2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) ................................................... 3, 8

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008) ............................................................................. 5

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ................................................... 3, 8

*Olagues v. Musk*,
2019 WL 3457831 (N.D. Cal. July 31, 2019) ...................................................... 5

*Park v. GoPro, Inc.*,
2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ............................................. 3, 5, 6

*Riva v. Pepsico, Inc.*,
82 F. Supp. 3d 1045 (C.D. Cal. 2015) ................................................................. 1

*In re Silicon Graphics, Inc. Sec. Litig.*,
183 F.3d 970 (9th Cir. 1999) ............................................................................... 3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

*Skilstaf, Inc. v. CVS Caremark Corp.*,
   669 F.3d 1005 (9th Cir. 2012)................................................................................2

*In re Solarcity Corp. Sec. Litig.*,
   274 F. Supp. 3d 972 (N.D. Cal. 2017)...................................................................6

*In re Stac Elecs. Sec. Litig.*,
   89 F.3d 1399 (9th Cir. 1996).................................................................................2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ....................................................................................1, 2, 5

*Waterford Twp. Police v. Mattel*,
   321 F. Supp. 3d 1133 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020)......................................................5

**RULES**

FED. R. EVID. 201.....................................................................................................2

FED. R. EVID. 1006...................................................................................................8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Funko, Inc. ("Funko" or the "Company"), Brian Mariotti, Russell Nickel, Andrew Perlmutter, Jennifer Fall Jung, Ken Brotman, Gino Dellomo, and Adam Kriger (collectively, the "Funko Defendants") respectfully request that the Court consider the documents identified in this Request, which are attached to the Declaration of Kevin M. McDonough (the "McDonough Declaration"). These documents are submitted in support of the Funko Defendants' Motion to Dismiss the Consolidated Amended Complaint ("Motion to Dismiss").

## I.    ARGUMENT

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also*, *e.g.*, *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1049 n.1 (C.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.").[1]  The incorporation by reference doctrine allows the Court "to take into account documents whose contents are alleged in" lead plaintiffs Abdul Baker, Zhibin Zhang, and Huaiyu Zheng's ("Plaintiffs") Consolidated Amended Complaint ("CAC" or "Complaint") "and whose authenticity no party questions, but which are not physically attached to

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, emphasis is added, and citations to "Ex. __" refer to exhibits attached to the Declaration of Kevin M. McDonough in Support of the Funko Defendants' Motion to Dismiss.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

[Plaintiffs'] pleadings." *Diaz v. N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)), *aff'd sub. nom. Nozak v. N. Dynasty Minerals Ltd.*, 804 F. App'x 732 (9th Cir. 2020); *see Tellabs*, 551 U.S. at 322; *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (full text of documents cited in complaint alleging securities violations "may be considered in ruling on a Rule 12(b)(6) motion to dismiss"). Under Federal Rule of Evidence 201, the Court also may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Documents that are subject to judicial notice may be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

As explained below, the exhibits submitted as part of the Motion to Dismiss are incorporated by reference into the CAC, are subject to judicial notice, or both.

### A. Exhibits 14, 17-18, And 20-33 Are Incorporated By Reference Into The CAC

Plaintiffs allege that the Funko Defendants made materially false or misleading statements and omissions regarding the Company's 2019 full year sales guidance in U.S. Securities and Exchange Commission ("SEC") filings and quarterly earnings conference calls and press releases. *See generally* CAC. Specifically, Plaintiffs claim that the Funko Defendants concealed their alleged knowledge that the Company would not achieve its projected net sales for fiscal year 2019 and that an inventory write-down would be required—allegations based on a hindsight review of: Funko's second and third quarter 2019 Forms 10-Q; second, third, and fourth quarter 2019 earnings call transcripts; and third and fourth

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

quarter 2019 press releases (which are identified in the table below).  *See*, *e.g.*, *id.* ¶¶ 6-7, 90-92, 109-15, 117-20, 122-31, 133-34, 136-39, 148-54, 164-67, 203-04, 210.

Because Plaintiffs' claims are premised upon these materials, which allegedly "either contained a false or misleading statement or served as a corrective disclosure," they may be treated "as though they are part of the complaint itself" and considered in full in assessing the Motion to Dismiss.  *See Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *1, *3-4 (N.D. Cal. Jan. 27, 2020) (proper to consider SEC filings, press releases, and investor call transcripts under incorporation by reference doctrine); *see also Park v. GoPro, Inc.*, 2019 WL 1231175, at *5-6 (N.D. Cal. Mar. 15, 2019) (proper to consider SEC filings, press releases, and transcripts under incorporation by reference doctrine where they "include[d] many of the allegedly misleading statements" or allegedly "revealed the truth").

The same is true for Exhibits 14, 17, 21-25, and 32, Forms 4 from which Plaintiffs "clearly gleaned . . . the facts regarding the officers' stock sales"—facts Plaintiffs reference extensively in support of their scienter allegations.  *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *see* CAC ¶¶ 164-65, 203-04, 210; *see also Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) (court can consider Forms 4 not expressly referenced in the complaint "under the doctrine of incorporation by reference [where] they are related to plaintiffs' allegations concerning stock sales by the individual defendants" (citing *Knievel*, 393 F.3d at 1076)); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (incorporating by reference Forms 4 because "although Plaintiffs do not explicitly refer to [them], . . . Plaintiffs' scienter and insider trading allegations do rely expressly on [defendants'] stock sales").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

| Exhibits | CAC Citations |
|---|---|
| **Funko SEC Filings** | |
| Exhibit 14:  B. Mariotti's Form 4 filed with the SEC on June 12, 2019. | ¶¶ 164, 166 |
| Exhibit 17:  B. Mariotti's Form 4 filed with the SEC on July 11, 2019. | ¶¶ 164, 166 |
| Exhibit 18:  Funko's Form 10-Q for the period ended June 30, 2019, filed with the SEC on Aug. 8, 2019 (relevant excerpts). | ¶¶ 122-23, 167 |
| Exhibit 21:  B. Mariotti's Form 4 filed with the SEC on Aug. 14, 2019. | ¶¶ 164, 166 |
| Exhibit 33:  Funko's Prospectus Supplement filed with the SEC on Sept. 18, 2019. | ¶¶ 6; 109-13 |
| Exhibit 22:  B. Mariotti's Form 4 filed with the SEC on Sept. 24, 2019. | ¶¶ 164, 166, 203-04 |
| Exhibit 23:  A. Perlmutter's Form 4 filed with the SEC on Oct. 2, 2019. | ¶¶ 164-65, 210 |
| Exhibit 24:  A. Perlmutter's Form 4 filed with the SEC on Oct. 3, 2019. | ¶¶ 164-65, 210 |
| Exhibit 25:  B. Mariotti's Form 4 filed with the SEC on Oct. 23, 2019. | ¶¶ 164, 166 |
| Exhibit 26:  Funko's Form 10-Q for the quarterly period ended September 30, 2019, filed with the SEC on Oct. 31, 2019 (relevant excerpts). | ¶¶ 136-37, 167 |
| Exhibit 27:  Funko's Form 8-K attaching a press release announcing financial results for the third quarter of 2019, filed with the SEC on Oct. 31, 2019. | ¶¶ 129, 131 |
| Exhibit 29:  Funko's Form 8-K attaching a press release announcing preliminary financial results for the fourth quarter of 2019, filed with the SEC on Feb. 5, 2020. | ¶¶ 7, 138-39 |
| Exhibit 30:  Funko's Form 8-K attaching a press release announcing financial results for the fourth quarter of 2019 and the year ended Dec. 31, 2019, filed with the SEC on Mar. 5, 2020. | ¶¶ 148-50 |
| Exhibit 32:  A. Perlmutter's Form 4 filed with the SEC on Mar. 6, 2020. | ¶¶ 164-65 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

| Funko Quarterly Earnings Call Transcripts | |
|---|---|
| Exhibit 20:  Transcript of Funko's earnings call for the second quarter of 2019, dated Aug. 8, 2019. | CAC ¶¶ 90-92, 117-20, 124-28 |
| Exhibit 28:  Transcript of Funko's earnings call for the third quarter of 2019, dated Oct. 31, 2019. | CAC ¶¶ 114-15, 130-31, 133-34 |
| Exhibit 31:  Transcript of Funko's earnings call for the fourth quarter of 2019, dated Mar. 5, 2020. | CAC ¶¶ 151-54 |

## B.   Funko's SEC Filings, Press Releases, And Earnings Call Transcripts Are Judicially Noticeable

Additionally, judicial notice of the Funko Defendants' SEC filings, press releases, and earnings call transcripts is proper under Federal Rule of Evidence 201(b)(2).  *See* Exs. 5-13, 15-16, 19.  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 332.  Courts routinely take judicial notice of undisputed facts in these types of materials, as well as "whether and when certain information became available to investors," in considering motions to dismiss securities class action complaints.  *Waterford Twp. Police v. Mattel*, 321 F. Supp. 3d 1133, 1143-44 (C.D. Cal. 2018) (taking judicial notice of "publicly available transcripts from [the company's] earnings calls and excerpts from its SEC filings"), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020); *see also, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (proper to take judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); *Olagues v. Musk*, 2019 WL 3457831, at *2-4 (N.D. Cal. July 31, 2019) (taking judicial notice of Forms 4 and 8-K and other SEC filings, including of the fact that a certain amount of shares were exchanged); *GoPro, Inc.*, 2019 WL 1231175, at *7 (taking judicial notice of Forms 4 "to show that Defendants . . . sold their shares pursuant to a 10b5-1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

plan"); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988, 1011 (N.D. Cal. 2017) (taking judicial notice of Forms 4 not explicitly referenced in the complaint "in order to prove that stock sales were made or were not made," and that one defendant purchased stock).  The exhibits listed in the chart appearing in Section I.A, *supra*, are thus judicially noticeable if not found to be incorporated by reference, and the exhibits listed in the chart below are also judicially noticeable.

| Exhibits | |
| --- | --- |
| **Funko SEC Filings** | **Disclosure Subject to Judicial Notice** |
| Exhibit 5:  Funko's Form 8-K attaching a press release announcing financial results for the third quarter of 2017, filed with the SEC on Dec. 5, 2017. | Funko reported net sales of $142.8M, with 21% Y-O-Y growth (at 5) (*see* CAC ¶ 47 (noting that Funko reported nine consecutive quarters of sales growth after going public in November 2017)). |
| Exhibit 6:  Funko's Form 8-K attaching a press release announcing financial results for the fourth quarter of 2017 and the year ended Dec. 31, 2017, filed with the SEC on Mar. 8, 2018. | Funko reported net sales of $169.5M, with 28% Y-O-Y growth (at 4) (*see* CAC ¶ 47). |
| Exhibit 7:  Funko's Form 8-K attaching a press release announcing financial results for the first quarter of 2018, filed with the SEC on May 10, 2018. | Funko reported net sales of $137.2M, with 38.5% Y-O-Y growth (at 4) (*see* CAC ¶ 47). |
| Exhibit 8:  Funko's Form 8-K attaching a press release announcing financial results for the second quarter of 2018, filed with the SEC on Aug. 9, 2018. | Funko reported net sales of $138.7M, with 32% Y-O-Y growth (at 4) (*see* CAC ¶ 47). |
| Exhibit 9:  Funko's Form 8-K attaching a press release announcing financial results for the third quarter of 2018, filed with the SEC on Nov. 8, 2018. | Funko reported net sales of $176.9M, with 24% Y-O-Y growth (at 4) (*see* CAC ¶ 47). |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

| Exhibits | |
|---|---|
| Exhibit 10: Funko's Form 8-K attaching a press release announcing financial results for the fourth quarter of 2018 and the year ended Dec. 31, 2018, filed with the SEC on Feb. 28, 2019. | Funko reported net sales of $233.2M, with 38% Y-O-Y growth (at 4) (*see* CAC ¶ 47). |
| Exhibit 11: A. Perlmutter's Form 4 filed with the SEC on Apr. 3, 2019. | Shares (55,000) were acquired and sold pursuant to a Rule 10b5-1 trading plan on April 1, 2019 (*see* CAC ¶¶ 164-65). |
| Exhibit 12: Funko's Form S-3 filed with the SEC on Apr. 19, 2019. | Funko registered its secondary offering of shares with the SEC in April 2019. |
| Exhibit 13: Funko's Form 10-K for the year ended Dec. 31, 2018, filed with the SEC on Mar. 6, 2019 (relevant excerpts). | Funko disclosed (i) its inventory balance and a comparison to prior periods (at 88, 90); (ii) that it "maintain[ed] reserves for excess and obsolete inventories to reflect the inventory balance at the lower of cost or net realizable value," a process that required it to "make judgments," including "estimat[ing] obsolescence based on assumptions regarding future demand" (at 80-81, 92); (iii) that it increased those reserves by $1.4 million (at 66); and (iv) that a write-down of inventory was possible (at 26). |
| Exhibit 15: A. Perlmutter's Form 4 filed with the SEC on July 1, 2019. | Shares (4,332) were acquired on June 27, 2019 (*see* CAC ¶¶ 164-65). |
| Exhibit 16: A. Perlmutter's Form 4 filed with the SEC on July 3, 2019. | Shares (55,000) were acquired and sold pursuant to a Rule 10b5-1 trading plan on July 1, 2019 (*see* CAC ¶¶ 164-65). |
| Exhibit 19: Funko's Form 8-K attaching a press release announcing financial results for the second quarter of 2019, filed with the SEC on Aug. 8, 2019. | On August 8, 2019, Funko issued a press release announcing its second quarter results, including reported net sales of $191.2M, with 38% Y-O-Y growth (at 4) (*see* CAC ¶ 47). |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

7

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. AMENDED COMPL.

## C.    The Exhibits And Tables Summarizing Information Derived From The Exhibits Are Subject To Judicial Notice

Exhibits 2-4, which summarize (1) the allegedly false or misleading statements attributed to various Funko Defendants, (2) the cautionary language and risk disclosures accompanying Funko's forward-looking statements, and (3) the Funko stock holdings of Perlmutter—as well as the table of net sales and year-over-year growth included in the Motion to Dismiss—are judicially noticeable because they compile information from SEC filings and Forms 4 that are incorporated by reference into the CAC or subject to judicial notice. *See DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001) (court on motion to dismiss may consider chart prepared by defendants' counsel collecting quotations from noticeable documents), *aff'd*, 32 F. App'x 260 (9th Cir. 2002). Courts frequently take judicial notice of similar tables. *See Zogenix, Inc.*, 2020 WL 3820424, at *5 (granting request for judicial notice of chart "showing the historical stock price and trading volume"); *Okla. Firefighters Pension*, 2015 WL 1775221, at *17 (granting request for judicial notice of "spreadsheets and tabulations created by defendants" where the underlying documents were incorporated by reference in the complaint); *see also* FED. R. EVID. 1006 ("[T]he content of voluminous writings . . . that cannot be conveniently examined in court" may be presented in the form of a "summary, chart, or calculation.").

## II.    CONCLUSION

For the foregoing reasons, the Funko Defendants respectfully request that the Court consider Exhibits 2-33 and the table in the Funko Defendants' Motion to Dismiss.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

Respectfully submitted,

Dated:  October 2, 2020

**LATHAM & WATKINS LLP**

By:  /s/ Kevin M. McDonough
     Kevin M. McDonough

*Attorneys for the Funko Defendants*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES