# EXHIBIT A

### i.    Defendants' Forward-Looking Statements are Not Protected by the Safe Harbor Provision

The safe harbor does not protect Defendants' forward-looking statements concerning the Company's FY2019 guidance because the cautionary language accompanying these statements was not meaningful and Defendants knew their statements were misleading. To be "meaningful," cautionary language must "discredit the alleged misrepresentations to such an extent that the real risk of deception drops to nil." *In re Immune*, 375 F. Supp. 2d at 1033. Dismissal under the safe harbor requires a "stringent showing" meaning "[t]here must be sufficient cautionary language or risk disclosure such that reasonable minds could not differ that the challenged statement was not misleading." *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 3d 1043, 1071 n.179 (C.D. Cal. 2012).

Defendants' purported cautionary language was not meaningful. First, the risk language related to the risk that sales could underperform because the Company develops products tied to content releases before they know what the demand will be for the underlying content.[20] However, that risk language did not speak to CW1's allegations that there was not enough product tied to the fourth quarter releases in the Company's pipeline to generate the projected fourth quarter sales. ¶¶ 95, 96, 131. None of Defendants' purported warnings speak to this risk. *See Zaghian*, 675 F. App'x at 720 (finding that defendants' cautionary language that their uDraw product had potential to fail to "achieve … sales expectations" was insufficient because it did not address the plaintiff's allegations that the defendants' failed to disclose that they had received feedback from a senior vice president and an independent study warning that the product would likely fail because it would not

---

[20] *See* MTD at 12 (setting forth Funko's cautionary language): (Funko "need[ed] to develop products tied to movie franchises "before demand for the underlying content is known" and that could underperform; and Funko "warned" of potentially "significant[]" quarterly and yearly fluctuations in sales resulting from tying products "to a particular content release").

20

appeal to their target customers); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 882 (N.D. Cal. 2004) (to be meaningful "the cautionary warning ought to be precise and relate directly to the forward-looking statements at issue"); *see also In re STEC Inc. Sec. Litig.,* 2011 WL 2669217, at *10 (C.D. Cal. June 17, 2011) (generic warnings about predicting customer demand were inadequate for safe harbor protection). Accordingly, Defendants' cautionary language did not address the harm alleged and was not meaningful.[21]

Defendants' cautionary language was also not meaningful because it merely warned of risks that had already materialized.  *See In re Countrywide Fin. Corp. Sec. Litig.,* 588 F. Supp. 2d 1132, 1178 n.62 (C.D. Cal. 2009) ("[C]autionary words about future risk cannot insulate from liability the failure to disclose that the risk has transpired."); *Bodri v. GoPro, Inc* ., 252 F. Supp. 3d 912, 931 (N.D. Cal. 2017) (cautionary language warning of risks that have already materialized are inadequate).  Defendants cite to risk disclosures warning of their inability predict demand for products based on new content.  *See* MTD at 12.  However, by September 2019 Funko's internal sales data indicated that customer demand for products to be sold in the fourth quarter were insufficient to meet the guidance.  ¶¶ 96, 101. Thus, the risk that Funko would underperform had already materialized when the guidance was issued.

Defendants' other alleged cautionary language was not meaningful because it consisted of boilerplate warnings. Defendants' warnings that Company could be "adversely affected…by unforeseen events" [or] economic "harm to the retail

---

[21] Defendants' disclosures are not comparable to those in *Wozniak v. Align Technology Inc.,* 2011 WL 2269418, at *7 (N.D. Cal. June 8, 2011).  *See* MTD at 12. In *Wozniak,* cautionary language identifying the effects a settlement would have on sales, including the possibility of losing customers, was specifically tailored to the risks of the settlement (creating customer backlog) that plaintiffs alleged defendants had failed to disclose.  *Id.*  Here, Defendants' risk language about the inability to predict customer demand was inadequate because it did not alert investors that there may not be enough product tied to the fourth quarter releases in the Company's pipeline to meet the guidance.

CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINT  Case No. 2:20-cv-02319-VAP-PJW

environment," as a result of the "seasonal nature" of their business, and that consumer trends and market demand were unpredictable (MTD at 12) are all too generic to be considered meaningful. *See Yanek v. Starr Surgical Co.,* 388 F. Supp. 2d 1110, 1123 (C.D. Cal. 2005) (rejecting safe harbor where cautionary language reflected "factors that are so broad that they apply to any business that sells products to consumers.").

Accordingly, Defendants' cautionary warnings were not meaningful and the safe harbor does not protect Defendants' statements concerning the Company's FY2019 guidance because Defendants had actual knowledge that Funko's FY2019 guidance was not achievable at the time the statements were made. *See supra* at III(C)(1); 15 U.S.C. § 78u-5(c)(1).

CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINT  Case No. 2:20-cv-02319-VAP-PJW