LATHAM & WATKINS LLP
  Benjamin A. Naftalis (*pro hac vice*)
  *benjamin.naftalis@lw.com*
  Kevin M. McDonough (*pro hac vice*)
  *kevin.mcdonough@lw.com*
885 Third Avenue
New York, New York  10022-4834
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

LATHAM & WATKINS LLP
  Meryn C. N. Grant (State Bar No. 291315)
  *meryn.grant@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California  90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for the Funko Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, ANDREW PERLMUTTER, JENNIFER FALL JUNG, KEN BROTMAN, GINO DELLOMO, ADAM KRIGER, ACON INVESTMENTS, L.L.C., ACON FUNKO MANAGER, L.L.C., ACON FUNKO INVESTORS, L.L.C., ACON FUNKO INVESTORS HOLDINGS 1, L.L.C., ACON INVESTORS HOLDINGS 2, L.L.C., ACON INVESTORS HOLDINGS 3, L.L.C., and ACON EQUITY GENPAR, L.L.C.,<br><br>               Defendants. | Case No. 2:20−cv−02319−VAP−PJW<br><br>**FUNKO DEFENDANTS' SUPPLEMENTAL BRIEF ADDRESSING THE IMPACT OF *KURT FRIEDMAN, ET AL. V. TESLA, INC., ET AL.*, NO. 19-15672**<br><br><br>Hearing Vacated |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING FRIEDMAN V. TESLA, INC.

In accordance with the Court's order dated January 26, 2021 (ECF No. 133), the Funko Defendants hereby submit this supplemental brief to address how *Kurt Friedman, et al. v. Tesla, Inc.*, *et al.*, --- F.3d ---, No. 19-15672, 2021 WL 246210 (9th Cir. Jan. 26, 2021), impacts the Funko Defendants' pending motion to dismiss the CAC.[1]  As detailed below, the Ninth Circuit's holdings in *Tesla* provide further support for the Funko Defendants' argument that the CAC does not adequately allege a materially false or misleading statement under the PSLRA and Rule 9(b). The Funko Defendants' motion to dismiss should be granted for that reason and the additional reasons set forth in their prior briefing (ECF Nos. 116, 125, 132).

# I.    PRELIMINARY STATEMENT

In *Tesla*, the Ninth Circuit held that the defendant company's statements about production goals were immune from liability under the PSLRA safe harbor for forward-looking statements, notwithstanding allegations from multiple former employees that they told management they believed the goals were unattainable. *Tesla*, 2021 WL 246210, at *2.  Here, Plaintiffs advance a theory that is strikingly similar to the one alleged in *Tesla*:  that Funko and members of its management committed securities fraud by announcing forward-looking sales guidance, which a former employee alleges he believed to be unachievable (despite the fact that Funko's goals were well within its track record of sales growth and he had only recently joined the Company).  That theory is foreclosed by *Tesla*, which confirms that the PSLRA safe harbor is "designed to protect companies and their officials when"—as happened in this case—"they merely fall short of their optimistic projections." *Id.* at *5 (citing *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1142 (9th Cir. 2017)).  *Tesla* also forecloses Plaintiffs' other theories of falsity because

---

[1] Unless otherwise stated, capitalized terms have the meanings set forth in Defendants' motion (cited as "Mot.") to dismiss the CAC (cited as "¶") and in their reply (cited as "Reply") and supplemental reply (cited as "Supp. Reply") in support of that motion; quotation marks are omitted; emphasis is added; and citations to "Ex." refer to exhibits attached to the Declaration of Kevin M. McDonough, submitted with the motion.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING FRIEDMAN V. TESLA, INC.

they are completely disconnected from "the literal words" of the alleged misstatements.  *See generally id.*; Mot. 8-18; Reply 2-9.

## II.    ARGUMENT

The central premise of Plaintiffs' case is that statements made by Funko and its CFO on October 31, 2019 reaffirming the Company's 2019 sales guidance amounted to federal securities fraud.[2]  Corr. Opp. 17-23.  Under *Tesla,* that theory fails because the October 31 statements are protected by the PSLRA safe harbor. The *Tesla* plaintiffs alleged that the company's affirmation of its production goal was false and misleading because it "rested on scheduling assumptions that Tesla knew it was unlikely to meet," and former employees allegedly told Tesla's CEO "long before" the statements in question that the goal "was impossible to achieve." 2021 WL 246210, at *2, *7, *9.  Similarly, Plaintiffs' theory that Funko's October 31 reaffirmance of its sales goals was false and misleading is based on allegations from a confidential witness (CW1) that there was a "lack of content" to support the goal and that he told Funko's CFO (at some unidentified time) that fixing an alleged sales shortfall "was not possible."  ¶¶ 95, 100.  As was the case in *Tesla*, there is no particularized allegation that Funko management "*shared* that gloomy view" held by CW1 (or any other confidential witnesses).  2021 WL 246210, at *8-9 (emphasis in original); Mot. 10-11; Reply 7; Supp. Reply 2-3.  Accordingly, Plaintiffs' reliance on CW1's subjective views cannot avoid application of the safe harbor to the October 31 forward-looking statements.  *See Tesla*, 2021 WL 246210, at *8-9 (holding that safe harbor applied because, *inter alia*, plaintiffs failed to plead that achieving the projections was "a known 'impossibility'" at the time the statements were made).

*Tesla* also underscores that robust cautionary language of the type that accompanied Funko's October 31 statements is sufficient to trigger application of

---

[2] The sales guidance that Funko and the CFO reaffirmed on October 31, 2019 was first articulated in August 2019, in statements that Plaintiffs do not contend were false.  Corr. Opp. 14 n.13.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING FRIEDMAN V. TESLA, INC.

the safe harbor.  Supp. Reply 2-5.  The cautionary language in *Tesla*, which the court described as "detailed and specific," 2021 WL 246210, at *8 n.3, is directly analogous to Funko's.   For example, Funko warned investors that the underperformance of "a particular content release" (especially an as-yet unreleased one) "may result in reduced sales and operating profit."  *See* Mot. 12; Supp. Reply 3.  That disclosure closely resembles Tesla's warning that "[t]he loss of any single or limited source supplier or the disruption in the supply of components . . . could lead to product design changes and delays in product deliveries."  *Tesla*, 2021 WL 246210, at *8 n.3 (first alteration in original).  Similarly, just as Tesla cited its past experience to warn investors of its susceptibility to "significant delays . . . in bringing to market and ramping production of new vehicles," *see id.*, Funko pointed to its past reliance on fourth quarter sales to warn that an underwhelming holiday season could have an outsized impact on the Company's yearly sales performance, *see* Mot. 12; Supp. Reply 4-5.   Accordingly, applying *Tesla* here, the cautionary language accompanying the October 31 sales guidance statements renders those statements immune from liability under the PSLRA safe harbor.  2021 WL 246210, at *9 (rejecting challenge to cautionary language because plaintiffs "failed to plead that Defendants *knew* their year's end goal was *impossible* to achieve" (emphasis in original)).

Tesla is also fatal to Plaintiffs' other theories of falsity.  Plaintiffs allege that Defendant Mariotti had a duty to correct his statements from August 8, 2019 that Funko had two "big bullets left to fire" in *Frozen 2* and *Star Wars*, and that it had "many different ways to monetize different properties for the second half of this year."  Corr. Opp. 14-16; Ex. 20, Q2 2019 Earnings Call Tr. at 11.[3]  As an initial matter, as *Tesla* makes clear, statements (like Mariotti's) that supply the bases for a company's goals are themselves forward-looking statements.  2021 WL 246210, at

---

[3] Mariotti made these statements in response to an analyst question regarding the reasons for Funko's increase to its full year sales projections for 2019.  Ex. 20, Q2 2019 Earnings Call Tr. at 10-11.

*7-8 (holding that statements underlying the plans or objectives are themselves treated as forward-looking statements under the PSLRA). That alone defeats Plaintiffs' contention that Mariotti was required to update or correct his prior statements. *See* 15 U.S.C. § 78u-5(d) ("Nothing in this section shall impose upon any person a duty to update a forward-looking statement."). Moreover, Plaintiffs' entire theory that Mariotti's statements became false weeks after he made them rests on a re-writing of the actual statements to fit Plaintiffs' preferred narrative. Reply 2-4. As the Ninth Circuit emphasized, the PSLRA forbids this:

> Plaintiffs' brief rewrites this statement as if it asserted that Tesla had "begun installation of *automated* equipment in the first quarter" (emphasis added). But that is not what the statement says . . . . Where, as here, a plaintiff claims that the words used in a statement have some special or nuanced meaning that differs from what the literal words suggest, the plaintiff must plead facts that will support this crucial premise in order to satisfy the PSLRA's requirement that a private securities plaintiff adequately plead "the reason or reasons why [a] statement is misleading."

*Tesla*, 2021 WL 246210, at *8 (alteration in original). In suggesting that Mariotti's statements implied that Funko had "many different ways to make up the earnings shortfall," Corr. Opp. 15, Plaintiffs ask the Court to depart "from what the literal words suggest," *Tesla*, 2021 WL 246210, at *8. But Plaintiffs have failed to plead any facts that would support the conclusion that Mariotti's words had a "special or nuanced meaning" not apparent on their face, and that is fatal to their claim that Mariotti's statements became false and required correction. *Tesla*, 2021 WL 246210, at *8.[4]

Finally, *Tesla* defeats Plaintiffs' challenge to Defendant Nickel's August 8, 2019 statement that Funko had taken "higher reserves for slower-moving inventory." Corr. Opp. 9. Plaintiffs, citing *Berson v. Applied Signal Technology, Inc.*, 527 F.3d

---

[4] Mariotti's statements, which Plaintiffs do not allege were false when made, also are inactionable opinions. Mot. 3, 10-11, 14 n.6; *see also Tesla*, 2021 WL 246210, at *11 (holding that statement about "great progress" being made "would potentially be an actionable false statement only if . . . Tesla had been 'making no progress at all'").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING FRIEDMAN V. TESLA, INC.

982 (9th Cir. 2008), as "instructive," have argued that Nickel's unquestionably true statement had somehow concealed "that Funko had amassed millions of units of excess inventory that would likely never be sold." Corr. Opp. 10. The *Tesla* court distinguished *Berson* on the grounds that the statements at issue in the former "contain[ed] no explicit or implicit representation that Tesla had *not* already experienced such issues" and on the contrary the challenged statement "affirmatively acknowledge[d] that Tesla [*had*] experienced to date the sort of challenges that it would have to overcome in order to achieve its stated objective." *Tesla*, 2021 WL 246210, at *10. Likewise, here, Plaintiffs do not dispute that Funko accurately reported the amount and value of its inventory in August 2019, and in any event, Nickel's literally true statement did not represent—explicitly or implicitly—that no inventory write-downs for obsolete inventory would occur in the future. Mot. 15-16; Reply 8 & n.6.[5]

## III.   CONCLUSION

For these reasons, as well as the reasons detailed in the Funko Defendants' motion, reply, and supplemental reply, the CAC should be dismissed as to the Funko Defendants.

Dated: January 29, 2021          Respectfully submitted,

**LATHAM & WATKINS LLP**

By: */s/* Kevin M. McDonough
Kevin M. McDonough

*Attorneys for the Funko Defendants*

---

[5] Plaintiffs' allegation that Funko misled investors by warning them that lower-than-forecasted sales could result in excess inventory and inventory write-downs, Corr. Opp. 12-14, likewise is defeated by *Tesla* because Funko's risk disclosures did not state or imply that no inventory buildup had begun or that no write-down would occur in the future, *see Tesla*, 2021 WL 24610, at *10; Mot. 17. To the contrary, the Funko Defendants disclosed rising inventory levels and that the Company had increased its inventory reserve. Mot. 17; Reply 8.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5          CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING FRIEDMAN V. TESLA, INC.