LATHAM & WATKINS LLP
  Benjamin A. Naftalis (*pro hac vice*)
  *benjamin.naftalis@lw.com*
  Kevin M. McDonough (*pro hac vice*)
  *kevin.mcdonough@lw.com*
1271 Avenue of the Americas
New York, New York  10020
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

LATHAM & WATKINS LLP
  Meryn C. N. Grant (State Bar No. 291315)
  *meryn.grant@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California  90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for the Funko Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, ANDREW PERLMUTTER, JENNIFER FALL JUNG, KEN BROTMAN, GINO DELLOMO, ADAM KRIGER, ACON INVESTMENTS, L.L.C., ACON FUNKO MANAGER, L.L.C., ACON FUNKO INVESTORS, L.L.C., ACON FUNKO INVESTORS HOLDINGS 1, L.L.C., ACON INVESTORS HOLDINGS 2, L.L.C., ACON INVESTORS HOLDINGS 3, L.L.C., and ACON EQUITY GENPAR, L.L.C.,<br><br>    Defendants. | Case No. 2:20−cv−02319−VAP−PJW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FUNKO DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED COMPLAINT**<br><br><br>Hearing<br>Date: September 20, 2021<br>Time: 2:00 PM<br>Courtroom: 8A<br>Judge: Hon. Virginia A. Phillips |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

**TABLE OF CONTENTS**

I.    ARGUMENT ................................................................................................ 1

      A.    Exhibits 5, 7-9 Are Incorporated By Reference Into The SAC .............................................................................................. 2

      B.    The Consolidated Amended Complaint, Funko's Second Quarter 2019 Earnings Call Transcript, Funko's 2018 Form 10-K, And Accounting Standard 330-10-35 Are Judicially Noticeable .............................................................. 3

II.   CONCLUSION .......................................................................................... 8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Diaz v. N. Dynasty Minerals Ltd.*,
2019 WL 1873291 (C.D. Cal. Feb. 22, 2019), *aff'd sub. nom Nozak v. N. Dynasty Minerals Ltd.*, 804 F. App'x 732 (9th Cir. 2020) .......................... 1

*Ferreira v. Funko Inc.*,
2021 WL 880400 (C.D. Cal. Feb. 25, 2021) ................................................ 1, 2, 5

*J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*,
2019 WL 2329248 (N.D. Cal. May 31, 2019) ....................................................... 4

*Jackson v. Loews Hotels, Inc.*,
2019 WL 6721637 (C.D. Cal. July 24, 2019) ....................................................... 4

*Jeffrey Garcia v. J2 Glob., Inc.*,
2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) ....................................................... 6

*Lake v. Zogenix, Inc.*,
2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) ....................................................... 3

*In re LeapFrog Enters., Inc. Sec. Litig.*,
527 F. Supp. 2d 1033 (N.D. Cal. 2007) ....................................................... 4

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008) ....................................................... 5

*Park v. GoPro, Inc.*,
2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ....................................................... 3

*Riva v. Pepsico, Inc.*,
82 F. Supp. 3d 1045 (N.D. Cal. 2015) ....................................................... 1

*Skilstaf, Inc. v. CVS Caremark Corp.*,
669 F.3d 1005 (9th Cir. 2012) ....................................................... 2

*In re Stac Elecs. Sec. Litig.*,
89 F.3d 1399 (9th Cir. 1996) ....................................................... 2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ......................................................................... 1, 2, 4

*Waterford Twp. Police v. Mattel*,
  321 F. Supp. 3d 1133 (C.D. Cal. 2018), *aff'd sub nom. Castro v.
  Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) ..................................... 4

*Wochos v. Tesla, Inc.*,
  2018 WL 4076437 (N.D. Cal. Aug. 27, 2018) ....................................... 4

*In re Yahoo! Inc. Sec. Litig.*,
  2012 WL 3282819 (N.D. Cal. Aug. 10, 2012), *aff'd*, 611 F. App'x
  387 (9th Cir. 2015) ............................................................................. 6

*Yaron v. Intersect ENT, Inc.*,
  2020 WL 6750568 (N.D. Cal. June 19, 2020) ....................................... 5

*In re YogaWorks, Inc. Sec. Litig.*,
  2020 WL 2549290 (C.D. Cal. Apr. 23, 2020) ....................................... 4

**RULES**

FED. R. CIV. P. 12(b)(6) ............................................................................. 1, 2, 4

FED. R. EVID. 201 ...................................................................................... 1, 2, 4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Funko, Inc. ("Funko" or the "Company"), Brian Mariotti, Russell Nickel, Andrew Perlmutter, Jennifer Fall Jung, Ken Brotman, Gino Dellomo, and Adam Kriger (collectively, the "Funko Defendants") respectfully request that the Court consider the documents identified in this Request, which are attached to the Declaration of Kevin M. McDonough, submitted herewith. These documents are submitted in support of the Funko Defendants' Motion to Dismiss the Consolidated Second Amended Complaint ("Motion to Dismiss the SAC").

**I.    ARGUMENT**

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also*, *e.g.*, *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1049 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.").[1]  The incorporation by reference doctrine allows the Court "to take into account documents whose contents are alleged in" or relied upon in lead plaintiffs Abdul Baker, Zhibin Zhang, and Huaiyu Zheng's ("Plaintiffs") Consolidated Second Amended Complaint ("SAC"), whose "authenticity is not in question," and whose relevance is not in dispute. *Ferreira v. Funko Inc.*, 2021 WL 880400, at *7 (C.D. Cal. Feb. 25, 2021); *Diaz v. N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019), *aff'd sub. nom. Nozak v. N. Dynasty*

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, emphasis is added, and citations to "Ex. __" refer to exhibits attached to the Declaration of Kevin M. McDonough in Support of the Funko Defendants' Motion to Dismiss the SAC.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. 2:20-cv-02319-VAP-PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

*Minerals Ltd.*, 804 F. App'x 732 (9th Cir. 2020); *see Tellabs*, 551 U.S. at 322. The doctrine "allows a court to consider certain documents as though they were part of the complaint itself . . . to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *Funko*, 2021 WL 880400, at \*7; *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (full text of documents cited in complaint alleging securities violations "may be considered in ruling on a Rule 12(b)(6) motion to dismiss").

Under Federal Rule of Evidence 201, the Court also may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Documents that are subject to judicial notice may be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). A court may take judicial notice of a public record "for the existence of the matters therein that cannot reasonably be questioned." *Funko*, 2021 WL 880400, at \*7.

As explained below, the exhibits submitted as part of the Motion to Dismiss the SAC are incorporated by reference into the SAC, are subject to judicial notice, or both.

**A.     Exhibits 5, 7-9 Are Incorporated By Reference Into The SAC**

Plaintiffs allege that the Funko Defendants made materially false or misleading statements and omissions regarding the Company's 2019 full year sales guidance and its inventory in U.S. Securities and Exchange Commission ("SEC") filings and quarterly earnings conference calls and press releases. *See generally* SAC. Specifically, Plaintiffs claim that the Funko Defendants made materially false

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

and misleading statements regarding Funko's projected net sales for fiscal year 2019 and the risk that an inventory write-down would be required—allegations based on a hindsight review of: Funko's second and third quarter 2019 Forms 10-Q; third quarter 2019 earnings call transcript; and third quarter 2019 press release (which are identified in the table below). *See*, *e.g.*, *id*. ¶¶ 127, 129-30, 133, 136.

Because Plaintiffs' claims are premised upon these materials, which allegedly "contained a false or misleading statement," they may be treated "as though they are part of the complaint itself" and considered in full in assessing the Motion to Dismiss the SAC. *See Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *1, *3-4 (N.D. Cal. Jan. 27, 2020) (proper to consider SEC filings, press releases, and investor call transcripts under incorporation by reference doctrine); *see also Park v. GoPro, Inc.*, 2019 WL 1231175, at *5-6 (N.D. Cal. Mar. 15, 2019) (proper to consider SEC filings, press releases, and transcripts under incorporation by reference doctrine where they "include[d] many of the allegedly misleading statements").

| Exhibit | SAC Citation |
|---|---|
| Exhibit 5:  Funko's Form 10-Q for the quarterly period ended June 30, 2019, filed with the SEC on Aug. 8, 2019 (relevant excerpts). | ¶ 127 |
| Exhibit 7:  Funko's Form 10-Q for the quarterly period ended September 30, 2019, filed with the SEC on Oct. 31, 2019 (relevant excerpts). | ¶ 136 |
| Exhibit 8:  Funko's Form 8-K attaching a press release announcing financial results for the third quarter of 2019, filed with the SEC on Oct. 31, 2019. | ¶ 129 |
| Exhibit 9:  Transcript of Funko's earnings call for the third quarter of 2019, dated Oct. 31, 2019. | ¶¶ 130, 133 |

**B.     The Consolidated Amended Complaint, Funko's Second Quarter 2019 Earnings Call Transcript, Funko's 2018 Form 10-K, And Accounting Standard 330-10-35 Are Judicially Noticeable**

Additionally, judicial notice of Plaintiffs' Consolidated Amended Complaint

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

3

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

("CAC"), Funko's earnings call transcript for the second quarter of 2019, its 2018 Form 10-K, and accounting standard 330-10-35, *see* Exs. 2-4, 6, is proper under Federal Rule of Evidence 201(b)(2). *See Tellabs*, 551 U.S. at 322 (holding in part that courts must consider matters of which a court may take judicial notice when ruling on Rule 12(b)(6) motions to dismiss).

*First*, "the Court may consider the [CAC]'s allegations as part of its context-specific inquiry into whether the [SAC] plausibly suggests an entitlement to relief based on its judicial experience and common sense . . . as required under *Iqbal*." *E.g.*, *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *3 (C.D. Cal. Apr. 23, 2020); *see also In re LeapFrog Enters., Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1041 n.3 (N.D. Cal. 2007) (granting request for judicial notice of plaintiffs' first amended complaint filed in the action, on motion to dismiss their second amended complaint). Judicial notice of the CAC is particularly appropriate given that Plaintiffs have omitted from the SAC "previously-pled material information that harms Plaintiff[s'] case." *See Jackson v. Loews Hotels, Inc.*, 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019); Mot. to Dismiss the SAC at 4-5, 10, 17-18; *see also J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*, 2019 WL 2329248, at *4 (N.D. Cal. May 31, 2019) ("The fact that plaintiff has now eliminated these allegations and this exhibit from its SAC does not impact the Court's analysis.").

*Second*, courts may take judicial notice of undisputed facts in earnings call transcripts, as well as "whether and when certain information became available to investors" through the transcripts, in considering motions to dismiss securities class action complaints. *Waterford Twp. Police v. Mattel*, 321 F. Supp. 3d 1133, 1143-44 (C.D. Cal. 2018) (taking judicial notice of "publicly available transcripts from [the company's] earnings calls and excerpts from its SEC filings"), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020); *see also, e.g.*, *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (taking judicial notice of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

earnings call and SEC filings "for the sole purpose of determining what representations [the company] made to the market").

*Third*, as for Funko's 2018 Form 10-K, judicial notice is warranted given that the second and third quarter 2019 Forms 10-Q—which are incorporated by reference into the SAC, as explained *supra* Section I.A—in turn incorporate the cited pages of the 2018 10-K. The Court previously declined to take judicial notice of the 2018 10-K because it had not taken judicial notice of the portions of the applicable 10-Qs that included the incorporation-by-reference language. This was in accordance with Defendants' prior request, which had only asked the Court to take judicial notice of pages 40 to 46 of the Q2 2019 Form 10-Q, and not of the pages that "include[d] the reference to the 2018 Form 10-K." *Funko*, 2021 WL 880400, at *18 n.2.

Defendants now attach the incorporation-by-reference language from the applicable 10-Qs and respectfully request that the Court take judicial notice of them. Those excerpts encompass the entire "Risk Factors" sections of the relevant 10-Qs, sections that each begin by "encourag[ing]" investors "to consider the following discussion of risk factors in its entirety, in addition to other information contained in or incorporated by reference into this Quarterly Report on Form 10-Q and our other public filings with the [SEC]." Ex. 5, Q2 2019 Form 10-Q at 36; Ex. 7, Q3 2019 Form 10-Q at 37. In addition, Funko's Q2 and Q3 10-Qs' "significant accounting policies" and "critical accounting policies" sections refer investors to the corresponding sections in the 2018 10-K, which in turn contain the disclosures quoted in the Motion to Dismiss the SAC. *See* Ex. 5, Q2 2019 Form 10-Q at 10, 21, 33; Ex. 7, Q3 2019 Form 10-Q at 10, 22, 34; Ex. 4, 2018 Form 10-K at 80, 92; Mot. to Dismiss the SAC at 5 n.2; *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (proper to take judicial notice of SEC filings); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (courts may take judicial notice "to determine the information available to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

market"). Defendants therefore respectfully request the Court to take judicial notice of both the pages from the 10-Qs and the 2018 10-K, now that Defendants have connected the pages from the 10-K to the incorporation-by-reference language in the 10-Qs at issue.

*Fourth*, "[c]ourts [] regularly take judicial notice of published accounting standards" such as Subtopic 330-10-35 of the Financial Accounting Standards Board's Accounting Standards Codification. *Jeffrey Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *9-10 (C.D. Cal. Mar. 5, 2021); *see also In re Yahoo! Inc. Sec. Litig.*, 2012 WL 3282819, at *2 n.2 (N.D. Cal. Aug. 10, 2012) ("[J]udicial notice is appropriate for . . . accounting rules as they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."), *aff'd*, 611 F. App'x 387 (9th Cir. 2015).

The exhibits listed in the chart below are thus judicially noticeable, and those appearing in the chart in Section I.A, *supra*, are judicially noticeable if not found to be incorporated by reference.

| Exhibit | Disclosure(s) Subject to Judicial Notice |
|---|---|
| Exhibit 2:  Plaintiffs' Consolidated Amended Complaint (ECF No. 74), filed with this Court on July 31, 2020. | After its November 2017 IPO, Funko produced "nine consecutive quarters of more than 20% net sales growth" (¶ 47); "[s]ince 2018, Funko's evergreen content [products based on older releases that are so popular that they transcend fad status] has typically accounted for approximately 45% of [Funko's] sales" (¶¶ 49-50); Plaintiffs alleged that Funko held "millions of dollars of obsolete inventory" (¶ 55); Funko announced in August 2019 that it was increasing its 2019 full year sales projections (¶¶ 90-91); CW1 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

| Exhibit | Disclosure(s) Subject to Judicial Notice |
|---|---|
| | concluded "Funko did not have enough new content to meet" the Company's sales targets (¶ 95); on Funko's August 8, 2019 earnings call, Nickel disclosed that Funko had recorded another increase to its reserve for "slower-moving inventory of some old lines" of products (¶ 119); Plaintiffs alleged the 2019 full year sales guidance was "unachievable" (¶ 163) |
| Exhibit 4:  Funko's Form 10-K for the year ended Dec. 31, 2018, filed with the SEC on Mar. 6, 2019 (relevant excerpts). | Funko warned investors that a write-down of inventory remained possible (at 26); Funko disclosed that it was required to "make judgments" and "estimate[es of] obsolescence based on assumptions regarding future demand" by "maintain[ing] reserves for excess and obsolete inventories to reflect the inventory balance at the lower of cost or net realizable value" (at 80-81, 92) |
| Exhibit 6:  Transcript of Funko's earnings call for the second quarter of 2019, dated Aug. 8, 2019. | Nickel disclosed that inventory was "up to $75.3 million," representing an "increase of about 17%" compared to Q2 of 2018, but an overall decrease of "13% compared to year-end 2018" and that Funko had recorded another increase to its reserve for "slower-moving inventory of some old lines" of products (at 8-9) |
| Exhibit 3:  Subtopic 330-10-35 of the Financial Accounting Standards Board's Accounting Standards Codification. | Sets forth the process and numerous judgments involved in accounting for and measuring the value of inventory |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

## II.    CONCLUSION

For the foregoing reasons, the Funko Defendants respectfully request that the Court consider Exhibits 2-9 to the Funko Defendants' Motion to Dismiss the SAC.

Respectfully submitted,

Dated:  May 7, 2021

**LATHAM & WATKINS LLP**

By:  /s/ Kevin M. McDonough
Kevin M. McDonough

*Attorneys for the Funko Defendants*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

CASE NO. 2:20−cv−02319−VAP−PJW
RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.