ESKOVITZ LAW
Sean Eskovitz (State Bar No. 241877)
seane@eskovitz.com
1217 Wilshire Blvd # 3683
Santa Monica, CA 90403
Tel: 323.821.5836

AEGIS LAW GROUP LLP
Michael K. Ross (*pro hac vice*)
mross@aegislawgroup.com
Sean M. Roberts (*pro hac vice*)
sroberts@aegislawgroup.com
Market Square West, Suite 740
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202.737.3500

Counsel for ACON Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GILBERTO FERREIRA,
Individually and On Behalf of All
Others Similarly Situated,

     Plaintiff,

     v.

FUNKO, INC., BRIAN MARIOTTI,
RUSSELL NICKEL, ANDREW
PERLMUTTER, JENNIFER FALL
JUNG, KEN BROTMAN, GINO
DELLOMO, ADAM KRIGER, ACON
INVESTMENTS, L.L.C., ACON
FUNKO MANAGER, L.L.C., ACON
FUNKO INVESTORS, L.L.C., ACON
FUNKO INVESTORS HOLDINGS 1,
L.L.C., ACON FUNKO INVESTORS
HOLDINGS 2, L.L.C., ACON FUNKO
INVESTORS HOLDINGS 3, L.L.C.,
and ACON EQUITY GENPAR, L.L.C.

     Defendants.

Case No. 2:20−cv−02319−VAP−PJW

**ACON DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Hearing
Date: September 20, 2021
Time: 2:00 PM
Courtroom: 8A
Judge: Hon. Virginia A. Phillips

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 20, 2021, at 2:00 PM in Courtroom 8A of the Honorable Virginia A. Phillips, located at 350 West 1st Street, Los Angeles, California, defendants ACON Investments, L.L.C.; ACON Funko Manager, L.L.C; ACON Funko Investors, L.L.C.; ACON Funko Investors Holdings 1, L.L.C.; ACON Funko Investors Holdings 2, L.L.C.; ACON Funko Investors Holdings 3, L.L.C.; and ACON Equity GenPar, L.L.C. (collectively, the "ACON Defendants") will move for an order to dismiss lead plaintiffs Abdul Baker, Zhibin Zhang, and Huaiyu Zheng's ("Plaintiffs") Consolidated Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), and the Private Securities Litigation Reform Act.

Plaintiffs fail to state a claim under Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") because: (i) Plaintiffs fail to plead a primary violation by Funko, and (ii) Plaintiffs fail to adequately plead that the ACON Defendants controlled Funko.

Plaintiffs also fail to state a claim under Section 20A of the Exchange Act because: (i) Plaintiffs fail to plead a predicate violation of the Exchange Act, and (ii) Plaintiffs fail to adequately plead that the ACON Defendants possessed material, nonpublic information when they sold stock.

This motion is based on this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the Declaration of Kevin M. McDonough in Support of Funko Defendants' Motion to Dismiss the Consolidated Second Amended Complaint and exhibits thereto, the Funko Defendants' Request for Judicial Notice, the ACON Defendants' Notice of Joinder and Joinder to the Funko Defendants' Request for Judicial Notice, the SAC, the Court's record on this matter, and on such oral arguments and evidence that may be presented at the hearing.

NOTICE OF MOTION AND
MOTION TO DISMISS SAC
Case No. 2:20-cv-02319-VAP-PJW

**Compliance with Local Rule 7-3.** This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 30, 2021. The parties were unable to resolve the issues raised by this motion.

Respectfully submitted,

Dated:  May 7, 2021

AEGIS LAW GROUP LLP

By:  /s/ *Michael K. Ross*
    Michael K. Ross
    (*pro hac vice forthcoming*)
    Sean M. Roberts
    (*pro hac vice forthcoming*)
    Market Square West, Suite 740
    801 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004
    Tel:  +1.202.737.3500
    E-mail:  mross@aegislawgroup.com
    E-mail:  sroberts@aegislawgroup.com

ESKOVITZ LAW

    Sean Eskovitz
    (State Bar No. 241877)
    1217 Wilshire Blvd # 3683
    Santa Monica, CA 90403
    Tel: +1.323.821.5836
    E-mail:  seane@eskovitz.com

*Counsel for ACON Investments, L.L.C.; ACON Funko Manager, L.L.C.; ACON Funko Investors, L.L.C.; ACON Funko Investors Holdings 1, L.L.C.; ACON Funko Investors Holdings 2, L.L.C.; ACON Funko Investors Holdings 3, L.L.C.; and ACON Equity GenPar, L.L.C.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants ACON Investments, L.L.C.; ACON Funko Manager, L.L.C; ACON Funko Investors, L.L.C.; ACON Funko Investors Holdings 1, L.L.C.; ACON Funko Investors Holdings 2, L.L.C.; ACON Funko Investors Holdings 3, L.L.C; and ACON Equity GenPar, L.L.C. (collectively, the "ACON Defendants") submit this memorandum of law in support of their motion to dismiss the Consolidated Second Amended Complaint ("SAC").

## PRELIMINARY STATEMENT

In September 2019, four ACON Defendants—ACON Funko Investors, ACON Funko Investors Holdings 1, ACON Funko Investors Holdings 2, and ACON Funko Investors Holdings 3—sold a relatively small portion of their holdings in Funko, Inc. ("Funko") as part of a long-planned secondary offering. At the time, Funko had enjoyed eight consecutive quarters of over 20% sales growth. And, even after the sale, Funko reported yet another quarter of over 20% sales growth.

*Over four months after the stock sales*, Funko reported disappointing fourth quarter sales (for a quarter that had occurred entirely after the ACON Defendants sold stock) and decided to take an inventory write-down. After Funko's stock price dropped, Plaintiffs filed this action against Funko and various Funko officers alleging they made false statements about Funko's sales forecasts and inventory. Notably, Plaintiffs' original complaints did not allege insider trading, nor did they even mention the ACON Defendants.

Nonetheless, in the Consolidated Amended Complaint ("CAC"), Plaintiffs asserted claims against the ACON Defendants for (1) unspecified violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), (2) control person liability under Section 20(a) of the Exchange Act, and (3) insider trading under Section 20A of the Exchange Act. The factual allegations against the ACON Defendants were sparse, generic, and for the most part conclusory. On February 25, 2021, the Court issued an order dismissing all three claims (the "Dismissal Order").

Of particular relevance here, upon dismissing Plaintiffs' Section 10(b) claim against the ACON Defendants, the Court dismissed Plaintiffs' Section 20A claim for failure to plead a predicate violation.

In the SAC, Plaintiffs now assert only two claims against the ACON Defendants, for (1) control person liability under Section 20(a) of the Exchange Act, and (2) insider trading under Section 20A of the Exchange Act.  By abandoning their Section 10(b) claim against the ACON Defendants, Plaintiffs once again fail to plead a predicate violation for their Section 20A claim.  In addition, Plaintiffs' allegations against the ACON Defendants remain largely sparce, generic, and conclusory, falling far short of meeting the strict pleading requirements under the Private Securities Litigation Reform Act.

**ARGUMENT**

**I.     PLAINTIFFS FAIL TO STATE A SECTION 20(a) CLAIM AGAINST THE ACON DEFENDANTS FOR CONTROL PERSON LIABILITY**

Plaintiffs assert control person liability against the ACON Defendants under Section 20(a) of the Exchange Act.  But to state a claim under Section 20(a), Plaintiffs must establish that (1) Funko committed a primary violation of the Securities Act and (2) the ACON Defendants exercised actual power or control over Funko.  *See Howard v. Everex Sys., Inc.,* 228 F.3d 1057, 1065 (9th Cir. 2000).  Plaintiffs fail to allege facts establishing either required element with regard to the ACON Defendants.

*First*, for the reasons set forth in the Funko Defendants' Motion to Dismiss the Consolidated Second Amended Complaint—which the ACON Defendants join and incorporate herein by reference—the SAC fails to plead a primary violation by Funko.  *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 623 (9th Cir. 2017) (where a court determines that there was a failure to plead a primary violation, "control-person" claims must be dismissed).

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:20-cv-02319-VAP-PJW

*Second*, Plaintiffs do not adequately allege that the ACON Defendants exercised *actual* power or control over Funko with respect to the alleged primary violations of purportedly misleading risk disclosures concerning inventory in Funko's August 8, 2019 and October 31, 2019 quarterly reports.[1]   *See* SAC ¶¶ 127, 136.  For purposes of a Section 20(a) claim, "control" is defined as "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. §230.405.  Whether a person qualifies as a control person involves "scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1162 (9th Cir. 1996). Boilerplate allegations of control are *not* sufficient to state a claim for control person liability.  *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1163 (C.D. Cal. 2007).

Here, Plaintiffs do not allege that the ACON Defendants participated in Funko's day-to-day affairs.  They do not allege that the ACON Defendants were in any way involved in Funko's accounting practices or inventory management.  Nor do they allege that the ACON Defendants had any power to control Funko's quarterly reports.  Instead, Plaintiffs allege generally that the ACON Defendants controlled Funko based on stock ownership and ostensible "Board control."  *See* SAC ¶ 198.  These bare allegations fall far short of establishing control person liability.

---

[1] Plaintiffs also re-plead three October 31, 2019 statements concerning Funko's sales projections, which the Court has already determined are *not* actionable.  *See* Dismissal Order at 24-30.  In any event, Plaintiffs also fail to plead facts demonstrating that the ACON Defendants had any power over Funko's sales projections or related disclosures.

With respect stock ownership, "holding a minority share of a company does not establish control person liability." *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1053 (N.D. Cal. 2019). Although Plaintiffs refer to the ACON Defendants as Funko's "controlling shareholder," they do not allege facts supporting this characterization. *See* SAC ¶ 32. As Plaintiffs themselves acknowledge, Funko has two classes of stock, both of which have voting power. *See id*. Yet in their attempt to paint the ACON Defendants as controlling shareholders, Plaintiffs merely allege that the ACON Defendants owned 54.5 percent of Funko's *Class A shares* before the Secondary Offering.[2] *See* SAC ¶ 124. Plaintiffs say nothing about the ACON Defendants' overall stock ownership. Critically, Plaintiffs do not—and cannot—allege that the ACON Defendants held majority voting power, the obvious data point for control. Without any allegations as to the ACON Defendant's overall stock ownership or voting power, Plaintiffs clearly fail to demonstrate control.

Likewise, far from establishing "board control," Plaintiffs admit that the ACON Defendants only had the power to designate three of Funko's seven (eight as of September 2019) board members, a minority of the board. *See* SAC ¶ 32; *In re Alstom SA*, 406 F. Supp. 2d 433, 492 (S.D.N.Y. 2005) ("Minority stock ownership and the ability to appoint a minority of the board do not create power to direct management and policies, and thus do not constitute sufficient control under Section 20(a)."). Moreover, Plaintiffs' sparce allegations as to the designees themselves only underscore this pleading deficiency. Plaintiffs do not allege any facts demonstrating that the directors designated by the ACON Defendants had any involvement in Funko's day-to-day operations or any authority over the preparation of Funko's quarterly reports. *See Short v. Dondanville*, No. ED CV11-00615 JAK

---

[2] Plaintiffs continue to misrepresent the percent of Class A shares held by the ACON Defendants. Regardless, even accepting Plaintiffs' allegations as true for the purposes of this motion to dismiss, majority ownership of one class of stock does not demonstrate control.

(PLAx), 2012 WL 12888360, at *14 (C.D. Cal. Oct. 5, 2012) (dismissing control person claims against Loan Committee members for failure to allege facts demonstrating that they "had any day-to-day involvement in operations or that they had actual authority over the preparation of the financial statements in question"); *See In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1202 (D. Or. 2015) (dismissing § 20(a) claim where plaintiffs did "not sufficiently allege that Galena or its personnel had control over DreamTeam's day-to-day operations, management, policies, or decisions with respect to the promotional scheme").

Accordingly, Count II should be dismissed with respect to the ACON Defendants.

## II. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE ACON DEFENDANTS FOR INSIDER TRADING UNDER SECTION 20A

In its Dismissal Order, the Court dismissed Plaintiffs' Section 20A claim against the ACON Defendants for failure to plead a predicate violation of the securities laws. *See* Dismissal Order at 39. The SAC only exacerbates this deficiency. As with the CAC, the SAC generically states that the ACON Defendants "committed an underlying violation by violating Section 10(b) and Rule 10b-5." SAC ¶ 201. This time around, Plaintiffs do not even attempt to plead a Section 10(b) violation by the ACON Defendants. In the SAC, Plaintiffs no longer plead Count I—the only count asserting a Section 10(b) violation—against the ACON Defendants. *See* SAC Count I ("Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against *Defendants Funko, Mariotti, and Jung*" (emphasis added)). Thus, Plaintiffs' Section 20A claim necessarily fails. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 (9th Cir. 2002) ("[T]o prevail on their claims for violations of § 20(a) and § 20A, plaintiffs must first allege a violation of § 10(b) or Rule 10b-5.").

Plaintiffs' Section 20A claim fails for the further, independent reason that Plaintiffs do not sufficiently allege that any ACON Defendant possessed material,

nonpublic information when selling Funko stock, as required for a Section 20A claim. *See* 15 U.S.C. § 78t-1 ("Any person who violates any provision of this chapter or the rules or regulations thereunder by purchasing or selling a security while in possession of material, nonpublic information . . . ."). Information is "material" only if it "would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988). Because possession of material, nonpublic information (*i.e.*, knowledge) is a state-of-mind element, Plaintiffs must "state with particularity facts giving rise to a strong inference" that the ACON Defendants possessed material, nonpublic information at the time of the stock sales. *See* 15 U.S.C. § 78u-4(b)(2)(A); *In re JDS Uniphase Corp. Sec. Litig.*, No. C 02-1486 CW, 2003 WL 26615705, at *9 (N.D. Cal. Nov. 3, 2003) ("Claims brought pursuant to § 20A must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and the PSLRA."). The SAC falls woefully short of meeting this standard.

*First*, Plaintiffs fail to identify with any specificity what material, nonpublic information the ACON Defendants allegedly possessed. Plaintiffs' allegation that the ACON Defendants possessed information concerning Funko's "excessive inventory," SAC ¶ 202, is far too generic to satisfy the PSLRA. Moreover, Funko's SEC filings disclosed that the company maintained "reserves for excess and obsolete inventories." Ex. 4,[3] 2018 Form 10-K, at 80, 92. Indeed, approximately one month before the ACON Defendants sold stock, Funko's then-Chief Financial Officer disclosed that Funko had increased these reserves for "slower-moving inventory of some old lines" of products. CAC ¶ 119; Ex. 6, Q2 2019 Earnings Call Tr. at 9. General knowledge that Funko carried excess inventory is not the stuff of an insider trading claim. Plaintiffs' failure to identify what exactly the ACON Defendants

---

[3] Citations to "Ex. ___" refer to exhibits attached to the Declaration of Kevin M. McDonough in Support of Funko Defendants' Motion to Dismiss the Consolidated Second Amended Complaint.

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:20-cv-02319-VAP-PJW

knew about Funko's allegedly excessive inventory at the time of the stock sales dooms their claim. *Cf. Brodsky v. Yahoo! Inc.*, 592 F. Supp. 2d 1192, 1208 (N.D. Cal. 2008) (dismissing Section 20A claim because, among other things, "Plaintiffs fail[ed] to identify any specific material nonpublic information in the possession of any Defendant at the time of a specific trade.").

*Second*, Plaintiffs fail to plead facts giving rise to a strong inference that the ACON Defendants possessed material, nonpublic information. The SAC principally relies on allegations that CW2, the ACON Defendants' designees on the Funko board, and others attended quarterly board meetings at which "excess inventory" was a repeated topic, including a board meeting in "late-June or early July 2019" (the last meeting CW2 attended) in which the board discussed the "need to clear out these warehouses" and "consolidate the inventory." *See* SAC ¶ 85.

In dismissing the CAC, the Court held that "the threadbare allegation that CW2 was present at Funko Board meetings that were also attended by three Defendants and where excess inventory was discussed do not state with particularity sufficient facts to raise a strong inference of scienter." Dismissal Order at 34-35. The SAC similarly fails to "state with particularity facts giving rise to a strong inference" that the ACON Defendants possessed material, nonpublic information. *See Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 610 (9th Cir. 2014) (upholding dismissal of § 20A insider trading claim because the "alleged material, non-public information is the same information at issue in the" deficient § 10(b) misrepresentation claim).

Plaintiffs' allegation concerning the "late-June or early July 2019" board meeting does not fare any better. CW2's vague references to the "need to clear out these warehouses" and "consolidate the inventory" are hardly more descriptive than "excess inventory." Indeed, there is no basis for concluding from board discussions about consolidating inventory into fewer warehouses that the ACON Defendants possessed material, nonpublic information.

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:20-cv-02319-VAP-PJW

Finally, the ACON Defendants sold stock in September 2019, over two months after the last board meeting that CW2 attended. *See* SAC ¶ 206. CW2, whose employment with Funko ended in July 2019, lacks personal knowledge of Funko's inventory levels at the time of the ACON Defendant's stock sales. *See* SAC ¶ 59; Dismissal Order at 34 (finding that "as neither CW2 nor CW6 were employed during the Class Period, they did not have personal knowledge of the levels of Funko's inventory at the time of the alleged false or misleading statements"); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 996 (9th Cir. 2009) (questioning the credibility of two confidential witnesses who were not employed by the defendant company during the period in question). Moreover, in the interim between CW2's final board meeting and the ACON Defendants' stock sale, Funko's then-Chief Financial Officer disclosed that Funko had increased its excess inventory reserves. CAC ¶ 119; Ex. 6, Q2 2019 Earnings Call Tr. at 9. Against this backdrop, Plaintiffs' vague allegations fall far short of demonstrating that the ACON Defendants possessed nonpublic information, much less information that would have "significantly altered the 'total mix' of information" available to the market. *See Basic*, 485 U.S. at 231–32.

Accordingly, Count II should be dismissed with respect to the ACON Defendants.

## CONCLUSION

For all the reasons set forth above, the ACON Defendants respectfully request that the Second Consolidated Amended Complaint be dismissed with prejudice as to the ACON Defendants.

Dated:  May 7, 2021

Respectfully submitted,

AEGIS LAW GROUP LLP

By: */s/ Michael K. Ross*
    Michael K. Ross
    (*pro hac vice*)
    Sean M. Roberts
    (*pro hac vice*)
    Market Square West, Suite 740
    801 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004
    Tel:  +1.202.737.3500
    E-mail:  mross@aegislawgroup.com
    E-mail:  sroberts@aegislawgroup.com


ESKOVITZ LAW

    Sean Eskovitz
    (State Bar No. 241877)
    1217 Wilshire Blvd # 3683
    Santa Monica, CA 90403
    Tel: +1.323.821.5836
    E-mail:  seane@eskovitz.com

*Counsel for ACON Investments, L.L.C., ACON Funko Manager, L.L.C., ACON Funko Investors, L.L.C., ACON Funko Investors Holdings 1, L.L.C., ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C.*