**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for*
*Lead Plaintiffs*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, ANDREW PERLMUTTER, JENNIFER FALL JUNG, KEN BROTMAN, GINO DELLOMO, ADAM KRIGER, ACON INVESTMENTS, L.L.C., ACON FUNKO MANAGER, L.L.C., ACON FUNKO INVESTORS, L.L.C., ACON FUNKO INVESTORS HOLDINGS 1, L.L.C., ACON FUNKO INVESTORS HOLDLINGS 2, L.L.C., ACON FUNKO INVESTORS HOLDINGS 3, L.L.C., and ACON EQUITY GENPAR, L.L.C.,<br><br>     Defendants. | Case No. 2:20-cv-02319-VAP-PJWx<br><br>**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FUNKO DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED COMPLAINT**<br><br>Hearing<br>Date:  September 20, 2021<br>Time:  2:00 p.m.<br>Courtroom:  8A<br>Judge:  Hon. Virginia A. Phillips |

## TABLE OF CONTENTS

INTRODUCTION.........................................................................................................1

    I.      LEGAL STANDARD ..........................................................................1

    II.     ARGUMENT ....................................................................................3

        A.     Defendants' Request for Judicial Notice of Exhibits 3, 4, and 6
              Should Be Denied Because They Are Irrelevant to Plaintiffs'
              Claims and Are Improperly Used to Raise Factual Disputes .....3

        B.     Defendants' Request for Judicial Notice of Exhibits 5 and 7
              Should Be Denied Because They Are Improperly Used to
              Raise Factual Disputes ...........................................................10

        C.     Defendants' Request for Judicial Notice of Exhibit 2
              Should Be Denied Because it Does Not Affect the Plausibility
              of Plaintiffs' Claims ...............................................................10

CONCLUSION.................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cazares v. Nassif*,
2013 WL 5603297 (E.D. Cal. Oct. 11, 2013)......................................................10

*Dalpoggetto v. Wirecard AG*,
2020 WL 2374948 (C.D. Cal. April 15, 2020).................................................6, 9

*Ferreira v. Funko Inc.*,
2021 WL 880400 (C.D. Cal. Feb. 25, 2021) .................................................4, 5, 9

*Hsu v. Puma Biotechnology, Inc.*
213 F. Supp. 3d 1275 (C.D. Cal. 2016) .................................................................3

*In re Calpine Corp. Sec. Litig.*,
288 F. Supp. 2d 1054 (N.D. Cal. 2003) .................................................................3

*In re Immune Response*,
375 F. Supp. 2d at 995 ..............................................................................3, 7

*In re LeapFrog Enters., Inc. Sec. Litig.*,
527 F. Supp. 2d 1033 (N.D. Cal. 2007)................................................................12

*In re McKesson Corp. Derivative Litig.*,
2018 WL 2197548 (N.D. Cal. May 14, 2018)......................................................3

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012)...................................................................2

*In re Yahoo! Inc., Sec. Litig.*,
2012 WL 3282819 (N.D. Cal. Aug. 10, 2012), *aff'd*, 611 F. App'x
387 (9th Cir. 2015)...................................................................................5

*J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*,
2019 WL 2329248 (N.D. Cal. 2019) ...................................................................12

*Jackson v. Loews Hotels Inc.*,
2019 WL 6721637 (C.D. Cal. July 24, 2019)......................................................12

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ......................................................................*passim*

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2011) ....................................................................................3

*Neylon v. Cty. Of Inyo*,
   2016 WL 6834097 (E.D. Cal. Nov. 21, 2016)............................................3, 5, 12

*Robinson v. VSI Constr., Inc.*,
   829 F. App'x 741 (8th Cir. 2020) ..........................................................................11

*Santana v. State of Cal. Dep't of Corr. & Rehab.*,
   2010 WL 4176364 (N.D. Cal. Oct. 19, 2010) ......................................................10

*Shenwick v. Twitter, Inc.*,
   282 F. Supp. 3d 1115 (N.D. Cal. 2017)...............................................................5, 8

*Stanislaus Food Prods. Co. v. USS-POSCO Industries*,
   782 F. Supp. 2d 1059 (E.D. Cal. 2011) ................................................................11

*Stitt v. San Francisco Mun. Transp. Agency*,
   2013 WL 121259 (N.D. Cal. Jan. 8, 2012)..............................................................2

*United States v. Corinthian Colls*.,
   655 F.3d 984 (9th Cir. 2011) ...................................................................................1

*Wietschner v. Monterey Pasta Co*.,
   294 F. Supp. 2d 1102 (N.D. Cal. 2003)...................................................................3

*Wochos v. Tesla, Inc.*,
   3:17-cv-05828-CRB, ECF No. 36 (N.D. Cal. July 11, 2018) ...............................10

**Rules**

Fed. R. Civ. P. 12(b) ....................................................................................................1

Fed. R. Evid. 201 .........................................................................................................2

Lead Plaintiffs Abdul Baker, Zhibin Zhang, and Huaiyu Zheng ("Plaintiffs") submit this Opposition to Defendants' Request for Judicial Notice ("RJN") in Support of Defendants' Motion to Dismiss the Consolidated Second Amended Complaint ("SAC").[1]

## INTRODUCTION

"The focus of any rule 12(b)(6) dismissal – both in the trial court and on appeal – is the complaint." *United States v. Corinthian Colls*., 655 F.3d 984, 991 (9th Cir. 2011). Defendants' request for judicial notice of Exhibits 2, 3, 4 and 6 and certain portions of Exhibits 5 and 7 is improper and should be denied. Through the guise of judicial notice, Defendants seek to improperly introduce facts that are unrelated to Plaintiffs' claims in an attempt to defeat Plaintiffs' well-pleaded allegations. This is exactly the type of misdirection the Ninth Circuit warned against in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (holding that "[a]lthough the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim").

In the alternative, if the Court considers the extrinsic information offered by Defendants to rebut Plaintiffs' well-pled allegations, Plaintiffs should be entitled to discovery. In fact, Rule 12(b) is unequivocal on this point. *See* Fed. R. Civ. P. 12(b) (the court "shall" convert the motion to dismiss to a motion for summary judgment and give the parties a reasonable opportunity to conduct discovery).

## I.    LEGAL STANDARD

Courts generally "may not consider any material beyond the pleadings on a Rule 12(b)(6) motion." *Corinthian*, 655 F.3d at 998. Doing so transforms a Rule

---

[1] Citations to "SAC" refer to the Consolidated Second Amended Complaint. Citations to "Ex" refer to the exhibits attached to the Declaration of Kevin M. McDonough in Support of the Funko Defendants Motion to Dismiss the SAC. Citations to "MTD" refer to the Funko Defendants' Motion to Dismiss.

1

12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, and the party opposing the motion must be afforded notice and an opportunity to conduct discovery. *See Khoja*, 899 F.3d at 999. There are two limited exceptions to this rule. First, a court may consider facts that are judicially noticeable, meaning "matters of public record" that are not subject to reasonable dispute. Fed. R. Evid. 201. Second, the doctrine of incorporation by reference permits the Court to consider documents that are "extensively" referenced in the complaint or "form[] the basis of the plaintiff's claims." *Khoja,* 899 F.3d at 1002 (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

The Ninth Circuit, however, has warned against the dangers of allowing defendants to introduce documents through the incorporation by reference doctrine at the pleading stage, stating:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts … Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

899 F.3d at 1003.

Neither exception permits the court to assume the truth of the matters asserted therein, especially where the document is being used to dispute facts stated in a well-pleaded complaint. *See Khoja*, 899 F.3d at 999, 1003; *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,* 903 F. Supp. 2d 942, 955 (S.D. Cal. 2012) (holding that when taking judicial notice of a document the "factual information asserted in the document cannot be used to create or resolve disputed issues of material fact"). Further, while the court has discretion to take judicial notice of documents, the Ninth Circuit has stated that judicial notice should "only be taken sparingly" and "with caution." *Stitt v. San Francisco*

2

*Mun. Transp. Agency*, 2013 WL 121259, at *2 (N.D. Cal. Jan. 8, 2012), citing *Rivera v. Philip Morris, Inc.,* 395 F.3d 1142, 1151 (9th Cir. 2005). That standard has not been relaxed in cases, like this one, involving securities fraud. *See, e.g. Khoja,* 899 F.3d at 998-1003; *Hsu v. Puma Biotechnology, Inc.* 213 F. Supp. 3d 1275, 1280-85 (C.D. Cal. 2016).

In addition, the Ninth Circuit generally declines to take judicial notice of irrelevant facts. *See e.g.*, *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (even if a document has been incorporated by reference, a court may decline to take judicial notice where facts are not "sufficiently relevant" to the allegations in the complaint); *Neylon v. Cty. Of Inyo,* 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied."); *In re McKesson Corp. Derivative Litig.,* 2018 WL 2197548, at *8 n.2 (N.D. Cal. May 14, 2018) (declining to take judicial notice of SEC document not necessary to resolve the motion at issue); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076-77 (N.D. Cal. 2003) (declining to grant judicial notice of documents that were not referenced in the complaint and not relevant).

## II.    ARGUMENT

### A.    Defendants' Request for Judicial Notice of Exhibits 3, 4, and 6 Should Be Denied Because They Are Irrelevant to Plaintiffs' Claims and Are Improperly Used to Raise Factual Disputes

Exhibits 3, 4 and 6 are not subject to incorporation by reference because they are not quoted, cited or discussed in the SAC, and do not form the basis for Plaintiffs' claims. *See Khoja,* 899 F.3d at 1002. Therefore, they may only be judicially noticed if they are "undisputed matters of public record" (*Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir. 2011)) and do not concern facts that are "subject to reasonable dispute." *In re Immune Response*, 375 F. Supp. 2d at 995 (quoting *Lee*, 250 F.3d at 689-690). Defendants' request for judicial notice of Exhibits 3, 4 and 6 should be denied. These documents are irrelevant to Plaintiffs'

3

claims and are being improperly used by Defendants to rebut Plaintiffs' well-pled allegations concerning Funko's misleading inventory disclosure. *See* MTD at 5, 13 n.6, 14 n.7, 18.

Plaintiffs' have alleged, and this Court previously held, that Defendants' inventory risk language was misleading because it warned of potential risks that could occur if Funko did not accurately forecast customer demand when those risks had already transpired ("we *could* have excess inventory that we *may* need to hold for a long period of time, write down, sell at prices lower than expected or discard"). SAC ¶¶ 127, 136; *Ferreira v. Funko Inc.,* 2021 WL 880400, at *16-19 (C.D. Cal. Feb. 25, 2021). The SAC alleges particularized facts demonstrating that at the time these statements were made, Funko had already amassed $10-$15 million of obsolete inventory that Defendants knew would not be sold. *See* SAC ¶¶ 128, 137.

In response, to the SAC's strengthened allegations concerning the obsolete inventory Funko had in August 2019 (*see* SAC ¶¶ 57-75, 84), and the Individual Defendants' knowledge of the obsolete inventory issue through in-person meetings and receipt of inventory tracking reports (SAC ¶¶ 76-83, 85), Defendants improperly seek notice of Exhibits 3, 4 and 6 to assert facts that are irrelevant to Plaintiffs' claims and that are subject to reasonable dispute. For the reasons set forth below, Defendants' request should be denied.

**Exhibit 3:** Plaintiffs oppose Defendants' request for judicial notice with respect to Exhibit 3 - Subtopic 330-10-35 of the Financial Accounting Standards Board's ("FASB") Accounting Standards Codification. Defendants proffer Exhibit 3 as extraneous evidence that Funko did not violate FASB Rules with respect to the timing of the Company's inventory write down in March 2020. *See* MTD at 13, n.6 (citing Ex. 3). However, Plaintiffs have not alleged claims based upon Funko's compliance (or non-compliance) with FASB. Therefore, FASB has no bearing on Plaintiffs' claims and is irrelevant to whether Defendants'

4

inventory risk language was misleading. *See Shenwick v. Twitter, Inc.,* 282 F. Supp. 3d 1115, 1124 (N.D. Cal. 2017) (declining to take notice of defendant's Form 4 because it was irrelevant where plaintiff did not allege insider trading); *Neylon,* 2016 WL 6834097, at *4 (declining to take judicial notice of a warrant despite being a public record because it was irrelevant and unnecessary to deciding the matter at issue). Accordingly, Defendants' request for judicial notice of Exhibit 3 should be denied. [2]

**Exhibit 4:** Plaintiffs oppose Defendants' request for judicial notice with respect to Exhibit 4 - Funko's 2018 Form 10-K. Exhibit 4 is not cited in the SAC, is not relied upon in the SAC and does not form the basis of Plaintiffs' claims. The Court previously denied Defendants' request for judicial notice of Exhibit 4 (which was filed nearly six months before the start of the Class Period), finding that it was irrelevant to the Court's analysis of Defendants' misleading inventory risk language. *See Funko,* 2021 WL 880400, at *8. Defendants nevertheless argue that judicial notice is proper because Funko's Q2 and Q3 2019 10-Qs (Exhibits 5 and 7) incorporated Funko's 2018 10-K. *See* Defs' RJN at 5. However, as the Court previously held, the relevant pages of Funko's Q2 and Q3 2019 10-Qs – the pages that contained the false and misleading risk statement at issue and that encompass the entire "Risk Factors" section of the 10Qs – do not specifically reference Funko's 2018 10-K. *See Funko,* 2021 WL 880400, at *18 n.2. To the contrary, the language that precedes Funko's Risk Factors in its 2Q and 3Q 2019 10-Qs states:

---

[2] Unlike Plaintiffs' claims, the cases cited by Defendants involved alleged violations of accounting practices where published accounting standards were relevant and the defendants' accounting practices were at issue. *See* Defs' RJN at 6 citing *Garcia v. J2 Glob., Inc.,* 2021 WL 1558331, at *1 (C.D. Cal. Mar. 5, 2021) (alleging J2's accounting methods obfuscated the underperformance of acquisitions); *In re Yahoo! Inc., Sec. Litig.,* 2012 WL 3282819, at *1 (N.D. Cal. Aug. 10, 2012) (alleging defendants made false and misleading statements about the value of Yahoo!'s investment in Allpay), *aff'd,* 611 F. App'x 387 (9th Cir. 2015). Here, Plaintiffs have not alleged a claim based on potential accounting violations and Exhibit 3 (FASB's published accounting standards) is irrelevant to Plaintiffs' claims.

> we encourage you to consider the following discussion of risk factors in its entirety, in addition to other information contained in or incorporated by reference into this Quarterly Report on Form 10-Q and our other public filings with the Securities and Exchange Commission ("SEC").

*See* MTD at 5, n.2 (citing Ex. 5 at 36; Ex. 7 at 37). Accordingly, Funko's 2018 10-K was not incorporated in the Risk Factors sections of Exhibits 5 and 7.

Instead, the portions of the 2Q and 3Q 2019 10-Qs that reference Exhibit 4 have nothing to do with Funko's Risk Warnings and are irrelevant to Plaintiffs' claims. *See* Ex. 5 at 6, 20; Ex. 7 at 6, 21 (stating that reported financial results should be read in conjunction with audited consolidated financial statements in Exhibit 4); Ex. 5 at 10; Ex. 7 at 10 (referring to Exhibit 4 for a description of the Company's Significant Accounting Policies); Ex. 5 at 33; Ex. 7 at 34 (advising that there have been no significant changes to the Company's accounting policies reported in Exhibit 4). But again, Plaintiffs have not alleged claims based upon Defendants' accounting policies and none of these references are relevant to Plaintiffs' claims that Defendants' inventory risk language was misleading because it warned of potential risks that *may* occur *if* Funko accumulated obsolete inventory when the risk had already materialized. SAC ¶¶ 127, 136. *See Dalpoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (C.D. Cal. April 15, 2020) (denying request for judicial notice of Wirecard's Form 10-Ks because they did not form the basis of the plaintiff's claim).

Lastly, Defendants improperly use Exhibit 4 in an attempt to rebut Plaintiffs' well-pled allegations that investors were misled by Funko's inventory risk language. *See* MTD at 4-5 n.2; 14 n.7 (relying on Exhibit 4 to assert that Funko made certain disclosures regarding its inventory balance and accounting policies). However, judicial notice is improper when documents are used to create a defense to a complaint's allegations. *See Wirecard*, 2020 WL 2374948, at *1. This is especially true here, where the question of whether the purported

disclosures alerted inventors that Funko was then suffering from the inventory risks it warned of, is subject to dispute.  *See* Plaintiffs' Opposition to the Funko Defendants' Motion to Dismiss the SAC ("Funko Opposition" at 9) (explaining why none of the purported "disclosures" in Exhibit 4 alerted investors that the potential inventory risks Funko warned of had already transpired).

For example, Funko's Critical Accounting Policies and Estimates (Ex. 4 at 80-81) describes how Funko would treat excess and obsolete inventory for accounting purposes; it did not disclose that the Company currently had millions of dollars of obsolete inventory that it knew would not be sold. *See* Funko Opposition at 9.  Similarly, the 2018 10-K's Significant Accounting Policies (Ex. 4 at 92) describes how Funko values excess and obsolete inventory for accounting purposes ("[t]he Company maintains reserves for excess and obsolete inventories to reflect the inventory balance at the lower of cost or net realizable value"). Nothing in this language alerted investors that Funko had already accumulated millions of dollars of obsolete inventory that was certain to affect its financial and business operations. *See* Funko Opposition at 7-8. This is exactly the type of use the Ninth Circuit warned against in *Khoja* when it held that the district court abused its discretion by judicially noticing an investors' call transcript "for the purpose for which it was offered, *i.e.*, to determine what the investors knew about the status of the Light Study at that time." *Khoja*, 899 F.3d at 1000 (judicial notice improper when the substance of the document "is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes."); *see also In re Immune Response*, 375 F. Supp. 2d at 995 (denying request for judicial notice where "consideration of the exhibits encourages a weighing of factual disputes; a process that is improper on a motion to dismiss."). Because "[r]easonable people could debate" what Exhibit 4 disclosed about Funko's inventory risk language, and Defendants' only purpose for introducing

the document is to rebut Plaintiffs' well-pled allegations, judicial notice of Exhibit 4 is improper. *Khoja*, 899 F.3d at 1000.[3]

**Exhibit 6:** Defendants' request for judicial notice of Funko's 2Q 2018 earnings conference call (held on August 8, 2019) should be denied because, like Exhibit 4, Defendants are using Exhibit 6 to rebut the SAC's allegations that investors were misled by Funko's inventory risk warnings. Plaintiffs do not cite to Exhibit 6 or rely on Exhibit 6, and Plaintiffs' claims do not rest on Exhibit 6. Nevertheless, Defendants seek judicial notice to improperly use two statements made by Defendant Nickel – specifically, that Funko had $75.3 million in total inventory holdings (Ex. 6 at 9) and that Funko had taken higher reserves for some "slower moving inventory of some old lines" (Ex. 6 at 8) – not to establish that the statements were made, but to improperly argue what investors understood these statements to mean. *See* MTD at 5-6, 14.

First, Funko's total inventory holdings are irrelevant to Plaintiffs' claims, as Plaintiffs are not alleging that Funko improperly reported total inventory amounts. Plaintiffs' claims are based on Funko's failure to disclose that it was then holding millions of dollars of obsolete inventory that would not be sold. SAC ¶¶ 128, 137. Since Funko did not identify how much of the total inventory figure constituted obsolete inventory, the mere reporting of Funko's total holdings is irrelevant to Plaintiffs' claims. *See* Funko Opposition at 8; *see also Twitter,* 282 F. Supp. 3d at 1124 (declining to take notice of document showing the defendant's trading history, because the plaintiff did not allege insider trading claims).

Second, to the extent Defendants use this disclosure to argue that investors were on notice that Funko had accumulated millions of dollars of *obsolete*

---

[3] Plaintiffs similarly oppose judicial notice of Exhibits 5 and 7 to the extent Defendants rely on those exhibits to argue that Exhibit 4 was incorporated by reference into the 2Q and 3Q 2019 10-Qs. *See* Exhibit 5 at 6, 10, 20, 33, 36; Exhibit 7 at 6, 10, 21, 34, 37.

inventory that could not be sold, judicial notice is also improper. *See Wirecard*, 2020 WL 2374948, at *1 (judicial notice should not be used to create a defense to the complaint's allegations). *See* MTD at 14. This is especially true since Defendant Nickel, in addition to reporting Funko's total inventory holdings, also reported that inventory was "*down* 13% compared to year-end 2018." *See* Ex. 6 at 9. Thus, whether this disclosure put investors on notice of Funko's increasing, obsolete inventory condition is, at best, a question of fact that is subject to reasonable dispute, rendering judicial notice improper.[4]

Lastly, Defendant Nickel's August 8, 2019 statement that Funko was increasing its reserves for slower moving inventory of some old lines is likewise not proper for judicial notice because its meaning is subject to reasonable dispute. Defendants are offering this statement – which is not cited in the SAC or relied upon in the SAC – to rebut Plaintiffs' factual allegations that investors were misled by Funko's inventory risk language. The Court previously found that this statement was vague as to whether it alerted investors to the fact that the Company had accumulated millions of dollars of obsolete inventory. *See Funko*, 2021 WL 880400, at *13 (finding the statement "vague" and citing *Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014) for the proposition that vague statements "[do] not induce the reliance of a reasonable investor."). By definition, a vague statement is one which is subject to reasonable dispute and not proper for judicial notice. *See Khoja*, 899 F.3d at 1000-01. Accordingly, Defendants' request of judicial notice of Exhibit 6 should be denied.[5]

---

[4] For the same reasons, Plaintiffs oppose Defendants' request for judicial notice to the extent the Exhibits 5 and 7 referred to Funko's total inventory holdings. *See* Ex. 5 at 4; Ex. 7 at 4.

[5] While earnings conference calls are a type of document courts *may* properly take judicial notice of, they are not compelled to do so. Indeed, in both of Defendants' cited cases the plaintiffs did not contest judicial notice. *See* RJN at 4-5 citing *Waterford Twp. Police v. Mattel*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) ("Plaintiff does not object to this request [for the court to take judicial notice of Mattel's earnings calls and excerpts from its SEC filings] or

**B.    Defendants' Request for Judicial Notice of Exhibits 5 and 7 Should Be Denied Because They Are Improperly Used to Raise Factual Disputes**

Plaintiffs oppose judicial notice of Exhibits 5 and 7 to the extent Defendants rely on those exhibits to argue that Exhibit 4 (Funko's 2018 10-K) was incorporated by reference into the 2Q and 3Q 2019 10-Qs. *See supra*, pgs. 5-7. Plaintiffs also oppose Defendants' request for judicial notice of Exhibits 5 and 7 to the extent Defendants seek to use these documents to argue that Defendants disclosed Funko's true inventory condition through its reported total inventory holdings. *See Khoja*, 899 F. 3d at 999 ("Just because a document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth"). As described above, the referenced pages are irrelevant to Plaintiffs' claims and are being offered to improperly introduce facts that are subject to reasonable dispute in an attempt to rebut the SAC's factual allegations. *See supra* pgs. 5-7.

**C.    Defendants' Request for Judicial Notice of Exhibit 2 Should Be Denied Because it Does Not Affect the Plausibility of Plaintiffs' Claims**

The CAC should not be judicially noticed since it has been superseded by the SAC and does not affect the plausibility of Plaintiffs' claims. Defendants cannot rely on Plaintiffs' prior allegations in seeking to dismiss Plaintiffs' amended complaint. *See Santana v. State of Cal. Dep't of Corr. & Rehab.*, 2010 WL 4176364, at *7 (N.D. Cal. Oct. 19, 2010) (collecting cases and stating that "the weight of federal authority" holds a defendant cannot cite to facts alleged in an original complaint to support a motion to dismiss); *see also Cazares v. Nassif*, 2013 WL 5603297, at *1 (E.D. Cal. Oct. 11, 2013) ("To the extent the contents of

dispute the accuracy of these documents"), *aff'd sub nom. Castro v. Mattel., Inc.*, 794 App'x 669 (9th Cir. 2020); *Wochos v. Tesla, Inc.*, 3:17-cv-05828-CRB, ECF No. 36 at 3 (N.D. Cal. July 11, 2018) ("Plaintiffs do not oppose the Court's taking judicial notice of the statements contained therein for the limited purpose of noting the statements were actually made at the time and in the manner described in the Complaint").

10

the complaint and amended complaint or any other document are in dispute, the allegations therein are not an appropriate subject for judicial notice."); *Robinson v. VSI Constr., Inc.*, 829 F. App'x 741, 742 (8th Cir. 2020) (holding that a district court cannot rely on allegations in an original complaint when dismissing an amended complaint); Wright & Miller, Effect of an Amended Pleading, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."). While courts may consider a plaintiff's prior allegation "in determining the plausibility of current pleadings" (*Stanislaus Food Prods. Co. v. USS-POSCO Industries*, 782 F. Supp. 2d 1059, 1075 (E.D. Cal. 2011)), nothing Defendants seek judicial notice of in Exhibit 2 is relevant to determining the plausibility of Plaintiffs' allegations in the SAC. To the extent any requested sections are relevant, they create impermissible issues of fact. Therefore, judicial notice of Exhibit 2 should be denied.

For example, through Exhibit 2, Defendants again seek to proffer Defendant Nickel's August 8, 2019 statement contained in Exhibit 6 that Funko had taken higher reserves for some "slower moving inventory of some old lines." *See* RJN at 9 (citing CAC ¶ 119). For the same reasons identified above, judicial notice should be denied because the effect of this statement on the market is subject to reasonable dispute. The analysis is unchanged by fact that it appeared in the CAC. In fact, the CAC supports that the statement is subject to reasonable dispute as Plaintiffs alleged that the statement was misleading because it did not disclose the true state of Funko's inventory. *See* CAC ¶ 120.

Defendants also seek judicial notice of several allegations from the CAC that are either substantively re-alleged or expanded upon in the SAC and which do not affect the plausibility of Plaintiffs' claims. *See* RJN at 6-7 (requesting

11

judicial notice of CAC ¶¶ 49-50; 95, 163).[6] Defendants concede that the changes are "semantic change[s]." MTD at 3. Accordingly, it unnecessary for the Court to consider the CAC's now-superseded allegations in evaluating Defendants' motion to dismiss and judicial notice should be denied. *See Neylon*, 2016 WL 6834097, at *4 ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied."). Similarly, the SAC's omission of Funko's pre-class period financial performance (CAC ¶ 47) and August 2019 guidance (CAC ¶ 90) has no bearing on the plausibility of Plaintiffs' claim that Funko provided false and misleading guidance on October 31, 2019.[7] Accordingly, judicial notice of the CAC should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Request for Judicial Notice with respect to Exhibits 2-7. In the alternative, should the Court grant judicial notice with respect to the challenged

---

[6] *Compare* CAC ¶¶ 49-50 (evergreen content typically accounts for 45% of Funko's sales) with SAC ¶ 50 ("the majority of Funko's sales are generated from the sales of new products"); CAC ¶ 50 (Funko held "millions of dollars of obsolete inventory") with SAC ¶ 52 (Funko held "millions of dollars of obsolete inventory") and SAC ¶ 75 (in July 2019, Funko had approximately $10-11.25 million of obsolete inventory at cost and by October 2019, Funko had approximately $12.5-15 million of obsolete inventory at cost); CAC ¶ 95 (CW1 concluded that "Funko did not have enough new content to meet" the Company's sales targets) with SAC ¶ 100 (CW1 concluded not enough products tied to the fourth quarter releases and customer demand for the new fourth quarter products was insufficient to generate the sales necessary to meet the guidance); CAC ¶ 163 (Plaintiff's alleged Funko's 2019 sales guidance was "unachievable") with SAC ¶ 163 (Funko's 2019 sales guidance was "impossible to meet").

[7] Plaintiffs' omission of prior allegations – some of which the Court dismissed – is distinguishable from Defendants' cited cases. *See* RJN at 4 citing *In re YogaWorks, Inc., Sec. Litig.,* 2020 WL 2549290, at *3 (C.D. Cal. Apr. 23, 2020 (taking judicial notice of plaintiffs' first amended complaint where the plaintiff omitted prior allegation in an attempt to avoid application of the statute of limitations); *J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*, 2019 WL 2329248, at *4 (N.D. Cal. 2019) (same); *Jackson v. Loews Hotels Inc.,* 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019) (taking judicial notice of prior complaint where plaintiff omitted allegations that were detrimental to standing); *In re LeapFrog Enters., Inc. Sec. Litig.,* 527 F. Supp. 2d 1033, 1041 n.3 (N.D. Cal. 2007) (plaintiffs did not contest judicial notice of prior complaint).

documents, Plaintiffs request that the Court treat Defendants' motion to dismiss as one for summary judgment and allow Plaintiffs to conduct discovery.

DATED: June 11, 2021                     Respectfully submitted,


**POMERANTZ LLP**

By:/s/*Cara David*
Jeremy A. Lieberman
(admitted *pro hac vice*)
Cara David
(admitted *pro hac vice*)
600 Third Ave., 20th Fl.
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
cdavid@pomlaw.com


**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
 (*pro hac vice* forthcoming)
Stephanie Beige
(admitted *pro hac vice*)
Laurence J. Hasson
(*pro hac vice* forthcoming)
Peter J. Harrington
(*pro hac vice* forthcoming)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bernstein@bernlieb.com

13

beige@bernlieb.com
lhasson@bernlieb.com
pharrington@bernlieb.com

*Co-Lead Counsel for Lead Plaintiffs*

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

*Additional Counsel for Lead Plaintiffs*

14

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Cara David*

Cara David