LATHAM & WATKINS LLP
   Benjamin A. Naftalis (*pro hac vice*)
   *benjamin.naftalis@lw.com*
   Kevin M. McDonough (*pro hac vice*)
   *kevin.mcdonough@lw.com*
1271 Avenue of the Americas
New York, New York  10020
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

LATHAM & WATKINS LLP
   Meryn C. N. Grant (State Bar No. 291315)
   *meryn.grant@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California  90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for the Funko Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, ANDREW PERLMUTTER, JENNIFER FALL JUNG, KEN BROTMAN, GINO DELLOMO, ADAM KRIGER, ACON INVESTMENTS, L.L.C., ACON FUNKO MANAGER, L.L.C., ACON FUNKO INVESTORS, L.L.C., ACON FUNKO INVESTORS HOLDINGS 1, L.L.C., ACON INVESTORS HOLDINGS 2, L.L.C., ACON INVESTORS HOLDINGS 3, L.L.C., and ACON EQUITY GENPAR, L.L.C., <br><br> Defendants. | Case No. 2:20−cv−02319−VAP−PJW <br><br> **REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FUNKO DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED COMPLAINT** <br><br> <u>Hearing</u> <br> Date: September 20, 2021 <br> Time: 2:00 PM <br> Courtroom: 8A <br> Judge: Hon. Virginia A. Phillips |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   ARGUMENT ......................................................................................................... 1

    A.   Defendants' Request For Judicial Notice Of Exhibits 5 And 7 Should Be Granted Because They Are Incorporated By Reference Into The SAC ............................................ 1

    B.   Defendants' Request For Judicial Notice Of Exhibits 2, 3, 4, And 6 Should Be Granted Because They Are Judicially Noticeable ............................................................. 2

III.  CONCLUSION ...................................................................................................... 6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Dalpoggetto v. Wirecard AG*,
2020 WL 2374948 (C.D. Cal. April 15, 2020) ...................................................... 3

*Ferreira v. Funko, Inc.*,
2021 WL 880400 (C.D. Cal. Feb. 25, 2021) ..................................................... 2, 3

*Garcia v. J2 Glob., Inc.*,
2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) ........................................................ 5

*Immanuel Lake v. Zogenix, Inc.*,
2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) ....................................................... 3

*J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*,
2019 WL 2329248 (N.D. Cal. May 31, 2019) ...................................................... 5

*Jackson v. Loews Hotels, Inc.*,
2019 WL 6721637 (C.D. Cal. July 24, 2019) ...................................................... 5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ............................................................................... 2

*In re LeapFrog Enters., Inc. Sec. Litig.*,
527 F. Supp. 2d 1033 (N.D. Cal. 2007) ............................................................... 5

*Olagues v. Musk*,
2019 WL 3457831 (N.D. Cal. July 31, 2019) ...................................................... 4

*Troy Grp., Inc. v. Tilson*,
364 F. Supp. 2d 1149 (C.D. Cal. 2005) ............................................................... 4

*Waterford Twp. Police v. Mattel, Inc.*,
321 F. Supp. 3d 1133 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*,
794 F. App'x 669 (9th Cir. 2020) ........................................................................ 4

*In re Yahoo! Inc. Sec. Litig.*,
2012 WL 3282819 (N.D. Cal. Aug. 10, 2012), *aff'd*, 611 F. App'x 387 (9th Cir.
2015) ..................................................................................................................... 6

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

ii

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

*Yaron v. Intersect ENT, Inc.*,
    2020 WL 6750568 (N.D. Cal. June 19, 2020) ......................................................3

*In re YogaWorks, Inc. Sec. Litig.*,
    2020 WL 2549290 (C.D. Cal. Apr. 23, 2020)......................................................5

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

iii

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

Defendants Funko, Inc. ("Funko"), Brian Mariotti, Rusell Nickel, Andrew Perlmutter, Jennifer Fall Jung, Ken Brotman, Gino Dellomo, and Adam Kriger (collectively "Defendants") respectfully submit this reply in support of their Request for Judicial Notice in Support of the Funko Defendants' Motion to Dismiss the Second Amended Complaint.

## I.    PRELIMINARY STATEMENT

Plaintiffs partially oppose Defendants' Request for Judicial Notice, and seek to exclude from the Court's consideration certain exhibits that shed light on the information that was available to investors and relates to the issues in this case. The documents that Plaintiffs challenge are expressly cited in Plaintiffs' Second Amended Complaint ("SAC"); incorporated by reference in documents that Plaintiffs rely on; contain Plaintiffs' prior judicial admissions *in this case*; set forth the applicable accounting standard on the inventory issues that Plaintiffs chose to make a central part of their case; and/or contain relevant information available to investors during the putative class period. Plaintiffs' partial opposition is a transparent attempt to keep the Court from reviewing portions of documents that they view as unhelpful to their case. That is precisely the type of cherry-picking the judicial notice doctrine is designed to prevent. All of the challenged exhibits are judicially noticeable at the pleading stage, and Defendants' Request therefore should be granted.[1]

## II.    ARGUMENT

### A.    Defendants' Request For Judicial Notice Of Exhibits 5 And 7 Should Be Granted Because They Are Incorporated By Reference Into The SAC.

Plaintiffs do not challenge that Exhibits 5 and 7 *are* incorporated by reference into the SAC. *See id.* 10. Instead, they assert in their Opposition to Defendants'

---

[1] Plaintiffs do not contest this Court's ability to take judicial notice of the remainder of the documents in Defendants' Request for Judicial Notice, specifically Exhibits 8 and 9.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

Request for Judicial Notice ("RJN Opp.") that judicial notice of Exhibits 5 and 7 should be denied because they are improperly used to raise factual disputes. RJN Opp. 10. That is incorrect.

Having chosen to rely on Exhibits 5 and 7 in the SAC, Plaintiffs may not cherry-pick which portions of those documents are relevant. That is particularly true where, as here, Plaintiffs have acknowledged that their reason for seeking exclusion of Exhibits 5 and 7 is because portions of the documents "rebut" their allegations. RJN Opp. 10. This is precisely the type of selective use of documents that the incorporation-by-reference doctrine is intended to prevent. *Ferreira v. Funko, Inc.*, 2021 WL 880400, at *7 (C.D. Cal. Feb. 25, 2021) (explaining that incorporation by reference "is to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims") (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-1003 (9th Cir. 2018)).

In any event, Funko does not seek to incorporate these documents in order to raise improper factual disputes. Plaintiffs have argued that both Exhibits 5 and 7 were misleading by omission. *See*, *e.g.*, SAC ¶¶ 127, 136. Thus, Funko seeks judicial notice of the other portions of those documents not for the truth of the *facts* recited in the documents, but for the existence of the matters therein that cannot be reasonably questioned—*i.e.*, the fact that a disclosure was made. *Funko, Inc.*, 2021 WL 880400, at *7; *see also Khoja*, 899 F.3d at 1002 (stating plaintiffs cannot select "only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims") (citation omitted).

**B.    Defendants' Request For Judicial Notice Of Exhibits 2, 3, 4, And 6 Should Be Granted Because They Are Judicially Noticeable.**

Plaintiffs next oppose Defendants' request for judicial notice of four other documents, each of which Plaintiffs have tried to plead around, but that have direct bearing on Plaintiffs' claims and should be considered along with the SAC. RJN Opp. 3-9. These arguments fail for multiple reasons.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

*First*, judicial notice of Exhibit 4, Funko's 2018 SEC Form 10-K, is plainly warranted.  The Court previously declined to take judicial notice of the 2018 10-K because it had not taken judicial notice of the portions of Funko's SEC Form 10-Qs for the second and third quarter of 2019 that included the language incorporating the 2018 10-K by reference.  *Funko*, 2021 WL 880400, at *18 n.2.  At the time of the first motion to dismiss, Defendants had not asked the Court to take judicial notice of those portions of the 10-Qs that incorporate material from the 2018 10-K. Defendants have made that request in connection with their motion to dismiss the SAC, and respectfully submit that the Court should take judicial notice of the 2018 10-K at this time.

Plaintiffs mischaracterize Defendants' purpose for requesting judicial notice of the 10-K, asserting that Defendants improperly rely on Exhibit 4 "to assert Funko made certain disclosures regarding its inventory balance and accounting policies." RJN Opp. 6.  To the contrary, Defendants request judicial notice of Exhibit 4 to provide the Court with information available to investors within the time period of Plaintiffs' allegations.  This is certainly a proper purpose.  *See Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (taking judicial notice "to determine the information available to the market" because it could "'be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'").[2]  Plaintiffs next argue that the 2018 10-K (Exhibit 4) should not be considered on the grounds that the 10-Qs do not "specifically" reference the 2018 10-K.  But the relevant language in the 10-Qs instructs readers to consider Funko's

---

[2] Plaintiffs rely on *Dalpoggetto v. Wirecard AG* for the uncontested proposition that a defendant may not seek judicial notice of a document intended to rebut plaintiff's well-pled allegations.  2020 WL 2374948, at *1 (C.D. Cal. April 15, 2020) (declining to take judicial notice).  Here, unlike in *Wirecard* AG, the document at issue is incorporated by reference into the Second Amended Complaint by virtue of reference through the second and third quarter 2019 Forms 10-Q.  *See Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *1, *3-4 (N.D. Cal. Jan. 27, 2020) (proper to consider SEC filings, press releases, and investor call transcripts under incorporation by reference doctrine).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

risk factors together with "other information contained in or incorporated by reference into this Quarterly Report on Form 10-Q and our other public filings with the Securities and Exchange Commission ("SEC")," which obviously includes Funko's *most recent annual report filed with the SEC*. *See* Ex. 5 at 36; Ex. 7 at 37; *see also* Ex. 5 at 6, 10, 21 (referencing the 2018 10-K); Ex. 7 at 6, 10, 22 (same).

*Second*, Plaintiffs oppose Exhibit 6 based on the false premise that Funko seeks to invoke Funko's 2Q 2019 earnings conference call to argue what investors understood these statements to mean. RJN Opp. 8. Plaintiffs are wrong. Courts may take (and this Court has taken) judicial notice of undisputed facts in earnings call transcripts, as well as "whether and when certain information became available to investors" through the transcripts, in considering motions to dismiss securities class action complaints. *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143-44 (C.D. Cal. 2018) (taking judicial notice of "publicly available transcripts from [the company's] earnings calls and excerpts from its SEC filings"), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020). Moreover, Funko has offered these excerpts of Funko's 2Q 2019 earnings call transcript for the clear purpose of establishing that the statements were made, which is proper under well-settled Ninth Circuit law. *See Olagues v. Musk*, 2019 WL 3457831, at *2-4 (N.D. Cal. July 31, 2019) (taking judicial notice of SEC filings for the purpose of informing the court of the chronology of events at issue); *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (taking judicial notice of what "documents actually contain" rather than "the truth of those contents") (citation omitted).

*Third*, this Court may take judicial notice of Plaintiffs' prior pleading, the Consolidated Amended Complaint (Exhibit 2, the "CAC"). Plaintiffs seek to exclude it on the grounds that it has been "superseded by the SAC and does not affect the plausibility of Plaintiffs' claims." RJN Opp. 10-11. Plaintiffs are wrong again. Courts "may consider the [prior pleading]'s allegations as part of its context specific

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

inquiry into whether the [operative pleading] plausibly suggests an entitlement to relief based on its judicial experience and common sense . . . as required under *Iqbal*." *See In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *3 (C.D. Cal. Apr. 23, 2020); *see also In re LeapFrog Enters., Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1041 n.3 (N.D. Cal. 2007) (granting request for judicial notice of plaintiffs' prior pleading on a motion to dismiss second amended complaint).  Judicial notice of the CAC is particularly appropriate where, as here, plaintiffs have omitted from the later-filed pleading "previously-pled material information that harms Plaintiff[s'] case." *See Jackson v. Loews Hotels, Inc.*, 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019); Mot. 4-5, 10, 17-18; *see also J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*, 2019 WL 2329248, at *4 (N.D. Cal. May 31, 2019) ("The fact that plaintiff has now eliminated these allegations and this exhibit from its SAC does not impact the Court's analysis.") (Citation omitted).[3]

    *Fourth*, Plaintiffs seek to exclude from the Court's consideration Exhibit 3, Subtopic 330-10-35 of the Financial Accounting Standards Board's Accounting Standards Codification, on the basis that it is "extraneous" and irrelevant because it is purportedly unrelated to any of Plaintiffs' claims.  RJN Opp. 4-5.  Although Plaintiffs claim they do not challenge Funko's compliance with accounting standards, allegations of inventory obsolescence are central to their theory of fraud regarding Funko's inventory risk disclosures.  *See, e.g.*, Opp. 11 ("Plaintiffs must only plead facts showing that Defendants knew that Funko was storing a material amount of *obsolete* inventory . . . .") (emphasis added); SAC ¶¶ 3-7, 29, 51-93, 96, 100, 103, 106, 112, 118, 128, 137, 162-63, 173, 202.  Obsolescence of inventory and other inventory measurements turn on accounting judgments governed by Exhibit 3, and the exhibit therefore is the proper subject of judicial notice.  *Garcia v. J2 Glob.*,

---

[3] Plaintiffs' other legal authorities, which are either earlier in time than *Jackson v. Loews* or outside of the Ninth Circuit, provide no greater support for their position. *See* RJN Opp. 10-11 (citing cases).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.

*Inc.*, 2021 WL 1558331, at *9-10 (C.D. Cal. Mar. 5, 2021) (holding that "[c]ourts … regularly take judicial notice of published accounting standards") (citation omitted); *see also In re Yahoo! Inc. Sec. Litig.*, 2012 WL 3282819, at *2 n.2 (N.D. Cal. Aug. 10, 2012) ("[J]udicial notice is appropriate for . . . accounting rules as they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'"), *aff'd*, 611 F. App'x 387 (9th Cir. 2015) (citations omitted).

**III.   CONCLUSION**

For the foregoing reasons, and those detailed in the Funko Defendants Request for Judicial Notice in Support of their Motion to Dismiss, the Funko Defendants respectfully request that the Court consider Exhibits 2-9 to the Funko Defendants' Motion to Dismiss the SAC.

Respectfully submitted,

Dated: July 2, 2021

**LATHAM & WATKINS LLP**

By: */s/* Kevin M. McDonough

Kevin M. McDonough

*Attorneys for the Funko Defendants*

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:20−cv−02319−VAP−PJW
REPLY ISO RJN ISO MOT. TO DISMISS
CONSOL. SECOND AMENDED COMPL.