LATHAM & WATKINS LLP
  Benjamin A. Naftalis (*pro hac vice*)
  *benjamin.naftalis@lw.com*
  Kevin M. McDonough (*pro hac vice*)
  *kevin.mcdonough@lw.com*
1271 Avenue of the Americas
New York, New York  10020
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

LATHAM & WATKINS LLP
  Meryn C. N. Grant (State Bar No. 291315)
  *meryn.grant@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California  90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for Funko, Inc., Brian Mariotti,
Jennifer Fall Jung, Andrew Perlmutter,
Ken Brotman, Gino Dellomo, and Adam Kriger

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>FUNKO, INC., et al.,<br><br>                    Defendants. | Case No. 2:20−cv−02319−VAP−PJW<br><br>**FUNKO DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

Defendants Funko, Inc. ("Funko"); Brian Mariotti, Andrew Perlmutter, Jennifer Fall Jung (collectively, the "Funko Officer Defendants"); Ken Brotman, Gino Dellomo, and Adam Kriger (the "ACON Director Defendants" and together with Funko and the Funko Officer Defendants, "Funko Defendants"), by and through their undersigned counsel, provide the following Answer and assert the below Affirmative Defenses to Plaintiffs' Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 142) (the "SAC").[1]  The Funko Defendants' responses and allegations herein are made upon information and belief and may change subject to further investigation. Accordingly, Defendants expressly reserve the right to amend their Answer, or seek leave to amend their Answer, to modify and/or assert all claims and defenses permitted by law.  Except to the extent expressly admitted herein, the Funko Defendants deny each and every allegation in the SAC, including any allegations contained in its headings or footnotes.  For the avoidance of doubt, that the Funko Defendants have reproduced the headings included in the SAC should not be construed as an admission of the allegations or characterizations therein.  With respect to any purported document cited to or quoted in the SAC, the Funko Defendants do not admit that the documents are accurate, relevant, or admissible in this action, and the Funko Defendants reserve all objections regarding admissibility.  With respect to specific paragraphs of the SAC, the Funko Defendants respond as follows:

## I.    NATURE OF THE ACTION

1.    The allegations in Paragraph 1 purport to characterize this litigation and do not require a response.  To the extent a response is required, the Funko Defendants deny that the putative class period runs from August 8, 2019 through

---

[1] On October 25, 2021, the Court dismissed all of Plaintiffs' claims against Russel Nickel, as well as all claims premised on statement nos. 1, 3, 4, and 5 and the theory that any of the Defendants made false or misleading statements about the company's projected net sales for fiscal 2019 (collectively, the "Dismissed Claims").  *See* ECF No. 165 at 88.

March 5, 2020, inclusive.  The Funko Defendants deny the remaining allegations in Paragraph 1.

2.    Funko admits that it is a leading pop culture consumer products company that creates whimsical, fun and unique products that enable fans to express their affinity for certain movies, TV shows, video games, musicians, or sports teams.  To the extent the allegations in Paragraph 2 purport to characterize Funko's public statements, the Funko Defendants respectfully refer the Court to those statements for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those public statements, the Funko Defendants deny those allegations.

3.    To the extent the allegations in Paragraph 3 relate to the Dismissed Claims, no response is required. To the extent the allegations in Paragraph 3 purport to assert legal conclusions, no response is required.  The Funko Defendants otherwise deny the allegations in Paragraph 3.

4.    To the extent the allegations in Paragraph 4 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 4 purports to summarize certain reports; any such reports speak for themselves and the Funko Defendants respectfully refer the Court to any such documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize contemporaneous documents, Defendants Funko, Jung, and Perlmutter deny those allegations.  The remaining Funko Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore deny them.

5.    To the extent the allegations in Paragraph 5 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Funko and the Funko Officer Defendants admit that Funko leased a warehouse in Puyallap, Washington.  Funko and the Funko Officer Defendants deny the remaining

allegations in Paragraph 5.  The ACON Director Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore deny them.

6.    To the extent the allegations in Paragraph 6 relate to the Dismissed Claims, no response is required.  To the extent the allegations in Paragraph 6 purport to assert legal conclusions, no response is required.  The Funko Defendants otherwise deny the allegations in Paragraph 6.

7.    To the extent the allegations in Paragraph 7 relate to the Dismissed Claims, no response is required.  To the extent the allegations in Paragraph 7 purport to assert legal conclusions, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 7 purports to summarize and partially quote conference call transcripts or other public statements; those documents speak for themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the conference call transcripts and public statements, the Funko Defendants deny those allegations.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 regarding the unidentified "senior-level employee responsible for sales and forecasting," and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 7.

8.    To the extent the allegations in Paragraph 8 relate to the Dismissed Claims, no response is required.  To the extent the allegations in Paragraph 8 purport to assert legal conclusions, no response is required.  To the extent a response is required, the Funko Defendants admit that a secondary public offering occurred on September 19, 2019, and that Funko did not directly receive any proceeds from that offering.  To the extent the allegations in Paragraph 8 purport to characterize information to which ACON Investments, L.L.C. and certain of its

affiliates were privy, the Funko Defendants lack sufficient knowledge or information to form a belief about the allegations in Paragraph 8 and on that basis deny the allegations. The Funko Defendants otherwise deny the allegations in Paragraph 8.

9. To the extent the allegations in Paragraph 9 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants admit that Funko disclosed its fourth quarter 2019 financial results in a press release dated February 5, 2020. The press release speaks for itself and the Funko Defendants respectfully refer the Court to the press release for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize Funko's financial results or any related statements, the Funko Defendants deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 9.

10. To the extent the allegations in Paragraph 10 relate to the Dismissed Claims, no response is required. To the extent the allegations in Paragraph 10 purport to characterize Funko's stock price and trading volume, the Funko Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith. The Funko Defendants otherwise deny the allegations in Paragraph 10.

11. To the extent the allegations in Paragraph 11 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 11 purports to summarize and selectively quote from certain securities analyst reports; those reports speak for themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. The Funko Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 11 and therefore deny those allegations.

12. To the extent the allegations in Paragraph 12 relate to the Dismissed

Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 12 purports to summarize and selectively quote from an article; that article speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. The Funko Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 12 and therefore deny those allegations.

13.    To the extent the allegations in Paragraph 13 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 13 purports to summarize and selectively quote from certain securities analyst reports; those reports speak for themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. The Funko Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 13 and therefore deny those allegations.

14.    To the extent the allegations in Paragraph 14 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants admit that Funko confirmed its fourth quarter 2019 financial results and announced its full year 2019 financial results on March 5, 2020. To the extent the allegations differ from or mischaracterize Funko's financial results or any related statements, the Funko Defendants deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 14.

15.    To the extent the allegations in Paragraph 15 relate to the Dismissed Claims, no response is required. To the extent the allegations in Paragraph 15 purport to characterize Funko's stock price and trading volume, the Funko Defendants refer to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith. The Funko Defendants otherwise deny the allegations in Paragraph 15.

16. To the extent the allegations in Paragraph 16 purport to assert legal conclusions, no response is required. The Funko Defendants deny the allegations in Paragraph 16.

## II. JURISDICTION AND VENUE

17. To the extent the allegations in Paragraph 17 relate to the Dismissed Claims, no response is required. The Funko Defendants admit that Plaintiffs purport to bring claims pursuant to the Exchange Act and Rule 10b-5 and 20A. The Funko Defendants otherwise deny the allegations in Paragraph 17.

18. Paragraph 18 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants admit that this Court has subject matter jurisdiction over this action.

19. Paragraph 19 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants admit that venue is proper in this judicial district. The Funko Defendants otherwise deny the allegations in Paragraph 19.

20. To the extent the allegations in Paragraph 20 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that Paragraph 20 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 20.

## III. PARTIES

21. To the extent the allegations in Paragraph 21 purport to assert legal conclusions, no response is required. To the extent a response is required, the Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 regarding Lead Plaintiff Abdul Baker's purchase or trade of securities and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 21.

22. To the extent the allegations in Paragraph 22 purport to assert legal

conclusions, no response is required.  To the extent a response is required, the Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 regarding Lead Plaintiff Zhibin Zhang's purchase of securities and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 22.

23.    To the extent the allegations in Paragraph 23 purport to assert legal conclusions, no response is required.  To the extent a response is required, the Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 regarding Lead Plaintiff Huaiyu Zheng's purchase of securities and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 23.

24.    Paragraph 24 purports to assert legal conclusions to which no response is required.  To the extent a response is required, Funko admits that it is incorporated under the laws of Delaware, its principal place of business is in Everett, Washington, and its shares trade on the NASDAQ exchange under the symbol "FNKO."  Funko denies that it is a "controlled company" within the meaning of the listing rules of NASDAQ.  The Funko Defendants deny the remaining allegations in paragraph 24.

25.    Paragraph 25 purports to assert legal conclusions to which no response is required.  To the extent a response is required, Defendant Mariotti admits that he served as the Chief Executive Officer ("CEO") of Funko beginning in April 2017, and that he served as the CEO of Funko Acquisition Holdings, L.L.C. ("FAH") beginning in October 2015, and as the CEO of Funko Holdings L.L.C. ("FHL") beginning in May 2013.  The Funko Defendants otherwise deny the allegations in Paragraph 25.

26.    Paragraph 26 relates to the Dismissed Claims, and therefore no response is required.

27.    Admitted.

28.     Admitted.

29.     To the extent the allegations in Paragraph 29 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that Paragraph 29 purports to assert legal conclusions to which no response is required.  To the extent a response is required, Funko and the Funko Officer Defendants deny the allegations in Paragraph 29.  The ACON Director Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29.

30.     To the extent the allegations in Paragraph 30 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that Paragraph 30 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 30.

31.     To the extent the allegations in Paragraph 31 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that Paragraph 31 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 31.

32.     The ACON Director Defendants answer that Paragraph 32 purports to assert legal conclusions to which no answer is required.  To the extent a response is required, the ACON Director Defendants admit that ACON Investments, L.L.C is an international private equity investment firm that manages capital through affiliated private equity investment advisors, who provide investment supervisory services to various pooled investment vehicles, that it was formed as a Delaware Limited Liability Company, and that it is based in Washington, D.C.  The ACON Director Defendants further answer that to the extent Paragraph 32 purports to characterize Form 4s and other public SEC filings, those documents speak for themselves and the ACON Director Defendants respectfully refer the Court to

those filings for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, the ACON Director Defendants deny those allegations. The remaining Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and on that basis deny those allegations.

33. To the extent the allegations in Paragraph 33 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants admit that Funko filed a Prospectus with the SEC in connection with a secondary offering in September 2019. That document speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that document, the Funko Defendants deny those allegations.

34. To the extent the allegations in Paragraph 34 purport to characterize the SAC, no response is required. To the extent a response is required, the ACON Director Defendants admit that ACON Funko Manager, L.L.C., ACON Funko Investors, L.L.C. ACON Funko Investors Holdings 1, L.L.C., ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C. are all limited liability companies incorporated in Delaware. The remaining Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and on that basis deny those allegations.

35. The ACON Director Defendants answer that Paragraph 35 purports to assert legal conclusions to which no answer is required. To the extent a response is required, the ACON Director Defendants answer that Paragraph 35 purports to summarize Funko's public SEC filings; those documents speak for themselves and the ACON Director Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, the ACON Director

Defendants deny those allegations. The remaining Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and on that basis deny those allegations.

36. To the extent the allegations in Paragraph 36 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that Paragraph 36 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants admit that Defendant Brotman has served on the Board of Funko beginning in April 2017, and that he served as chairman of the Board at all times relevant to this action. Defendant Brotman admits that he is a founder and managing partner of ACON Investments, and was a member of the board of managers of ACON Funko Manager and ACON Equity GenPar at certain relevant times during the putative class period. The remaining Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 36 and on that basis deny those allegations.

37. To the extent the allegations in Paragraph 37 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that Paragraph 37 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants admit that Defendant Dellomo served on the Board of Funko beginning in April 2017. Defendant Dellomo admits that he was a director of ACON Investments, L.L.C. at certain relevant times during the putative class period, but avers that he has a been a partner at ACON Investments, L.L.C. since 2020. Defendant Dellomo denies all remaining allegations in Paragraph 37. The remaining Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37 and on that basis deny those allegations.

38. To the extent the allegations in Paragraph 38 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that

Paragraph 38 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants admit that Defendant Kriger served on the Board of Funko beginning in April 2017, and that he has served as a director of FAH at certain relevant times.  Defendant Kriger denies all remaining allegations in Paragraph 38.  The remaining Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38 and on that basis deny those allegations.

39.    To the extent the allegations in Paragraph 39 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Paragraph 39 purports to summarize and selectively quote public filings; those documents speak for themselves and the Funko Defendants respectfully refer the Court to those transcripts and filings for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations.

40.    Admitted.

41.    Paragraph 41 purports to define certain Defendants, and therefore no response is required.

42.    Paragraph 42 purports to summarize and selectively quote from Funko's Code of Conduct; that document speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the document, the Funko Defendants deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 42.

43.    Paragraph 43 purports to define certain Defendants, and therefore no response is required.

## IV.   SUBSTANTIVE ALLEGATION

44.    Funko admits that it is a leading pop culture consumer products company that creates whimsical, fun and unique products that enable fans to

express their affinity for certain movies, TV shows, video games, musicians, or sports teams. To the extent the allegations in Paragraph 44 purport to characterize Funko's public statements, the Funko Defendants respectfully refers the Court to those statements for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those public statements, the Funko Defendants deny those allegations.

45. Admitted.

46. To the extent the allegations in Paragraph 47 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants admit that Funko, L.L.C. was acquired in 2005, and that in 2011 Funko began selling its Pop! line of vinyl collectible figures. To the extent the allegations in Paragraph 46 purport to characterize Funko's public statements, the Funko Defendants respectfully refer the Court to those statements for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those public statements, the Funko Defendants deny those allegations.

47. To the extent the allegations in Paragraph 47 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants admit that ACON Investments, L.L.C. acquired Funko in 2015. To the extent the remaining allegations in Paragraph 47 purport to characterize a news release, the Funko Defendants respectfully refer the Court to that news release for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the news release, the Funko Defendants deny those allegations.

48. Admitted.

49. To the extent the allegations in Paragraph 49 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants admit that Funko holds various license agreements with certain content

providers.  The Funko Defendants otherwise deny the allegations in Paragraph 49.

50.    To the extent the allegations in Paragraph 50 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants admit that a portion of its sales are generated from new product releases.  The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 regarding the alleged unidentified senior-level Funko employee and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 50.

51.    To the extent the allegations in Paragraph 51 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the allegations in Paragraph 51 purport to characterize license agreements, and the Funko Defendants respectfully refer the Court to any such agreements for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize any such license agreements, the Funko Defendants deny those allegations.  The Funko Defendants deny any remaining allegations in Paragraph 51.

52.    To the extent the allegations in Paragraph 52 relate to the Dismissed Claims, no response is required.  To the extent the allegations in Paragraph 52 purport to assert legal conclusions, no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 52.

53.    To the extent the allegations in Paragraph 53 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 regarding the purported "CWs" and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 53.

54.    To the extent the allegations in Paragraph 54 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they

lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 regarding CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 54.

55. To the extent the allegations in Paragraph 55 relate to the Dismissed Claims, no response is required. The Funko Defendants admit that, at certain relevant times, Julie Leary and Mike Smith reported directly to Funko's Chief Operating Officer, Joe Sansone. The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 regarding CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 55.

56. To the extent the allegations in Paragraph 56 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 regarding CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 56.

57. To the extent the allegations in Paragraph 57 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 regarding CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 57.

58. To the extent the allegations in Paragraph 58 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 regarding CW2 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph

58.

59.     To the extent the allegations in Paragraph 59 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of any allegations in Paragraph 59 regarding CW2 and on that basis deny those allegations.  The Funko Defendants admit that Loungefly is a consumer products company acquired by Funko in May 2017.  The Funko Defendants otherwise deny the allegations in Paragraph 59.

60.     To the extent the allegations in Paragraph 60 relate to the Dismissed Claims, no response is required.  The Funko Defendants admit that Johanna Gepford was Funko's Senior Vice President of Sales for portions of the putative class period.  The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 regarding CW2 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 60.

61.     To the extent the allegations in Paragraph 61 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 regarding CW2 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 61.

62.     To the extent the allegations in Paragraph 62 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 regarding CW2 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the

allegation in Paragraph 63 regarding CW3, CW1, or CW2 on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 63.

64. To the extent the allegations in Paragraph 64 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 64 regarding CW3 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 64.

65. To the extent the allegations in Paragraph 65 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants admit that Funko hired Jen Hann as Director of Sales in 2019. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 regarding CW3 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 65.

66. To the extent the allegations in Paragraph 66 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 regarding CW3 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 66.

67. To the extent the allegations in Paragraph 67 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 regarding CW3 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 67.

68. To the extent the allegation in Paragraph 68 relates to the Dismissed

Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 68 regarding CW4 and on that basis deny that allegation. The Funko Defendants otherwise deny the allegation in Paragraph 68.

69.   To the extent the allegations in Paragraph 69 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 regarding CW4 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 69.

70.   To the extent the allegations in Paragraph 70 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 regarding CW4 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 70.

71.   To the extent the allegations in Paragraph 71 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 regarding CW5 or any other confidential witnesses and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 71.

72.   To the extent the allegations in Paragraph 72 relate to the Dismissed Claims, no response is required.  The Funko Defendants admit that Mariano Hernandez served as Funko's Latin America Sales Manager.  The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 regarding CW5 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph

72.

73.     To the extent the allegations in Paragraph 73 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 73.

74.     To the extent the allegations in Paragraph 74 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 74.

75.     To the extent the allegations in Paragraph 75 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 75.

76.     To the extent the allegations in Paragraph 76 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 76.

77.     To the extent the allegations in Paragraph 77 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 regarding CW1 and on that basis deny those allegations.  Funko and the Funko Defendants admit that the Funko Officer Defendants and others sometimes attended meetings at which Funko's sales were

discussed, but otherwise deny the allegations in Paragraph 77.  The ACON Director Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77.

78.     To the extent the allegations in Paragraph 78 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 78.

79.     To the extent the allegations in Paragraph 79 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 regarding CW1 and on that basis deny those allegations.  The Funko Defendants admit that Funko's facility in Puyallup did not have fulfillment capabilities.  The Funko Defendants otherwise deny the allegations in Paragraph 79.

80.     To the extent the allegations in Paragraph 80 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that Paragraph 80 purports to summarize Aged Inventory Reports; any such reports speak for themselves, and the Funko Defendants respectfully refer the Court to any such reports for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize contemporaneous documents, the Funko Defendants deny those allegations.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 80.

81.     To the extent the allegations in Paragraph 81 relate to the Dismissed

Claims, no response is required. The Funko Defendants further answer that Paragraph 81 purports to summarize an "Open to Buy" Plan; any such plan speaks for itself, and the Funko Defendants respectfully refer the Court to the any such plan for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize contemporaneous documents, the Funko Defendants deny those allegations. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 regarding CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 81.

82. To the extent the allegations in Paragraph 82 relate to the Dismissed Claims, no response is required. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 regarding CW1 on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 82.

83. To the extent the allegations in Paragraph 83 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 83 purports to characterize emails which speak for themselves, and the Funko Defendants respectfully refer the Court to any such emails for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize contemporaneous documents, the Funko Defendants deny those allegations. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 regarding CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 83.

84. To the extent the allegations in Paragraph 84 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to

form a belief as to truth of the allegations in Paragraph 84 regarding CW2 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 84.

85. To the extent the allegations in Paragraph 85 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85 regarding CW2 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 85.

86. To the extent the allegations in Paragraph 86 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 regarding CW4, CW1, or CW2 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 86.

87. To the extent the allegations in Paragraph 87 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 87 regarding CW4 or CW1 and on that basis deny those allegations. Funko and the Funko Officer Defendants admit that Funko leased a warehouse in Puyallup, Washington. Funko and the Funko Officer Defendants otherwise deny the allegations in Paragraph 87. The ACON Director Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87.

88. To the extent the allegations in Paragraph 88 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 regarding CW5 and

on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 88.

89.    To the extent the allegations in Paragraph 89 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 regarding CW5 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 89.

90.    To the extent the allegation in Paragraph 90 relates to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 regarding CW6 and on that basis deny those allegations.  The Funko Defendants deny the allegation in Paragraph 90.

91.    To the extent the allegations in Paragraph 91 relate to the Dismissed Claims, no response is required.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 regarding CW6 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 91.

92.    To the extent the allegations in Paragraph 92 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92 regarding CW6 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 92.

93.    To the extent the allegations in Paragraph 93 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko

Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 regarding CW6 or CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 93.

94. To the extent the allegations in Paragraph 94 relate to the Dismissed Claims, no response is required. To the extent Paragraph 94 purports to assert legal conclusions, no response is required. The Funko Defendants deny the allegations in Paragraph 94.

95. To the extent the allegations in Paragraph 95 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants admit that Funko held an earnings call on October 31, 2019. The Funko Defendants further answer that Paragraph 95 purports to summarize and selectively quote the earnings call transcript; that transcript speaks for itself and Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations.

96. To the extent the allegations in Paragraph 96 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 96.

97. To the extent the allegations in Paragraph 97 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 regarding CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 97.

98. To the extent the allegations in Paragraph 98 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 98 purports to characterize Funko's stock price and

trading volume.  The Funko Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 98 regarding the market's interpretation of Funko's financial disclosures or the effect on Funko's share price and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 98.

99.    To the extent the allegations in Paragraph 99 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 99.

100.   To the extent the allegations in Paragraph 100 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 100.

101.   To the extent the allegations in Paragraph 101 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 101.

102.   To the extent the allegations in Paragraph 102 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

25

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

belief as to the truth of the allegations in Paragraph 102 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 102.

103.   To the extent the allegations in Paragraph 103 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 103.

104.   To the extent the allegations in Paragraph 104 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 104.

105.   To the extent the allegations in Paragraph 105 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 105.

106.   To the extent the allegations in Paragraph 106 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106 regarding CW1 and on that basis deny those allegations.  The Funko Defendants admit that Funko's facility in Puyallup did not have fulfillment capabilities.  The Funko Defendants otherwise deny the allegations in Paragraph 106.

107.   To the extent the allegations in Paragraph 107 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 107 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 107.

108.   To the extent the allegations in Paragraph 108 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 108.

109.   To the extent the allegations in Paragraph 109 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 109.

110.   To the extent the allegations in Paragraph 110 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendant Jung denies the allegations in Paragraph 110.  The remaining Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110 regarding CW1 and on that basis deny those allegations.

111.   To the extent the allegations in Paragraph 111 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendant Mariotti denies the first sentence in Paragraph 111 and Defendant Perlmutter denies the second sentence in Paragraph 111 and each otherwise lacks sufficient

knowledge of information to form a belief as to the truth of the allegation in Paragraph 111 about the other Defendant. The remaining Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 regarding CW1 and on that basis deny those allegations.

112. To the extent the allegations in Paragraph 112 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendant Mariotti denies the allegations contained in Paragraph 112. The remaining Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112 regarding CW1 and on that basis deny those allegations.

113. To the extent the allegations in Paragraph 113 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants admit that Allison Dinan was employed by Funko during the putative class period. The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 113 regarding CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 113.

114. To the extent the allegations in Paragraph 114 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114 regarding CW1 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 114.

115. To the extent the allegations in Paragraph 115 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115 regarding CW5 and on that

basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 115.

116.    To the extent the allegations in Paragraph 116 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants Mariotti and Jung deny the allegations in Paragraph 116 as to themselves and otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116 about the other Defendant and Nickel.  The remaining Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116 and on that basis deny those allegations.

117.    To the extent the allegations in Paragraph 117 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 117 regarding CW1, CW2, or CW3, and on that basis deny that allegation.  The Funko Defendants otherwise deny the allegations in Paragraph 117.

118.    To the extent the allegations in Paragraph 118 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 118.

119.    The Funko Defendants admit that Funko filed a shelf registration statement after the close of trading on April 19, 2019.  That registration statement speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize that document, the Funko Defendants deny those allegations.

120.    To the extent the allegations in Paragraph 120 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants admit that Defendant Jung sent a letter to the SEC on September 12,

2019.  That letter speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize that document, the Funko Defendants deny those allegations.  The Funko Defendants deny the remaining allegations in Paragraph 120.

121.  Paragraph 121 purports to summarize and selectively quote from a press release; that press release speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize that document, the Funko Defendants deny those allegations.

122.  Paragraph 122 purports to summarize and selectively quote from Funko's public SEC filings; those documents speak for themselves and the Funko Defendants respectfully refer the Court to those filings for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 122.

123.  Paragraph 123 purports to summarize and selectively quote from public SEC filings; those documents speak for themselves and the Funko Defendants respectfully refer the Court to those filings for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations. Defendant Mariotti admits that on September 19, 2019, he sold shares of Funko stock for $10,168,000.  The ACON Director Defendants admit that on September 19, 2019, certain entities affiliated with ACON Investments, L.L.C. sold shares of Funko stock.  The Funko Officer Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any sale of stock made individually or collectively by certain of the ACON Defendants, and therefore deny them on that basis.  The Funko Defendants otherwise deny the

allegations in Paragraph 123.

124.   The Funko Defendants admit that Defendant Mariotti owned 8.6% of Funko's Class A shares after the offering, and that certain affiliates of ACON Investments, L.L.C. were collectively beneficial owners – as such term is defined and such percentages calculated in the Prospectus associated with the offering – of 45.7% of Funko's Class A shares after the offering.  Paragraph 124 otherwise purports to summarize and selectively quote from Funko's public SEC filings; those documents speak for themselves and the Funko Defendants respectfully refer the Court to those filings for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations.

125.   To the extent the allegations in Paragraph 125 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants admit that Funko did not receive any proceeds from and paid certain expenses related to the September 2019 secondary offering.  The Funko Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 125 regarding the market's interpretation of Funko's financial disclosures or Funko's share price and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 125.

126.   To the extent the allegations in Paragraph 126 relate to the Dismissed Claims, no response is required.  The Funko Defendants admit that Funko held an earnings call on October 31, 2019.  Funko Defendants further answer that Paragraph 126 purports to summarize and selectively quote the earnings call transcript; that transcript speaks for itself and the Funko Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, the Funko Defendants deny those allegations.  The Funko Defendants

otherwise deny the allegations in Paragraph 126.

127.   To the extent the allegations in Paragraph 127 relate to the Dismissed Claims, no response is required.  The Funko Defendants admit that, on August 8, 2019, Funko filed its quarterly report on Form 10-Q for the period ended June 30, 2019.  That document speaks for itself and the Funko Defendants respectfully refer the Court to the document for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the document, the Funko Defendants deny those allegations.

128.   To the extent the allegations in Paragraph 128 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 128 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants further answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128 regarding CW1, CW2, CW3, CW4, CW5, or CW6 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 128.

129.   To the extent the allegations in Paragraph 129 relate to the Dismissed Claims, no response is required.  The Funko Defendants admit that Funko issued a press release on October 31, 2019.  The press release speaks for itself and the Funko Defendants respectfully refer the Court to the press release for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the press release, the Funko Defendants deny those allegations.

130. To the extent the allegations in Paragraph 130 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants admit that Funko held an earnings call on October 31, 2019.  The Funko Defendants further answer that Paragraph 130 purports to summarize and selectively quote the earnings call transcript; that transcript speaks for itself and

Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, Defendants deny those allegations.

131.   To the extent the allegations in Paragraph 131 relate to the Dismissed Claims, no response is required.  The Funko Defendants aver that Paragraph 131 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 131.

132.   To the extent the allegations in Paragraph 132 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132 regarding CW5 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 132.

133.   To the extent the allegations in Paragraph 133 relate to the Dismissed Claims, no response is required.  The Funko Defendants admit that Funko held an earnings call on October 31, 2019.  The Funko Defendants further answer that Paragraph 133 purports to summarize and selectively quote the earnings call transcript; that transcript speaks for itself and the Funko Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, the Funko Defendants deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 133.

134.   To the extent the allegations in Paragraph 134 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 134 purports to assert legal conclusions to which

no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134 regarding CW1 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 134.

135.   To the extent the allegations in Paragraph 135 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135 regarding CW5 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 135.

136.   To the extent the allegations in Paragraph 136 relate to the Dismissed Claims, no response is required.  The Funko Defendants admit that on October 31, 2019, Funko filed its quarterly report on Form 10-Q for the period ended September 30, 2019.  That document speaks for itself and the Funko Defendants respectfully refer the Court to the document for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the document, the Funko Defendants deny those allegations.

137.   Paragraph 137 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants answer that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137 regarding CW1, CW2, CW3, CW4, CW5, or CW6 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 137.

138.   To the extent the allegations in Paragraph 138 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 138 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko

Defendants admit that Funko announced its preliminary fourth quarter 2019 financial results via press release on February 5, 2020.  The press release speaks for itself and the Funko Defendants respectfully refer the Court to the press release for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize Funko's press release or any related statements, the Funko Defendants deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 138.

139.   To the extent the allegations in Paragraph 139 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants admit that Funko announced its preliminary fourth quarter 2019 financial results via press release on February 5, 2020.  The press release speaks for itself and the Funko Defendants respectfully refer the Court to the press release for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize Funko's press release or any related statements, the Funko Defendants deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 139.

140.   To the extent the allegations in Paragraph 140 relate to the Dismissed Claims, no response is required.  To the extent the allegations in Paragraph 140 purport to characterize Funko's stock price or trading volume, the Funko Defendants refer to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  The Funko Defendants otherwise deny the allegations in Paragraph 140.

141.   To the extent the allegations in Paragraph 141 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 141 purports to summarize certain securities analyst reports; those reports speak for themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or

mischaracterize those documents, the Funko Defendants deny those allegations.

142.   To the extent the allegations in Paragraph 142 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 142 purports to summarize and selectively quote from a securities analyst report; that report speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize that document, the Funko Defendants deny those allegations.

143.   To the extent the allegations in Paragraph 143 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 143 purports to summarize and selectively quote from a securities analyst report; that report speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize that document, the Funko Defendants deny those allegations.

144.   To the extent the allegations in Paragraph 144 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 144 purports to summarize and selectively quote from an article; that article speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize that document, the Funko Defendants deny those allegations.

145.   To the extent the allegations in Paragraph 145 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 145 purports to summarize and selectively quote from securities analyst reports; those reports speak for themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from

or mischaracterize those documents, the Funko Defendants deny those allegations.

146. To the extent the allegations in Paragraph 146 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 146 purports to summarize and selectively quote from a securities analyst report; that report speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that document, the Funko Defendants deny those allegations.

147. To the extent the allegations in Paragraph 147 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 147 purports to summarize and selectively quote from a securities analyst report; that report speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize that document, the Funko Defendants deny those allegations.

148. To the extent the allegations in Paragraph 148 relate to the Dismissed Claims, no response is required. The Funko Defendants admit that Funko issued a press release on March 5, 2020. The press release speaks for itself and the Funko Defendants respectfully refer the Court to the press release for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the press release, the Funko Defendants deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 148.

149. To the extent the allegations in Paragraph 149 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 149 purports to summarize and selectively quote Funko's financial results; those financial results speak for themselves and the Funko Defendants respectfully refer the Court to the financial results for a complete and accurate statement of the contents thereof. To the extent the

allegations differ from or mischaracterize Funko's financial results, the Funko Defendants deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 149.

150.   To the extent the allegations in Paragraph 150 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 150 purports to summarize and selectively quote from Funko's March 5, 2020 Earnings Presentation; the Earnings Presentation speaks for itself and the Funko Defendants respectfully refer the Court to the presentation for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the Earnings Presentation, the Funko Defendants deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 150.

151.   To the extent the allegations in Paragraph 151 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants admit that Funko held an earnings call on March 5, 2020.  The Funko Defendants further answer that Paragraph 151 purports to summarize and selectively quote the earnings call transcript; that transcript speaks for itself and the Funko Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, the Funko Defendants deny those allegations.

152.   To the extent the allegations in Paragraph 152 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants admit that Funko held an earnings call on March 5, 2020.  The Funko Defendants further answer that Paragraph 152 purports to summarize and selectively quote the earnings call transcript; that transcript speaks for itself and the Funko Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, the Funko Defendants deny those allegations.

153.   To the extent the allegations in Paragraph 153 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants admit that Funko held an earnings call on March 5, 2020.  The Funko Defendants further answer that Paragraph 153 purports to summarize and selectively quote the earnings call transcript; that transcript speaks for itself and the Funko Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, the Funko Defendants deny those allegations.

154.   To the extent the allegations in Paragraph 154 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants admit that Funko held an earnings call on March 5, 2020.  The Funko Defendants further answer that Paragraph 154 purports to summarize and selectively quote the earnings call transcript; that transcript speaks for itself and the Funko Defendants respectfully refer the Court to the transcript for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize the transcript, the Funko Defendants deny those allegations.

155.   To the extent the allegations in Paragraph 155 relate to the Dismissed Claims, no response is required.  To the extent the allegations in Paragraph 155 purport to characterize Funko's stock price, the Funko Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  The Funko Defendants otherwise deny the allegations in Paragraph 155.

156.   To the extent the allegations in Paragraph 156 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 156 purports to assert legal conclusions to which no response is required.  The Funko Defendants otherwise deny the allegations in Paragraph 156.

157.   To the extent the allegations in Paragraph 157 relate to the Dismissed

Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 157 purports to assert legal conclusions to which no response is required.  The Funko Defendants otherwise deny the allegations in Paragraph 157.

158.   To the extent the allegations in Paragraph 158 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 158 purports to assert legal conclusions to which no response is required.  The Funko Defendants otherwise deny the allegations in Paragraph 157.

159.   To the extent the allegations in Paragraph 159 relate to the Dismissed Claims, no response is required.  To the extent the allegations in Paragraph 159 purport to characterize Funko's stock price or trading volume, the Funko Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  The Funko Defendants otherwise deny the allegations in Paragraph 159.

160.   To the extent the allegations in Paragraph 160 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 160 purports to assert legal conclusions to which no response is required and to summarize and selectively quote from certain securities analyst reports and articles; those reports and articles speak for themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 160.

161.   Paragraph 161 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants repeat and incorporate their prior answers as if fully restated herein and deny the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

40

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

allegations in Paragraph 161.

162. To the extent the allegations in Paragraph 162 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 162 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants repeat and incorporate their answers to ¶¶ 73-93 as if fully set forth herein. The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162 regarding CW1 or CW2, and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 162.

163. To the extent the allegations in Paragraph 163 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 163 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants repeat and incorporate their answers to ¶¶ 94-117 as if fully set forth herein. The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163 regarding CW1, CW2, or CW3, and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 163.

164. To the extent the allegations in Paragraph 164 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 164 purports to assert legal conclusions to which no response is required. To the extent a response is required, Funko and Defendant Mariotti admit that Defendant Mariotti sold 150,000 shares of Funko Stock between January 2019 and August 2019, and 500,000 shares of Funko Stock between August 2019 and March 2020. Funko and Defendant Mariotti deny the remaining allegations in Paragraph 164. The remaining Funko Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 164, and therefore deny them on that basis.

165.    To the extent the allegations in Paragraph 165 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants repeat and incorporate their answers to ¶¶ 118-125 as if fully set forth herein.  The Funko Defendants further answer that Paragraph 165 purports to summarize and selectively quote from public SEC filings that speak for themselves, and the Funko Defendants respectfully refer the Court to those filings for a complete and accurate description of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations.  Defendant Mariotti admits that he sold shares of Funko stock pursuant to the offering.  The ACON Director Defendants admit that certain affiliates of ACON Investments, L.L.C. sold shares of Funko stock pursuant to the offering.  Defendant Perlmutter admits that he sold shares of Funko stock on October 1, 2019.  The remaining Funko Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 165.

166.    To the extent the allegations in Paragraph 166 relate to the Dismissed Claims, no response is required.  To the extent the allegations in Paragraph 166 purport to characterize Funko's stock price, the Funko Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  The Funko Defendants otherwise deny the allegations in Paragraph 166.

167.    To the extent the allegations in Paragraph 167 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 167 purports to assert legal conclusions to which no response is required, and purports to summarize and selectively quote from Funko's public SEC filings, which documents speak for themselves.  The Funko Defendants respectfully refer the Court to those filings for a complete and accurate

statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations. The Funko Defendants admit that Funko securities were listed and traded on the NASDAQ during the putative class period, and that Funko filed periodic public reports on Form 10-K and Form 10-Q with the SEC and issued press releases that were publicly available during the putative class period. Funko Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167.

168. To the extent the allegations in Paragraph 168 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 168 purports to assert legal conclusions to which no response is required. The Funko Defendants further answer that they lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 168 regarding the market's interpretation of Funko's share price and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 168.

169. To the extent the allegations in Paragraph 169 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 169 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 169.

170. To the extent the allegations in Paragraph 170 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 170 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 170.

171. To the extent the allegations in Paragraph 171 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

43

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

Defendants aver that Paragraph 171 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 171.

172.   To the extent the allegations in Paragraph 172 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 172 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 172 and on that basis deny those allegations deny those allegations.

173.   To the extent the allegations in Paragraph 173 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 173 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 173.

174.   To the extent the allegations in Paragraph 174 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 174 purports to summarize certain public statements on February 5, 2020 and March 5, 2020; those public statements speak for themselves and the Funko Defendants respectfully refer the Court to those statements for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those statements, the Funko Defendants deny those allegations.

175.   To the extent the allegations in Paragraph 175 relate to the Dismissed Claims, no response is required.  To the extent the allegations in Paragraph 175 purport to characterize Funko's stock price or trading volume, the Funko Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  The Funko Defendants

otherwise deny the allegations in Paragraph 175.

176.    To the extent the allegations in Paragraph 176 relate to the Dismissed Claims, no response is required.  The Funko Defendants further aver that Paragraph 176 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants answer that the allegations in Paragraph 176 purport to characterize Funko's stock price, and the Funko Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  The Funko Defendants otherwise deny the allegations in Paragraph 176.

177.    To the extent the allegations in Paragraph 177 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 177 purports to summarize and cite to certain securities analyst reports; those reports speak for themselves and the Funko Defendants respectfully refer the Court to those reports for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 177.

178.    To the extent the allegations in Paragraph 178 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 178 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 178.

179.    The Funko Defendants admit that Plaintiffs seek to bring this case as a class action.  To the extent the allegations in Paragraph 179 relate to the Dismissed Claims, purport to characterize the putative class or assert legal conclusions, no response is required.  To the extent a further response is required, the Funko Defendants deny the remaining allegations in Paragraph 179.

180.    To the extent the allegations in Paragraph 180 relate to the Dismissed

Claims, purport to characterize the putative class, or assert legal conclusions, no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 180.

181. To the extent the allegations in Paragraph 181 relate to the Dismissed Claims, purport to characterize the typicality of claims of the putative class, or assert legal conclusions, no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 181.

182. To the extent the allegations in Paragraph 182 relate to the Dismissed Claims, purport to characterize the adequacy of the Lead Plaintiffs, or assert legal conclusions, no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 182.

183. To the extent the allegations in Paragraph 183 relate to the Dismissed Claims, purport to characterize whether common questions of law and/or fact exist, or assert legal conclusions, no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 183.

184. To the extent the allegations in Paragraph 184 relate to the Dismissed Claims, purport to assess whether a class action is a superior method of adjudication, or assert legal conclusions, no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 184.

V.   CAUSES OF ACTION

COUNT I
**Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against Defendants Funko, Mariotti, and Jung**

185. Paragraph 185 does not require a response. To the extent it does require a response, the Funko Defendants restate and incorporate their answers to every foregoing paragraph of the SAC.

186. To the extent the allegations in Paragraph 186 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants aver that Paragraph 186 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 186.

187.   To the extent the allegations in Paragraph 187 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 187 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 187.

188.   To the extent the allegations in Paragraph 188 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 188 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 188.

189.   To the extent the allegations in Paragraph 189 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 189 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 189.

190.   To the extent the allegations in Paragraph 190 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 190 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 190.

191.   To the extent the allegations in Paragraph 191 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 191 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 191.

192.    To the extent the allegations in Paragraph 192 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 192 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 192.

193.    To the extent the allegations in Paragraph 193 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 193 purports to assert legal conclusions to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 193.

194.    To the extent the allegation in Paragraph 194 relates to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 194 purports to assert a legal conclusion to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegation in Paragraph 194.

195.    To the extent the allegation in Paragraph 195 relates to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 195 purports to assert a legal conclusion to which no response is required.  To the extent a response is required, the Funko Defendants deny the allegation in Paragraph 195.

## COUNT II

### Violation of Section 20(a) of the Exchange Act Against the Individual Defendants and the ACON Defendants

196.    Paragraph 196 does not require a response.  To the extent it does require a response, the Funko Defendants restate and incorporate their answers to every foregoing paragraph of the SAC.

197.    To the extent the allegations in Paragraph 197 relate to the Dismissed

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 197 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 197.

198. To the extent the allegations in Paragraph 198 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 198 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 198.

199. To the extent the allegations in Paragraph 199 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 199 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 199.

**COUNT III**

**Violation of Section 20A of the Exchange Act Against Mariotti, Perlmutter and the ACON Defendants**

200. Paragraph 200 does not require a response. To the extent it does require a response, the Funko Defendants restate and incorporate their answers to every foregoing paragraph of the SAC.

201. To the extent the allegation in Paragraph 201 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 201 purports to assert a legal conclusion to which no response is required. To the extent a response is required, the Funko Defendants aver that the Court held in its October 25, 2021 Order that no underlying violation of Section 10(b) and/or Rule 10b-5 occurred prior to October 31, 2019, *see* ECF No. 165, and on that basis deny the allegations in Paragraph 201. The Funko Defendants further deny the remaining allegations in

Paragraph 201.

202. To the extent the allegations in Paragraph 202 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 202 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 202.

203. To the extent the allegation in Paragraph 203 relate to the Dismissed Claims, no response is required. To the extent a response is required, Paragraph 203 purports to summarize and selectively quote from Funko's Code of Conduct; that document speaks for itself and the Funko Defendants respectfully refer the Court to that document for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize the document, the Funko Defendants deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 203.

204. To the extent the allegations in Paragraph 204 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 204 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 204 purports to summarize and selectively quote from Form 4s filed with the SEC; those documents speak for themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations. The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 204 regarding the trading of Plaintiffs Zheng and Baker on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 204.

205. To the extent the allegations in Paragraph 205 relate to the Dismissed

Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 205 purports to summarize and selectively quote from Form 4s filed with the SEC; those documents speak for themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations.  To the extent a response is required, the Funko Defendants aver that Paragraph 205 purports to assert legal conclusions to which no response is required; to the extent a response is required, Defendant Mariotti denies that the proceeds from his stock sales constituted profit within the meaning of 15 U.S.C. § 78t-1(b)(1), and also denies that profit is the appropriate measure for damages under Count III, pursuant to 15 U.S.C. § 78t-1(b)(1). The Funko Defendants deny the remaining allegations in Paragraph 205.

206.   To the extent the allegations in Paragraph 206 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the ACON Director Defendants admit that certain affiliates of ACON Investments, L.L.C. sold shares of Funko stock in the offering.  The Funko Officer Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 206 and on that basis deny those allegations.

207.   To the extent the allegations in Paragraph 207 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 207 purports to assert legal conclusions to which no response is required; to the extent a response is required, the ACON Director Defendants deny that any entities affiliated with ACON Investments, L.L.C. received profit within the meaning of 15 U.S.C. § 78t-1(b)(1), or that profit is the appropriate measure for damages under Count III, pursuant to 15 U.S.C. § 78t-1(b)(1).  The Funko Officer Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 207 and on that basis

deny those allegations.

208.   To the extent the allegations in Paragraph 208 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 208 purports to assert legal conclusions to which no response is required.  The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 208 and on that basis deny those allegations.  The Funko Defendants otherwise deny the allegations in Paragraph 208.

209.   To the extent the allegations in Paragraph 209 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 209 purports to summarize and selectively quote from Form 4s filed with the SEC; those documents speak for themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof.  To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations.

210.   To the extent the allegations in Paragraph 210 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the Funko Defendants aver that Paragraph 210 purports to assert legal conclusions to which no response is required.  The Funko Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 210 and on that basis deny that allegation.  The Funko Defendants otherwise deny the allegations in Paragraph 210.

211.   To the extent the allegations in Paragraph 211 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendant Perlmutter admits that he sold Funko shares on October 1, 2019.  The Funko Defendants otherwise aver that Paragraph 211 purports to summarize and selectively quote from Form 4s filed with the SEC; those documents speak for

themselves and the Funko Defendants respectfully refer the Court to those documents for a complete and accurate statement of the contents thereof. To the extent the allegations differ from or mischaracterize those documents, the Funko Defendants deny those allegations. The Funko Defendants lack sufficient knowledge or information to form a belief as to the allegations in the second sentence of Paragraph 211 and on that basis deny those allegations.

212. To the extent the allegations in Paragraph 212 relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 212 purports to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants aver that the Court held in its October 25, 2021 Order that no false or misleading statement and/or concealment had occurred prior to October 31, 2019, *see* ECF No. 165, and on that basis deny the allegations in Paragraph 212. The Funko Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 212 and on that basis deny those allegations. The Funko Defendants otherwise deny the allegations in Paragraph 212.

213. To the extent the allegations in Paragraph 213 and the corresponding footnote relate to the Dismissed Claims, no response is required. To the extent a response is required, the Funko Defendants aver that Paragraph 213 and the corresponding footnote purport to assert legal conclusions to which no response is required. To the extent a response is required, the Funko Defendants deny the allegations in Paragraph 213 and the corresponding footnote.

## **AFFIRMATIVE AND OTHER DEFENSES**

The Funko Defendants assert the following affirmative and other defenses in response to the allegations set forth in the SAC. The Funko Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation or as justice may

require. The statement of any defense does not alter the elements of Plaintiffs' claims or assume the burden of proof on any issues as to which applicable law places the burden on Plaintiffs. To the extent that any of the defenses asserted herein are to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs fail to state a claim against the Funko Defendants as to which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

The Funko Defendants at all times acted in good faith, with reasonable care, and did not directly or indirectly induce any acts constituting the alleged violations and causes of action. *See, e.g.*, 15 U.S.C. § 78t.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Scienter)

The Funko Defendants had no knowledge of, or reasonable ground to believe in, the existence of the facts alleged, and did not act recklessly or with intent to defraud as to any alleged misstatement or omission on which the liability of the Funko Defendants is based. *See, e.g.*, 15 U.S.C. § 77o.

## FOURTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiffs' claims are not actionable to the extent the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by the Funko Defendants fall within one or both of the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as codified at 15 U.S.C. § 77z-2(c), and/or the

"bespeaks caution" doctrine.

## FIFTH AFFIRMATIVE DEFENSE

### (Prior Knowledge)

At the time of their acquisition of Funko stock, Plaintiffs and members of the purported class had actual or constructive knowledge of the allegedly untrue statements, of all or some of the alleged omissions and misstatements, or other wrongful conduct upon which the Funko Defendants' purported liability rests.

## SIXTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs and the members of the purported class knew or should have known the risks associated with Funko's business, and in failing to consider these risks, Plaintiffs and each purported class member assumed the risk that he, she, or it might be damaged by acquiring Funko stock.

## EIGHTH AFFIRMATIVE DEFENSE

### (Materiality)

The Funko Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were not material.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation)

Plaintiffs' claims are barred because the alleged losses of Plaintiffs' and members of the purported class were not directly or proximately caused by the Funko Defendants, and Plaintiffs are unable to establish that the alleged misstatements and omissions in the SAC were the cause of the decisions by Plaintiffs or members of the purported class to purchase or sell Funko securities or

the terms of Plaintiffs' and members of the purported class' investments, and/or that Plaintiffs or members of the purported class did not rely upon the alleged misstatements and omissions in acquiring Funko stock.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Reliance)

Plaintiffs and members of the purported Class did not rely on, and would have acquired Funko common stock even if they had known of, the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which the Funko Defendants' purported liability rests.

## ELEVENTH AFFIRMATIVE DEFENSE

(Statements of Opinion)

The claims alleged in the SAC are not actionable because the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by the Funko Defendants were statements of opinion.

## TWELFTH AFFIRMATIVE DEFENSE

(Loss Causation)

Plaintiffs' and members of the purported Class's claims against the Funko Defendants are barred, in whole or in part, because the purported misstatements or omissions alleged in the SAC that are attributed to Funko did not affect the market price of Funko's securities.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiffs' and members of the purported Class's claims against the Funko Defendants are barred, in whole or in part, because plaintiffs and members of the purported Class lack standing to assert their claims against the Funko Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Contribution and Indemnity)

Under the principles of contribution and indemnity, persons or entities other than the Funko Defendants are wholly or partially responsible for the purported damages, if any, that plaintiffs and members of the purported Class may have sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Depreciation of Value Attributable to Other Causes)

Under any theory of liability, plaintiffs and members of the purported Class may not recover damages based on depreciation in the value of Funko securities that resulted from factors other than the alleged material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of business, which are cited in the SAC.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

The claims alleged in the SAC are barred, in whole or in part, because the Funko Defendants reasonably relied in good faith on the professional judgments, opinions, and advice of legal, finance, and other professionals, and had no reasonable grounds to believe and did not believe that any statements made by them were materially false or misleading.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The claims alleged in the SAC are barred, in whole or in part, because plaintiffs and members of the purported Class failed to act reasonably to mitigate their damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Actual Knowledge of Falsity)

The claims alleged in the SAC are barred, in whole or in part, because the

Funko Defendants did not know, and in the exercise of reasonable care could not have known, of any of the alleged misrepresentations, omissions, or fraud alleged in the SAC.

## NINETEENTH AFFIRMATIVE DEFENSE

(No Knowing Violation)

The claims alleged in the SAC are barred, in whole or in part, because pursuant to Section 21D(f) of the Securities Exchange Act of 1934, the Funko Defendants are covered persons who did not knowingly commit a violation of the securities laws.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Duty to Disclose)

The claims alleged in the SAC are barred, in whole or in part, because the Funko Defendants had no duty to disclose any facts allegedly not disclosed.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

58

CASE NO. 2:20−cv−02319−VAP−PJW
FUNKO DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

Dated:  November 22, 2021

LATHAM & WATKINS LLP

By:  /s/ Kevin M. McDonough
     Kevin M. McDonough
     (*pro hac vice*)
     Benjamin A. Naftalis
     (*pro hac vice*)
     1271 Avenue of the Americas
     New York, New York 10020
     Tel:  +1.212.906.1200
     Fax:  +1.212.751.4864
     E-mail:  kevin.mcdonough@lw.com
     E-mail:  benjamin.naftalis@lw.com

     Meryn C. N. Grant
     (State Bar No. 291315)
     355 South Grand Avenue, Suite 100
     Los Angeles, California 90071-1560
     Tel:  +1.213.485.1234
     Fax:  +1.213.891.8763
     E-mail:  meryn.grant@lw.com

     *Counsel for Defendants Funko, Inc., Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, and Adam Kriger*