ESKOVITZ LAW
Sean Eskovitz (State Bar No. 241877)
seane@eskovitz.com
1217 Wilshire Blvd # 3683
Santa Monica, CA 90403
Tel: 323.821.5836

AEGIS LAW GROUP LLP
Michael K. Ross (*pro hac vice*)
mross@aegislawgroup.com
Sean M. Roberts (*pro hac vice*)
sroberts@aegislawgroup.com
Market Square West, Suite 740
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202.737.3500

Counsel for ACON Entity Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20−cv−02319−VAP−PJW |
| Plaintiff, | |
| v. | **ACON ENTITY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED SECOND AMENDED COMPLAINT** |
| FUNKO, INC., BRIAN MARIOTTI, RUSSELL NICKEL, ANDREW PERLMUTTER, JENNIFER FALL JUNG, KEN BROTMAN, GINO DELLOMO, ADAM KRIGER, ACON INVESTMENTS, L.L.C., ACON FUNKO MANAGER, L.L.C., ACON FUNKO INVESTORS, L.L.C., ACON FUNKO INVESTORS HOLDINGS 1, L.L.C., ACON FUNKO INVESTORS HOLDINGS 2, L.L.C., ACON FUNKO INVESTORS HOLDINGS 3, L.L.C., and ACON EQUITY GENPAR, L.L.C. | |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants ACON Investments, L.L.C.; ACON Funko Manager, L.L.C; ACON Funko Investors, L.L.C.; ACON Funko Investors Holdings 1, L.L.C.; ACON Funko Investors Holdings 2, L.L.C.; ACON Funko Investors Holdings 3, L.L.C; and ACON Equity GenPar, L.L.C. (collectively, the "ACON Entity Defendants"), by and through undersigned counsel, hereby submit their Answer and affirmative and other defenses to Plaintiffs' Consolidated Second Amended Class Action Complaint ("SAC"). Except as expressly admitted herein, the ACON Entity Defendants deny each and every allegation in the SAC. Unless otherwise defined, capitalized terms used herein have the meaning attributed to them in the SAC. Such use should not be construed as an admission as to the accuracy or propriety of such terms.

## I.   NATURE OF THE ACTION

1.   The allegations in Paragraph 1 purport to characterize this action, and thus no response is required. To the extent a response is required, the ACON Entity Defendants deny that the Class Period runs from August 8, 2019 through March 5, 2020. The ACON Entity Defendants otherwise deny the remaining allegations in Paragraph 1.

2.   To the extent the allegations in Paragraph 2 consist of characterizations and speculations, no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 2 purport to characterize Funko's public statements, those public statements speak for themselves. To the extent the allegations in Paragraph 2 differ from or mischaracterize those public statements, the ACON Entity Defendants deny those allegations.

3.   To the extent the allegations in Paragraph 3 concern claims that were dismissed, no response is required. To the extent a response is required, the allegations in Paragraph 3 consist of legal conclusions and characterizations as to which no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief

- 1 -

as to the truth of the allegations regarding "numerous former Funko employees, including a former senior-level employee." The ACON Entity Defendant otherwise deny the remaining allegations in Paragraph 3.

4. To the extent the allegations in Paragraph 4 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. To the extent the allegations in Paragraph 5 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. To the extent the allegations in Paragraph 6 concern claims that were dismissed, no response is required. To the extent a response is required, the allegations in Paragraph 6 consist of legal conclusions and characterizations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 6.

7. The allegations in Paragraph 7 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the allegations in Paragraph 7 consist of legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, the first sentence of Paragraph 7 appears to characterize and summarize Funko's October 31, 2019 press release and/or the transcript of Funko's October 31, 2019 earnings call, which documents speak for themselves. To the extent the allegations in the first sentence of Paragraph 7 differ from or mischaracterize the press release or transcript, the ACON Entity Defendants deny those allegations. The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations attributing statements to "a former Funko

senior-level employee for sales forecasting." The ACON Entity Defendants otherwise deny the remaining allegations in Paragraph 7.

8.    The allegations in Paragraph 8 concern claims that were dismissed as to the ACON Entity Defendants, and thus no response is required.  To the extent the allegations in Paragraph 8 consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the ACON Entity Defendants admit that a secondary offering occurred on September 19, 2019, that investment funds managed by certain affiliates of ACON Investments sold shares, and that Funko did not directly receive any proceeds from that offering.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 8.  Finally, the ACON Entity Defendants interpret the second sentence of Paragraph 8 to define the term "ACON," as used in the SAC, to collectively refer to the ACON Entity Defendants that sold shares in the Offering, as opposed to "ACON Funko Investments[sic], L.L.C." specifically.

9.    To the extent the allegations in Paragraph 9 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants admit that Funko disclosed its fourth quarter 2019 financial results in a press release dated February 5, 2020.  Paragraph 9 purports to characterize and summarize the press release, which speaks for itself.  To the extent the allegations in Paragraph 9 differ from or mischaracterize the press release, the ACON Entity Defendants deny those allegations.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 9.

10.    To the extent the allegations in Paragraph 10 concern claims that were dismissed, no response is required.  To the extent Paragraph 10 purports to characterize Funko's stock price and trading volume, the ACON Entity Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  The remaining allegations in Paragraph 10 consist of characterizations and speculations, as to which no response is required.

To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 10.

11.    The allegations in Paragraph 11 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the first sentence of Paragraph 11 consists of characterizations and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 11.  The second sentence of Paragraph 11 purports to summarize and quote from a February 6, 2020 Piper Sandler report, which report speaks for itself.  To the extent the allegations in the second sentence of Paragraph 11 differ from or mischaracterize this report, the ACON Entity Defendants deny those allegations.

12.    The allegations in Paragraph 12 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, Paragraph 12 purports to summarize and quote from a Motley Fool article dated February 6, 2020, which article speaks for itself.  To the extent the allegations in Paragraph 12 differ from or mischaracterize the article, the ACON Entity Defendants deny those allegations.  The ACON Entity Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.    To the extent the allegations in Paragraph 13 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph 13 purports to summarize and quote from a BMO Capital Markets report dated February 10, 2020, which report speaks for itself.  To the extent the allegations in Paragraph 13 differ from or mischaracterize the article, the ACON Entity Defendants deny those allegations.  The ACON Entity Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.    The allegations in Paragraph 14 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON Entity Defendants admit that Funko confirmed its fourth quarter 2019 results and announced its full year 2019 financial results on March 5, 2020. Funko's financial results and related statements speak for themselves. To the extent the allegations in Paragraph 14 differ from or mischaracterize those financial results and related statements, the ACON Entity Defendants deny those allegations. The remaining allegations in Paragraph 14 consist of characterizations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 14.

15.    To the extent the allegations in Paragraph 15 concern claims that were dismissed, no response is required. To the extent Paragraph 15 purports to characterize Funko's stock price and trading volume, the ACON Entity Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith. The remaining allegations in Paragraph 15 consist of characterizations and speculations, as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 15.

16.    The allegations in Paragraph 16 consist of legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 16.

## II.    JURISDICTION AND VENUE

17.    To the extent the allegations in Paragraph 17 concern claims that were dismissed, no response is required. To the extent a response is required, the allegations in Paragraph 17 consist of legal conclusions and characterizations as to which no response is required. To the extent a response is required, the ACON Entity Defendants admit that Plaintiffs purport to assert claims under Sections 10(b)

and Rule 10b-5 promulgated thereunder, 20(a), and 20A of the Exchange Act. The ACON Entity Defendants otherwise deny the allegations in Paragraph 17.

18. The allegations in Paragraph 18 consist of legal conclusions as to which no response is required. To the extent a response is required, the ACON Entity Defendants admit that this Court has subject matter jurisdiction over this action.

19. The allegations in Paragraph 19 consist of legal conclusions as to which no response is required. To the extent a response is required, the ACON Entity Defendants admit that venue is proper in this judicial district. The ACON Entity Defendants otherwise deny the allegations in Paragraph 19.

20. The allegations in Paragraph 20 consist of legal conclusions and characterizations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 20.

## III.   PARTIES

21. The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 regarding Lead Plaintiff Abdul Baker's alleged purchase of Funko securities. The remaining allegations in Paragraph 21 consist of legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 21.

22. The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding Lead Plaintiff Zhibin Zhang's alleged purchase of Funko securities. The remaining allegations in Paragraph 22 consist of legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 22.

23.     The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 regarding Lead Plaintiff Huaiyu Zheng's alleged purchase of Funko securities.  The remaining allegations in Paragraph 23 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 23.

24.     The ACON Entity Defendants admit that Funko is incorporated under the laws of Delaware, that Funko's principal place of business is in Everett, Washington, and that Funko trades on the NASDAQ exchange under the symbol "FNKO."  The remaining allegations in Paragraph 24 consist of legal conclusions and characterizations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 24.

25.     The allegations in Paragraph 25 do not concern any claims against the ACON Entity Defendants.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning Defendant Mariotti.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 25.

26.     For Defendant Nickel has been dismissed as a party in this case, and thus no response is required.

27.     Admitted.

28.     Admitted.

29.     The first sentence of Paragraph 29 defines the term "Individual Defendants" for the purposes of the SAC, and thus no response is required.  The remaining allegations in Paragraph 29 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.    The allegations in Paragraph 30 do not concern any claims against the ACON Defendants.    The allegations in Paragraph 30 also consist of legal conclusions and characterizations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 30.

31.    The allegations in Paragraph 31 do not concern any claims against the ACON Entity Defendants.  The allegations in Paragraph 31 also consist of legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 31.

32.    The allegations in Paragraph 32 assert legal conclusions and characterizations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants admit that ACON Investments is a Delaware limited liability company, is based in Washington, D.C., and is an international private equity investment firm that manages capital through affiliated private equity investment advisors, who provide investment supervisory services to various pooled investment vehicles.  The third sentence of Paragraph 32 purports to summarize unspecified Form 4s related to ACON stock sales, which Form 4s speak for themselves.  To the extent the allegations in the second sentence of Paragraph 32 differ from or mischaracterize the Form 4s, the ACON Entity Defendants deny those allegations.  To the extent the fourth sentence and ninth sentence of Paragraph 32 purport to summarize public Funko SEC filings, those filings speak for themselves. To the extent the allegations in the fourth sentence and ninth sentence of Paragraph 32 differ from or mischaracterize those filings, the ACON Entity Defendants deny those allegations.  With respect to the fifth sentence of Paragraph 32, the ACON Entity Defendants admit that certain funds managed by certain affiliates of ACON

Investments acquired Funko in 2015, and that Funko was private at the time. With respect to the sixth sentence of Paragraph 32, the ACON Entity Defendants admit that ACON Investments and its affiliates issued a press release concerning the acquisition of Funko, and that Funko appears on the "Portfolio" page of the website of ACON Investments and its affiliates. This press release and webpage speak for themselves. To the extent the allegations in Paragraph 32 differ from or mischaracterize the press release and webpage, the ACON Entity Defendants deny those allegations. To the extent the seventh and eighth sentences of Paragraph 32 purport to summarize the public SEC filings associated with the IPO, those filings speak for themselves. To the extent the allegations in the seventh and eighth sentences of Paragraph 32 differ from or mischaracterize those SEC filings – including with respect to beneficial ownership, as such term is defined and percentages calculated in the SEC filings – the ACON Entity Defendants deny those allegations. With respect to the tenth sentence of Paragraph 32, the ACON Entity Defendants admit that Funko has two classes of voting stock. The ACON Entity Defendants otherwise deny the allegations in Paragraph 32.

33. Paragraph 33 purports to quote the Prospectus associated with the Offering, which document speaks for itself. To the extent the allegations in Paragraph 33 differ from or mischaracterize the Prospectus, the ACON Entity Defendants deny those allegations.

34. Paragraph 34 purports to characterize the SAC, and thus no response is required.

35. The allegations in Paragraph 35 consist of legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, Paragraph 35 purports to summarize various corporate governance documents, which speak for themselves. To the extent the allegations in Paragraph 35 differ or mischaracterize the corporate governance documents, the ACON Entity Defendants deny those allegations.

36.    The ACON Entity Defendants admit that Defendant Brotman has served on Funko's Board since April 2017, has served as Chairman of the Board at all times relevant to this action, is a founder and managing partner of ACON Investments, and was a member of the board of managers of ACON Funko Manager and ACON Equity GenPar at certain relevant times during the putative class period. The remaining allegations in Paragraph 36 consist of legal conclusions and characterizations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 36.

37.    The ACON Entity Defendants admit that Defendant Dellomo has served on Funko's Board since April 2017, was a director of ACON Investments at certain relevant times during the putative class period, and is now a partner of ACON Investments. The remaining allegations in Paragraph 37 consist of legal conclusions and characterizations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 37.

38.    The ACON Entity Defendants admit that Defendant Kriger has served on Funko's Board since April 2017, is an executive partner of ACON Investments, and served as a director of FAH. The remaining allegations in Paragraph 38 consist of legal conclusions and characterizations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 38.

39.    To the extent the allegations in Paragraph 39 concern claims that have been dismissed, no response is required. To the extent a response is required, Paragraph 39 purports to quote and characterize "various company filings," which filings speak for themselves. To the extent the allegations in Paragraph 39 differ form or mischaracterize those filings, the ACON Entity Defendants deny those allegations.

40. Admitted.

41. Paragraph 41 defines the term "ACON Defendants" for the purposes of the SAC, and thus no response is required.

42. The allegations in Paragraph 42 consist of legal conclusions and characterizations as to which no response is required. In addition, Paragraph 42 purports to quote from Funko's Code of Conduct, which document speaks for itself. To the extent the allegations in Paragraph 42 differ from or mischaracterize Funko's Code of Conduct, the ACON Entity Defendants deny those allegations.

43. Paragraph 43 defines the term "Defendants" for the purposes of the SAC, and thus no response is required.

## IV.   SUBSTANTIVE ALLEGATION

44. To the extent the allegations in Paragraph 44 consist of characterizations and speculations, no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 44 purport to characterize Funko's public statements, those public statements speak for themselves. To the extent the allegations in Paragraph 44 differ from or mischaracterize those public statements, the ACON Entity Defendants deny those allegations.

45. Admitted.

46. The allegations in Paragraph 46 do not concern any claims against the ACON Entity Defendants. To the extent a response is required, the ACON Entity Defendants admit that Funko, LLC was acquired in 2005, and that in 2011 Funko began selling its Pop! line of vinyl collectible figures. To the extent the allegations in Paragraph 46 purport to characterize Funko's public statements, those public statements speak for themselves. To the extent the allegations differ from or mischaracterize those public statements, the ACON Entity Defendants deny those allegations.

47. The ACON Entity Defendants admit that ACON acquired Funko in 2015. The second sentence of Paragraph 47 purports to characterize and quote from

a news release, which speaks for itself. To the extent allegations in the second sentence of Paragraph 47 mischaracterize or misquote the news release, the ACON Entity Defendants deny those allegations.

48. Admitted.

49. To the extent the allegations in Paragraph 49 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants admit that Funko holds various license agreements with certain content providers. The ACON Entity Defendants otherwise deny the allegations in Paragraph 49.

50. To the extent the allegations in Paragraph 50 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants admit that a portion of Funko's sales are generated from new product releases. The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported "former senior-level Funko employee." The remaining allegations in Paragraph 50 consist of characterizations and speculations as to which no response is required. To the extent a response is required, the ACON Entity Defendants otherwise deny the allegations in Paragraph 50.

51. To the extent the allegations in Paragraph 51 concern claims that were dismissed, no response is required. To the extent a response is required, the allegations in Paragraph 51 consist of characterizations and speculations as to which no response is required. To the extent a response is required, Paragraph 51 purports to characterize certain unspecified Funko license agreements, which agreements speak for themselves. To the extent the allegations in Paragraph 51 differ from or mischaracterize those license agreements, the ACON Entity Defendants deny those allegations. The ACON Entity Defendants otherwise deny the allegations in Paragraph 51.

52.     To the extent the allegations in Paragraph 52 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 52 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, ACON Entity Defendants deny the allegations in Paragraph 52.

53.     To the extent the allegations in Paragraph 53 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to whether the CWs reported the allegations attributed to them in Paragraph 53. The ACON Entity Defendants otherwise deny the allegations in Paragraph 53.

54.     The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.     The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     To the extent the allegations in Paragraph 56 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 concerning CW1.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 56.

57.     To the extent the allegations in Paragraph 57 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 concerning CW1.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 57.

58.     To the extent the allegations in Paragraph 59 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 58 concerning CW2.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 58.

59.     To the extent the allegations in Paragraph 58 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants admit that Loungefly is a consumer products company acquired by Funko in May 2017.  The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 concerning CW2.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 59.

60.     To the extent the allegations in Paragraph 60 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 concerning CW2.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 60.

61.     To the extent the allegations in Paragraph 61 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 concerning CW2.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 61.

62.     To the extent the allegations in Paragraph 62 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 concerning CW2.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 63 concerning CW1, CW2, and CW3. The ACON Entity Defendants otherwise deny the allegations in Paragraph 63.

64.   The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.   The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.   The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.   To the extent the allegations in Paragraph 67 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 concerning CW3.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 67.

68.   To the extent the allegations in Paragraph 68 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 concerning CW4.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 68.

69.   The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.   To the extent the allegations in Paragraph 70 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 concerning CW4.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 70.

71.   To the extent the allegations in Paragraph 71 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief

- 15 -

as to the truth of the allegations in Paragraph 71 concerning CW1, CW2, CW3, CW4, or CW5.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 56.

72.    The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.    To the extent the allegations in Paragraph 73 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 73.

74.    To the extent the allegations in Paragraph 74 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 concerning CW1.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 74.

75.    To the extent the allegations in Paragraph 75 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 concerning CW1.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 75.

76.    To the extent the allegations in Paragraph 76 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 concerning CW1.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 76.

77.    To the extent the allegations in Paragraph 77 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.    To the extent the allegations in Paragraph 78 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.    To the extent the allegations in Paragraph 79 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.    To the extent the allegations in Paragraph 80 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.    To the extent the allegations in Paragraph 81 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.    To the extent the allegations in Paragraph 82 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.    To the extent the allegations in Paragraph 83 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.    To the extent the allegations in Paragraph 84 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 84 concerning CW2. The ACON Entity Defendants otherwise deny the allegations in Paragraph 84.

85.    The allegations in Paragraph 85 concern dismissed claims, and thus no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning CW2. The ACON Entity Defendants otherwise deny the allegations in Paragraph 85.

86.    To the extent the allegations in Paragraph 86 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 concerning CW1, CW2, or CW4. The ACON Entity Defendants otherwise deny the allegations in Paragraph 86.

87.    The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.    To the extent the allegations in Paragraph 88 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 concerning CW5. The ACON Entity Defendants otherwise deny the allegations in Paragraph 88.

89.    To the extent the allegations in Paragraph 89 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 concerning CW5. The ACON Entity Defendants otherwise deny the allegations in Paragraph 89.

90.    To the extent the allegations in Paragraph 90 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 90 concerning CW6. The ACON Entity Defendants otherwise deny the allegations in Paragraph 90.

91. To the extent the allegations in Paragraph 91 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92. To the extent the allegations in Paragraph 92 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 concerning CW6. The ACON Entity Defendants otherwise deny the allegations in Paragraph 92.

93. To the extent the allegations in Paragraph 93 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 concerning CW6 and CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 93.

94. The allegations in Paragraph 94 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the allegations in Paragraph 94 consist of legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 94.

95. The allegations in Paragraph 95 concern claims that were dismissed, and thus no response is required. To the extent a response is required, Paragraph 95 purports to summarize a transcript of Funko's October 31, 2019 earnings call, which transcript speaks for itself. To the extent the allegations in Paragraph 95 differ from or mischaracterize the transcript, the ACON Entity Defendants deny those allegations.

96.     The allegations in Paragraph 96 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 concerning CW1.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the allegations in Paragraph 98 consist of characterizations and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 regarding the market's interpretation or reaction to Funko's financial disclosures. To the extent Paragraph 98 purports to characterize Funko's stock price, the ACON Entity Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.   The ACON Entity Defendants otherwise deny the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 regarding CW1.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the allegations in Paragraph 101 consist of characterizations and speculations as to which no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 regarding CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the allegations in Paragraph 102 consist of characterizations and speculations as to which no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 concerning CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 concerning CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 103.

104.    The allegations in Paragraph 104 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 regarding CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 105 regarding CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 105.

106. The allegations in Paragraph 106 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 regarding CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 106.

107. The allegations in Paragraph 107 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 regarding CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 107.

108. The allegations in Paragraph 108 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 regarding CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 108.

109. The allegations in Paragraph 109 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 regarding CW1. The ACON Entity Defendants otherwise deny the allegations in Paragraph 109.

110. The allegations in Paragraph 110 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111. The allegations in Paragraph 111 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the ACON

Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

112.   The allegations in Paragraph 112 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113.   The allegations in Paragraph 113 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.   The allegations in Paragraph 114 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.   The allegations in Paragraph 115 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 concerning CW5.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 115.

116.   The allegations in Paragraph 116 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

118.    The allegations in Paragraph 118 concern claims that were dismissed as to the ACON Entity Defendants, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 118.

119.    The allegations in Paragraph 119 concern claims that were dismissed as to the ACON Entity Defendants, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants admit that Funko filed a shelf registration statement after the close of trading on April 19, 2019.  The registration statement speaks for itself.  To the extent the allegations in Paragraph 119 differ from or mischaracterize the allegations in registration statement, the ACON Entity Defendants deny those allegations.

120.    The allegations in Paragraph 120 concern claims that were dismissed as to the ACON Entity Defendants, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants admit that Defendant Jung sent the SEC a letter on September 12, 2019, which letter speaks for itself.  To the extent the allegations in Paragraph 120 differ from or mischaracterize the letter, the ACON Entity Defendants deny those allegations.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 120.

121.    The allegations in Paragraph 121 concern claims that were dismissed as to the ACON Entity Defendants, and thus no response is required.  To the extent a response is required, Paragraph 121 purports to summarize Funko's September 16, 2019 press release, which document speaks for itself.  To the extent the allegations in Paragraph 121 differ from or mischaracterize the press release, the ACON Entity Defendants deny those allegations.

122.    The allegations in Paragraph 122 concern claims that were dismissed as to the ACON Entity Defendants, and thus no response is required.  To the extent a response is required, Paragraph 122 purports to summarize Funko's SEC filings, which documents speak for themselves.  To the extent the allegations in Paragraph

122 differ from or mischaracterize the SEC filings, the ACON Entity Defendants deny those allegations. The ACON Entity Defendants otherwise deny the allegations in Paragraph 122.

123. The allegations in Paragraph 123 concern claims that were dismissed as to the ACON Entity Defendants, and thus no response is required. To the extent a response is required, the ACON Entity Defendants admit that certain ACON Entity Defendants sold Funko stock on September 19, 2019. To the extent Paragraph 123 purports to summarize public SEC filings associated with the Offering, those filings speak for themselves. To the extent the allegations in Paragraph 123 differ from or mischaracterize those SEC filings, the ACON Entity Defendants deny those allegations. The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant Mariotti.

124. To the extent the allegations in Paragraph 124 concern claims that were dismissed, no response is required. To the extent a response is required, the ACON Entity Defendants admit that, after the Offering, ACON were collectively beneficial owners – as such term is defined and such percentages calculated in the Prospectus associated with the Offering – of 45.7% of Funko's Class A shares. Paragraph 124 otherwise purports to summarize Funko's public SEC filings associated with the Offering, which filings speak for themselves. To the extent the allegations in Paragraph 124 differ from or mischaracterize those SEC filings, the ACON Entity Defendants deny those allegations.

125. The allegations in Paragraph 125 concern claims that were dismissed as to the ACON Entity Defendants, and thus no response is required. To the extent a response is required, the ACON Entity Defendants admit that Funko did not receive any proceeds from the Offering and paid certain expenses related to the Offering. The ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the market's interpretation of or reaction to news of

the Offering.   The ACON Entity Defendants otherwise deny the allegations in Paragraph 125.

126.    The allegations in Paragraph 126 concern claims that were dismissed, and thus no response is required. To the extent a response is required, Paragraph 126 purports to characterize and summarize the transcript of Funko's October 31, 2019 earnings call, which transcript speaks for itself.  To the extent the allegations in Paragraph 126 mischaracterize or differ from the transcript, the ACON Entity Defendant deny those allegations.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 126.

127.   The allegations in Paragraph 127 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, Paragraph 127 purports to characterize and quote from Funko's Form 10-Q for the period ended June 30, 2019, which document speaks for itself.  To the extent the allegations in Paragraph 127 mischaracterize or differ from the Form 10-Q, the ACON Entity Defendants deny those allegations.

128.   The allegations in Paragraph 128 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the first two sentences of Paragraph 128 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in the first two sentences of Paragraph 128.  The third sentence and subparts (a)-(f) of Paragraph 128 purport to characterize and summarize Paragraphs 73-93 of the SAC, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants restate and incorporate their responses to Paragraphs 73-93 of the SAC.

129.    The allegations in Paragraph 129 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, Paragraph 129 purports to characterize and quote from Funko's October 31, 2019 press release, which press release speaks for itself.  To the extent the allegations in Paragraph 129

differ from or mischaracterize the press release, the ACON Entity Defendants deny those allegations.

130. The allegations in Paragraph 130 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, Paragraph 130 purports to characterize and quote from the transcript of an October 31, 2019 earnings call, which transcript speaks for itself.  To the extent the allegations in Paragraph 130 differ from or mischaracterize the transcript, the ACON Entity Defendants deny those allegations.

131. The allegations in Paragraph 131 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the first two sentences of Paragraph 131 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in the first two sentences of Paragraph 131.  The third sentence and fourth sentence and subparts (a)-(k) of Paragraph 137 purport to characterize and summarize Paragraphs 100-114 of the SAC, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants restate and incorporate their responses to Paragraphs 100-114 of the SAC.

132. The allegations in Paragraph 132 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 132.

133. The allegations in Paragraph 133 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, Paragraph 133 purports to characterize and quote from the transcript of an October 31, 2019 earnings call, which transcript speaks for itself.  To the extent the allegations in Paragraph 133 differ from or mischaracterize the transcript, the ACON Entity

Defendants deny those allegations.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 133.

134.    The allegations in Paragraph 134 concern claims that were dismissed, and thus no response is required. To the extent a response is required, the first two sentences of Paragraph 134 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Defendant Jung knew or believed.  The ACON Entity Defendants otherwise deny the allegations in the first two sentences of Paragraph 134.  The third sentence and fourth sentence and subparts (a)-(k) of Paragraph 134 purport to characterize and summarize Paragraphs 100-114 of the SAC, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants restate and incorporate their responses to Paragraphs 100-114 of the SAC.

135.    The allegations in Paragraph 135 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 135 concerning CW1 and CW5.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 135.

136.    Paragraph 136 purports to quote from and characterize Funko's Form 10-Q for the period ended September 30, 2019, which document speaks for itself. To the extent the allegations in Paragraph 136 differ from or mischaracterize the Form 10-Q, the ACON Entity Defendants deny those allegations.

137.    The first two sentences of Paragraph 137 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in the first two sentences of Paragraph 137.  The third sentence and subparts (a)-(f) of Paragraph 137 purport to characterize and summarize Paragraphs 73-93 of the SAC, and thus

no response is required.  To the extent a response is required, the ACON Entity Defendants restate and incorporate their responses to Paragraphs 73-93 of the SAC.

138.    To the extent the allegations in Paragraph 138 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph 138 purport to characterize, summarize, and quote from Funko's February 5, 2020 press release, which press release speaks for itself.  To the extent the allegations in Paragraph 138 differ from or mischaracterize the press release, the ACON Entity Defendants deny those allegations.  The remaining allegations in Paragraph 138 consist of characterizations and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 138.

139.    The allegations in Paragraph 139 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, Paragraph 139 purports to characterize and quote from Funko's February 5, 2020 press release, which press release speaks for itself.  To the extent the allegations in Paragraph 139 differ from or mischaracterize the press release, the ACON Entity Defendants deny those allegations.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 139.

140.    To the extent the allegations in Paragraph 140 concern claims that were dismissed, no response is required.  To the extent Paragraph 140 purports to characterize Funko's stock price and trading volume, the ACON Entity Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  The remaining allegations in Paragraph 140 consist of characterizations and speculations, as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 140.

141.    To the extent the allegations in Paragraph 141 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph

141 purports to characterize and summarize various analyst reports, which reports speak for themselves. To the extent the allegations in Paragraph 141 differ from or mischaracterize the analyst reports, the ACON Entity Defendants deny those allegations.

142. The allegations in Paragraph 142 concern claims that were dismissed, and thus no response is required. To the extent a response is required, Paragraph 142 purports to characterize, summarize, and quote from a February 6, 2020 J.P. Morgan report, which report speaks for itself. To the extent the allegations in Paragraph 142 differ from or mischaracterize the report, the ACON Entity Defendants deny those allegations.

143. The allegations in Paragraph 143 concern claims that were dismissed, and thus no response is required. To the extent a response is required, Paragraph 143 purports to characterize, summarize, and quote from a February 6, 2020 Piper Sandler report, which report speaks for itself. To the extent the allegations in Paragraph 143 differ from or mischaracterize the report, the ACON Entity Defendants deny those allegations.

144. The allegations in Paragraph 144 concern claims that were dismissed, and thus no response is required. To the extent a response is required, Paragraph 144 purports to characterize, summarize, and quote from a February 6, 2020 Motley Fool article, which article speaks for itself. To the extent the allegations in Paragraph 144 differ from or mischaracterize the article, the ACON Entity Defendants deny those allegations.

145. The allegations in Paragraph 145 concern claims that were dismissed, and thus no response is required. To the extent a response is required, Paragraph 145 purports to characterize, summarize, and quote from certain reports from SunTrust Robinson Humphrey and BMO Capital Markets, which reports speak for itself. To the extent the allegations in Paragraph 145 differ from or mischaracterize the reports, the ACON Entity Defendants deny those allegations.

146.   The allegations in Paragraph 146 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, Paragraph 146 purports to characterize, summarize, and quote from a February 6, 2020 report from D.A. Davison, which report speaks for itself.  To the extent the allegations in Paragraph 146 differ from or mischaracterize the report, the ACON Entity Defendants deny those allegations.

147.   To the extent the allegations in Paragraph 147 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph 147 purports to characterize, summarize, and quote from a February 10, 2020 report from BMO Capital Markets, which report speaks for itself.  To the extent the allegations in Paragraph 147 differ from or mischaracterize the report, the ACON Entity Defendants deny those allegations.

148.   The allegations in Paragraph 148 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, Paragraph 148 purports to summarize and quote from Funko's March 5, 2020 press release, which press release speaks for itself.  To the extent the allegations in Paragraph 148 differ from or mischaracterize the press release, the ACON Entity Defendants deny those allegations.

149.   To the extent the allegations in Paragraph 149 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph 149 purports to characterize and summarize Funko's fiscal 2019 financial results, which financial results speak for themselves.  To the extent the allegations in Paragraph 149 differ from or mischaracterize the financial results, the ACON Entity Defendants deny those allegations.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 149.

150.   The allegations in Paragraph 150 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, Paragraph 150 purports to characterize and summarize Funko's March 5, 2020 Earnings

Presentation, which presentation speaks for itself. To the extent the allegations in Paragraph 150 differ from or mischaracterize the presentation, the ACON Entity Defendants deny those allegations. The ACON Entity Defendants otherwise deny the allegations in Paragraph 150.

151. The allegations in Paragraph 151 concern claims that were dismissed, and thus no response is required. To the extent a response is required, Paragraph 151 purports to characterize and quote from the transcript of Funko's March 5, 2020 earnings call, which transcript speaks for itself. To the extent the allegations in Paragraph 151 differ from or mischaracterize the transcript, the ACON Entity Defendants deny those allegations.

152. The allegations in Paragraph 152 concern claims that were dismissed, and thus no response is required. To the extent a response is required, Paragraph 152 purports to characterize and quote from the transcript of Funko's March 5, 2020 earnings call, which transcript speaks for itself. To the extent the allegations in Paragraph 152 differ from or mischaracterize the transcript, the ACON Entity Defendants deny those allegations.

153. Paragraph 153 purports to characterize and quote from the transcript of Funko's March 5, 2020 earnings call, which transcript speaks for itself. To the extent the allegations in Paragraph 153 differ from or mischaracterize the transcript, the ACON Entity Defendants deny those allegations.

154. Paragraph 154 purports to characterize and quote from the transcript of Funko's March 5, 2020 earnings call, which transcript speaks for itself. To the extent the allegations in Paragraph 154 differ from or mischaracterize the transcript, the ACON Entity Defendants deny those allegations.

155. To the extent allegations in Paragraph 155 concern claims that were dismissed, no response is required. To the extent Paragraph 155 purports to characterize Funko's stock price, the ACON Entity Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations

inconsistent therewith.  The remaining allegations in Paragraph 155 consist of characterizations and speculations, as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 155.

156.   To the extent the allegations in Paragraph 156 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 156 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 156.

157.   To the extent the allegations in Paragraph 157 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 157 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 157.

158.   The allegations in Paragraph 158 concern claims that were dismissed, and thus no response is required.  To the extent a response is required, the allegations in Paragraph 158 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 158.

159.   To the extent the allegations in Paragraph 159 concern claims that were dismissed, no response is required.  To the extent Paragraph 159 purports to characterize Funko's stock price and trading volume, the ACON Entity Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith. The remaining allegations in Paragraph 159 consist of characterizations and speculations, as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 159.

160.    To the extent the allegations in Paragraph 160 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph 160 purports to summarize and quote from analyst reports, which reports speak for themselves.  To the extent the allegations in Paragraph 160 differ from or mischaracterize those analyst reports, the ACON Entity Defendants deny those allegations.  The ACON Entity Defendants otherwise deny the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 161.

162.    To the extent the allegations in Paragraph 162 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph 162 purports to characterize and summarize Paragraphs 73-93 of the SAC, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants restate and incorporate their responses to Paragraphs 73-93 of the SAC.

163.    To the extent the allegations in Paragraph 163 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph 163 purports to characterize and summarize Paragraphs 94-117 of the SAC, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants restate and incorporate their responses to Paragraphs 94-117 of the SAC.

164.    To the extent the allegations in Paragraph 164 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 164 consist of legal conclusions and characterizations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.

165.    To the extent the allegations in Paragraph 165 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph 165 purports to characterize and summarize Paragraphs 118-125 of the SAC, and thus no response is required.  To the extent a response is required, the ACON Entity Defendants restate and incorporate their responses to Paragraphs 118-125 of the SAC.

166.    To the extent the allegations in Paragraph 166 concern claims that were dismissed, no response is required.  To the extent the allegations in Paragraph 166 purport to characterize Funko's stock price, the ACON Entity Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith.  To the extent a response is required, the ACON Entity Defendants otherwise deny the allegations in Paragraph 166.

167.    To the extent the allegations in Paragraph 167 concern claims that were dismissed, no response is required.  To the extent a response is required, the ACON Entity Defendants admit that Funko securities were listed and traded on NASDAQ, that Funko filed periodic public reports on Form 10-K and Form 10-Q with the SEC, and that Funko issued press releases that were publicly available.  The remaining allegations in Paragraph 167 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167.

168.    To the extent the allegations in Paragraph 168 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 168 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168.

169.   To the extent the allegations in Paragraph 169 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 169 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 169.

170.   To the extent the allegations in Paragraph 170 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 170 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 170.

171.   To the extent the allegations in Paragraph 171 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 171 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 171.

172.   To the extent the allegations in Paragraph 172 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 172 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

173.   To the extent the allegations in Paragraph 173 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 173 consist of legal conclusions, characterizations, and speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 173.

174.   To the extent the allegations in Paragraph 174 concern claims that were dismissed, no response is required.  To the extent a response is required, Paragraph

174 purports to characterize and summarize certain public statements on February 5, 2020 and March 5, 2020, which statements speak for themselves. To the extent the allegations in Paragraph 174 differ from or mischaracterize those statements, the ACON Entity Defendants deny those allegations.

175. To the extent the allegations in Paragraph 175 concern claims that were dismissed, no response is required. To the extent Paragraph 175 purports to characterize Funko's stock price and trading volume, the ACON Entity Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith. The remaining allegations in Paragraph 175 consist of characterizations and speculations, as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 175.

176. To the extent the allegations in Paragraph 176 concern claims that were dismissed, no response is required. To the extent Paragraph 176 purports to characterize Funko's stock price, the ACON Entity Defendants respectfully refer the Court to the public records pertaining to Funko's stock and deny any allegations inconsistent therewith. The remaining allegations in Paragraph 176 consist of characterizations and speculations, as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the remaining allegations in Paragraph 176.

177. Paragraph 177 purports to summarize and cite several analyst reports, which reports speak for themselves. To the extent the allegations in Paragraph 177 differ from or mischaracterize those reports, the ACON Entity Defendants deny those allegations. The ACON Entity Defendants otherwise deny the allegations in Paragraph 177.

178. The allegations in Paragraph 178 consist of legal conclusions as to which no response is required. To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 178.

179.   To the extent the allegations in Paragraph 179 concern claims that were dismissed, no response is required.   To the extent a response is required, the allegations in Paragraph 179 consist of legal conclusions, characterizations, and speculations as to which no response is required.   To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 179.

180.   To the extent the allegations in Paragraph 180 concern claims that were dismissed, no response is required.   To the extent a response is required, the allegations in Paragraph 180 consist of legal conclusions, characterizations, and speculations as to which no response is required.   To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 180.

181.   To the extent the allegations in Paragraph 181 concern claims that were dismissed, no response is required.   To the extent a response is required, the allegations in Paragraph 181 consist of legal conclusions, characterizations, and speculations as to which no response is required.   To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 181.

182.   To the extent the allegations in Paragraph 182 concern claims that were dismissed, no response is required.   To the extent a response is required, the allegations in Paragraph 182 consist of legal conclusions, characterizations, and speculations as to which no response is required.   To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 182.

183.   To the extent the allegations in Paragraph 183 concern claims that were dismissed, no response is required.   To the extent a response is required, the allegations in Paragraph 183 consist of legal conclusions, characterizations, and speculations as to which no response is required.   To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 183.

184.   To the extent the allegations in Paragraph 184 concern claims that were dismissed, no response is required.   To the extent a response is required, the allegations in Paragraph 184 consist of legal conclusions, characterizations, and

speculations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 184.

## V.      CAUSES OF ACTION

### COUNT I
### Violation of Section 10(b) of the Exchange Act and
### Rule 10b-5 Promulgated Thereunder

185.    Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 185 is required.  To the extent a response is required, the ACON Entity Defendants incorporate their responses to Paragraphs 1 through 184 as if fully set forth herein.

186.    Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 186 is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 186.

187.    Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 187 is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 187.

188.    Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 188 is required.  To the extent a response is required, the allegations in Paragraph 188 are denied.

189.    Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 189 is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations Paragraph 189.

190.    Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 190 is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 190.

191.    Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 191 is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 191.

192.   Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 192 is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 192.

193.   Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 193 is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 193.

194.   Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 194 is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 194.

195.   Count I is not pled against the ACON Entity Defendants, and thus no response to Paragraph 195 is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 195.

**COUNT II**
**Violation of Section 20(a) of the Exchange Act**

196.   The ACON Entity Defendants incorporate their responses to Paragraphs 1 through 195 as if fully set forth herein.

197.   To the extent the allegations in Paragraph 197 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 197 consist of legal conclusions and characterizations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 197.

198.   To the extent the allegations in Paragraph 198 concern claims that were dismissed, no response is required.  To the extent a response is required, the allegations in Paragraph 198 consist of legal conclusions and characterizations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 198.

199.   To the extent the allegations in Paragraph 199 concern claims that were dismissed, no response is required.  To the extent a response is required, the

allegations in Paragraph 199 consist of legal conclusions and characterizations as to which no response is required.  To the extent a response is required, the ACON Entity Defendants deny the allegations in Paragraph 199.

## COUNT III
### Violation of Section 20A of the Exchange Act

200.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 200 is required.

201.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 201 is required.

202.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 202 is required.

203.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 203 is required.

204.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 204 is required.

205.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 205 is required.

206.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 206 is required.

207.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 207 is required.

208.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 208 is required.

209.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 209 is required.

210.    Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 210 is required.

211.   Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 211 is required.

212.   Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 212 is required.

213.   Count III was dismissed as to the ACON Entity Defendants, and thus no response to Paragraph 213 is required.

## AFFIRMATIVE AND OTHER DEFENSES

The ACON Entity Defendants hereby assert the following affirmative and other defenses, without assuming the burden of proof with respect to any issue as to which applicable law places the burden of proof upon any party.  The ACON Entity Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

### First Defense

The ACON Entity Defendants at all times acted in good faith and did not directly or indirectly induce any actions constituting the alleged violations or causes of action.

### Second Defense

This action is barred, in whole or in part, because the statements complained of fall under the safe harbor provisions of the PSLRA and/or the "bespeaks caution" doctrine.

### Third Defense

At the time of their acquisition of Funko stock, Plaintiffs and members of the purported class had actual or constructive knowledge of the allegedly untrue statements, of all or some of the alleged omissions and misstatements, or other wrongful conduct upon which Funko's purported liability – and by extension, the ACON Entity Defendants' purported liability – rests.

ACON ENTITY DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO SAC
Case No. 2:20-cv-02319-VAP-PJW

## Fourth Defense

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## Fifth Defense

Plaintiffs and the members of the purported class knew or should have known the risks associated with Funko's business, and in failing to consider these risks, Plaintiffs and each purported class member assumed the risk that he, she, or it might be damaged by acquiring Funko stock.

## Sixth Defense

The ACON Entity Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were not material.

## Seventh Defense

Plaintiffs' claims are barred because the alleged losses of Plaintiffs and members of the purported class were not directly or proximately caused by Funko, and Plaintiffs are unable to establish that the alleged misstatements and omissions in the SAC were the cause of the decisions by Plaintiffs or members of the purported class to purchase or sell Funko securities or the terms of Plaintiffs' and members of the purported class' investments, and/or Plaintiffs members of the purported class did not rely upon the alleged misstatements and omissions in acquiring Funko stock.

## Eighth Defense

Plaintiffs and members of the purported Class did not rely on, and would have acquired Funko common stock even if they had known of, the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Funko's purported liability – and by extension, the ACON Entity Defendants' purported liability – rests.

**Ninth Defense**

The claims alleged in the SAC are not actionable because the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Funko were statements of opinion.

**Tenth Defense**

Plaintiffs' and members of the purported Class's claims against the ACON Entity Defendants are barred, in whole or in part, because the purported misstatements or omissions alleged in the SAC that are attributed to Funko did not affect the market price of Funko's securities.

**Eleventh Defense**

Plaintiffs' and members of the purported Class's claims against the ACON Entity Defendants are barred, in whole or in part, because plaintiffs and members of the purported Class lack standing to assert their claims against the ACON Entity Defendants.

**Twelfth Defense**

Under the principles of contribution and indemnity, persons or entities other than the ACON Entity Defendants are wholly or partially responsible for the purported damages, if any, that Plaintiffs and members of the purported Class may have sustained.

**Thirteenth Defense**

Under any theory of liability, Plaintiffs and members of the purported Class may not recover damages based on depreciation in the value of Funko securities that resulted from factors other than the alleged material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of business, which are cited in the SAC.

**Fourteenth Defense**

The claims alleged in the SAC are barred, in whole or in part, because Funko reasonably relied in good faith on the professional judgments, opinions, and advice

of legal, finance, and other professionals, and had no reasonable grounds to believe and did not believe that any statements made by it were materially false or misleading.

### Fifteenth Defense

The claims alleged in the SAC are barred, in whole or in part, because Plaintiffs and members of the purported Class failed to act reasonably to mitigate their damages, if any.

### Sixteenth Defense

The claims alleged in the SAC are barred, in whole or in part, because the Funko did not know, and in the exercise of reasonable care could not have known, of any of the alleged misrepresentations, omissions, or fraud alleged in the SAC.

### Seventeenth Defense

The claims alleged in the SAC are barred, in whole or in part, because pursuant to Section 21D(f) of the Securities Exchange Act of 1934, the ACON Entity Defendants are covered persons who did not knowingly commit a violation of the securities laws.

### Eighteenth Defense

The claims alleged in the SAC are barred, in whole or in part, because Funko had no duty to disclose any facts allegedly not disclosed.

Dated:  November 22, 2021

Respectfully submitted,

AEGIS LAW GROUP LLP

By: /s/ Michael K. Ross
    Michael K. Ross
    (*pro hac vice*)
    Sean M. Roberts
    (*pro hac vice*)
    Market Square West, Suite 740
    801 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004
    Tel:  +1.202.737.3500
    E-mail:  mross@aegislawgroup.com
    E-mail:  sroberts@aegislawgroup.com

ESKOVITZ LAW

    Sean Eskovitz
    (State Bar No. 241877)
    1217 Wilshire Blvd # 3683
    Santa Monica, CA 90403
    Tel: +1.323.821.5836
    E-mail:  seane@eskovitz.com

*Counsel for ACON Investments, L.L.C., ACON Funko Manager, L.L.C., ACON Funko Investors, L.L.C., ACON Funko Investors Holdings 1, L.L.C., ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C.*

ACON ENTITY DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO SAC
Case No. 2:20-cv-02319-VAP-PJW