LATHAM & WATKINS LLP
  Kevin M.  McDonough (*pro hac vice*)
  *kevin.mcdonough@lw.com*
  Thomas J.  Giblin (*pro hac vice*)
  *thomas.giblin@lw.com*
1271 Avenue of the Americas
New York, New York  10020
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

LATHAM & WATKINS LLP
  Meryn C.  N.  Grant (State Bar No.  291315)
  *meryn.grant@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for Funko, Inc., Brian Mariotti,
Jennifer Fall Jung, Andrew Perlmutter,
Ken Brotman, Gino Dellomo, and Adam Kriger

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>        v.<br><br>FUNKO, INC., et al.,<br><br>                           Defendants. | Case No. 2:20−cv−02319−VAP(MAAx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties to this Action (defined below) respectfully request that the Court issue this Stipulated Protective Order to protect the confidentiality of confidential, proprietary, or private information and competitively-sensitive information that may need to be disclosed in connection with discovery in this case, and to guard against the waiver of attorney-client privilege and work product protection pursuant to Federal Rule of Evidence 502(d). The parties by and through their counsel hereby stipulate to the following terms governing the Action.

## 1. **PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the specific and limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 (Filing Protected Material) below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. **GOOD CAUSE STATEMENT**

This Action is likely to involve trade secrets, internal financial models and data, information about product development and marketing, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any

purpose other than prosecution of this Action is warranted. This Action is also likely to involve private or confidential personal information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **<u>DEFINITIONS</u>**

    3.1   <u>Action</u>: This lawsuit, captioned Gilberto Ferreira et al v. Funko, Inc., et al, Case No. 2:20-cv-02319-VAP(MAAx) (C.D. Cal.).

    3.2   <u>Challenging Party</u>: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

    3.3   <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify

for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4     Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5     Designating Party: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.6     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8     In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9     "HIGHLY CONFIDENTIAL" Information or Items: a supplemental designation to "CONFIDENTIAL" Information or Items, the disclosure of which the Producing Party reasonably and in good faith believes could seriously harm the competitive position of the Producing Party, such as, by way of illustrative example, current business plans, highly sensitive financial information, confidential regulatory submissions, or highly proprietary technical know-how or trade secrets. Any information that is derived from "HIGHLY CONFIDENTIAL" information also constitutes "HIGHLY CONFIDENTIAL" information to the extent the derived information embodies, contains,

or discloses any "HIGHLY CONFIDENTIAL" information. This designation is to be used only in rare circumstances.

3.10 <u>Nonparty</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.11 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff or vendors.

3.12 <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.13 <u>Producing Party</u>: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.14 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, producing documents or electronically stored information ("ESI"), or retrieving data in any form or medium) and their employees and subcontractors.

3.15 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.16 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5. <u>DURATION</u>**

The obligations described in this Stipulated Protective Order shall survive the termination or final disposition of this Action.

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this Stipulated Protective order becomes public and presumptively will be available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of the record). Accordingly, the terms of this Stipulated Protective Order do not extent beyond the commencement of the trial. The parties will meet and confer to discuss documents that have been produced with a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation that either party believes needs to be used at trial. To the extent the parties cannot mutually agree to the use of those documents, the dispute will be introduced to the Court by stipulation.

After disposition of the case, for information that has not become public, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating party agrees otherwise in writing or a court order otherwise directs.

## 6. DESIGNATING PROTECTED MATERIAL

6.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those materials, documents, items, or oral or written communications that qualify so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2   Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)   For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material. To the extent practicable, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) A Party may designate deposition testimony, in whole or in part, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. Such designation may be made during the deposition by an appropriate statement on the record. Alternatively, after the conclusion of a deposition, a Party wishing to designate the deposition testimony, in whole or in

part, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must, within 30 days after receipt of the transcript of deposition, serve a Notice of Designation on all Parties identifying the specific portions of the testimony that it wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. Until this 30-day period expires, the entire deposition transcript and video (if applicable) must be treated as "HIGHLY CONFIDENTIAL" unless otherwise specified in writing (including via email) or on the record of the deposition by the Designating Party. Accordingly, unless otherwise specified in writing (including via email) or on the record of the deposition by the Designating Party, the court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "HIGHLY CONFIDENTIAL—SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Thereafter, only those portions identified in the Notice of Designation shall be protected under the terms herein. All copies of deposition transcripts that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information must be prominently marked as such on their covers, and the medium on which any deposition video that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is stored (including, but not limited to, tapes, CDs, DVDs, and flash drives) must be affixed with the appropriate confidentiality stamp. Videos of depositions, the transcript of which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", shall automatically be treated as such.

(c) For information produced in nondocumentary form, and for any other tangible items, including ESI produced in native format, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored or the corresponding slip-sheet, as applicable, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. To the extent the material has already been publicly filed with the Court, the Designating Party shall be responsible for seeking to seal the material.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2     Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with

1    Section 4 of Judge Audero's Procedures ("Mandatory Telephonic
2    Conference for Discovery Disputes").[1]

3    7.3   <u>Burden of Persuasion</u>.

4        The burden of persuasion in any such challenge proceeding shall
5    be on the Designating Party. Frivolous challenges, and those made for
6    an improper purpose (*e.g.*, to harass or impose unnecessary expenses
7    and burdens on other parties) may expose the Challenging Party to
8    sanctions. Unless the Designating Party has waived or withdrawn the
9    confidentiality designation, all parties shall continue to afford the
10    material in question the level of protection to which it is entitled under
11    the Producing Party's designation until the Court rules on the challenge.

12    **8.** **<u>ACCESS TO AND USE OF PROTECTED MATERIALS</u>**

13    8.1   <u>Basic Principles</u>.

14        A Receiving Party may use Protected Material that is disclosed
15    or produced by another Party or by a Nonparty in connection with this
16    Action only for prosecuting, defending, or attempting to settle this
17    Action. Such Protected Material may be disclosed only to the categories
18    of persons and under the conditions described in this Stipulated
19    Protective Order. When the Action reaches a final disposition, a
20    Receiving Party must comply with the provisions of Section 5
21    (Duration) above. Protected Material must be stored and maintained by
22    a Receiving Party at a location and in a secure manner that ensures that
23    access is limited to the persons authorized under this Stipulated
24    Protective Order. Any such use or discussion of Protected Material shall
25    not be deemed a waiver of the terms of the Stipulated Protective Order.
26    If a Receiving Party or any of its representatives, including Counsel,
27
28    _____
    [1]Judge Audero's Procedures are available at
    https://www.cacd.uscourts.gov/honorable-maria-audero.

inadvertently discloses any Protected Material to persons who are not authorized to use or possess such material or has actual knowledge that Protected Material is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the Receiving Party shall provide immediate written notice (including via email) of the unauthorized use or possession to the Designating Party or Nonparty whose material is being used or possessed. The Receiving Party also shall follow the requirements in Section 11 (Unauthorized Disclosure of Protected Material) below. Nothing in this Stipulated Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material in any way it sees fit or to so use or discuss that material for any reason.

8.2     Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing (including via email) by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     Other employees of law firms or lawyers working at the direction of the undersigned counsel in connection with this Action, including partners, associates, contract attorneys, secretaries, paralegal assistants, and temporary or contract staff, to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Experts, consultants, or advisors of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     The Court and its personnel;

(f)     Court reporters and their staff;

(g)     Persons or entities that provide litigation support services such as photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, producing documents or ESI, retrieving data in any form or medium, and to whom disclosure is reasonably necessary for this Action;

(h)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(i)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (i) the deposing party requests that the witness sign the

"Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Unless otherwise agreed by the Designating Party or ordered by the Court, a witness who refuses to sign the Agreement to Be Bound (Exhibit A) will not be permitted to (i) keep or copy any "CONFIDENTIAL" information; or (ii) take any notes during the course of the deposition (including, but not limited to, during any breaks taken during the deposition). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(k)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, or that the court appoints.

8.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing (including via email) by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     In-House Counsel of the Receiving Party, if any, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     Other employees of law firms or lawyers working at the direction of the undersigned counsel in connection with this Action, including partners, associates, contract attorneys, secretaries, paralegal assistants, and temporary or contract staff, to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Experts, consultants, or advisors of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     The Court and its personnel;

(f)     Court reporters and their staff;

(g)     Persons or entities that provide litigation support services such as photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, producing documents or ESI, retrieving data in any form or medium, and to whom disclosure is reasonably necessary for this Action;

(h)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(i)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Unless otherwise agreed by the Designating Party or ordered by the Court, a witness who refuses to sign the Agreement to Be Bound (Exhibit A) will not be permitted to (i) keep or copy any "CONFIDENTIAL" information; or (ii) take any notes during the course of the deposition (including, but not limited to, during any breaks taken during the deposition). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(k)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, or that the court appoints.

All challenges to objections from the Designating Party regarding disclosure of Protected Material by a Party seeking to disclose "HIGHLY CONFIDENTIAL" information to any person not

1  already authorized by the terms of this Stipulated Protective Order shall

2  proceed under L.R. 37-1 through L.R. 37-4.

3  **9.  <u>TREATMENT OF PROTECTED MATERIALS SUBPOENAED OR</u>**

4  **<u>ORDERED PRODUCED IN OTHER LITIGATION</u>**

5  This Stipulated Protective Order in no way excuses noncompliance with a

6  lawful subpoena or court order. The Purpose of the duties described in this section

7  is to alert the interested parties to the existence of this Stipulated Protective Order

8  and to give the Designating Party an opportunity to protect its confidentiality

9  interests in the court where the subpoena or order issued.

10  If a Party is served with a subpoena or a court order issued in other litigation

11  that compels disclosure of any information or items designated in this Action as

12  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" that Party must:

13  (a)  Promptly notify in writing the Designating Party. Such

14  notification shall include a copy of the subpoena or court order;

15  (b)  Promptly notify in writing the party who caused the subpoena or

16  order to issue in the other litigation that some or all of the

17  material covered by the subpoena or order is subject to this

18  Stipulated Protective Order. Such notification shall include a

19  copy of this Stipulated Protective Order; and

20  (c)  Cooperate with respect to all reasonable procedures sought to be

21  pursued by the Designating Party whose Protected Material may

22  be affected.

23  If the Designating Party timely seeks a protective order, the Party served with

24  the subpoena or court order shall not produce any information designated in this

25  Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a

26  determination by the Court from which the subpoena or order issued, unless the Party

27  has obtained the Designating Party's permission. The Designating Party shall bear

28  the burden and expense of seeking protection in that court of its confidential material

and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. ACCESS TO AND USE OF NONPARTY PROTECTED MATERIALS**

10.1 Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2 Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Promptly make the information requested available for inspection by the Nonparty, if requested.

10.3 Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying

information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing via email or letter the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) use reasonable efforts to have such person or persons execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

**12.<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

The inadvertent production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection shall not, standing alone, constitute a waiver of any such privilege, work product, or other protection in this Action or in any other federal or state proceeding, provided that the Producing Party complies with the provisions of Rule 502(b) of the Federal Rules of Evidence. If a Producing Party learns that it has inadvertently produced or revealed information that is protected by the attorney-client privilege,

work-product doctrine, or any other privilege or protection, it shall promptly advise the Receiving Party and explain the basis for the claim.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## 13. **MISCELLANEOUS**

### 13.1 Conditions of Production.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

### 13.2 Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

### 13.3 Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected

Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14. <u>FINAL DISPOSITION</u>**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**15. <u>AMENDMENT OF THE STIPULATED PROTECTIVE ORDER</u>**

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future, or to object to or seek further

1    limitations on discovery that it believes to be otherwise improper or seek further or

2    different relief from the Court.

3    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4    Dated: February 15, 2022                          LATHAM & WATKINS LLP

5                                                      By: */s/ Kevin M. McDonough*  _____
                                                         Kevin M. McDonough

6                                                        (pro hac vice)
                                                         Thomas J. Giblin

7                                                        (pro hac vice)
                                                         1271 Avenue of the Americas

8                                                        New York, New York 10020
                                                         Tel: +1.212.906.1200

9                                                        Fax: +1.212.751.4864
                                                         Email: kevin.mcdonough@lw.com

10                                                       Email: thomas.giblin@lw.com
                                                         Meryn C. N. Grant

11                                                       (State Bar No. 291315)
                                                         355 South Grand Avenue, Suite 100

12                                                       Los Angeles, California 90071-1560
                                                         Tel: +1.213.485.1234

13                                                       Fax: +1.213.891.8763
                                                         Email: meryn.grant@lw.com

14                                                       Counsel for Defendants Funko, Inc.,

15                                                       Brian Mariotti, Jennifer Fall Jung,
                                                         Andrew Perlmutter, Ken Brotman,

16                                                       Gino Dellomo, and Adam Kriger

17    Dated: February 15, 2022_____        AEGIS LAW GROUP LLP
                                                      By: */s/ Michael K. Ross*  _____

18                                                       Michael K. Ross
                                                         (pro hac vice)

19                                                       Sean M. Roberts
                                                         (pro hac vice)

20                                                       Market Square West, Suite 740
                                                         801 Pennsylvania Avenue, N.W.

21                                                       Washington, D.C. 20004
                                                         Tel: +1.202.737.3500

22                                                       Email: mross@aegislawgroup.com
                                                         Email:sroberts@aegislawgroup.com

23                                                       ESKOVITZ LAW
                                                         Sean Eskovitz

24                                                       (State Bar No. 241877)
                                                         1217 Wilshire Blvd # 3683

25                                                       Santa Monica, CA 90403
                                                         Tel: +1.323.821.5836

26                                                       Email: seane@eskovitz.com

27                                                       Counsel for ACON Investments,

28                                                       L.L.C., ACON Funko Manger,
                                                         L.L.C., ACON Funko Investors

Holdings 1, L.L.C., ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C.

Dated: February 15, 2022_____   POMERANTZ LLP

By: */s/ Cara David*
___   Jeremy A. Lieberman
(admitted pro hac vice)
Cara David
(admitted pro hac vice)
600 Third Ave., 20th Fl.
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
cdavid@pomlaw.com

POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com
Co-Lead Counsel for Lead Plaintiffs

BERNSTEIN LIEBHARD LLP
Stanley D. Bernstein
(pro hac vice forthcoming)
Stephanie M. Beige
(admitted pro hac vice)
Laurence J. Hasson
(pro hac vice forthcoming)
Peter J. Harrington
(pro hac vice forthcoming)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bernstein@bernlieb.com
beige@bernlieb.com
lhasson@bernlieb.com
pharrington@bernlieb.com

Co-Lead Counsel for Lead Plaintiffs

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York, 10165
Telephone: (212) 697-6486
Email: peretz@bgandg.com

Additional Counsel for Lead Plaintiffs

1

**ATTESTATION**

2  Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other

3  signatories listed, on whose behalf the filing is submitted, concur in the filing's

4  content and have authorized this filing.

5  Dated:  February 15, 2022                LATHAM & WATKINS LLP

6                                            By:  /s/ Kevin M. McDonough

7                                                  Kevin M. McDonough

8

9  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

10

11  Dated: February 18, 2022

12                                            Maria A. Audero

13                                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[full name], of_____

_____[address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on_____[date] in the case of_____ [case name and number]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint_____ [full name] of_____ [address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____