# EXHIBIT 1

**POMERANTZ LLP**
Jennifer Pafiti (SBN 292790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUNKO, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-02319-VAP-(MAAx)<br><br><u>CLASS ACTION</u><br><br>Hon. Virginia A. Phillips<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Abdul Baker, Zhibin Zhang, and Huaiyu Zheng (collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), and Funko, Inc. ("Funko," or "the Company"), Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, and Adam Kriger (the "Settling Defendants"), and ACON Investments, L.L.C.,

ACON Funko Manager, L.L.C., ACON Funko Investors, L.L.C., ACON Funko Investors Holdings 1, L.L.C., ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C. (the "ACON Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve and dismiss with prejudice the Action, in its entirety as against all Defendants (defined below), and all Released Plaintiffs' Claims (defined below).

**WHEREAS:**

A.    Beginning on March 10, 2020, three similar actions were filed asserting violations of the federal securities laws against Defendants: (1) the above-captioned action (the "*Ferreira* Action"); (2) *Nahas v. Funko, Inc., et al.*, No. 2:20-cv-03130 (C.D. Cal.) (the "*Nahas* Action"); and (3) *Dachev v. Funko, Inc., et al.*, No. 2:20-cv-00544 (W.D. Wash.) (the "*Dachev* Action").

B.    On June 11, 2020, the Court entered an Order (ECF No. 58): (i) consolidating the *Nahas* Action with the *Ferreira* Action; (ii) appointing Abdul Baker, Zhibin Zhang, and Huaiyu Zheng as Lead Plaintiffs for the proposed class; and (iii) appointing Bernstein Liebhard LLP and Pomerantz LLP as Co-Lead Counsel.

C.    On June 24, 2020, the *Dachev* Action was voluntarily dismissed.

---

[1] All terms with initial capitalization not otherwise defined shall have the meanings ascribed to them in ¶ 1 herein.

D.    On July 31, 2020, Lead Plaintiffs filed a First Consolidated Amended Class Action Complaint, alleging violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, against Defendants on behalf of all persons and entities that purchased or otherwise acquired Funko securities between August 8, 2019 and March 5, 2020, inclusive, and who were damaged thereby (the "Class").

E.    On October 2, 2020, the Settling Defendants and the ACON Defendants (defined below) filed separate motions to dismiss the First Consolidated Amended Complaint.

F.    On December 1, 2020, Lead Plaintiffs filed an omnibus memorandum in opposition to the motions to dismiss the First Amended Consolidated Complaint.

G.    On December 30, 2020, the Settling Defendants and the ACON Defendants filed separate reply briefs in support of their respective motions to dismiss the First Consolidated Amended Complaint.

H.    On January 14, 2021, Lead Plaintiffs filed a corrected omnibus memorandum of law in opposition to the motions to dismiss the First Consolidated Amended Complaint.

I.    On January 22, 2021, the Settling Defendants filed a supplemental reply brief in support of their motion to dismiss in response to Lead Plaintiffs' corrected omnibus memorandum of law.

J.    On January 26, 2021, the Court issued an Order directing the parties to submit supplemental briefing addressing the impact of the Ninth Circuit's decision, *Wochos v. Tesla, Inc.*, 985 F.3d 1180 (9th Cir. 2021) on Defendants' pending motions to dismiss (*see* ECF 133).

K.    On January 29, 2021, the parties submitted supplemental briefing addressing the impact of the Ninth Circuit's decision, *Wochos v. Tesla, Inc.*, 985 F.3d 1180 (9th Cir. 2021) on Defendants' pending motions to dismiss.

L.     On February 25, 2021, the Court granted Defendants' motions to dismiss the First Consolidated Amended Complaint. The Court also granted Lead Plaintiffs leave to amend (*see* ECF 141).

M.     On March 29, 2021, Lead Plaintiffs filed the operative, Consolidated Second Amended Complaint (the "SAC") against the Defendants.

N.     On May 7, 2021, the Settling Defendants and the ACON Defendants filed separate motions to dismiss the SAC.

O.     On June 11, 2021, Lead Plaintiffs filed oppositions to both motions to dismiss the SAC.

P.     On June 16, 2021, the Court issued an Order directing Defendants to address the impact of *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687 (9th Cir. 2021), *cert. denied sub nom. Alphabet Inc. v. Rhode Island*, 142 S. Ct. 1227 (2022) ("*Alphabet*") on Defendants' motions to dismiss the SAC in their respective reply briefs. The Court also granted Lead Plaintiffs leave to file a sur-reply addressing *Alphabet* (*see* ECF 156).

Q.     On July 2, 2021, the Settling Defendants and the ACON Defendants filed separate reply memoranda in support of their respective motions to dismiss the SAC.

R.     On July 16, 2021, Lead Plaintiffs filed a sur-reply in further support of their oppositions to the motions to dismiss the SAC.

S.     On October 18, 2021, the Court issued its tentative ruling and heard oral argument on the motions to dismiss the SAC.

T.     On October 22, 2021, the Court granted in part and denied in part the motions to dismiss the SAC (*see* ECF 165).

U.     On November 22, 2021, Defendants filed their Answers to the SAC.

V.     On January 6, 2022, the parties filed their Joint Rule 26(f) Report (*see* ECF 173).

W.     On January 11, 2022, the parties served their Rule 26(a)(1) Initial Disclosures.

X.     Between December 2021 and March 2022, the parties served and responded to various demands for the production of documents and interrogatories and engaged in a meet and confer with respect to Lead Plaintiffs' Objections and Responses to the Settling Defendants' Requests for Production of Documents and Interrogatories.

Y.     On February 15, 2022, the parties filed a Stipulated Protective Order (*see* ECF 175).

Z.     On March 4, 2022, the parties entered into a Stipulated Discovery Order Governing the Production of Documents and Discovery of Electronically Stored Information.

AA.   On April 11, 2022, the Parties engaged Michelle Yoshida, a well-respected and highly experienced mediator associated with Phillips ADR to assist them in exploring whether a negotiated resolution was possible. Thereafter, the Parties exchanged confidential mediation statements.

BB.   On April 27, 2022, the Parties engaged in a full-day mediation session before the Mediator. The Parties were able to reach a settlement in principle, resulting in a Memorandum of Understanding (the "MOU"), entered into on April 29, 2022.

CC.   On May 2, 2022, the Parties informed the Court that they had reached a settlement in principle asked the Court to stay all deadlines.

DD.   This Stipulation (together with the exhibits attached hereto) reflects the final and binding agreement between the Parties.

EE.   Based upon Lead Counsel's investigation and evaluation of the facts and law relating to the claims alleged in this Action, Lead Counsel's pre-and post-filing investigations, and Lead Counsel's consultation with experts and their

prosecution and mediation of the Action, Lead Plaintiffs and Lead Counsel have agreed to settle the Action and release the Releasees as to the Released Plaintiffs' Claims pursuant to the terms of this Stipulation and subject to its terms and conditions (including the completion of Confirmatory Discovery) after considering, among other things: (i) the substantial benefits that the terms of the proposed Settlement will provide to Settlement Class Members; (ii) the attendant risks of litigation, especially in complex actions such as this one; (iii) the defenses available to Defendants; (iv) the difficulties and delays inherent in such litigation; (v) the desirability of consummating the Settlement promptly to provide effective relief to Settlement Class Members; and (vi) Lead Plaintiffs' and Lead Counsel's belief, to be verified through the Confirmatory Discovery, that the proposed Settlement is fair, reasonable, and adequate and in the best interests of Settlement Class Members.

FF.    Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiffs in the Action on behalf of the proposed class, including all claims in the SAC. Defendants also have denied, and continue to deny, *inter alia*, the allegations that Lead Plaintiffs or Settlement Class Members have suffered damages or were otherwise harmed by the conduct alleged in the Action. Defendants have asserted, and continue to assert, that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws. Nonetheless, Settling Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and the Released Claims.

GG.   As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damages whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted. Settling Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Settling Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Each of the parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Lead Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacks merit, and without any concession by the Settling Defendants of any liability or wrongdoing or lack of merit in Defendants' defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

1.    As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth

below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)     "ACON Defendants" means ACON Investments, L.L.C., ACON Funko Manager, L.L.C., ACON Funko Investors, L.L.C., ACON Funko Investors Holdings 1, L.L.C., ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C.

(b)     "Action" means the civil action captioned *Gilberto Ferreira, et al. v. Funko, Inc., et al.*, 2:20-cv-02319-VAP-MAAx, pending in the United States District Court for the Central District of California before the Honorable Virginia A. Phillips.

(c)     "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)     "Claim Form" or "Proof of Claim" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)     "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)     "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

(h)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)     "Class Period" means the period from August 8, 2019 to March 5,

2020, inclusive.

(j)    "Confirmatory Discovery" means the documents and information that Funko produced to Lead Plaintiffs as described in ¶ 8 below.

(k)    "Court" means the United States District Court for the Central District of California.

(l)    "Defendants" and "Released Defendants" means the Settling Defendants and the ACON Defendants.

(m)    "Defendants' Releasees" means Defendants, Russell Nickel, and all other of their current and former parents, affiliates, subsidiaries, related entities, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, principals, trustees, trusts, employees, Immediate Family members, insurers, advisors, estates, heirs, executors, administrators, shareholders, joint ventures, members, managers, supervisors, contractors, consultants, representatives, attorneys, and legal or personal representatives of the foregoing, in their capacities as such.

(n)    "Effective Date" with respect to the Settlement means the first day by which all of the events and conditions specified in ¶ 34 of this Stipulation have been met and have occurred or have been waived.

(o)    "ERISA" means the Employment Retirement Income Security Act of 1974, as amended.

(p)    "Escrow Account" means the separate escrow account maintained at Signature Bank, 261 Madison Avenue, New York, NY 10016, wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q)    "Escrow Agent" means Lead Counsel.

(r)    "Escrow Agreement" means the agreement between Lead Counsel and Signature Bank setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)   "Fee and Expense Application" means Lead Counsel's application, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting this Action, including any expenses of Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

(t)   "Final" with respect to the Judgment, or any other court order, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or Litigation Expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

(u)   "Immediate Family" means heirs, children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or partner in a state-recognized domestic relationship or civil union.

STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

(v)    "Individual Defendants" means Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, and Adam Kriger.

(w)    "Internet Notice" means the "Internet Notice of Pendency and Proposed Settlement of Class Action," to be published substantially in the form attached hereto as Exhibit A-1.

(x)    "Judgment" means the judgment and order of dismissal, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(y)    "Lead Counsel" means Bernstein Liebhard LLP and Pomerantz LLP.

(z)    "Lead Plaintiffs" means Huaiyu Zheng, Abdul Baker, and Zhibin Zhang.

(aa)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

(bb)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the court; and (v) any other costs or expenses approved by the Court.

(cc)    "Notice" means the publication of the Internet Notice, the publication of the Summary Notice, and the mailing of the Postcard Notice.

(dd)    "Notice and Administration Costs" means the reasonable costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing Notice of the proposed

Settlement by mail, publication, and other means to Settlement Class Members; and (ii) administering the Settlement, including but not limited to the Class process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ee) "Parties" means Settling Defendants and Lead Plaintiffs, individually and on behalf of the Settlement Class.

(ff) "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, financial or investment advisors, consultants, underwriters, investment bankers, commercial bankers, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their Immediate Family, marital communities, or any trusts for which any of them are trustees, settlors or beneficiaries or any legal or personal representatives of the foregoing, in their capacities as such.

(gg) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund, set forth in the Internet Notice.

(hh) "Postcard Notice" means the "Postcard Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses," to be mailed substantially in the form attached hereto as Exhibit A-4.

(ii) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement by provided to the Settlement Class.

STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

(jj)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(kk)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ll)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for (i) claims relating to the enforcement of the Settlement or this Stipulation, or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class in connection with the Notice ("Excluded Defendants' Claims"). "Released Defendants' Claims" include "Unknown Claims" as defined herein.

(mm)    "Released Plaintiffs' Claims" means any and all claims and causes of action, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions that were involved, set forth, or referred to in the Action and that relate to the purchase or acquisition of Funko common stock during the Class Period.  For the avoidance of doubt, this release does not release or impair: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted derivatively in *Silverberg v. Funko, Inc.*, C.A. No. 2020-1043-MTZ (Del. Ch.), *In re Funko, Inc. Derivative Litigation*, Lead Case No. 20-cv-03740-VAP (C.D. Cal.), and *Smith v. Mariotti et al.*, (C.D. Cal. No. 22-cv-03155-VAP (C.D. Cal.); and (iii) any

13    STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

claims of persons or entities who or which submits a request for exclusion from the Settlement Class in connection with the Notice ("Excluded Plaintiffs' Claims). "Released Plaintiffs' Claims" include "Unknown Claims" as defined herein.

(nn) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(oo) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(pp) "Settlement" means the settlement between Lead Plaintiffs and Settling Defendants on the terms and conditions set forth in this Stipulation.

(qq) "Settlement Amount" means seven million dollars ($7,000,000) in cash in United States dollars.

(rr) "Settlement Class" means all persons and entities who or which purchased or otherwise acquired shares of Funko publicly traded common stock during the period from August 8, 2019 through March 5, 2020, inclusive, and who were damaged thereby. The Settlement Class includes all persons or entities who purchased Funko common stock contemporaneously with sales of Funko common stock made by Defendant Mariotti during the Class Period. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an officer or director of Funko, ; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in connection with the Notice.

(ss)    "Settlement Class Member" means each person or entity that is a member of the Settlement Class.

(tt)    "Settling Defendants' Counsel" means Latham & Watkins LLP.

(uu)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(vv)    "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider the final approval of the Settlement.

(ww)    "Settling Defendants" means Funko, Inc., Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, and Adam Kriger.

(xx)    "Summary Notice" means the "Summary Notice of Pendency of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing" which shall be published in *Investors' Business Daily* substantially in the form attached hereto as Exhibit A-3.

(yy)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(zz)    "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly

waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, comprised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for the purpose of the Settlement and for no other purpose, the parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. In the event the Settlement is terminated, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, as provided in ¶ 36 below, Defendants reserve the right to contest class certification and the appointment of Class Representatives, and all other rights and defenses concerning class certification and the appointment of Class Representatives and Class Counsel.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      On or before June 3, 2022, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A. This deadline may be extended by mutual agreement for good cause.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement

17                      STIPULATION AND AGREEMENT OF SETTLEMENT
                              Case No. 2:20-cv-02319-VAP-(MAAx)

Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and all of the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiffs' Claims against Defendants and any of the Defendants' Releasees. The Judgment shall include the dismissal with prejudice of the Action in its entirety as against all Defendants. This Release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class.

6. Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and all of the Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to Released Defendants' Claims against any person or entity who or which submits a request for exclusion from the Settlement Class.

7. Notwithstanding ¶¶ 5-6 above, nothing in the Judgment shall bar any action by any of the Parties, Defendants' Releasees or Plaintiffs' Releasees to enforce or effectuate the terms of this Stipulation or the Judgment.

## CONFIRMATORY DISCOVERY

8. Subject to the provisions of the Stipulation and Agreement Governing the Production of Confirmatory Discovery entered into between Lead Plaintiffs and

Settling Defendants, Funko will provide Lead Counsel with reasonable Confirmatory Discovery regarding the claims in the SAC to allow Lead Plaintiffs and Lead Counsel to confirm the fairness, adequacy, and reasonableness of the Settlement.

9.    Subject to ¶ 39 below, if the Confirmatory Discovery contemplated by ¶ 8 causes Lead Plaintiffs and Lead Counsel reasonably and in good faith to conclude that the proposed Settlement is not fair, reasonable, or adequate, Lead Plaintiffs shall have the right to terminate the Settlement within ten (10) business days following Settling Defendants' written notice that they had completed the production of Confirmatory Discovery, provided Lead Plaintiffs have given Settling Defendants at least two (2) business days' written notice of their intent to terminate.  These deadlines may be extended by mutual agreement of the parties.

## THE SETTLEMENT CONSIDERATION

10.    In consideration of the settlement of the Released Plaintiffs' Claims against Settling Defendants and the other Defendants' Releasees, Settling Defendants shall pay or cause to be paid, the Settlement Amount into the Escrow Account, by wire or electronic fund transfer, no later than thirty (30) calendar days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Settling Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited, and any additional bank information required to effectuate the transfer. With the sole exception of Settling Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in this ¶ 10, the Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of

their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, supervision, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of Taxes and/or costs incurred in connection with the taxation of the Settlement fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

## USE OF SETTLEMENT FUND

11.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 20-32 below.

12.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely

by the Settlement Fund.

13.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all information and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  The Escrow Agent shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Settling Defendants will provide to the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e). The Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468.B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation-back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

14.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by the Escrow Agent and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts of omissions of the Escrow Agent or its agents with respect to the payment of Taxes, as described herein.

21                STIPULATION AND AGREEMENT OF SETTLEMENT
                  Case No. 2:20-cv-02319-VAP-(MAAx)

15.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of the Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund up to $200,000, in Notice and Administration Costs actually incurred and paid or payable without further approval from Settling Defendants or further order of the Court. Such costs and expenses shall include without limitation, the actual costs of printing and mailing the Postcard Notice, publishing and hosting the Internet Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice, Internet Notice, and/or Claim form to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with Notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned of repaid to Settling Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount. All Notice and Administration Costs shall be paid exclusively from the Settlement Fund. Except for Settling Defendants' obligation to send CAFA notice as provided for in ¶ 22, Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Costs nor shall they have any responsibility or liability

STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

whatsoever for any claims with respect thereto.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.     Lead Counsel will apply to the Court for an award to be paid solely from (and out of) the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund. Lead Counsel will also apply to the Court for payment or reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

18.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate funds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if (i) the Effective Date does not occur; (ii) the Settlement is terminated pursuant to the terms of this Stipulation; or (iii) if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become final. Lead Counsel shall make the appropriate refund or repayment in full no later than twenty (20) business days after: (a) receiving from Settling Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become final. Lead Counsel and Lead Plaintiff, as a condition of receiving such fees, costs, and

expenses, on behalf of itself, himself, or herself, and each partner and/or shareholder of it, him, or her, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Any refunds required pursuant to this ¶ 18 shall be the several obligation of Lead Counsel and Lead Plaintiffs that received fees or expense to make appropriate refunds or repayments to the Settlement Fund.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

19.    Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the award or payment of attorneys' fees or Litigation Expenses (other than Settling Defendants' obligation to pay the Settlement Amount as set forth in ¶ 10) or any allocation of any attorneys' fees or Litigation Expenses among Lead Counsel in the Action, or to any other Person who may assert some claim thereto. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

20.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of the Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Settling Defendants' obligation to provide its shareholders records as provided in ¶ 22 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement

of the Net Settlement Fund, and shall have no responsibility whatsoever to any person or entity, including, but not limited to Lead Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Settling Defendants' Counsel shall provide reasonable cooperation in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to issue Notice and make Proof of Claim Forms available to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Settling Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list consisting of names and mailing addresses and email addresses, if available, of those who purchased or held Funko common stock during the Class Period.

22. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Settling Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). Settling Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least five (5) business days before the Settlement Fairness Hearing, Settling Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA. The Parties agree that any delay by Settling Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement

STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

Fairness Hearing or entry of the Judgment.

23.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Internet Notice attached hereto as Exhibit A-1 or in such other plan of allocation as the Court approves).

24.    The Plan of Allocation proposed in the Internet Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in the Action.  Settling Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Settling Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

25.    Any Settlement Class Member that does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

26. Lead Counsel through the Claims Administrator shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Settling Defendant nor any other Defendants' Releasees shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

27. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Claimant shall be required to submit a paper or electronic Claim Form, substantially in the form attached hereto as Exhibit A-2 in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b) All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice, Internet Notice, and Summary Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.

27    STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

28.    Each Claimant shall be deemed to have submitted to the jurisdiction of

the Court with respect to the Claimant's Claim, including but not limited to, all Releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing the Claims.

29. Lead Counsel will apply to the Court, on notice to Settling Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

30. Payment pursuant to the Class Distribution shall be final and conclusive against any and all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

31. No Person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantial in accordance with this Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their

29     STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

32.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If any funds shall remain in the Net Settlement Fund six (6) months after such re-distribution, then such balance shall be contributed to the Legal Aid Foundation of Los Angeles or any not-for-profit successor of it.

## TERMS OF THE JUDGMENT

33.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel, Settling Defendants' Counsel, and the ACON Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form

annexed hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

34.    The Effective Date of the Settlement shall be the date on which all of the following events have occurred or been waived:

(a)    The Stipulation, and such other documents as may be required to obtain final Court approval of the Settlement in a form satisfactory to the Lead Plaintiffs and Settling Defendants, have been executed;

(b)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A annexed hereto, as required by ¶ 3 above;

(c)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 10 above;

(d)    Settling Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(f)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(g)    a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final.

35.    Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of Settling Defendants or any of Defendants' Releasees in or to the Settlement Fund, if any, shall be absolutely and forever

31    STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

extinguished and the Releases herein shall be effective.

36.    If the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be cancelled and terminated.

(b)    Lead Plaintiffs and Defendants shall revert to their respective positions in the Action immediately prior to the execution of this Stipulation.

(c)    The terms and provisions of this Stipulation, with the exception of this ¶ 36 and ¶¶ 1, 13-14, 16, 18, 40, and 58-60, shall have no further force and effect with respect to the parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    In the event the Settlement is not approved or the Settlement is terminated pursuant to this Stipulation, then within ten (10) business days after such termination, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid or payable and less and Taxes paid, due or owing, shall be refunded by the Escrow Agent to Settling Defendants (or such other persons or entities as Settling Defendants may direct). In the event that the funds received by Lead Counsel consistent with ¶ 18 above have not been refunded to the Settlement Fund within ten (10) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Settling Defendants (or such other entities as Settling Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 18 above.

37.    It is further stipulated and agreed that Settling Defendants and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation, by

providing written notice of their election to do so ("Termination Notice") to the other parties to this Stipulation within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 36 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not effect the finality of any Judgment and shall not be grounds for termination of the Settlement.

38.    In addition to the grounds set forth in ¶ 37 above, Settling Defendants shall have the unilateral right to terminate the Settlement in the event that the aggregate number of shares of Funko common stock purchased during the Class Period by persons or entities who would otherwise be Settlement Class Members, but who request exclusion from the Settlement Class, exceeds the sum specified in a separate supplemental agreement between Lead Plaintiffs and Funko by and through their counsel (the "Supplemental Agreement"). The Parties agree to maintain the confidentiality of the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court unless and until (i) the Parties agree in writing to file it; (ii) a dispute arises between the Parties concerning its interpretation or application; or (iii) as otherwise ordered by the Court. The Supplemental Agreement shall not otherwise be disclosed in any manner unless ordered by the Court. If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed *in camera* to the Court for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of

the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

39.    In addition to the grounds set forth in ¶¶ 37 and 38 above, Lead Plaintiffs shall have also have the right to terminate the Settlement if: (a) pursuant to the procedures set forth in ¶¶ 8 and 9 above, the Confirmatory Discovery causes Lead Plaintiffs and Lead Counsel reasonably and in good faith to conclude that the proposed Settlement is not fair, reasonable and adequate; or (b) in the event that the Settlement Amount has not been paid as provided for in ¶ 10 above, but only if: (i) Lead Counsel notified Settling Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within ten (10) business days after Lead Counsel has provided such written notice.

## NO ADMISSION

40.    Neither the MOU, this Stipulation (whether or not consummated), including the exhibits attached hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and this Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration

proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

41.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall prevail.

42.    Settling Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any person or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment

required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 1010 and 547 thereof. This representation is made by each of the Settling Defendants as to itself, himself, or herself only and not by their counsel.

43.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Settling Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 36 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 36.

44.    The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties and the Released Defendants with respect to the Action, Released Plaintiffs' Claims, and Released Defendants' Claims. The Settlement compromises claims which are contested and shall not be deemed an admission by any Party or any Releasee as to the merits of any claim or defense. Pursuant to 15 U.S.C. § 78u-4(c)(1), the Judgment will contain a finding that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions,

pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Mediator Michelle Yoshida of Phillips ADR, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel. The Parties and the Released Defendants reserve the right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without reasonable basis.

45. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of Lead Plaintiffs and Settling Defendants (or their successors-in-interest) and on behalf of the ACON Defendants only with respect to a modification or amendment of the Releases set forth in ¶¶ 5 and 6 above.

46. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

48. The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Settling Defendants concerning the Settlement and this Stipulation and its exhibits. All parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

50.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any party may merge, consolidate, or reorganize.

52.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate them, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

54.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations among the parties, and all parties have contributed substantially and materially to the preparation of this Stipulation.

55.     All counsel and any other person executing this Stipulation and any of

the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56. The Parties acknowledge that it is their intent to consummate this agreement and Lead Counsel and Settling Defendants' Counsel agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtained final approval by the Court of the Settlement.

57. If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to submission to the Court of the application for preliminary approval of the Settlement, the parties agree to engage in an expedited telephonic mediation with the Mediator, Michelle Yoshida. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given (i) upon receipt of hand delivery or email transmission, with confirmation of receipt; (ii) one (1) business day after being sent to the recipient by reputable overnight courier services; or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested, and postage prepaid. In addition to the methods of notice permitted in this ¶ 57, all notices shall also be provided by email to ensure that they are received by the other Party. Such notice shall be provided at the following address and email addresses:

If to Lead Plaintiffs or Lead Counsel:    Bernstein Liebhard LLP
Attn: Stephanie M. Beige, Esq.
10 East 40th Street
New York, N 10016
Tel: (212) 779-1414

Email: beige@bernlieb.com

Pomerantz LLP
Attn: Michael J. Wernke
600 Third Avenue, 20th Floor
New York, NY 10016
Tel: (212) 661-1100
Email: mjwernke@pomlaw.com

If to Settling Defendants:          Lathan & Watkins LLP
                                    Attn: Kevin M. McDonough
                                    1271 Avenue of the Americas
                                    New York, NY 10020
                                    Tel: (212) 906-1200
                                    Email: kevin.mcdonough@lw.com

58.     Except as otherwise provided herein, each party shall bear its own costs.

59.     Pending approval by the Court of this Stipulation, all proceedings in this Action shall be and remain stayed, and Lead Plaintiffs and all members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

60.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the parties and their Counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

61.     All agreements made during the course of this Action relating to the confidentiality of information shall survive this Settlement.

62.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the

determinations thereof are the sole responsibility of that Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF**, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 3, 2022.

POMERANTZ LLP

Michael J. Wernke

Jeremy A. Lieberman (pro hac vice)
Michael J. Wernke (pro hac vice)
600 Third Ave., 20th Fl.
New York, NY 10016
Tel: (212) 661-1100
Email: jalieberman@pomlaw.com
Email: mjwernke@pomlaw.com

Jennifer Pafiti (SBN 282790)
100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

BERNSTEIN LIEBHARD LLP

Stephanie M. Beige (pro hac vice)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Email: beige@bernlieb.com

*Co-Lead Counsel for Lead Plaintiffs*

41                    STIPULATION AND AGREEMENT OF SETTLEMENT
                      Case No. 2:20-cv-02319-VAP-(MAAx)

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York, 10165
Telephone: (212) 697-6486
Email: peretz@bgandg.com

*Additional Counsel for Lead Plaintiffs*

LATHAM & WATKINS LLP

_____
Kevin M. McDonough (pro hac vice)
Thomas J. Giblin (pro hac vice)
1271 Avenue of the Americas
New York, New York 10020
Tel: (212) 906-1200
Email: kevin.mcdonough@lw.com
Email: thomas.giblin@lw.com

Meryn C. N. Grant
(State Bar No. 291315)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: (213) 485-1234
Email: meryn.grant@lw.com

*Counsel for Settling Defendants
Funko, Inc., Brian Mariotti, Jennifer
Fall Jung, Andrew Perlmutter, Ken
Brotman, Gino Dellomo, and Adam
Kriger*

STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

AEGIS LAW GROUP LLP

M.ce R
_____

Michael K. Ross (*pro hac vice*)
Sean M. Roberts (*pro hac vice*)
801 Pennsylvania Avenue, NW
Suite 740
Washington, DC 20004
Telephone: (202) 737-3500
Email: mross@aegislawgroup.com
        sroberts@aegislawgroup.com

Sean Eskovitz (State Bar No. 241877)
ESKOVITZ LAW
1217 Wilshire Blvd, # 3683
Santa Monica, CA 90403
Telephone: (323) 821-5836
Email: seane@eskovitz.com

*Counsel for the ACON Defendants*

STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

# EXHIBIT A

**POMERANTZ LLP**
Jennifer Pafiti (SBN 292790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead*
*Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, | Case No.: 2:20-cv-02319-VAP-MAAx |
| Plaintiff, | Judge: Hon. Virginia A. Phillips |
| v. | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT** |
| FUNKO, INC., et al., | |
| Defendants. | |

WHEREAS, a securities class action is pending in this court entitled *Gilberto Ferreira, et al. v. Funko, Inc., et al.*, 2:20-cv-02319-VAP-MAAx (the "Action");

WHEREAS, (a) Lead Plaintiffs Huaiyu Zheng, Abdul Baker, and Zhibin Zhang ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Funko, Inc. ("Funko") and Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, and Adam Kriger (the "Individual Defendants," and together with Funko, the "Funko Defendants" or the "Settling Defendants"), and ACON Investments, L.L.C., ACON Funko Manager, L.L.C., ACON Funko Investors, L.L.C., ACON Funko Investors Holdings 1, L.L.C.,

{00499459;1 }

ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C. (the "ACON Defendants," and together with the Settling Defendants, the "Defendants") have determined to settle all claims asserted in this Action against all parties with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 3, 2022 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **<u>Proposed Class Certification for Settlement Purposes</u>** – Solely for purposes of effectuating the proposed Settlement, the parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure: all persons or entities who purchased Funko publicly traded common stock during the period from August 8, 2019 through March 5, 2020 (the "Class Period"), and who were damaged thereby (the "Settlement Class"). The Settlement Class includes all persons or entities who purchased Funko common stock contemporaneously with sales of Funko common stock made by Defendant Mariotti during the Class Period. Excluded from the Settlement Class are:

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

2

(i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in-interest, or assigns of any excluded person or entity in their respective capacity as such. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.    **Class Findings** – The Court finds, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class solely for purposes of the proposed Settlement.  Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court also finds that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

{00499459;1 }

[PROPOSED] ORDER  PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION  OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

3

4.      **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below. The Court finds probative that the Settlement was negotiated at arm's length under the oversight of an experienced mediator.

5.      **<u>Settlement Fairness Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2022, at _____ _.m. Pacific Time, at the United States District Court for the Central District of California, Courtroom 8A, 350 W. 1st Street, 8th Floor, Los Angeles, CA 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the Releases set forth in the Stipulation should be ordered; (e) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (f) to determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses (including Lead Plaintiffs' applications for reimbursement pursuant to the PSLRA) should be approved; (g) to consider any

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

4

Settlement Class Members' timely objections to the Settlement, Plan of Allocation, or motion for attorneys' fees and Litigation Expenses; and (h) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the parties may agree to, if appropriate, without further notice to the Settlement Class, provided that doing so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law.

7.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.

a.    not later than ten (10) business days after the date of entry of this Order, Settling Defendants shall, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, provide or cause to be provided to the Claims Administrator in electronic format a list consisting of names and mailing addresses and email addresses, if available, of those who purchased or held Funko common stock during the Class Period;

b.    beginning not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided by

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

5

Funko or in the records which Funko caused to be provided, or who otherwise may be identified through further reasonable effort;

c.      contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Internet Notice and Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Internet Notice and Claim Form can be downloaded;

d.      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the PR Newswire; and

e.      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.      **Approval of Form and Content of Notice** – The Court: (a) approves, as to form and content, the Internet Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4 respectively; and, (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Summary Notice, Internet Notice and Claim Form in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

6

Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Internet Notice and Summary Notice before they are mailed and published, respectively.

9. **<u>Nominee Procedures</u>** – Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Funko common stock during the Class Period for the benefit of another person or entity. Brokers and other nominees who purchased Funko common stock during the Class Period for the benefit of another person or entity shall, within seven days of receipt of the Postcard Notice, either: (a) provide to the Claims Administrator the name and last known address of each such person or entity; (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and, within seven days of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request an electronic copy of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and, within seven days of receipt, email the Postcard Notice directly to all such persons and entities for which email addresses are available. If available, the broker or other nominee must also provide the Claims Administer with the e-mails of the beneficial owners. If a broker or other nominee opts to utilize procedure (b) or (c) above, then such broker or nominee must provide a statement to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

7

addresses used. Upon full compliance with this Order, such brokers or other nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator. Such properly documented expenses incurred by brokers or other nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than five (5) business days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or received electronically no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late claims, provided such acceptance

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

8

does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.    In order to be entitled to participate in the recovery from the Net Settlement Fund after the Effective Date, each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

9

favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and the Internet Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.    **Exclusion From the Settlement Class** – All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request to be excluded, or "opt out," from the Settlement Class. Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Internet Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered, such that it is received no later than fifteen (15) business days prior to the Settlement Hearing, to: Funko, Inc. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063 and (b) each request for exclusion must  (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Ferreira, et al. v. Funko, Inc., et al.*, 2:20-cv-02319-VAP-MAAx (C.D. Cal.)"; (iii) state the number of Funko common shares that the person or entity requesting exclusion (A) owned as of the opening of trading on August 8, 2019 and (B) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

the required information and is received within the time stated above or is otherwise accepted by the Court.

15.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any Defendants' Releasees, as more fully described in the Stipulation and Internet Notice.

17.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Settling Defendant's Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

11

Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear to show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for Attorneys' Fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Settling Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Settling Defendants' Counsel** |
|---|---|
| Bernstein Liebhard LLP | Latham & Watkins LLP |
| Stephanie M. Beige | Kevin M. McDonough |
| 10 East 40th St., 28th Floor | 1271 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10020 |
| | |
| Pomerantz LLP | |
| Michael J. Wernke | |
| 600 Third Avenue, 20th Floor | |
| New York, NY 10016 | |

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Settlement Class Member's objection, including any

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

12

legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Funko common stock that the objecting Settlement Class Member (i) owned as of the opening of trading on August 8, 2019 and (ii) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Settlement Class from commencing or prosecuting, directly or indirectly, any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23. **Settlement Fund** – The contents of the Settlement Fund held by the Escrow Agent at Signature Bank shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for, or in respect to, the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses** – Defendants' Releasees shall have no responsibility or liability for (i) the

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT Case No. 2:20-cv-02319-VAP-(MAAx)

14

Plan of Allocation, (ii) any actions of the Escrow Agent, (iii) any distributions from the Net Settlement Fund, or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiffs.  The Court will consider the Plan of Allocation and any applications for attorneys' fees or Litigation Expenses separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action and Releases. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of Litigation Expenses shall be approved.

26.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

27.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered

{00499459;1 }

[PROPOSED] ORDER  PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION  OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

15

against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

16

28.     **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

29.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

SO ORDERED this ___ day of _____, 2022.

_____
The Honorable Virginia A. Phillips
United States District Judge

{00499459;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

17

# EXHIBIT A-1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,

　　Plaintiff,

　　v.

FUNKO, INC., et al.,

　　Defendants.

Case No. 2:20-cv-02319-VAP-(MAAx)

Judge: Hon. Virginia A. Phillips
Courtroom 8A—8th Floor

## CLASS ACTION

## INTERNET NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**If you purchased shares of Funko, Inc. ("Funko") on the open market during the period from August 8, 2019 to March 5, 2020 (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- **The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; (iii) Lead Counsel's application for attorneys' fees and expenses; and (iv) Lead Plaintiffs' applications for awards pursuant to the PSLRA. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]**

---

[1] All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated June 3, 2022 (the "Stipulation"), found at the Important Documents section of the Case Website, www.strategicclaims.net/Funko.

{00499461;1 }

- **If approved by the Court, the proposed Settlement will create a $7,000,000 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees, expenses, and reimbursements to Lead Plaintiffs that are awarded by the Court, Notice and Administration Expenses, and Taxes.**

- **The Settlement resolves all claims by Abdul Baker, Zhibin Zhang, and Huaiyu Zheng (collectively, "Lead Plaintiffs") that have been asserted on behalf of the proposed Settlement Class in the litigation captioned *Ferreira v. Funko, Inc., et al.*, Case No. 2:20-cv-02319-VAP-(MAAx).**

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**
**Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2022** | The only way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2022** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Defendants' Releasees concerning the Released Claims. *See* Question 11 below for details. |
| **OBJECT BY_____, 2022** | Write to the Court about why you object to the Settlement, the Plan of Allocation, the Fee and Expense Application, or Lead Plaintiff awards. If you object, you will still be a member of the Settlement Class. *See* Question 14 below for details. |
| **GO TO A HEARING ON _____, 2022 AND FILE A NOTIC EOF INTENTION TO APPEAR BY_____, 2022** | Ask to speak in Court at the Settlement Fairness Hearing about the Settlement. *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

{00499461;1 }                                    2

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all eligible Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

### SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.      Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $7,000,000 (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages [__-__] below.

**Estimate of Average Amount of Recovery Per Share**

2.      Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of Funko common stock eligible to participate in the Settlement, and assuming that all such investors eligible to participate do so, Lead Plaintiffs estimate that the average recovery would be approximately $0.332 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses). If the Court approves the Fee and Expense Application (discussed below), the average

{00499461;1 }                                    3

recovery would be approximately $0.244 per allegedly damaged share.[2] **Please note, however, that these average recovery amounts are only estimates, and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased shares of Funko common stock on the open market; and (iv) whether and when the Settlement Class Member sold the securities. *See* the Plan of Allocation beginning on page [___] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to be Litigated**

3.      The parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against Defendants. The issues on which the parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Funko common stock was allegedly artificially inflated; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Funko common stock during the Class Period; and (v) whether or not Defendants' allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

{00499461;1 }                                4

4.      Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' alleged actions. While Lead Plaintiffs believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5.      Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred by Lead Counsel in prosecuting the Action in an amount not to exceed $275,000, plus accrued interest, which will include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs not to exceed $18,000 each, directly related to their representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.244 per allegedly damaged share of Funko common stock. A copy of the Fee and Expense Application will be posted on www.strategicclaims.net/Funko/ after it has been filed with the Court.

**Reasons for the Settlement**

6.      For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the SAC (as defined below); the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like

{00499461;1 }                         5

this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals). For Funko, which denies all allegations of wrongdoing or liability whatsoever and denies that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7. Lead Plaintiffs and the Settlement Class are represented by Lead Counsel, Bernstein Liebhard LLP, Stephanie M. Beige, Esq., 10 East 40th Street, New York, NY 10016, (212) 779-1414, funkoinfo@bernlieb.com, and Pomerantz LLP, Michael J. Wernke, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, mjwernke@pomlaw.com.

8. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator:

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: (610) 565-7985
info@strategicclaims.net

or Lead Counsel, or visiting the Case Website at www.strategicclaims.net/Funko/.

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

{00499461;1 }

6

**BASIC INFORMATION**

| 1.    Why did I get this Notice? |
|---|

9.    You or someone in your family, or an investment account for which you serve as a custodian, may have purchased shares of Funko common stock on the open market during the Class Period from August 8, 2019 to March 5, 2020, and may be a Settlement Class Member. This Internet Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you are required to submit the Claim Form.** *See* **Question 8 below.**

10.    The Court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Fairness Hearing").

11.    The Court in charge of the Action is the United States District Court for the Central District of California, and the case is known as *Ferreira v. Funko, Inc., et al.*, Case No. 2:20-cv-092319-VAP-(MAAx). The Action is assigned to the Honorable Virginia A. Phillips, United States District Judge.

| 2.    What is this case about and what happened so far? |
|---|

12.    Funko is incorporated under the laws of Delaware with its principal executive offices located in Everett, Washington. Funko's common stock trades on the NASDAQ under the symbol "FNKO." Funko is a pop culture consumer products

{00499461;1 }                                           7

company that creates vinyl figures, action toys, plush, accessories, apparel, and homewares relating to movies, TV shows, video games, musicians, and sports teams. Funko is the world's largest seller of pop culture collectibles and is best known for its Pop! line of vinyl collectible figures, which account for over three-quarters of the Company's sales. Lead Plaintiffs allege that the Defendants made false and misleading statements and omissions during the Class Period regarding the Company's financial projections and the state of the Company's inventory.

13. Beginning on March 10, 2020, three similar actions were filed asserting violations of the federal securities laws against Defendants: (1) the above-captioned action (the "*Ferreira* Action"); (2) *Nahas v. Funko, Inc., et al.*, No. 2:20-cv-03130 (C.D. Cal.) (the "*Nahas* Action"); and (3) *Dachev v. Funko, Inc., et al.*, No. 2:20-cv-00544 (W.D. Wash.) (the "*Dachev* Action").

14. On June 11, 2020, the Court entered an Order (ECF No. 58): (i) consolidating the *Nahas* Action with the *Ferreira* Action; (ii) appointing Abdul Baker, Zhibin Zhang, and Huaiyu Zheng as Lead Plaintiffs for the proposed class; and (iii) appointing Bernstein Liebhard LLP and Pomerantz LLP as Co-Lead Counsel.

15. On July 31, 2020, Lead Plaintiffs filed a First Consolidated Amended Class Action Complaint, alleging violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, against Defendants on behalf of all persons and entities that purchased or otherwise acquired Funko securities between August 8, 2019 and March 5, 2020, inclusive, and who were damaged thereby (the "Class").

16. On October 2, 2020, the Settling Defendants and the ACON Defendants (defined below) filed separate motions to dismiss the First Consolidated Amended Complaint.

{00499461;1 }

8

17.    On December 1, 2020 and January 14, 2021, respectively, Lead Plaintiffs filed an omnibus memorandum and a corrected omnibus memorandum in opposition to the motions to dismiss the First Amended Consolidated Complaint.

18.    On December 30, 2020, the Settling Defendants and the ACON Defendants filed separate reply briefs in support of their respective motions to dismiss the First Consolidated Amended Complaint.

19.    On January 22, 2021, the Settling Defendants filed a supplemental reply brief in support of their motion to dismiss in response to Lead Plaintiffs' corrected omnibus memorandum of law.

20.    On January 26, 2021, the Court directed the parties to submit supplemental briefing addressing the impact of the Ninth Circuit's decision, *Wochos v. Tesla, Inc.*, 985 F.3d 1180 (9th Cir. 2021) on Defendants' pending motions to dismiss.

21.    On January 29, 2021, the parties filed their supplemental briefing in accordance with the Court's January 26, 2021 Order.

22.    On February 25, 2021, the Court granted Defendants' motions to dismiss the First Consolidated Amended Complaint. The Court also granted Lead Plaintiffs leave to amend.

23.    On March 29, 2021, Lead Plaintiffs filed the operative, Consolidated Second Amended Complaint (the "SAC") against the Defendants.

24.    On May 7, 2021, the Settling Defendants and the ACON Defendants filed separate motions to dismiss the SAC.

25.    On June 11, 2021, Lead Plaintiffs filed oppositions to both motions to dismiss the SAC.

26.    On June 16, 2021, the Court issued an Order directing Defendants to address the impact of *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687 (9th Cir. 2021), *cert. denied sub nom. Alphabet Inc. v. Rhode Island*, 142 S. Ct. 1227 (2022)

{00499461;1 }                              9

("*Alphabet*") on Defendants' motions to dismiss the SAC in their respective reply briefs. The Court also granted Lead Plaintiffs leave to file a sur-reply addressing *Alphabet*.

27.     On July 2, 2021, the Settling Defendants and the ACON Defendants filed separate reply memoranda in support of their respective motions to dismiss the SAC.

28.     On July 16, 2021, Lead Plaintiffs filed a sur-reply in further support of their oppositions to the motions to dismiss the SAC.

29.     On October 18, 2021, the Court issued a tentative ruling and heard oral argument on the motions to dismiss the SAC.

30.     On October 22, 2021, the Court granted in part and denied in part the motions to dismiss the SAC.

31.     On November 22, 2021, Defendants filed their Answers to the SAC.

32.     Between December 2021 and March 2022, the parties engaged in preliminary discovery by filing their Joint Rule 26(f) Report, serving their respective Rule 26(a)(1) Initial Disclosures, negotiating and filing a Stipulated Protective Order and a Stipulated Discovery Order Governing the Production of Documents and Discovery of Electronically Stored Information, serving and responding to various demands for the production of documents and interrogatories, and engaging in a meet and confer with respect to Lead Plaintiffs' Objections and Responses to the Settling Defendants' Requests for Production of Documents and Interrogatories.

33.     On April 11, 2022, the Parties engaged Michelle Yoshida, a well-respected and highly experienced mediator associated with Phillips ADR to assist them in exploring whether a negotiated resolution was possible. Thereafter, the Parties exchanged confidential mediation statements.

34.     On April 27, 2022, the Parties engaged in a full-day mediation session before the Mediator. The Parties were able to reach a settlement in principle to

{00499461;1 }                    10

release all claims against Defendants in return for a cash payment of seven million ($7,000,000) for the benefit of the Settlement Class. A Memorandum of Understanding (the "MOU") was entered into on April 29, 2022.

35.    On May 2, 2022, the Parties informed the Court that they had reached a settlement in principle asked the Court to stay all deadlines.

36.    On _____, 2022, the Court preliminary approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

| 3.    Why is this a class action? |
| --- |

37.    In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| 4.    What are the reasons for the Settlement? |
| --- |

38.    The Court did not finally decide in favor of Lead Plaintiffs or Defendants. Instead, the Parties agreed to a settlement that will end the Action. Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit; however, Lead Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue their claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead

Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

39.    Defendants have denied and continue to deny any allegations of wrongdoing contained in the SAC and further deny that they did anything wrong, that Lead Plaintiffs or the Settlement Class suffered damages or that the price of Funko common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures or otherwise. The Settlement should not be seen as an admission or concession on the part of Defendants. Funko has taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and has concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

| **5.** | **How do I know if I am a part of the Settlement Class?** |
|---|---|

40.    The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and is subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below): ***all Persons and entities who or which purchased or otherwise acquired shares of Funko publicly traded common stock during the period from August 8, 2019 to March 5, 2020, and who were damaged thereby***.

41.    Receipt of this Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in Funko common stock. Please check your records or contact your broker to see if you are a member of the Settlement Class. If one of your mutual funds purchased Funko common stock during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you individually purchased or acquired Funko common stock during the Class Period.

{00499461;1 }                                    12

**6.    Are there exceptions to the definition of the Settlement Class and to being included?**

42.    Yes. There are some individuals and entities who or which are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko's plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in interests, or assigns of any excluded person or entity in their respective capacity as such.

43.    If you sold all of your Funko common stock prior to the first alleged corrective disclosure, which occurred after the market closed on February 5, 2020 and made no subsequent purchases from February 5, 2020 through March 5, 2020, you are not a member of the Settlement Class because you were not damaged.

44.    Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

**THE SETTLEMENT BENEFITS**

**7.    What does the Settlement provide?**

45.    In exchange for the Settlement and the release of the Released Claims against the Defendants, Funko has agreed to create a $7,000,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, PSLRA awards to Lead Plaintiffs, Notice and

{00499461;1 }                              13

Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**8.    How can I receive a payment?**

46.    To qualify for a payment, you must fill out a Claim Form online at www.strategicclaims.net/Funko/ ("Case Website"). Read the instructions carefully, fill out the Claim Form, and sign it in the location indicated. The Case Website also includes instructions on downloading your transaction data directly from your brokerage so that you do not have to manually enter each transaction. **The deadline to submit your Claim through the Case Website is 11:59 p.m. EST on _____, 2022**.

47.    If you are unable to fill out a Claim Form online, please print the Claim Form entitled "Proof of Claim and Release Form" (also called the "Claim Form") available on the Case Website, fill it out and mail it to the Claims Administrator at the address below, **postmarked no later than _____, 2022**:

Funko, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

48.    Please note that if you choose to print and mail a form, you will need to manually enter each transaction.

49.    Typically, most class members submit electronic claims. Submitting a claim by mail increases the time necessary to process the Claim.

{00499461;1 }                          14

50.    The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."

## 9.    When will I receive my payment?

51.    The Court will hold a Settlement Fairness Hearing on _____, **2022** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

## 10.    What am I giving up to receive a payment or stay in the Settlement Class?

52.    If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the Defendants' Releasees.

(a) **"Released Plaintiffs' Claims"** means any and all claims and causes of action, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions that were involved, set forth, or referred to in the Action and that relate to the purchase or acquisition of Funko common stock during the Class Period.  For the avoidance of doubt, this release does not release or impair: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted derivatively in *Silverberg v. Funko, Inc.*, C.A. No. 2020-1043-MTZ (Del. Ch.), *In*

{00499461;1 }                                    15

*re Funko, Inc. Derivative Litigation*, Lead Case No. 20-cv-03740-VAP (C.D. Cal.), and *Smith v. Mariotti et al.*, (C.D. Cal. No. 22-cv-03155-VAP (C.D. Cal.); and (iii) any claims of persons or entities who or which submits a request for exclusion from the Settlement Class in connection with the Notice ("Excluded Plaintiffs' Claims). "Released Plaintiffs' Claims" include "Unknown Claims" as defined herein.

(b) "**Defendants' Releasees**" means Defendants, Russell Nickel, and all other of their current and former parents, affiliates, subsidiaries, related entities, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, principals, trustees, trusts, employees, Immediate Family members, insurers, advisors, estates, heirs, executors, administrators, shareholders, joint ventures, members, managers, supervisors, contractors, consultants, representatives, attorneys, and legal or personal representatives of the foregoing, in their capacities as such.

(c) **"Unknown Claims"** means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor**

{00499461;1 }                    16

**at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, comprised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

53.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, Defendants will also provide a release of any claims against Lead Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

{00499461;1 }     17

54.    If you do not want to be eligible to receive a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Released Defendants on your own for the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal. Also, Funko may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Funko common stock seek exclusion from the Settlement Class.**

### 11.    How do I exclude myself from the Settlement Class?

55.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Ferreira v. Funko, Inc.*, Case No. 2:20-cv-02319-VAP-(MAAx) (C.D. Cal.)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Funko common stock that the person or entity purchased, acquired, and sold on the open market during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than _____, _____,** to:

> *Funko, Inc. Securities Litigation*
> c/o Strategic Claims Services
> 600 N. Jackson St., Suite 205
> P. O. Box 230
> Media, PA 19063

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

{00499461;1 }                                    18

56.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Defendants, please speak to your lawyer in the case immediately.

**THE LAWYERS REPRESENTING YOU**

**12.    Do I have a lawyer in this case?**

57.    The Court appointed the law firms of Bernstein Liebhard LLP and Pomerantz LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel" or "Co-Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

58.    Lead Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Lead Counsel will ask the Court to award attorneys' fees of no more than 25% of the Settlement Fund, which will include any accrued interest. Lead Counsel are Bernstein Liebhard LLP and Pomerantz LLP. Lead Counsel intend to share part of any attorneys' fees awarded by the Court with Bronstein, Gewirtz & Grossman, LLC in accordance with its level of contribution to the initiation, prosecution, and resolution of the Action, in addition to other counsel performing work on behalf of the Settlement Class at the direction of Lead Counsel.

{00499461;1 }                                    19

Lead Counsel will also seek payment of litigation expenses incurred in the prosecution of the Action of no more than $275,000.00, plus accrued interest, which will include an application in accordance with the PSLRA for the reasonable costs and expenses of Lead Plaintiffs of no more than $18,000 each directly related to their representation of the Settlement Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14. How do I tell the Court that I do not like something about the proposed Settlement?**

59.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application. You can ask the Court not to approve the Settlement, but you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

60.     To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application in "*Ferreira v. Funko, Inc.*, Case No. 2:20-cv-02319-VAP-(MAAx) (C.D. Cal.)." Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of shares of Funko

{00499461;1 }                                      20

common stock the person or entity purchased, acquired, and sold on the open market during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than _____, 2022** and be mailed or delivered to each of the following counsel so that it is received **no later than _____, 2022**:

| Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>Central District of California<br>350 W 1st Street, 6th Floor<br>Los Angeles, CA 90012 | **Bernstein Liebhard LLP**<br>Attn: Stephanie M. Beige<br>10 East 40th Street<br>New York, NY 10016<br><br>**Pomerantz LLP**<br>Attn: Michael J. Wernke<br>600 Third Avenue, 20th Fl<br>New York, NY 10016 | **Latham & Watkins LLP**<br>Attn: Kevin M. McDonough<br>1271 Ave. of the Americas<br>New York, NY 10020 |

## 15. What is the difference between objecting and seeking exclusion?

61.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

62.

{00499461;1 }                                          21

## THE SETTLEMENT FAIRNESS HEARING

**16. When and where will the Court decide whether to approve the proposed Settlement?**

63.    The Court will hold the Settlement Fairness Hearing on _____, _____ **at _____ _.m**., in Courtroom 8A, United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, 8th Floor, Los Angeles, CA 90012. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved; and (iv) whether Lead Plaintiffs' applications for PSLRA awards should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

64.    You should be aware that the Court may change the date and time of the Settlement Fairness Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, check the Settlement website at www.strategicclaims.net/Funko/, or periodically check the Court's website at https://www.cand.uscourts.gov/cm-ecf to see if the Settlement Hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**17. Do I have to come to the Settlement Hearing?**

{00499461;1 }                                    22

65.    No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2022**.

**18. May I speak at the Settlement Hearing?**

66.    You may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see Question 14), **no later than _____ __, 2022** a statement that you, or your attorney, intend to appear in "*Ferreira v. Funko, Inc.*, Case No. 2:20-cv-02319-VAP-(MAAx) (C.D. Cal.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Fairness Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

**19. What happens if I do nothing at all?**

67.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendants concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue or be part of any other lawsuit against Defendants or any

{00499461;1 }                                          23

other of the Released Defendants concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

### 20. Are there more details about the Settlement?

68.    This Notice summarizes the proposed Settlement. More details are in the Stipulation. Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court **no later than _____, 2022**, and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

69.    You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

70.    You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.strategicclaims.net/Funko/ or the website of Lead Counsel, www.bernlieb.com.

**Please do not call the Court with questions about the Settlement**

{00499461;1 }                              24

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

**20. How will my claim be calculated?**

71.    As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Court approved attorneys' fees and litigation expenses, Lead Plaintiff awards, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Case Website, www.strategicclaims.net/Funko/.

72.    To design the Plan, Lead Counsel have conferred with Lead Plaintiffs' consulting damages expert. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amounts that will actually be paid to Authorized Claimants. The Plan of Allocation measures the amount of loss that a Settlement

{00499461;1 }                                   25

Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

73.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the change in the price of the securities at issue. In this case, Lead Plaintiffs alleged that Defendants issued false statements and omitted material facts during the Class Period that artificially inflated the price of Funko common stock. Lead Plaintiffs further allege that on February 5, 2020 and March 5, 2020, corrective information was released to the market that removed the artificial inflation from the market price of Funko common stock (deflation) and impacted the price of the stock in a statistically significant manner.

74.    An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the claimant purchased or acquired Funko common stock; and (c) whether and when the claimant sold his, her, or its shares of Funko common stock.

## **CALCULATION OF RECOGNIZED LOSS AMOUNTS**

75.    For purposes of determining whether a claimant has a Recognized Claim, purchases, acquisitions, and sales of Funko common stock will first be matched on a First In/First Out ("FIFO") basis. If a Settlement Class Member has more than one purchase, acquisition, or sale of Funko common stock during the Class Period, all purchases, acquisitions, and sales of the stock shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

76.    The Claims Administrator will calculate a "Recognized Loss Amount," as set forth below, for each share of Funko common stock purchased or otherwise acquired between August 8, 2019 and March 5, 2020 that is listed in the Claim Form

{00499461;1 }                                    26

and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

77.    The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim." An Authorized Claimant's "Recognized Claim" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

## COMMON STOCK CALCULATIONS

78.    For shares of Funko common stock purchased or otherwise acquired between August 8, 2019 and March 5, 2020, inclusive, and:

(a)    held at the end of trading on June 3, 2020, the Recognized Loss shall be that number of shares multiplied by the lesser of:

   i.    the applicable purchase date artificial inflation per share figure, as found in Table A; or

   ii.    the difference between the purchase price per share and $4.37[3].

(b)    sold between March 6, 2020 and June 3, 2020, the Recognized Loss shall be the lesser of:

   i.    the applicable purchase date artificial inflation per share figure, as found in Table A; or

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean (average) closing price of FNKO common stock during the period beginning on March 6, 2020 and ending on June 3, 2020 was $4.37 per share.

{00499461;1 }                                        27

ii.    the difference between the purchase price per share and the sales price per share; or

iii.    the difference between the purchase price per share and the average closing price between March 6, 2020 and the date of sale, as found in Table B.[4]

(c)    sold between August 8, 2019 and March 5, 2020, the Recognized Loss shall be that number of shares multiplied by the lesser of:

i.    the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

ii.    the difference between the purchase price per share and the sales price per share.

79.    For shares of Funko common stock purchased or otherwise acquired between August 8, 2019 and October 30, 2019, except for September 19, 2019 or September 20, 2019, the Recognized Loss calculated above in paragraph 78 shall be multiplied by a factor of 0.05 to account for additional litigation risk associated with the Section 10(b) and 20(a) claims based on these purchases, which were dismissed by the Court.

80.    For shares of Funko common stock purchased or otherwise acquired on September 19, 2019 or September 20, 2019, the Recognized Loss shall be (i) the amount calculated above in paragraph 78 to account for these purchasers' claim

---

[4] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

associated with the alleged violations of Section 20A asserted against Defendant Brian Mariotti, which were sustained by the Court, plus (ii) the amount calculated above in paragraph 79 to account for additional litigation risk associated with the Section 10(b) and 20(a) claims based on these purchases, which were dismissed by the Court.

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 08/08/2019 – 02/05/2020 | $6.15 |
| 02/06/2020 – 03/05/2020 | $0.02 |

**Table B**

| Date of Sale | Average Closing Price Between 03/06/2020 and Date of Sale | Date of Sale | Average Closing Price Between 03/06/2020 and Date of Sale |
|---|---|---|---|
| 03/06/2020 | $6.92 | 04/21/2020 | $4.23 |
| 03/09/2020 | $6.61 | 04/22/2020 | $4.20 |
| 03/10/2020 | $6.48 | 04/23/2020 | $4.18 |
| 03/11/2020 | $6.26 | 04/24/2020 | $4.17 |
| 03/12/2020 | $5.92 | 04/27/2020 | $4.15 |
| 03/13/2020 | $5.77 | 04/28/2020 | $4.15 |
| 03/16/2020 | $5.56 | 04/29/2020 | $4.14 |
| 03/17/2020 | $5.43 | 04/30/2020 | $4.15 |
| 03/18/2020 | $5.25 | 05/01/2020 | $4.14 |
| 03/19/2020 | $5.14 | 05/04/2020 | $4.14 |
| 03/20/2020 | $5.04 | 05/05/2020 | $4.13 |
| 03/23/2020 | $4.93 | 05/06/2020 | $4.12 |
| 03/24/2020 | $4.85 | 05/07/2020 | $4.11 |
| 03/25/2020 | $4.80 | 05/08/2020 | $4.13 |
| 03/26/2020 | $4.78 | 05/11/2020 | $4.14 |
| 03/27/2020 | $4.75 | 05/12/2020 | $4.15 |
| 03/30/2020 | $4.70 | 05/13/2020 | $4.15 |
| 03/31/2020 | $4.67 | 05/14/2020 | $4.15 |

| 04/01/2020 | $4.62 | 05/15/2020 | $4.15 |
|---|---|---|---|
| 04/02/2020 | $4.57 | 05/18/2020 | $4.16 |
| 04/03/2020 | $4.50 | 05/19/2020 | $4.18 |
| 04/06/2020 | $4.45 | 05/20/2020 | $4.19 |
| 04/07/2020 | $4.41 | 05/21/2020 | $4.20 |
| 04/08/2020 | $4.37 | 05/22/2020 | $4.21 |
| 04/09/2020 | $4.34 | 05/26/2020 | $4.23 |
| 04/13/2020 | $4.32 | 05/27/2020 | $4.26 |
| 04/14/2020 | $4.31 | 05/28/2020 | $4.28 |
| 04/15/2020 | $4.30 | 05/29/2020 | $4.30 |
| 04/16/2020 | $4.28 | 06/01/2020 | $4.32 |
| 04/17/2020 | $4.26 | 06/02/2020 | $4.34 |
| 04/20/2020 | $4.24 | 06/03/2020 | $4.37 |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

81.     Funko common stock purchased on the open market is the only security eligible for recovery under the Plan of Allocation.

82.     Purchases, acquisitions, and sales of Funko common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Funko common stock during the Class Period shall not be deemed a purchase or sale of such securities for the calculation of a claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of such securities unless (i) the donor or decedent purchased/sold such securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

83.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase of Funko common stock that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase is also zero. In the event that a claimant has an opening short position in Funko common stock at the start of the Class Period, the

{00499461;1 }                                    30

earliest Class Period purchases shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

84.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

85.    Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants. Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

86.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to the Legal Aid Foundation of Los Angeles or any not-for-profit successor of it.

{00499461;1 }
31

87.    Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants, and all other Released Defendants shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

88.    If you purchased Funko common stock on the open market during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST** EITHER**:** (a) provide to the Claims Administrator the name and last known address of each such person or entity; (b) request additional copies of this Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request an electronic copy of the Postcard Notice from the Claims Administrator, and **WITHIN SEVEN (7) DAYS** of receipt thereof, email the Postcard Notice directly to all purchasers for which email addresses are available. If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedures (b) or (c), the Court has also directed that, upon making that mailing,

{00499461;1 }

32

**YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names, mailing addresses, and email addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator:

Funko, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
info@strategicclaims.net

SO ORDERED this _____ day of _____, 2022.

The Honorable Virginia A. Phillips
United States District Judge

{00499461;1 }                    33

# EXHIBIT A-2

**PROOF OF CLAIM AND RELEASE FORM**

**"CLAIM FORM"**

**Deadline for Submission:** _____

If you purchased or otherwise acquired shares of Funko Inc., ("Funko" or the "Company") common stock on the open market from August 8, 2019 through March 5, 2020 (the "Class Period"), you may be a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in-interests, or assigns of any excluded person or entity in their respective capacity as such.)

If you are a Settlement Class Member, you must complete and submit this form in order to be eligible for any settlement benefits.

Most claimants submit their Proof of Claim and Release Form electronically. To file your claim electronically, you must complete and submit the form online at www.strategicclaims.net/Funko/ no later than 11:59 p.m. EST on _____, 2022. However, you may alternatively complete and sign this Proof of Claim and Release Form and mail it by first class mail, postmarked no later than _____, 2022, to Strategic Claims Services, the Claims Administrator, at the following address:

Funko, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Your failure to submit your claim by _____, 2022 will subject your claim to rejection and preclude you from receiving any money in connection with the settlement of this action. Do not mail or deliver your claim to the Court or to any of the parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Proof of Claim and Release Form, you will not share in the Settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court unless you exclude yourself. Submission of a Proof of Claim and Release Form does not assure that you will share in the proceeds of the Settlement.

{00499463;1 }                                              1

## CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired the common stock of Funko, Inc. ("Funko") on the open market between August 8, 2019 and March 5, 2020 ("the Class Period"). (Do not submit this Proof of Claim and Release Form if you did not purchase or acquire Funko common stock during the Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Internet Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase and/or acquisition of Funko common stock, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have provided photocopies or scanned stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of Funko common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. DO NOT SEND STOCK CERTIFICATES.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates) of each of the "Defendants' Releasees" of all "Released Claims."

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Defendants' Releasees.

9. "Defendants' Releasees" means Defendants, Russell Nickel, and all other of their current and former parents, affiliates, subsidiaries, related entities, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, principals, trustees, trusts, employees, Immediate Family members, insurers, advisors, estates, heirs, executors, administrators, shareholders, joint ventures, members, managers, supervisors, contractors, consultants, representatives, attorneys, and legal or personal representatives of the foregoing, in their capacities as such.

10. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for (i) claims relating to the enforcement of the Settlement or this Stipulation, or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class in connection with the Notice ("Excluded Defendants' Claims"). "Released Defendants' Claims" include "Unknown Claims" as defined herein.

11. "Released Plaintiffs' Claims" means any and all claims and causes of action, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions that were involved, set forth, or referred to in the Action and that relate to the purchase or acquisition of Funko common stock during the Class Period. For the avoidance of doubt, this release does not release or impair: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted derivatively in *Silverberg v. Funko, Inc.*, C.A. No. 2020-1043-MTZ (Del. Ch.), *In re Funko, Inc. Derivative Litigation*, Lead Case No. 20-cv-03740-VAP (C.D. Cal.), and *Smith v. Mariotti et al.*, (C.D. Cal. No. 22-cv-03155-VAP (C.D. Cal.); and (iii) any claims of persons or entities who or which submits a

{00499463;1 }                                                    3

request for exclusion from the Settlement Class in connection with the Notice ("Excluded Plaintiffs' Claims"). "Released Plaintiffs' Claims" include "Unknown Claims" as defined herein.

12. "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

13. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Settling Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, comprised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

14. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally and forever settle and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

15. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation and Agreement of Settlement, dated June 3, 2022 ("Stipulation") was separately bargained for and is a material element of the Settlement of which this release is a part.

{00499463;1 }                                         4

16. <u>NOTICE REGARDING ELECTRONIC FILES</u>: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple Persons and institutional accounts, but all Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The Claims Administrator reserves the right to request additional documentary proof regarding transactions and holdings in the Company's shares to prove and accurately process the Proof of Claim and Release Form. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing the file with claim number(s) and respective account information. Do not assume that the file has been received or processed until the Claims Administrator sends a confirmation email. If you do not receive such an email within 10 days of submission, please contact the electronic filing department at efile@strategicclaims.net to inquire about the file and confirm it was received and acceptable.

17. <u>NOTICE REGARDING ONLINE FILING</u>: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/Funko/.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

## I.    CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                State                  Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                             Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust   ☐ Corporation

☐ Estate   ☐ IRA/401(k)   ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for multiple accounts, file a separate Claim Form for each account.

## II.    SCHEDULE OF TRANSACTIONS IN FUNKO COMMON STOCK

| **1. Holdings as of August 7, 2019–** State the total number of shares of FNKO common stock held at the close of trading on August 7, 2019. (Must be documented.)  If none, write "zero" or "0." | Confirm Proof of Position Enclosed ☐ | **IF NONE, CHECK HERE** ☐ |
|---|---|---|

**2. Purchases/Acquisitions from August 8, 2019 through June 3, 2020, inclusive** – Separately list each and every purchase/acquisition (including free receipts) of FNKO common stock from after the opening of trading on August 8, 2019 through and including the close of trading on June 3, 2020. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| **3. Sales from August 8, 2019 through June 3, 2020, Inclusive** – Separately list each and every sale/disposition (including free deliveries) of FNKO common stock from after the opening of trading on August 8, 2019 through and including the close of trading on June 3, 2020. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

{00499463;1 }                                                7

| **4. Ending Holdings –** State the total number of shares of FNKO common stock held at the close of trading on June 3, 2020. (Must be documented.) If none, write "zero" or "0." | **Confirm Proof of Position Enclosed** ☐ |
|---|---|
| | |

## III.    SUBSTITUTIVE FORM W-9

### Request for Taxpayer Identification Number

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | Or | Taxpayer Identification (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

## IV.    CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Funko common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
 (Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, *e.g.* beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (*See* Item 2 under Claimant's Statement)

Date: _____


**To file this Proof of Claim and Release Form electronically, please visit the Funko Case Website, www.strategicclaims.net/Funko/. The Case Website has a link called "File a Claim Online" that will direct you to the electronic filing system. Once you click the File a Claim Online link, you will be given detailed instructions for filling out and submitting your Proof of Claim and Release Form online. Please read the instructions carefully and make sure that you have the information and documents necessary to complete your online claim. You will need to provide the contact information and list of transactions stated in the instructions, as well as attach the documentation listed in paragraph 5 on page 2 of this Proof of Claim and Release Form, in order to submit your claim electronically. If you do not provide all of the information and documents required, you will not be able to proceed with your submission through the electronic filing system. If you experience any issues while filling out your Proof of Claim and Release Form electronically, or if you have any questions about filing, you may contact the Claims Administrator via email at info@strategicclaims.net or by toll-free phone at (866) 274-4004.**

IF YOU CHOOSE TO FILE YOUR CLAIM BY MAIL, THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN _____, 2022 AND MUST BE MAILED TO:

Funko, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when postmarked if mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator. You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

{00499463;1 }                                    9

## REMINDER CHECKLIST

- Please be sure to sign this Proof of Claim and Release Form on page __. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then both claimants must sign.

- Please remember to attach or scan supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

- Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

- If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

{00499463;1 }

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FUNKO, INC., et al.,<br><br>    Defendants. | Case No. 2:20-cv-02319-VAP-(MAAx)<br><br>Judge: Hon. Virginia A. Phillips<br>Courtroom 8A- 8th Floor<br><br>**<u>CLASS ACTION</u>** |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING**

**To:    All persons and entities who or which purchased the common stock of Funko, Inc. ("Funko") on the open market during the period from August 8, 2019 to March 5, 2020, inclusive, and who were damaged thereby ("Settlement Class").**

Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated June 3, 2022 ("Stipulation") and the Internet Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT**

**ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE,**
**www.strategicclaims.net/Funko/**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California (the "Court"), that the Court-appointed Lead Plaintiffs, on behalf of themselves and the proposed Settlement Class, and defendants Funko, Inc. ("Funko"), Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, Adam Kriger, ACON Investments, LLC, ACON Funko Manager, LLC, ACON Funko Investors, LLC, ACON Funko Investors Holdings 1, LLC, ACON Funko Investors Holdings 2, LLC, ACON Funko Investors Holdings 3, LLC, and ACON Equity GenPar, LLC (collectively, the "Defendants") have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $7,000,000 (the "Settlement").

A hearing will be held before the Honorable Virginia A. Phillips, on _____, 2022, at ____ _.m., in the United States District Court for the Central District of California, First Street

{00499465;1 }

U.S. Courthouse, 350 W. 1st Street, Courtroom 8A, 8th Floor, Los Angeles, CA 90012 (the "Settlement Hearing") to, among other things, to determine whether to: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation; (iii) certify the Action as a class action on behalf of the Settlement Class, certify Lead Plaintiffs as Class Representatives for the Settlement Class, and appoint Lead Counsel as Class Counsel for the Settlement Class; (iv) approve the proposed Plan of Allocation for distribution of the settlement funds to Settlement Class Members (the "Net Settlement Fund"); (v) approve Lead Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Fund and reimbursement of Litigation Expenses of up to $275,000, which includes costs and expenses to Lead Plaintiffs of up to $18,000 each; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may change the date of the Settlement Hearing, or hold it telephonically, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT, AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** You may obtain a Claim Form and review the Internet Notice of Pendency and Proposed Settlement of Class Action ("Internet Notice") on the website www.strategicclaims.net/Funko/ or by contacting the Claims Administrator at:

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net
https://www.strategicclaims.net/Funko/

Inquiries, other than requests for the Internet Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**BERNSTEIN LIEBHARD LLP**
Stephanie M. Beige, Esq.
10 East 40th Street, 28th Floor
New York, NY 10016
212-779-1414
funkoinfo@bernlieb.com

**POMERANTZ LLP**
Attn: Michael J. Wernke
600 Third Avenue, 20th Floor
New York, NY 10016
212-661-1100
mjwernke@pomlaw.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked (if mailed) or submitted online* **at www.strategicclaims.net/Funko/ ("Case Website") no later than _____ __, 2022**. Read the instructions carefully, fill out the Claim Form in accordance with the instructions set forth in the Claim Form, and sign it in the location indicated. The Case Website also includes instructions on downloading your transaction data directly from your brokerage so that you do not have to manually enter each transaction. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Internet Notice such that it is *received* **no later than** _____ __, 2022. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses or awards to Lead Plaintiffs must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Internet Notice, such that they are *received* **no later than** _____ __, 2022.

SO ORDERED this _____ day of _____, 2022.


The Honorable Virginia A. Phillips
United States District Judge

{00499465;1 }

# EXHIBIT A-4

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

Important Notice about a Securities
Class Action Settlement

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

You may be entitled to a payment.
This Notice may affect your legal
rights.

Please read it carefully.

Case Pending in the United States
District Court for the Central District
of California.

*Case Number: 2:20-cv-02319-VAP-(MAAx)*

{00499467;1 }

*THIS CARD PROVIDES ONLY PARTIAL INFORMATION ABOUT THE SETTLEMENT.
PLEASE VISIT WWW.STRATEGICCLAIMS.NET/FUNKO/ FOR MORE INFORMATION.*

The United States District Court for the Central District of California has preliminarily approved a proposed class action Settlement of all claims in the action captioned *Ferreira v. Funko, Inc., et al.*, Case No. 2:20-cv-02319-VAP-(MAAx). The Settlement resolves all of the claims that Defendants violated the Securities Exchange Act of 1934 by making allegedly false and misleading statements to the investing public, which allegedly caused the Settlement Class to purchase Funko, Inc. common stock at artificially inflated prices. Defendants expressly deny all Lead Plaintiffs' allegations of wrongdoing or liability whatsoever and deny that the Settlement Class Members' losses are compensable under the securities laws.

You received this Postcard Notice because you or someone in your family may have purchased Funko common stock between August 8, 2019 and March 5, 2020, inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $7,000,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Claim Form"). The Claim Form can be found on the website, www.strategicclaims.net/Funko/, or will be mailed to you upon request to the Claims Administrator at the address below.

For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement, the Internet Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and Claim Form by visiting the website: www.strategicclaims.net/Funko/. You may also request copies of the Notice and Claim Form from the Claims Administrator through any of the following ways: (1) mail: Funko, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net. **To qualify for payment, you must submit a Claim Form.**

Claim Forms must be electronically submitted by 11:59 p.m. on _____, 2022. Mailed Claim Forms must be postmarked by _____, 2022. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2022 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____, 2022. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a final settlement hearing in this case on _____ , 2022 at __:__ __.m. at the United States District Court, Central District of California, First Street U.S. Courthouse, 350 W. First Street, Courtroom 8A, 8th Floor, Los Angeles, CA 90012, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to 25% of the Settlement Fund for attorneys' fees, plus up to $275,000 for actual expenses and up to $18,000 in PSLRA awards for each of the Lead Plaintiffs. You may attend

{00499467;1 }

the hearing and asked to be heard by the Court, but you do not have to. For more information, call toll free (866) 274-4004) or visit the website www.strategicclaims.net/Funko/

# EXHIBIT B

**POMERANTZ LLP**
Jennifer Pafiti (SBN 292790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead*
*Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> FUNKO, INC., et al., <br><br> Defendants. | Case No.: 2:20-cv-02319-VAP-MAAx <br><br> Judge: Hon. Virginia A. Phillips Courtroom 8A-8th Floor <br><br> **CLASS ACTION** |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL

WHEREAS, a securities class action is pending in this court entitled *Gilberto Ferreira, et al. v. Funko, Inc., et al.*, 2:20-cv-02319-VAP-MAAx (the "Action");

WHEREAS, (a) Lead Plaintiffs Huaiyu Zheng, Abdul Baker, and Zhibin Zhang ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Funko, Inc. ("Funko") and Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, and Adam Kriger (the "Individual Defendants," and together with Funko, the "Funko Defendants" or the "Settling Defendants"), and ACON Investments, L.L.C., ACON Funko Manager,

L.L.C., ACON Funko Investors, L.L.C., ACON Funko Investors Holdings 1, L.L.C., ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C. (the "ACON Defendants," and together with the Settling Defendants, the "Defendants") have determined to settle all claims asserted in this Action against all parties with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 3, 2022 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in the Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral

{00499470;1 }

[PROPOSED] JUDGMENT APPROVING CLASS ACTION
SETTLEMENT AND ORDER OF DISMISSAL
Case No. 2:20-cv-02319-VAP(MAAx)

2

and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof the Stipulation and the exhibits thereto, filed with the Court on June 3, 2022.

3.    **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired Funko publicly traded common stock during the period from August 8, 2019 through March 5, 2020 (the "Class Period"), and who were damaged thereby (the "Settlement Class"). The Settlement Class includes all persons or entities who purchased Funko common stock contemporaneously with sales of Funko common stock made by Defendant Mariotti during the Class Period. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in-interest, or assigns of any excluded person or entity in their respective capacity as such. Also excluded from the Settlement Class are any persons and entities who or which

{00499470;1 }

[PROPOSED] JUDGMENT APPROVING CLASS ACTION
SETTLEMENT AND ORDER OF DISMISSAL
Case No. 2:20-cv-02319-VAP(MAAx)

exclude themselves by submitting a request for exclusion that is accepted by the Court.

4. **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

5. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiffs as Class Representatives for the Settlement Class, and appoints Lead Counsel Bernstein Liebhard LLP and Pomerantz LLP as Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination of the Postcard Notice, Internet Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the

{00499470;1 }

4

[PROPOSED] JUDGMENT APPROVING CLASS ACTION
SETTLEMENT AND ORDER OF DISMISSAL
Case No. 2:20-cv-02319-VAP(MAAx)

pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses, including application for PSLRA awards to Lead Plaintiffs; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*., were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment, except those persons and entities listed on Exhibit 1 to this Judgment.

7.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair,

reasonable, and adequate to the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.    The Action and all claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment].

10.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

{00499470;1 }

6

a. Without further action by anyone, and subject to paragraph 11 below, upon the Effective date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and all of the Defendants' Releasees, and shall forever be barred and enjoined from bringing, asserting, or prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

b. Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, the Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and all of the Plaintiffs' Releasees, and shall forever be barred and enjoined from bringing, asserting or prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the parties or any Releasee to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **<u>Rule 11 Findings</u>** – The Court finds and concludes that the parties and their respective counsel have complied in all respects with the requirements of Rule

11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.    **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.    Shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.    Shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative

action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c. Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to and rely on this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement, including but not limited to by filing the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and the Settlement Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without

{00499470;1 }

[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL
Case No. 2:20-cv-02319-VAP(MAAx)

9

further order of the Court, Lead Plaintiffs and the Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

17.    **Attorneys' Fees and Litigation Expenses** – Lead Counsel is awarded attorneys' fees in the amount of $_____, and expenses in the amount of $_____, such amounts to be paid out of the Settlement Fund immediately upon entry of this Order.  Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among Bronstein, Gewirtz & Grossman, LLC and other counsel who performed work for the benefit of the Settlement Class at their direction in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.  In the event that this Judgment does not become Final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and all other counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of (i) entry of the order rendering the Settlement and Judgment non-Final, (ii) notice of the Settlement being terminated, or (iii) the occurrence of any other event that precludes the Effective Date from occurring, refund the Settlement Fund the fee and expense award paid to Lead Counsel and, if applicable, distributed to other counsel.

18.    **Awards to Plaintiffs** – Plaintiffs Abdul Baker, Zhibin Zhang, and Huaiyu Zheng are awarded $_____, $_____ and $_____, respectively, for their reasonable costs and expenses directly relating to the representation of the

{00499470;1 }

[PROPOSED] JUDGMENT APPROVING CLASS ACTION
SETTLEMENT AND ORDER OF DISMISSAL
Case No. 2:20-cv-02319-VAP(MAAx)

Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), with such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

19. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

20. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this ___ day of _____, 2022.

_____
The Honorable Virginia A. Phillips
United States District Judge