# EXHIBIT 2

**POMERANTZ LLP**
Jennifer Pafiti (SBN 292790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>FUNKO, INC., et al.,<br><br>                    Defendants. | Case No.: 2:20-cv-02319-VAP-MAAx<br><br>Judge: Hon. Virginia A. Phillips<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT** |

WHEREAS, a securities class action is pending in this court entitled *Gilberto Ferreira, et al. v. Funko, Inc., et al.*, 2:20-cv-02319-VAP-MAAx (the "Action");

WHEREAS, (a) Lead Plaintiffs Huaiyu Zheng, Abdul Baker, and Zhibin Zhang ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Funko, Inc. ("Funko") and Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, and Adam Kriger (the "Individual Defendants," and together with Funko, the "Funko Defendants" or the "Settling Defendants"), and ACON Investments, L.L.C., ACON Funko Manager, L.L.C., ACON Funko Investors, L.L.C., ACON Funko Investors Holdings 1, L.L.C.,

ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C. (the "ACON Defendants," and together with the Settling Defendants, the "Defendants") have determined to settle all claims asserted in this Action against all parties with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 3, 2022 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **<u>Proposed Class Certification for Settlement Purposes</u>** – Solely for purposes of effectuating the proposed Settlement, the parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure: all persons or entities who purchased Funko publicly traded common stock during the period from August 8, 2019 through March 5, 2020 (the "Class Period"), and who were damaged thereby (the "Settlement Class"). The Settlement Class includes all persons or entities who purchased Funko common stock contemporaneously with sales of Funko common stock made by Defendant Mariotti during the Class Period. Excluded from the Settlement Class are:

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

2

(i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in-interest, or assigns of any excluded person or entity in their respective capacity as such. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.    **Class Findings** – The Court finds, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class solely for purposes of the proposed Settlement.  Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court also finds that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

3

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below. The Court finds probative that the Settlement was negotiated at arm's length under the oversight of an experienced mediator.

5.    **Settlement Fairness Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2022, at _____ _.m. Pacific Time, at the United States District Court for the Central District of California, Courtroom 8A, 350 W. 1st Street, 8th Floor, Los Angeles, CA 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the Releases set forth in the Stipulation should be ordered; (e) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (f) to determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses (including Lead Plaintiffs' applications for reimbursement pursuant to the PSLRA) should be approved; (g) to consider any

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

4

Settlement Class Members' timely objections to the Settlement, Plan of Allocation, or motion for attorneys' fees and Litigation Expenses; and (h) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the parties may agree to, if appropriate, without further notice to the Settlement Class, provided that doing so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.

a.     not later than ten (10) business days after the date of entry of this Order, Settling Defendants shall, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, provide or cause to be provided to the Claims Administrator in electronic format a list consisting of names and mailing addresses and email addresses, if available, of those who purchased or held Funko common stock during the Class Period;

b.     beginning not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided by

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

Funko or in the records which Funko caused to be provided, or who otherwise may be identified through further reasonable effort;

c.      contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Internet Notice and Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Internet Notice and Claim Form can be downloaded;

d.      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the PR Newswire; and

e.      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.      **Approval of Form and Content of Notice** – The Court: (a) approves, as to form and content, the Internet Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4 respectively; and, (b) finds that the mailing and distribution of the Postcard Notice  and the publication of the Summary Notice, Internet Notice and Claim Form in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the

{00499457;1 }                                    [PROPOSED] ORDER  PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION  OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

6

Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement;  and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Internet Notice and Summary Notice before they are mailed and published, respectively.

9.    **Nominee Procedures** – Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Funko common stock during the Class Period for the benefit of another person or entity.  Brokers and other nominees who purchased Funko common stock during the Class Period for the benefit of another person or entity shall, within seven days of receipt of the Postcard Notice, either: (a) provide to the Claims Administrator the name and last known address of each such person or entity; (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and, within seven days of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request an electronic copy of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and, within seven days of receipt, email the Postcard Notice directly to all such persons and entities for which email addresses are available.  If available, the broker or other nominee must also provide the Claims Administer with the e-mails of the beneficial owners.  If a broker or other nominee opts to utilize procedure (b) or (c) above, then such broker or nominee must provide a statement to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing

{00499457;1 }

[PROPOSED] ORDER  PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION  OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

7

addresses used. Upon full compliance with this Order, such brokers or other nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator. Such properly documented expenses incurred by brokers or other nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than five (5) business days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or received electronically no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late claims, provided such acceptance

{00499457;1 }    [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT Case No. 2:20-cv-02319-VAP-(MAAx)

8

does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.    In order to be entitled to participate in the recovery from the Net Settlement Fund after the Effective Date, each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT Case No. 2:20-cv-02319-VAP-(MAAx)

9

favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and the Internet Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.    **Exclusion From the Settlement Class** – All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request to be excluded, or "opt out," from the Settlement Class. Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Internet Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered, such that it is received no later than fifteen (15) business days prior to the Settlement Hearing, to: Funko, Inc. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063 and (b) each request for exclusion must  (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Ferreira, et al. v. Funko, Inc., et al.*, 2:20-cv-02319-VAP-MAAx (C.D. Cal.)"; (iii) state the number of Funko common shares that the person or entity requesting exclusion (A) owned as of the opening of trading on August 8, 2019 and (B) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all

{00499457;1 }

[PROPOSED] ORDER  PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION  OF NOTICE OF SETTLEMENT Case No. 2:20-cv-02319-VAP-(MAAx)

10

the required information and is received within the time stated above or is otherwise accepted by the Court.

15.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any Defendants' Releasees, as more fully described in the Stipulation and Internet Notice.

17.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Settling Defendant's Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear to show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for Attorneys' Fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Settling Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Settling Defendants' Counsel** |
|---|---|
| Bernstein Liebhard LLP | Latham & Watkins LLP |
| Stephanie M. Beige | Kevin M. McDonough |
| 10 East 40th St., 28th Floor | 1271 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10020 |
| | |
| Pomerantz LLP | |
| Michael J. Wernke | |
| 600 Third Avenue, 20th Floor | |
| New York, NY 10016 | |

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Settlement Class Member's objection, including any

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

12

legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Funko common stock that the objecting Settlement Class Member (i) owned as of the opening of trading on August 8, 2019 and (ii) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT Case No. 2:20-cv-02319-VAP-(MAAx)

13

their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

21.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Settlement Class from commencing or prosecuting, directly or indirectly, any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.    **Settlement Fund** – The contents of the Settlement Fund held by the Escrow Agent at Signature Bank shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for, or in respect to, the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.    **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses** – Defendants' Releasees shall have no responsibility or liability for (i) the

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT Case No. 2:20-cv-02319-VAP-(MAAx)

14

Plan of Allocation, (ii) any actions of the Escrow Agent, (iii) any distributions from the Net Settlement Fund, or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiffs. The Court will consider the Plan of Allocation and any applications for attorneys' fees or Litigation Expenses separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action and Releases. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of Litigation Expenses shall be approved.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

27. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

15

against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT Case No. 2:20-cv-02319-VAP-(MAAx)

16

28.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

29.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

SO ORDERED this ___ day of _____, 2022.

_____
The Honorable Virginia A. Phillips
United States District Judge

{00499457;1 }

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT
Case No. 2:20-cv-02319-VAP-(MAAx)

17