**EXHIBIT 4**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-02319-VAP-(MAAx) |
| Plaintiff, | Judge: Hon. Virginia A. Phillips Courtroom 8A—8th Floor |
| v. | **CLASS ACTION** |
| FUNKO, INC., et al., | |
| Defendants. | |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING:**
**(A) MAILING OF THE POSTCARD NOTICE;**
**(B) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1. I am the Quality Assurance Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over twenty years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred and twenty-five (525) class action settlements since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

00712121;V1                                    1

## MAILING OF THE POSTCARD NOTICE

2. Pursuant to the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement, dated July 19, 2022 and Order Setting Fairness Hearing and Other Deadlines, dated July 29, 2022 (Dkt. No. 193 and 195, the "Preliminary Approval Orders"), SCS was approved to serve as the Claims Administrator in connection with the Settlement of the above-captioned action.[1] I submit this declaration in order to provide the Court and the Parties information regarding the mailing of the Postcard Notice to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3. SCS sent the Depository Trust Company ("DTC") the Internet Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim") for the DTC to publish on its Legal Notice System ("LENS") on August 3, 2022. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Notice and Claim is attached as **Exhibit A**.

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Revised Stipulation and Agreement of Settlement, dated as of June 3, 2022 (Dkt. No. 186-1, the "Stipulation").

00712121;V1                                    2

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 832 banks and brokerage companies ("Nominee Account Holders"), as well as 976 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On August 3, 2022, SCS caused a letter to be mailed or e-mailed to the 1,808 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that within seven (7) calendar days from the date of the letter, they either (a) send a Postcard Notice to their customers who may be beneficial purchasers/owners within seven (7) calendar days after receipt of the copies of Postcard Notice; (b) email an electronic link of the Postcard Notice supplied by SCS to beneficial purchasers/owners; or (c) provide SCS with a list of the names, mailing addresses, and email addresses, to the extent email addresses were available, of such beneficial purchasers/owners so that SCS could promptly mail the Postcard Notice or email the link to the Postcard Notice on the settlement webpage directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

00712121;V1                                                3

5.      To provide actual notice to those persons and entities who purchased or otherwise acquired the common stock of Funko, Inc. ("Funko") on the open market during the period August 8, 2019 to March 5, 2020, inclusive (the "Class Period"), pursuant to the Preliminary Approval Orders, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. **Exhibit C** is a copy of the Postcard Notice.

6.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 14 individuals and organizations identified in the transfer records that were provided to SCS by Defendants' Counsel. These records reflect persons and entities that purchased Funko common stock for their own account, or for the account(s) of their clients, during the Class Period. The transfer record mailing was completed on August 3, 2022. Following this mailing, SCS received 13,562 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received a request from a nominee for 7,440 Postcard Notices so that the nominee could forward them to their customers, and SCS received notification from four nominees that they mailed the Postcard Notices to 300 of their customers. To date, 21,316 Postcard Notices have been mailed to potential Settlement Class Members.

00712121;V1                                    4

7. Additionally, SCS was notified by a nominee that they emailed 8,860 of their clients to notify them of this settlement and provide a direct link to the Postcard Notice on the settlement webpage.

8. In total, 30,176 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Postcard Notice.

## PUBLICATION OF THE SUMMARY NOTICE

9. Pursuant to the Preliminary Approval Orders, SCS caused the Summary Notice of Pendency of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, Settlement Fairness Hearing ("Summary Notice") to be transmitted once over the *PR Newswire* on August 2, 2022 and published in *Investor's Business Daily* on August 8, 2022. The confirmations of publication are included as **Exhibit D** hereto**.**

## TOLL-FREE PHONE LINE

10. SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement and/or request a Notice and Claim. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBPAGE

11. On August 2, 2022, SCS established a webpage for the Settlement on its website at www.strategicclaims.net/Funko/. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status of the case; the deadlines for the case; the online claim filing link; and important documents such as the Notice and Claim, the Postcard Notice, the Preliminary Approval Orders, and the Stipulation with exhibits.

## REPORT ON EXCLUSIONS AND OBJECTIONS

12. The Postcard Notice, Summary Notice, Notice, and the Settlement Webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than October 17, 2022. SCS has been monitoring all mail delivered for this case. As of the date of this declaration, SCS has received one request for exclusion. A copy of the exclusion request is attached to **Exhibit E**.

13. According to the Postcard Notice, Summary Notice, Notice, and the Settlement Webpage, Settlement Class Members seeking to object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense application, are required to submit their objection in writing such that the request is received by Lead Counsel and Defendants' Counsel, as well as filed with the Clerk of the Court, no later than October 17, 2022. As of the date of this declaration, SCS

00712121;V1                                        6

has neither received any objections nor been notified that Lead Counsel has received any objections.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 3rd day of October 2022, in Media, Pennsylvania.

_____
Josephine Bravata

00712121;V1                                   7

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUNKO, INC., et al., <br><br> Defendants. | Case No. 2:20-cv-02319-VAP-(MAAx) <br><br> Judge: Hon. Virginia A. Phillips <br> Courtroom 8A—8th Floor <br><br> **CLASS ACTION** |

### INTERNET NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**If you purchased shares of Funko, Inc. ("Funko") on the open market during the period from August 8, 2019 to March 5, 2020 (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- **The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; (iii) Lead Counsel's application for attorneys' fees and expenses; and (iv) Lead Plaintiffs' applications for awards pursuant to the PSLRA. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]**

- **If approved by the Court, the proposed Settlement will create a $7,000,000 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees, expenses, and reimbursements to Lead Plaintiffs that are awarded by the Court, Notice and Administration Expenses, and Taxes.**

- **The Settlement resolves all claims by Abdul Baker, Zhibin Zhang, and Huaiyu Zheng (collectively, "Lead Plaintiffs") that have been asserted on behalf of the proposed Settlement Class in the litigation captioned *Ferreira v. Funko, Inc., et al.*, Case No. 2:20-cv-02319-VAP-(MAAx).**

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**
**Please read this Notice carefully.**

---

[1] All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated June 3, 2022 (the "Stipulation"), found at the Important Documents section of the Case Website, www.strategicclaims.net/Funko/.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY OCTOBER 17, 2022** | The only way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY OCTOBER 17, 2022** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Defendants' Releasees concerning the Released Claims. *See* Question 11 below for details. |
| **OBJECT BY OCTOBER 17, 2022** | Write to the Court about why you object to the Settlement, the Plan of Allocation, the Fee and Expense Application, or Lead Plaintiff awards. If you object, you will still be a member of the Settlement Class. *See* Question 14 below for details. |
| **GO TO A HEARING ON NOVEMBER 7, 2022 AND FILE A NOTIC EOF INTENTION TO APPEAR BY OCTOBER 17, 2022** | Ask to speak in Court at the Settlement Fairness Hearing about the Settlement. *See* Question 16-18 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all eligible Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.      Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $7,000,000 (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages 12-15 below.

### Estimate of Average Amount of Recovery Per Share

2.      Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of Funko common stock eligible to participate in the Settlement, and assuming that all such investors eligible to participate do so, Lead Plaintiffs estimate that the average recovery would be approximately $0.332 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses). If the Court approves the Fee and Expense Application (discussed below), the average recovery would be approximately $0.244 per allegedly damaged share.[2] **Please note, however, that these average recovery amounts are only estimates, and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund;

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

(iii) when the Settlement Class Member purchased shares of Funko common stock on the open market; and (iv) whether and when the Settlement Class Member sold the securities. *See* the Plan of Allocation beginning on page 12 for information on the calculation of your Recognized Claim.

## Statement of Potential Outcome of Case if the Action Continued to be Litigated

3.      The parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against Defendants. The issues on which the parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Funko common stock was allegedly artificially inflated; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Funko common stock during the Class Period; and (v) whether or not Defendants' allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

4.      Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' alleged actions. While Lead Plaintiffs believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

## Statement of Attorneys' Fees and Expenses Sought

5.      Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred by Lead Counsel in prosecuting the Action in an amount not to exceed $275,000, plus accrued interest, which will include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs not to exceed $18,000 each, directly related to their representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.244 per allegedly damaged share of Funko common stock. A copy of the Fee and Expense Application will be posted on www.strategicclaims.net/Funko/ after it has been filed with the Court.

## Reasons for the Settlement

6.      For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the SAC (as defined below); the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals). For Funko, which denies all allegations of wrongdoing or liability whatsoever and denies that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

## Identification of Attorneys' Representatives

7.      Lead Plaintiffs and the Settlement Class are represented by Lead Counsel, Bernstein Liebhard LLP, Stephanie M. Beige, Esq., 10 East 40th Street, New York, NY 10016, (212) 779-1414, funkoinfo@bernlieb.com, and Pomerantz LLP, Michael J. Wernke, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, mjwernke@pomlaw.com.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator:

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: (610) 565-7985
info@strategicclaims.net

or Lead Counsel, or visiting the Case Website at www.strategicclaims.net/Funko/.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1.      Why did I get this Notice?** |
|---|

9.      You or someone in your family, or an investment account for which you serve as a custodian, may have purchased shares of Funko common stock on the open market during the Class Period from August 8, 2019 to March 5, 2020, and may be a Settlement Class Member. This Internet Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you are required to submit the Claim Form.** *See* **Question 8 below.**

10.      The Court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Fairness Hearing").

11.      The Court in charge of the Action is the United States District Court for the Central District of California, and the case is known as *Ferreira v. Funko, Inc., et al.*, Case No. 2:20-cv-092319-VAP-(MAAx). The Action is assigned to the Honorable Virginia A. Phillips, United States District Judge.

| **2.      What is this case about and what happened so far?** |
|---|

12.      Funko is incorporated under the laws of Delaware with its principal executive offices located in Everett, Washington. Funko's common stock trades on the NASDAQ under the symbol "FNKO." Funko is a pop culture consumer products company that creates vinyl figures, action toys, plush, accessories, apparel, and homewares relating to movies, TV shows, video games, musicians, and sports teams. Funko is the world's largest seller of pop culture collectibles and is best known for its Pop! line of vinyl collectible figures, which account for over three-quarters of the Company's sales. Lead Plaintiffs allege that the Defendants made false and misleading statements and omissions during the Class Period regarding the Company's financial projections and the state of the Company's inventory.

13.      Beginning on March 10, 2020, three similar actions were filed asserting violations of the federal securities laws against Defendants: (1) the above-captioned action (the "*Ferreira* Action"); (2) *Nahas v. Funko, Inc., et al.*, No. 2:20-cv-03130 (C.D. Cal.) (the "*Nahas* Action"); and (3) *Dachev v. Funko, Inc., et al.*, No. 2:20-cv-00544 (W.D. Wash.) (the "*Dachev* Action").

14.      On June 11, 2020, the Court entered an Order (ECF No. 58): (i) consolidating the *Nahas* Action with the *Ferreira* Action; (ii) appointing Abdul Baker, Zhibin Zhang, and Huaiyu Zheng as Lead Plaintiffs for the proposed class; and (iii) appointing Bernstein Liebhard LLP and Pomerantz LLP as Co-Lead Counsel.

15.      On July 31, 2020, Lead Plaintiffs filed a First Consolidated Amended Class Action Complaint, alleging violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, against Defendants on behalf of all persons and entities that purchased

or otherwise acquired Funko securities between August 8, 2019 and March 5, 2020, inclusive, and who were damaged thereby (the "Class").

16.    On October 2, 2020, the Settling Defendants and the ACON Defendants (defined below) filed separate motions to dismiss the First Consolidated Amended Complaint.

17.    On December 1, 2020 and January 14, 2021, respectively, Lead Plaintiffs filed an omnibus memorandum and a corrected omnibus memorandum in opposition to the motions to dismiss the First Amended Consolidated Complaint.

18.    On December 30, 2020, the Settling Defendants and the ACON Defendants filed separate reply briefs in support of their respective motions to dismiss the First Consolidated Amended Complaint.

19.    On January 22, 2021, the Settling Defendants filed a supplemental reply brief in support of their motion to dismiss in response to Lead Plaintiffs' corrected omnibus memorandum of law.

20.    On January 26, 2021, the Court directed the parties to submit supplemental briefing addressing the impact of the Ninth Circuit's decision, *Wochos v. Tesla, Inc.*, 985 F.3d 1180 (9th Cir. 2021) on Defendants' pending motions to dismiss.

21.    On January 29, 2021, the parties filed their supplemental briefing in accordance with the Court's January 26, 2021 Order.

22.    On February 25, 2021, the Court granted Defendants' motions to dismiss the First Consolidated Amended Complaint. The Court also granted Lead Plaintiffs leave to amend.

23.    On March 29, 2021, Lead Plaintiffs filed the operative, Consolidated Second Amended Complaint (the "SAC") against the Defendants.

24.    On May 7, 2021, the Settling Defendants and the ACON Defendants filed separate motions to dismiss the SAC.

25.    On June 11, 2021, Lead Plaintiffs filed oppositions to both motions to dismiss the SAC.

26.    On June 16, 2021, the Court issued an Order directing Defendants to address the impact of *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687 (9th Cir. 2021), *cert. denied sub nom. Alphabet Inc. v. Rhode Island*, 142 S. Ct. 1227 (2022) ("*Alphabet*") on Defendants' motions to dismiss the SAC in their respective reply briefs. The Court also granted Lead Plaintiffs leave to file a sur-reply addressing *Alphabet*.

27.    On July 2, 2021, the Settling Defendants and the ACON Defendants filed separate reply memoranda in support of their respective motions to dismiss the SAC.

28.    On July 16, 2021, Lead Plaintiffs filed a sur-reply in further support of their oppositions to the motions to dismiss the SAC.

29.    On October 18, 2021, the Court issued a tentative ruling and heard oral argument on the motions to dismiss the SAC.

30.    On October 22, 2021, the Court granted in part and denied in part the motions to dismiss the SAC.

31.    On November 22, 2021, Defendants filed their Answers to the SAC.

32.    Between December 2021 and March 2022, the parties engaged in preliminary discovery by filing their Joint Rule 26(f) Report, serving their respective Rule 26(a)(1) Initial Disclosures, negotiating and filing a Stipulated Protective Order and a Stipulated Discovery Order Governing the Production of Documents and Discovery of Electronically Stored Information, serving and responding to various demands for the production of documents and interrogatories, and engaging in a meet and confer with respect to Lead Plaintiffs' Objections and Responses to the Settling Defendants' Requests for Production of Documents and Interrogatories.

33.    On April 11, 2022, the Parties engaged Michelle Yoshida, a well-respected and highly experienced mediator associated with Phillips ADR to assist them in exploring whether a negotiated resolution was possible. Thereafter, the Parties exchanged confidential mediation statements.

34.    On April 27, 2022, the Parties engaged in a full-day mediation session before the Mediator. The Parties were able to reach a settlement in principle to release all claims against Defendants in return for a cash payment of seven million ($7,000,000) for the benefit of the Settlement Class. A Memorandum of Understanding (the "MOU") was entered into on April 29, 2022.

35.    On May 2, 2022, the Parties informed the Court that they had reached a settlement in principle asked the Court to stay all deadlines.

36.    On July 19, 2022, the Court preliminary approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

| **3.** | **Why is this a class action?** |
|---|---|

37.    In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| **4.** | **What are the reasons for the Settlement?** |
|---|---|

38.    The Court did not finally decide in favor of Lead Plaintiffs or Defendants. Instead, the Parties agreed to a settlement that will end the Action. Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit; however, Lead Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue their claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

39.    Defendants have denied and continue to deny any allegations of wrongdoing contained in the SAC and further deny that they did anything wrong, that Lead Plaintiffs or the Settlement Class suffered damages or that the price of Funko common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures or otherwise. The Settlement should not be seen as an admission or concession on the part of Defendants. Funko has taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and has concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

| **5.** | **How do I know if I am a part of the Settlement Class?** |
|---|---|

40.    The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and is subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below): ***all Persons and entities who or which purchased or otherwise acquired shares of Funko publicly traded common stock during the period from August 8, 2019 to March 5, 2020, and who were damaged thereby***.

41.    Receipt of this Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in Funko common stock. Please check your records or contact your broker to see if you are a member of the Settlement Class. If one of your mutual funds purchased Funko common stock during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you individually purchased or acquired Funko common stock during the Class Period.

| **6.** | **Are there exceptions to the definition of the Settlement Class and to being included?** |
|---|---|

42.    Yes. There are some individuals and entities who or which are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko's plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in interests, or assigns of any excluded person or entity in their respective capacity as such.

43.    If you sold all of your Funko common stock prior to the first alleged corrective disclosure, which occurred after the market closed on February 5, 2020 and made no subsequent purchases from February 5, 2020 through March 5, 2020, you are not a member of the Settlement Class because you were not damaged.

44.    Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

6

**THE SETTLEMENT BENEFITS**

| 7. | What does the Settlement provide? |
|---|---|

45.     In exchange for the Settlement and the release of the Released Claims against the Defendants, Funko has agreed to create a $7,000,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, PSLRA awards to Lead Plaintiffs, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

| 8. | How can I receive a payment? |
|---|---|

46.     To qualify for a payment, you must fill out a Claim Form online at www.strategicclaims.net/Funko/ ("Case Website"). Read the instructions carefully, fill out the Claim Form, and sign it in the location indicated. The Case Website also includes instructions on downloading your transaction data directly from your brokerage so that you do not have to manually enter each transaction. **The deadline to submit your Claim through the Case Website is 11:59 p.m. EST on October 17, 2022**.

47.     If you are unable to fill out a Claim Form online, please print the Claim Form entitled "Proof of Claim and Release Form" (also called the "Claim Form") available on the Case Website, fill it out and mail it to the Claims Administrator at the address below, **postmarked no later than October 17, 2022**:

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste 205
Media, PA 19063
Fax: 610-565-7985
info@strategicclaims.net

48.     Please note that if you choose to print and mail a form, you will need to manually enter each transaction.

49.     Typically, most class members submit electronic claims. Submitting a claim by mail increases the time necessary to process the Claim.

50.     The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."

| 9. | When will I receive my payment? |
|---|---|

51.     The Court will hold a Settlement Fairness Hearing on **November 7, 2022** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

| 10. | What am I giving up to receive a payment or stay in the Settlement Class? |
|---|---|

52.     If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the Defendants' Releasees.

(a) **"Released Plaintiffs' Claims"** means any and all claims and causes of action, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions that were involved, set forth, or referred to in the Action and that relate to the purchase or acquisition of Funko common stock during the Class Period.  For the avoidance of doubt, this release does not release or impair: (i) any claims relating to the enforcement of the

Settlement; (ii) any claims asserted derivatively in *Silverberg v. Funko, Inc.*, C.A. No. 2020-1043-MTZ (Del. Ch.), *In re Funko, Inc. Derivative Litigation*, Lead Case No. 20-cv-03740-VAP (C.D. Cal.), and *Smith v. Mariotti et al.*, (C.D. Cal. No. 22-cv-03155-VAP (C.D. Cal.); and (iii) any claims of persons or entities who or which submits a request for exclusion from the Settlement Class in connection with the Notice ("Excluded Plaintiffs' Claims). "Released Plaintiffs' Claims" include "Unknown Claims" as defined herein.

(b) "**Defendants' Releasees**" means Defendants, Russell Nickel, and all other of their current and former parents, affiliates, subsidiaries, related entities, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, principals, trustees, trusts, employees, Immediate Family members, insurers, advisors, estates, heirs, executors, administrators, shareholders, joint ventures, members, managers, supervisors, contractors, consultants, representatives, attorneys, and legal or personal representatives of the foregoing, in their capacities as such.

(c) "**Unknown Claims**" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, comprised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

53. The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, Defendants will also provide a release of any claims against Lead Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

54. If you do not want to be eligible to receive a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Released Defendants on your own for the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal. Also, Funko may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Funko common stock seek exclusion from the Settlement Class.**

| 11. | How do I exclude myself from the Settlement Class? |
|---|---|

55.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Ferreira v. Funko, Inc.*, Case No. 2:20-cv-02319-VAP-(MAAx) (C.D. Cal.)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Funko common stock that the person or entity purchased, acquired, and sold on the open market during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than October 17, 2022** to:

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P. O. Box 230
Media, PA 19063

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

56.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Defendants, please speak to your lawyer in the case immediately.

### THE LAWYERS REPRESENTING YOU

| 12. | Do I have a lawyer in this case? |
|---|---|

57.     The Court appointed the law firms of Bernstein Liebhard LLP and Pomerantz LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel" or "Co-Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13. | How will the lawyers be paid? |
|---|---|

58.     Lead Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Lead Counsel will ask the Court to award attorneys' fees of no more than 25% of the Settlement Fund, which will include any accrued interest. Lead Counsel are Bernstein Liebhard LLP and Pomerantz LLP. Lead Counsel intend to share part of any attorneys' fees awarded by the Court with Bronstein, Gewirtz & Grossman, LLC in accordance with its level of contribution to the initiation, prosecution, and resolution of the Action, in addition to other counsel performing work on behalf of the Settlement Class at the direction of Lead Counsel. Lead Counsel will also seek payment of litigation expenses incurred in the prosecution of the Action of no more than $275,000.00, plus accrued interest, which will include an application in accordance with the PSLRA for the reasonable costs and expenses of Lead Plaintiffs of no more than $18,000 each directly related to their representation of the Settlement Class.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR
### THE FEE AND EXPENSE APPLICATION

| 14. How do I tell the Court that I do not like something about the proposed Settlement? |
|---|

59.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application. You can ask the Court not to approve the Settlement, but you cannot ask the Court to order a different settlement; the Court can only approve or deny this

Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

60.     To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application in "*Ferreira v. Funko, Inc.*, Case No. 2:20-cv-02319-VAP-(MAAx) (C.D. Cal.)." Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of shares of Funko common stock the person or entity purchased, acquired, and sold on the open market during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than October 17, 2022** and be mailed or delivered to each of the following counsel so that it is received **no later than October 17, 2022**:

| Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>Central District of California<br>350 W 1st Street, 6th Floor<br>Los Angeles, CA 90012 | **Bernstein Liebhard LLP**<br>Attn: Stephanie M. Beige<br>10 East 40th Street<br>New York, NY 10016<br><br>**Pomerantz LLP**<br>Attn: Michael J. Wernke<br>600 Third Avenue, 20th Fl<br>New York, NY 10016 | **Latham & Watkins LLP**<br>Attn: Kevin M. McDonough<br>1271 Ave. of the Americas<br>New York, NY 10020 |

### 15. What is the difference between objecting and seeking exclusion?

61.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT FAIRNESS HEARING

### 16. When and where will the Court decide whether to approve the proposed Settlement?

62.     The Court will hold the Settlement Fairness Hearing on **November 7, 2022 at 2:00 p.m.**, in Courtroom 8A, United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, 8th Floor, Los Angeles, CA 90012. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved; and (iv) whether Lead Plaintiffs' applications for PSLRA awards should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

63.     You should be aware that the Court may change the date and time of the Settlement Fairness Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, check the Case Website at www.strategicclaims.net/Funko/, or periodically check the Court's website at https://www.cand.uscourts.gov/cm-ecf to see if the Settlement Hearing stays as calendared or

is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

## 17. Do I have to come to the Settlement Hearing?

64.    No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than October 17, 2022**.

## 18. May I speak at the Settlement Hearing?

65.    You may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see Question 14), **no later than October 17, 2022** a statement that you, or your attorney, intend to appear in "*Ferreira v. Funko, Inc.*, Case No. 2:20-cv-02319-VAP-(MAAx) (C.D. Cal.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Fairness Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

## 19. What happens if I do nothing at all?

66.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendants concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue or be part of any other lawsuit against Defendants or any other of the Released Defendants concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

## 20. Are there more details about the Settlement?

67.    This Notice summarizes the proposed Settlement. More details are in the Stipulation. Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court **no later than October 3, 2022**, and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

68.    You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

69.    You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.strategicclaims.net/Funko/ or the website of Lead Counsel, www.bernlieb.com.

**Please do not call the Court with questions about the Settlement.**

11

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

| 21. How will my claim be calculated? |
|---|

70.     As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Court approved attorneys' fees and litigation expenses, Lead Plaintiff awards, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Case Website, www.strategicclaims.net/Funko/.

71.     To design the Plan, Lead Counsel have conferred with Lead Plaintiffs' consulting damages expert. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amounts that will actually be paid to Authorized Claimants. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

72.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the change in the price of the securities at issue. In this case, Lead Plaintiffs alleged that Defendants issued false statements and omitted material facts during the Class Period that artificially inflated the price of Funko common stock. Lead Plaintiffs further allege that on February 5, 2020 and March 5, 2020, corrective information was released to the market that removed the artificial inflation from the market price of Funko common stock (deflation) and impacted the price of the stock in a statistically significant manner.

73.     An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the claimant purchased or acquired Funko common stock; and (c) whether and when the claimant sold his, her, or its shares of Funko common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

74.     For purposes of determining whether a claimant has a Recognized Claim, purchases, acquisitions, and sales of Funko common stock will first be matched on a First In/First Out ("FIFO") basis. If a Settlement Class Member has more than one purchase, acquisition, or sale of Funko common stock during the Class Period, all purchases, acquisitions, and sales of the stock shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

75.     The Claims Administrator will calculate a "Recognized Loss Amount," as set forth below, for each share of Funko common stock purchased or otherwise acquired between August 8, 2019 and March 5, 2020 that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

76.     The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim." An Authorized Claimant's "Recognized Claim" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

12

**COMMON STOCK CALCULATIONS**

77.     For shares of Funko common stock purchased or otherwise acquired between August 8, 2019 and March 5, 2020, inclusive, and:

(a)     held at the end of trading on June 3, 2020, the Recognized Loss shall be that number of shares multiplied by the lesser of:

i.     the applicable purchase date artificial inflation per share figure, as found in Table A; or

ii.     the difference between the purchase price per share and $4.37[3].

(b)     sold between March 6, 2020 and June 3, 2020, the Recognized Loss shall be that number of shares multiplied by the lesser of:

i.     the applicable purchase date artificial inflation per share figure, as found in Table A; or

ii.     the difference between the purchase price per share and the sales price per share; or

iii.     the difference between the purchase price per share and the average closing price between March 6, 2020 and the date of sale, as found in Table B.[4]

(c)     sold between August 8, 2019 and March 5, 2020, the Recognized Loss shall be that number of shares multiplied by the lesser of:

i.     the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

ii.     the difference between the purchase price per share and the sales price per share.

78.     For shares of Funko common stock purchased or otherwise acquired between August 8, 2019 and October 30, 2019, except for September 19, 2019 or September 20, 2019, the Recognized Loss calculated above in paragraph 77 shall be multiplied by a factor of 0.05 to account for additional litigation risk associated with the Section 10(b) and 20(a) claims based on these purchases, which were dismissed by the Court.

79.     For shares of Funko common stock purchased or otherwise acquired on September 19, 2019 or September 20, 2019, the Recognized Loss shall be (i) the amount calculated above in paragraph 77 to account for these purchasers' claim associated with the alleged violations of Section 20(a) asserted against Defendant Brian Mariotti, which were sustained by the Court, plus (ii) the amount calculated above in paragraph 78 to account for additional litigation risk associated with the Section 10(b) and 20(a) claims based on these purchases, which were dismissed by the Court.

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean (average) closing price of FNKO common stock during the period beginning on March 6, 2020 and ending on June 3, 2020 was $4.37 per share.

[4] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

| Table A | |
|---|---|
| Purchase or Sale Date Range | Artificial Inflation Per Share |
| 08/08/2019 – 02/05/2020 | $6.15 |
| 02/06/2020 – 03/05/2020 | $0.02 |

| Table B | | | | | |
|---|---|---|---|---|---|
| Date of Sale | Average Closing Price Between 03/06/2020 and Date of Sale | Date of Sale | Average Closing Price Between 03/06/2020 and Date of Sale | Date of Sale | Average Closing Price Between 03/06/2020 and Date of Sale |
| 3/6/2020 | $6.92 | 4/6/2020 | $4.45 | 5/6/2020 | $4.12 |
| 3/9/2020 | $6.61 | 4/7/2020 | $4.41 | 5/7/2020 | $4.11 |
| 3/10/2020 | $6.48 | 4/8/2020 | $4.37 | 5/8/2020 | $4.13 |
| 3/11/2020 | $6.26 | 4/9/2020 | $4.34 | 5/11/2020 | $4.14 |
| 3/12/2020 | $5.92 | 4/13/2020 | $4.32 | 5/12/2020 | $4.15 |
| 3/13/2020 | $5.77 | 4/14/2020 | $4.31 | 5/13/2020 | $4.15 |
| 3/16/2020 | $5.56 | 4/15/2020 | $4.30 | 5/14/2020 | $4.15 |
| 3/17/2020 | $5.43 | 4/16/2020 | $4.28 | 5/15/2020 | $4.15 |
| 3/18/2020 | $5.25 | 4/17/2020 | $4.26 | 5/18/2020 | $4.16 |
| 3/19/2020 | $5.14 | 4/20/2020 | $4.24 | 5/19/2020 | $4.18 |
| 3/20/2020 | $5.04 | 4/21/2020 | $4.23 | 5/20/2020 | $4.19 |
| 3/23/2020 | $4.93 | 4/22/2020 | $4.20 | 5/21/2020 | $4.20 |
| 3/24/2020 | $4.85 | 4/23/2020 | $4.18 | 5/22/2020 | $4.21 |
| 3/25/2020 | $4.80 | 4/24/2020 | $4.17 | 5/26/2020 | $4.23 |
| 3/26/2020 | $4.78 | 4/27/2020 | $4.15 | 5/27/2020 | $4.26 |
| 3/27/2020 | $4.75 | 4/28/2020 | $4.15 | 5/28/2020 | $4.28 |
| 3/30/2020 | $4.70 | 4/29/2020 | $4.14 | 5/29/2020 | $4.30 |
| 3/31/2020 | $4.67 | 4/30/2020 | $4.15 | 6/1/2020 | $4.32 |
| 4/1/2020 | $4.62 | 5/1/2020 | $4.14 | 6/2/2020 | $4.34 |
| 4/2/2020 | $4.57 | 5/4/2020 | $4.14 | 6/3/2020 | $4.37 |
| 4/3/2020 | $4.50 | 5/5/2020 | $4.13 | | |

**ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION**

80.     Funko common stock purchased on the open market is the only security eligible for recovery under the Plan of Allocation.

81.     Purchases, acquisitions, and sales of Funko common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Funko common stock during the Class Period shall not be deemed a purchase or sale of such securities for the calculation of a claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of such securities unless (i) the donor or decedent purchased/sold such securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

82.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase of Funko common stock that matches against (or "covers") a "short sale" is zero. The Recognized Loss

14

Amount on a "short sale" that is not covered by a purchase is also zero. In the event that a claimant has an opening short position in Funko common stock at the start of the Class Period, the earliest Class Period purchases shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

83.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

84.    Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants. Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

85.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-profit organization approved by the Court.

86.    Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants, and all other Released Defendants shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

87.    If you purchased Funko common stock on the open market during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST** EITHER**:** (a) provide to the Claims Administrator the name and last known address of each such person or entity; (b) request additional copies of this Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request an electronic copy of the Postcard Notice from the Claims Administrator, and **WITHIN SEVEN (7) DAYS** of receipt thereof, email the Postcard Notice directly to all purchasers for which email addresses are available. If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedures (b) or (c), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names, mailing addresses, and email addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator:

15

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
info@strategicclaims.net

SO ORDERED this 19th day of July, 2022.

The Honorable Virginia A. Phillips
United States District Judge

16

**PROOF OF CLAIM AND RELEASE FORM**
**"CLAIM FORM"**

**Deadline for Submission:** October 17, 2022

If you purchased or otherwise acquired shares of Funko Inc., ("Funko" or the "Company") common stock on the open market from August 8, 2019 through March 5, 2020 (the "Class Period"), you may be a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in-interests, or assigns of any excluded person or entity in their respective capacity as such.)

If you are a Settlement Class Member, you must complete and submit this form in order to be eligible for any settlement benefits.

Most claimants submit their Proof of Claim and Release Form electronically. To file your claim electronically, you must complete and submit the form online at www.strategicclaims.net/Funko/ no later than 11:59 p.m. EST on October 17, 2022. However, you may alternatively complete and sign this Proof of Claim and Release Form and mail it by first class mail, postmarked no later than October 17, 2022, to Strategic Claims Services, the Claims Administrator, at the following address:

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Your failure to submit your claim by October 17, 2022 will subject your claim to rejection and preclude you from receiving any money in connection with the settlement of this action. Do not mail or deliver your claim to the Court or to any of the parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Proof of Claim and Release Form, you will not share in the Settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court unless you exclude yourself. Submission of a Proof of Claim and Release Form does not assure that you will share in the proceeds of the Settlement.

## CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired the common stock of Funko, Inc. ("Funko") on the open market between August 8, 2019 and March 5, 2020 ("the Class Period"). (Do not submit this Proof of Claim and Release Form if you did not purchase or acquire Funko common stock during the Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Internet Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase and/or acquisition of Funko common stock, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have provided photocopies or scanned stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of Funko common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. DO NOT SEND STOCK CERTIFICATES.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates) of each of the "Defendants' Releasees" of all "Released Claims."

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Defendants' Releasees.

18

9. "Defendants' Releasees" means Defendants, Russell Nickel, and all other of their current and former parents, affiliates, subsidiaries, related entities, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, principals, trustees, trusts, employees, Immediate Family members, insurers, advisors, estates, heirs, executors, administrators, shareholders, joint ventures, members, managers, supervisors, contractors, consultants, representatives, attorneys, and legal or personal representatives of the foregoing, in their capacities as such.

10. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for (i) claims relating to the enforcement of the Settlement or this Stipulation, or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class in connection with the Notice ("Excluded Defendants' Claims"). "Released Defendants' Claims" include "Unknown Claims" as defined herein.

11. "Released Plaintiffs' Claims" means any and all claims and causes of action, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions that were involved, set forth, or referred to in the Action and that relate to the purchase or acquisition of Funko common stock during the Class Period. For the avoidance of doubt, this release does not release or impair: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted derivatively in *Silverberg v. Funko, Inc.*, C.A. No. 2020-1043-MTZ (Del. Ch.), *In re Funko, Inc. Derivative Litigation*, Lead Case No. 20-cv-03740-VAP (C.D. Cal.), and *Smith v. Mariotti et al.*, (C.D. Cal. No. 22-cv-03155-VAP (C.D. Cal.); and (iii) any claims of persons or entities who or which submits a request for exclusion from the Settlement Class in connection with the Notice ("Excluded Plaintiffs' Claims"). "Released Plaintiffs' Claims" include "Unknown Claims" as defined herein.

12. "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

13. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Settling Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, comprised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other

19

Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

14. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally and forever settle and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

15. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation and Agreement of Settlement, dated June 3, 2022 ("Stipulation") was separately bargained for and is a material element of the Settlement of which this release is a part.

16. NOTICE REGARDING ELECTRONIC FILES: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the Case Website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple Persons and institutional accounts, but all Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The Claims Administrator reserves the right to request additional documentary proof regarding transactions and holdings in the Company's shares to prove and accurately process the Proof of Claim and Release Form. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing the file with claim number(s) and respective account information. Do not assume that the file has been received or processed until the Claims Administrator sends a confirmation email. If you do not receive such an email within 10 days of submission, please contact the electronic filing department at efile@strategicclaims.net to inquire about the file and confirm it was received and acceptable.

17. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/Funko/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

20

FUNKO

## I.   CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                    State                        Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                                    Telephone Number (work)

Email address (E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust   ☐ Corporation
☐ Estate   ☐ IRA/401(k)   ☐ Other _____(please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for multiple accounts, file a separate Claim Form for each account.

21

## II.   SCHEDULE OF TRANSACTIONS IN FUNKO COMMON STOCK

| **1. Holdings as of August 7, 2019–** State the total number of shares of FNKO common stock held at the close of trading on August 7, 2019.  (Must be documented.)  If none, write "zero" or "0." | **Confirm Proof of Position Enclosed** ☐ |
|---|---|

**2. Purchases/Acquisitions from August 8, 2019 through June 3, 2020, inclusive –** Separately list each and every purchase/acquisition (including free receipts) of FNKO common stock from after the opening of trading on August 8, 2019 through and including the close of trading on June 3, 2020. (Must be documented.)

| **Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year)** | **Number of Shares Purchased/ Acquired** | **Purchase/ Acquisition Price Per Share** | **Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees)** | **Confirm Proof of Purchase/Acquisition Enclosed** |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| **3. Sales from August 8, 2019 through June 3, 2020, Inclusive –** Separately list each and every sale/disposition (including free deliveries) of FNKO common stock from after the opening of trading on August 8, 2019 through and including the close of trading on June 3, 2020. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| **Date of Sale (List Chronologically) (Month/Day/Year)** | **Number of Shares Sold** | **Sale Price Per Share** | **Total Sale Price (excluding taxes, commissions, and fees)** | **Confirm Proof of Sale Enclosed** |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| **4. Ending Holdings –** State the total number of shares of FNKO common stock held at the close of trading on June 3, 2020. (Must be documented.) If none, write "zero" or "0." | **Confirm Proof of Position Enclosed** ☐ |
|---|---|

22

FUNKO

## III.   SUBSTITUTIVE FORM W-9

**Request for Taxpayer Identification Number**

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | Or | Taxpayer Identification (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## IV.   CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Funko common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
 (Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, *e.g.* beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (*See* Item 2 under Claimant's Statement)

Date: _____

23

FUNKO

**To file this Proof of Claim and Release Form electronically, please visit the Funko Case Website, www.strategicclaims.net/Funko/. The Case Website has a link called "File a Claim Online" that will direct you to the electronic filing system. Once you click the File a Claim Online link, you will be given detailed instructions for filling out and submitting your Proof of Claim and Release Form online. Please read the instructions carefully and make sure that you have the information and documents necessary to complete your online claim. You will need to provide the contact information and list of transactions stated in the instructions, as well as attach the documentation listed in paragraph 5 on page 18 of this Proof of Claim and Release Form, in order to submit your claim electronically. If you do not provide all of the information and documents required, you will not be able to proceed with your submission through the electronic filing system. If you experience any issues while filling out your Proof of Claim and Release Form electronically, or if you have any questions about filing, you may contact the Claims Administrator via email at info@strategicclaims.net or by toll-free phone at (866) 274-4004.**

IF YOU CHOOSE TO FILE YOUR CLAIM BY MAIL, THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN OCTOBER 17, 2022 AND MUST BE MAILED TO:

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when postmarked if mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator. You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

FUNKO

## REMINDER CHECKLIST

- Please be sure to sign this Proof of Claim and Release Form on page 23. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then both claimants must sign.

- Please remember to attach or scan supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

- Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

- If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

25

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net          FAX: (610) 565-7985

August 3, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF FUNKO, INC. ("FUNKO") ON THE OPEN MARKET DURING THE PERIOD AUGUST 8, 2019 TO MARCH 5, 2020, INCLUSIVE.

Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carries; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko's plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in interests, or assigns of any excluded person or entity in their respective capacity as such.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Funko, Inc. Securities Litigation*<br>Case No. 2:20-cv-02319-VAP-(MAAx)<br>Claim Filing Deadline: October 17, 2022<br>Exclusion Deadline: October 17, 2022<br>Objection Deadline: October 17, 2022<br>Settlement Fairness Hearing: November 7, 2022 | Cusip Number: 361008105 |

### PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the electronic copy of the Postcard Notice or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have seven (7) calendar days to mail them; or
4. Request an electronic copy of the Postcard Notice and advise us that you will be emailing the Postcard Notice to your beneficial purchasers/owners within seven (7) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per emailed Postcard Notice sent** OR
- **$0.05 per name, address and email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator if** you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of the legal matter. A copy of the Internet Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/Funko/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
Funko, Inc. Securities Litigation

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

Important Notice about a Securities
Class Action Settlement

You may be entitled to a payment.
This Notice may affect your legal
rights.

Please read it carefully.

Case Pending in the United States
District Court for the Central
District of California.

*Case Number: 2:20-cv-02319-VAP-
(MAAx)*

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

EXHIBIT C

**THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT**
**PLEASE VISIT WWW.STRATEGICCLAIMS.NET/FUNKO/ FOR MORE INFORMATION.**

The United States District Court for the Central District of California has preliminarily approved a proposed class action Settlement of all claims in the action captioned *Ferreira v. Funko, Inc., et al.*, Case No. 2:20-cv-02319-VAP-(MAAx). The Settlement resolves all of the claims that Defendants violated the Securities Exchange Act of 1934 by making allegedly false and misleading statements to the investing public, which allegedly caused the Settlement Class to purchase Funko, Inc. common stock at artificially inflated prices. Defendants expressly deny all Lead Plaintiffs' allegations of wrongdoing or liability whatsoever and deny that the Settlement Class Members' losses are compensable under the securities laws.

You received this Postcard Notice because you or someone in your family may have purchased Funko common stock between August 8, 2019 and March 5, 2020, inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $7,000,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Claim Form"). The Claim Form can be found on the website, www.strategicclaims.net/Funko/, or will be mailed to you upon request to the Claims Administrator at the address below.

For a full description of the Settlement, your rights, and to make a claim, please view the Stipulation and Agreement of Settlement, the Internet Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and Claim Form by visiting the website: www.strategicclaims.net/Funko/. You may also request copies of the Notice and Claim Form from the Claims Administrator through any of the following ways: (1) mail: *Funko, Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net. **To qualify for payment, you must submit a Claim Form.**

Claim Forms must be electronically submitted at www.strategicclaims.net/Funko/ by 11:59 p.m. on October 17, 2022. Mailed Claim Forms must be postmarked by October 17, 2022 to the Claims Administrator at the address above. If you do not want to be legally bound by the Settlement, you must exclude yourself by October 17, 2022 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by October 17, 2022. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a final settlement hearing in this case on November 7, 2022 at 2:00 p.m. at the United States District Court, Central District of California, First Street U.S. Courthouse, 350 W. First Street, Courtroom 8A, 8th Floor, Los Angeles, CA 90012, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to 25% of the Settlement Fund for attorneys' fees, plus up to $275,000 for actual expenses, and up to $18,000 in PSLRA awards for each of the Lead Plaintiffs. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll free (866-274-4004) or visit the website www.strategicclaims.net/Funko/.

Case 2:20-cv-02319-WLH-MAA    Document 198-4    Filed 10/03/22    Page 38 of 43   Page
ID #:4158

**EXHIBIT D**

---

**jbravata@strategicclaims.net**

---

| | |
|---|---|
| **From:** | phhubs@prnewswire.com |
| **Sent:** | Tuesday, August 2, 2022 5:08 PM |
| **To:** | jbravata@strategicclaims.net |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for Bernstein Liebhard LLP. ID# 3610502-1-1 |

Hello

Your press release was successfully distributed at: 02-Aug-2022 05:08:00 PM ET

Release headline: Pomerantz LLP and Bernstein Liebhard LLP Announce Proposed Class Action Settlement on Behalf of Purchasers of Funko, Inc. Common Stock – FNKO
Word Count: 1016
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 3610502-1-1

View your release:* https://www.prnewswire.com/news-releases/pomerantz-llp-and-bernstein-liebhard-llp-announce-proposed-class-action-settlement-on-behalf-of-purchasers-of-funko-inc-common-stock--fnko-301598447.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release: https://www.cision.com/us/resources/tip-sheets/easy-pr-sharing-guide/?sf=false

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:        IBD Weekly
Address:                     12655 Beatrice Street
City, State, Zip:            Los Angeles, CA 90066
Phone #:                     310.448.6700
State of:                    California
County of:                   Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for FUNKO INC. was printed in said publication on the following date(s):

**AUGUST 8, 2022**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __8th__ day of __August__ , __2022__ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____ (Seal)



RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

# MUTUAL FUND PERFORMANCE

Case 2:20-cv-02319-WLH-MAA   Document 198-4   Filed 10/03/22   Page 40 of 43   Page ID #:4160

*[Mutual fund performance tables spanning the upper portion of the page, organized alphabetically by fund family (JP Morgan, Kinetics, Lazard, Legg Mason, Lord Abbett, Madison, MainStay, Mass Mutual, Matthews, Meridian, MFS Funds, Nationwide, Natixis, Neuberger Berman, Nicholas, Northern, Oakmark, Oppenheimer, Optimum, Pioneer, Pace, PopForCap, Parnassus, Praxis, Price Advisor, PriceFds, Prudential, Putnam, Pimco, RBB, Royce, Russell, Schwab, SEI, SilverPepper, Sit, SmeadCap, Spirit of America, State Farm Asc, Steinberg, Sterling Capital, TCW, Third Avenue, Thrivent, TIAA-CREF, Tocqueville, Touchstone, TrilliumMutualFds, UBS, Undiscovered Mgrs, USAA Group, Value Line, Vanguard, Virtus, VOYA, Voyainvestment, Weitz, Wells Fargo, William Blair, Wilmington, Wilshire, etc.). Each entry lists: 36 Mo Rating, Fund, YTD % Chg, 12 Wk % Chg, 5 Yr Tax Chg, Net After Rtnl, Asset Value, NAV Chg.]*

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM and PEMBROKE PINES PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

HENRY SCHEIN, INC., COVETRUS, INC., STEVEN PALADINO, BENJAMIN SHAW, and CHRISTINE T. KOMOLA,

Defendants.

No. 2:19-cv-5530 (GRB)(RLM)

CLASS ACTION

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** All persons and entities who or which purchased or otherwise acquired Covetrus, Inc. ("Covetrus" or the "Company") common stock during the period from February 8, 2019, through August 12, 2019, inclusive, (the "Settlement Class Period") and were allegedly damaged thereby (the "Settlement Class").

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Court-Appointed Lead Plaintiffs, City of Hollywood Police Officers' Retirement System and Pembroke Pines Pension Fund for Firefighters and Police Officers, on behalf of themselves and the Court-certified Settlement Class in the above-captioned securities class action (the "Action"), have reached a proposed settlement for $35,000,000.00 (the "Settlement"), that, if approved by the Court, will resolve all claims in the Action.

A hearing will be held on October 25, 2022, at 2:00 p.m., before the Honorable Roanne L. Mann at the United States District Court for the Eastern District of New York, United States Courthouse, Courtroom 13C-S, 225 Cadman Plaza East, Brooklyn, NY 11201. The hearing will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Amended Stipulation and Agreement of Settlement dated June 17, 2022 (and in the Notice), should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Plaintiffs' application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at Covetrus Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173059, Milwaukee, WI 53217, by telephone at (877) 354-3780, or by email at info@covetrussecuritieslitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.CovetrusSecuritiesLitigation.com.

If you are a Settlement Class Member, in order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online at the Settlement website or by mail. The Claim Form must be *submitted online through the case website, www.CovetrusSecuritiesLitigation.com, or postmarked no later than December 3, 2022.* If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received no later than October 4, 2022,* in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court *by October 4, 2022,* and served to representatives of Lead Counsel and Defendants' Counsel such that they are *received no later than October 4, 2022,* in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Covetrus, Benjamin Shaw, or Defendants' Counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.  Or you may visit www.CovetrusSecuritiesLitigation.com or call toll-free at (877) 354-3780.**

Requests for the Notice or Claim Form should be made to:

Covetrus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173059
Milwaukee, WI 53217
(877) 354-3780
www.CovetrusSecuritiesLitigation.com
info@covetrussecuritieslitigation.com

Inquiries, other than requests for the Notice or Claim Form, may be made to the Claims Administrator or to Lead Counsel:

Covetrus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173059
Milwaukee, WI 53217
(877) 354-3780
www.CovetrusSecuritiesLitigation.com
info@covetrussecuritieslitigation.com

or

SAXENA WHITE P.A.
Lester R. Hooker, Esq.
7777 Glades Rd., Suite 300
Boca Raton, FL 33434
(561) 206-6708
lhooker@saxenawhite.com

Dated: July 15, 2022

By Order of the Court
United States District Court
Eastern District of New York

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

FUNKO, INC., et al., Defendants.

Case No. 2:20-cv-02319-VAP-(MAAx)
Judge: Hon. Virginia A. Phillips
Courtroom 8A-8th Floor
CLASS ACTION

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING**

**To:** All persons and entities who or which purchased the common stock of Funko, Inc. ("Funko") on the open market during the period from August 8, 2019 to March 5, 2020, inclusive, and who were damaged thereby ("Settlement Class").

Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement, dated June 3, 2022 ("Stipulation") and the Internet Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE, www.strategicclaims.net/Funko/.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California (the "Court"), that the Court-appointed Lead Plaintiffs, on behalf of themselves and the proposed Settlement Class, and defendants Funko, Inc. ("Funko"), Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, Adam Kriger, ACON Investments, LLC, ACON Funko Manager, LLC, ACON Funko Investors, LLC, ACON Funko Investors Holdings 1, LLC, ACON Funko Investors Holdings 2, LLC, ACON Funko Investors Holdings 3, LLC, and ACON Equity GenPar, LLC (collectively, the "Defendants") have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $7,000,000 (the "Settlement").

A hearing will be held before the Honorable Virginia A. Phillips, on November 7, 2022, at 2:00 p.m., in the United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, Courtroom 8A, 8th Floor, Los Angeles, CA 90012 (the "Settlement Hearing") to, among other things, to determine whether to: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation; (iii) certify the Action as a class action on behalf of the Settlement Class, certify Lead Plaintiffs as Class Representatives for the Settlement Class, and appoint Lead Counsel as Class Counsel for the Settlement Class; (iv) approve the proposed Plan of Allocation for distribution of the settlement funds to Settlement Class Members (the "Net Settlement Fund"); (v) approve Lead Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Fund and reimbursement of Litigation Expenses of up to $275,000, which includes costs and expenses to Lead Plaintiffs of up to $18,000 each; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may change the date of the Settlement Hearing, or hold it telephonically, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT, AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** You may obtain a Proof of Claim and Release Form ("Claim Form") and review the Internet Notice of Pendency and Proposed Settlement of Class Action ("Internet Notice") on the website www.strategicclaims.net/Funko/ or by contacting the Claims Administrator at:

Funko, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063
Toll-Free: (866) 274-4004, Fax: (610) 565-7985
info@strategicclaims.net, https://www.strategicclaims.net/Funko/

Inquiries, other than requests for the Internet Notice and Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

BERNSTEIN LIEBHARD LLP
Stephanie M. Beige, Esq.
10 East 40th Street, 28th Floor, New York, NY 10016
212-779-1414
funkoinfo@bernlieb.com

POMERANTZ LLP
Attn: Michael J. Wernke
600 Third Avenue, 20th Floor, New York, NY 10016
212-661-1100
mjwernke@pomlaw.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked (if mailed) or submitted online at www.strategicclaims.net/Funko/ ("Case Website") no later than October 17, 2022 to the Claims Administrator at the address above.* Read the instructions carefully, fill out the Claim Form in accordance with the instructions set forth in the Claim Form, and sign it in the location indicated. The Case Website also includes instructions on downloading your transaction data directly from your brokerage so that you do not have to manually enter each transaction. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Internet Notice such that it is *received no later than October 17, 2022.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses or awards to Lead Plaintiffs must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Internet Notice, such that they are *received no later than October 17, 2022.*

SO ORDERED this 19th day of July, 2022.   The Honorable Virginia A. Phillips, United States District Judge

**EXHIBIT E**

September 17, 2022

To: *Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P. O. Box 230
Media, PA 19063

From: Jonathan D Sato

Subject: request to be excluded from the Settlement Class in *Ferreira v. Funko, Inc.*,
Case No. 2:20-cv-02319-VAP-(MAAx) (C.D. Cal.).

To Whom It May Concern:

I, Jonathan D Sato, at the above address and phone number, purchased during the
Class Period August 8, 2019 and March 5, 2020 inclusive, 100 shares of Funko
common stock at a price of $8.84 on or about February 11, 2020, request to be
excluded from the Settlement Class in *Ferreira v. Funko, Inc.*, Case No. 2:20-cv-02319-
VAP-(MAAx) (C.D. Cal.).

Sincerely,

Jonathan D Sato
Enclosure (1)



Transaction Confirmation          Page 1 of 1
Confirm Date: February 11, 2020

IOD

JONATHAN D SATO

Online                                Fidelity.com
FAST(sm)-Automated Telephone          800-544-5555
Premium Services                      800-544-4442
8am - 11pm ET  Mon - Fri

SP 01 027395 21174 H 48 ASNOLP        010002879
JONATHAN D SATO

| REFERENCE NO | TYPE | REG REP | TRADE DATE | SETTLEMENT DATE | CUSIP NO | ORDER NO | | |
|---|---|---|---|---|---|---|---|---|
| 20042-0FKCPT | 1 # | WK# | 02-11-20 | 02-13-20 | 361008105 | 20042-PN18G | | |

| | | DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|
| You Bought | | FUNKO INC COM CL A | Principal Amount | 884.00 |
| | 100 | WE HAVE ACTED AS AGENT | Settlement Amount | 884.00 |
| at | 8.8400 | | | |
| Symbol: | | | | |
| FNKO | | | | |

010002879

ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

Jonathan Sato

17 SEP 2022    PM 3  L

Mail a smile.



SEP 21 2022

*Funko, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P. O. Box 230
Media, PA 19063

19063-023030