**EXHIBIT 9**

**Compendium of Unreported Cases**

1. *Chupa v. Armstrong Flooring*, 2:19cv09840CAS(MRWx) (C.D. Cal. July 19, 2021) (Dkt. 113)

2. *Fitzpatrick v. Berryhill*, No. 1:15-cv-1865-WTL-MJD (S.D. Ind. Oct. 30, 2017) (Dkt. 33)

3. *Hashem v. NMC Health*, No. 2:20-cv-02303-CBM-MAA (C.D. Cal. Aug. 16, 2022) (Dkt. 145)

4. *In re Broadcom Corp. Class Action Litig.*, No. CV-06-5036-R (CWx) (C.D. Cal. Dec. 4, 2012) (Dkt. 454)

5. *In re Finisar Corp. Sec. Litig.*, No. 5.11-cv-01252-EJD (N.D. Cal. Feb. 16, 2021) (Dkt. 214)

6. *In re Goldman Sachs*, 21-3105 (2d Cir. Mar. 9, 2022) (Dkt. 102)

7. *In re HP Sec. Litig.*, No. 3.12cv-05980-CRB (N.D. Cal. Nov. 16, 2015) (Dkt. 279)

8. *In re Intuitive Surgical Sec. Litig.*, No. 5.13-cv-01920 EJD (HRL) (N.D. Cal. Dec. 20, 2018) (Dkt. 317)

9. *In re JDS Uniphase Sec. Litigation*, No. C-02-1486 (N.D. Cal. Nov. 27, 2007) (Dkt. 1883)

10. *In re Portland Gen. Electric Sec. Litig.*, No. 20-cv-1583-SI (D. Or. Mar. 22, 2022) (Dkt. 54)

11. *In re Silver Wheaton Corp. Sec. Litig.* 2:15-cv-05146-CAS-PJWx (C.D. Cal. Mar. 9, 2020) (Dkt. 487)

12. *In re Stellantis N.V. Sec. Litig.*, 1.19-cv-06770 (E.D.N.Y. Feb. 23, 2022) (Dkt. 70)

13. *Klein v. Altria Group, Inc.*, No. 3.20-cv-00075 (E.D. Va. Mar. 31, 2022) (Dkt. 320)

14. *Steinberg v. Opko Health, Inc.*, No. 1.18-cv-23786 (S.D. Fl. Apr. 29, 2021) (Dkt. 131)

15. *Vitiello v. Bed Bath  Beyond, Inc.*, No. 2.20-CV-04240 (D.N.J. June 3, 2022) (Dkt. 90)

16. *Zwick v. Partners, LP v. Quorum Health Corp.*, No. 3.16-cv-02475 (M.D. Tenn. Nov. 30, 2020) (Dkt. 359)

**1**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ARMSTRONG FLOORING, INC., et al., <br><br> Defendants. | Case No.: 2:19cv09840CAS(MRWx) <br><br> **CLASS ACTION** <br><br> **ORDER AWARDING PAYMENT OF ATTORNEYS' FEES AND EXPENSES** <br><br> Hon. Christina A. Snyder |

WHEREAS:

On July 19, 2021, a hearing having been held before this Court to determine, among other things, whether and in what amount to award: (1) Lead Counsel in the above captioned securities class action (the "Action") fees and litigation expenses; and (2) Lead Plaintiff's costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), relating to his representation of the Settlement Class.[1]

---

[1] All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation and Agreement of Settlement, dated as of

The Court having considered all matters submitted to it, and it appearing that a notice of the hearing substantially in the form approved by the Court (the Notice) was sent to all reasonably identified Settlement Class Members; and that a Summary Notice of the hearing, substantially in the form approved by the Court, was published in Investor's Business Daily and transmitted over PR Newswire; and the Court having considered, among other things, whether and in what amount to award: (1) Lead Counsel in the Action fees and litigation expenses; and (2) Lead Plaintiff's costs and expenses (including lost wages), pursuant to the PSLRA, relating to representation of the Settlement Class.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members who have not timely and validly requested exclusion, Plaintiffs' Counsel, and the Claims Administrator.

2. Notice of Lead Counsel's application for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $937,500.00 (which is 25% of the Settlement Fund), and payment of litigation expenses in the amount of up to $67,460.97, which the Court finds to be fair and reasonable.

---

January 15, 2021 (the "Stipulation").

4. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

5. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

a) The Settlement has created a common fund of $3.75 million in cash, which is a favorable result, and that Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff, who has a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

c) Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the years the Action was litigated, and any fee and expense award has been contingent on the result achieved;

d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy challenging proceedings the resolution of which would be uncertain;

e) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

f) Plaintiffs' Counsel have devoted approximately 939.05 hours, with a reasonable lodestar of $744,523.25 to achieve the Settlement;

g) The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Ninth Circuit; and

h) Notice was disseminated to putative Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, which includes accrued interest, and payment of litigation expenses incurred in connection with the prosecution of this Action not to exceed $75,000 and that such application also might include a request that Lead Plaintiffs be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class.

i) No Settlement Class Member objected to the Settlement or Lead Counsel's application for attorneys' fees and litigation expenses.

6. In accordance with the PSLRA, the Court also awards Lead Plaintiff $1,360.00 for costs and expenses directly related to their representation of the Settlement Class.

7. Any appeal or challenge affecting this Court's approval of the attorneys' fees, expense application, or award of costs and expenses to Lead Plaintiff in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated this 19th day of July, 2021.

_
Christina A. Snyder
United States District Court Judge

**2**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **MICHAEL D. FITZPATRICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:15-cv-1865-WTL-MJD** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON MOTION FOR ATTORNEY FEES

After this case was remanded to the Commissioner for further proceedings, Plaintiff

Michael D. Fitzpatrick received a fully favorable decision and was awarded disability insurance

benefits, including a back pay award of $74,461.00. Plaintiff's counsel now requests an award of

attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $18,615.25 which, consistent with

the agreement between counsel and Mr. Fitzpatrick, is 25% of his back pay award. As is her

right, the Commissioner has filed a response to the fee petition; she points out that given the fact

that counsel's firm spent 6.4 attorney hours and 11.4 non-attorney staff hours on Mr.

Fitzpatrick's appeal before this Court, the fee award sought would correspond to an implied

hourly rate somewhere between $1,045 per hour (counting non-attorney time as equal to attorney

time) and $2,908 per hour (counting solely attorney time).

The question before the Court is whether $18,615.25 is a reasonable attorney fee in this

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

Case 2:20-cv-02319-WLH-MAA   Document 198-9   Filed 10/03/22   Page 10 of 181
Case 1:15-cv-01865-WTL-MJD   Document 33   Filed 10/30/17   Page 2 of 3 PageID #:502
Page ID #:4316

case. 42 U.S.C. § 406(b)(1)(a) ("Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."); *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) ("[T]he court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations."). At first blush, an award of over $1,000 per hour for this type of case might seem unreasonable. However, the fact is that Plaintiff's counsel handled this case in a very efficient manner, making a clear, concise and targeted argument that maximized the Plaintiff's chance of success of receiving an order of remand from this Court and ultimately an award of benefits from the Commissioner. Further, while there is obviously some risk of loss in virtually any case, in the Court's experience it is particularly difficult to predict with any certainty how a case will be handled by the Commissioner, especially at the ALJ level. Given this fact, and also considering the need to encourage high quality representation of those seeking disability benefits, the Court finds that the fee award requested by Plaintiff's counsel is this case is reasonable, and the motion is **GRANTED.**

Plaintiff's counsel Joseph R. Wambach is entitled to a fee award of $18,615.25 pursuant to 42 U.S.C. § 406(b) and the Commissioner shall release those funds to him.   Upon receipt of these funds, Mr. Wambach shall refund to Mr. Fitzgerald the $2,324.00 he has received pursuant to the Equal Access to Justice Act.

2

SO ORDERED: 10/30/17

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic communication

**3**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CHRIS HASHEM, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,

Defendants.

Case No.: 2:20-cv-02303-CBM-MAA

(Consolidated with Case No. 2:20-cv-02895-CBM-MAA)

[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT

[Honorable Consuelo B. Marshall]



## [PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT

On the 16th day of August, 2022 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated February 17, 2022 ("Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Dr. B.R. Shetty ("Settling Defendant" or "Dr. Shetty"), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Settling Defendant with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award attorneys' fees to Co-Lead Counsel; (5) whether and in what amount to award Co-Lead Counsel reimbursement of litigation expenses; and (6) whether and in what amount to award compensation to Lead Plaintiffs.

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement, dated April 8, 2022 ("Preliminary Approval Order") was published; the Postcard Notice was mailed to all reasonably identifiable Settlement Class Members; a link to the Notice was emailed to all reasonably identifiably Settlement Class Members and the Notice was posted to the website of the Claims Administrator; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.     This Order and Partial Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2

2.   The Court has jurisdiction over the subject matter of the Action.

3.   The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) Lead Plaintiffs and Co-Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i.   the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

ii.   the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

iii.   the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

iv.   the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

4.   The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons (including, without limitation, their

3

beneficiaries) who purchased or acquired NMC Health PLC ("NMC" or the "Company") American Depositary Shares ("ADSs") between March 13, 2016 and March 10, 2020, both dates inclusive. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of NMC and any Released Parties defined in paragraph 1.26 of the Settlement Stipulation; (iii) the Persons deemed Related Parties to the Released Parties as defined in paragraph 1.24 of the Settlement Stipulation; (iv) the respective spouses, children, or parents of any Person excluded under subparagraphs (i) through (iii) of this paragraph; (v) any Person more than 5% owned or directly or indirectly controlled by any Person excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a Person is a beneficiary or of which any Person is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any Person excluded under paragraphs (i) through (v); and (vii) those Persons who file valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Co-Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as class counsel for the Settlement Class ("Co-Lead Counsel").

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to

4

such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Partial Final Judgment except those Persons listed on Exhibit A to this Order and Partial Final Judgment.

7.    The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, Settlement Class Members, and the Settling Defendant. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8.    The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against Dr. Shetty and the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9.    The Court orders:

(a)    In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the Released Claims by any Person against any of the Released Parties (other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii)) are hereby permanently barred, extinguished, discharged, satisfied and unenforceable. Accordingly, without limitation to any of the above, any Person is hereby permanently enjoined from commencing, prosecuting, or

5

asserting against any of the Released Parties any such claim for contribution. In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Lead Plaintiffs, the Settlement Class or a Settlement Class Member against any Person for loss for which such Person and any Released Parties are found to be jointly responsible shall be reduced by the greater of (i) an amount that corresponds to the total amount of the Settling Defendant's percentage of responsibility for the loss to the Lead Plaintiffs, the Settlement Class or Settlement Class Member, or (ii) the Settlement Amount.

(b)      Any and all Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any of the Released Parties arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Person arises from that Person's alleged liability to Lead Plaintiffs, the Settlement Class or any Settlement Class Member, including any claim in which a Person seeks to recover from any of the Released Parties any amounts such Person has or might become liable to pay to Lead Plaintiffs or the Settlement Class or any Settlement Class Member (hereafter the "Complete Bar Order"). All such claims are hereby extinguished, discharged, satisfied, and unenforceable. The provisions of the Complete Bar Order are intended to preclude any liability of any of the Released Parties to any Person for indemnification, contribution, or otherwise on any claim that is or arises from a Released Claim and where the alleged injury to such Person arises from that Person's alleged liability to the Lead Plaintiffs, the Settlement Class or any Settlement Class Member; provided however, that if the Lead Plaintiffs, Settlement Class or any Settlement Class Member obtains any

6

judgment against any such Person based upon, arising out of, or relating to any Released Claim for which such Person and any of the Released Parties are found to be jointly responsible, that Person shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Released Party's or Parties' percentage of responsibility for the loss to the Lead Plaintiffs or Settlement Class or Settlement Class Member, or (ii) the Settlement Amount.

(c)     If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

(d)     Notwithstanding the Complete Bar Order or anything else in the Settlement Stipulation, nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for or defense to the availability of insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action, except as limited by the insurance agreement.

(e)     Nothing in this Order or the Settlement shall be deemed to release any claim by Lead Plaintiffs or the Settlement Class against any Defendant in this Action other than Dr. Shetty.

10.     The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Partial Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the

7

Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Partial Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Partial Final Judgment.

11. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Co-Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

12. The Court awards fees to Co-Lead Counsel in the amount of $ 100 k and reimbursement of expenses to Co-Lead Counsel in the amount of $ 3,382.83 said amounts to be paid from the Settlement Fund. The Court also awards each Lead Plaintiff a compensatory award in the amount of $ 3,000 , also to be paid from the Settlement Fund.

13. The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

14. Neither this Order and Partial Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT, Case No. 2:20cv02895-CBM-MAA

(a)        is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Lead Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Settling Defendant, the Released Parties, or each or any of them;

(b)        is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by the Settling Defendant or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)        is or may be deemed to be or shall be used, offered or received against the Settling Parties, Settling Defendant or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Lead Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)        is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Defendant, or the Released Parties, or each or any of them, that any of Lead Plaintiffs' claims or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

9

[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT, Case No. 2:20cv02895-CBM-MAA

15.     The Released Parties may file the Settlement Stipulation and/or this Order and Partial Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation and/or this Order and Partial Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Partial Final Judgment.

16.     Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

17.     Without affecting the finality of this Order and Partial Judgment in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Partial Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18.     Without further order of the Court, Settling Defendant and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

19.     There is no just reason for delay in the entry of this Order and Partial Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

20.     The finality of this Order and Partial Final Judgment is not contingent on rulings that the Court may make on any of Co-Lead Counsel's applications in the

10

Action for fees or expenses to Co-Lead Counsel, or compensatory awards to Lead Plaintiffs.

21.    If the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Partial Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to December 27, 2021, pursuant to the terms of the Settlement Stipulation.

Dated: _8/ 16___, 2022

_____
HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT
JUDGE

[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT, Case No. 2:20cv02895-CBM-MAA

**4**

Case 2:20-cv-02319-WLH-MAA    Document 198-9    Filed 10/03/23    Page 25 of 181
Case 2:06-cv-05036-R-CW    Document 454    Filed 12/04/12    Page 2 of 3    Page ID #:8022
Page ID #:4331

JOSEPH J. TABACCO, JR.  #75484
Email:  jtabacco@bermandevalerio.com
NICOLE LAVALLEE  #165755
Email:  nlavallee@bermandevalerio.com
**BERMAN DeVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:   (415) 433-6382

*Liaison Counsel for Class Representative*
*New Mexico State Investment Council and the Class*

THOMAS A. DUBBS (admitted *pro hac vice*)
Email:  tdubbs@labaton.com
JOSEPH A. FONTI (admitted *pro hac vice*)
Email:  jfonti@labaton.com
STEPHEN W. TOUNTAS (admitted *pro hac vice*)
Email:  stountas@labaton.com
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Class Counsel for Class Representative*
*New Mexico State Investment Council and the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| In re BROADCOM CORPORATION CLASS ACTION LITIGATION | ) Lead Case No.:  CV-06-5036-R (CWx) |
| | ) |
| | ) **ORDER AWARDING CLASS** |
| | ) **COUNSEL ATTORNEYS' FEES** |
| | ) **AND REIMBURSEMENT OF** |
| | ) **LITIGATION EXPENSES** |
| | ) |
| | ) Date:     December 3, 2012 |
| | ) Time:     10:00 a.m. |
| | ) Before:  The Hon. Manuel L. Real |
| | ) |
| | ) |
| | ) |

[PROPOSED] ORDER AWARDING CLASS COUNSEL'S ATTORNEYS' FEES AND LITIGATION EXPENSES
LEAD CASE NO. V-06-5036-R (CWX)

**THIS MATTER** having come before the Court on Class Counsel's Unopposed Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and Memorandum of Points and Authorities in Support Thereof; the Court having considered all papers filed and proceedings had therein, having found the settlement of this action to be fair, reasonable, and adequate and otherwise being fully informed;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement with Ernst & Young LLP, dated as of September 27, 2012 (the "Stipulation"), and filed with the Court.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. The Court hereby awards Class Counsel attorneys' fees of 18.5% of the Settlement Fund, plus reimbursement of litigation expenses in the amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and is fair and reasonable under the "percentage-of-the-recovery" method, given the results obtained for the Class, the substantial risks of non-recovery, the time and effort involved, and the quality of Class Counsel's work. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).

4. The fees shall be allocated among counsel for the Class Representatives by Class Counsel in a manner that reflects each such counsel's contribution to the institution, prosecution, and resolution of the captioned action.

5. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Class Counsel subject to the terms, conditions, and

Case 2:20-cv-02319-WLH-MAA   Document 1989   Filed 10/03/22   Page 27 of 181
Case 2:06-cv-05036-R-CW   Document 454   Filed 12/04/12   Page 3 of 3   Page ID #:8024
Page ID #:4333

obligations of the Stipulation, and pursuant to the timing set forth in ¶12 thereof, which terms, conditions and obligations are incorporated herein.

6.     The Court hereby awards Class Representative New Mexico State Investment Council, as Class Representative, reimbursement of its reasonable lost wages directly relating to its representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(4). The Court awards Class Representative the requested amount of $21,087, which may be paid upon entry of this Order.

**IT IS SO ORDERED.**

DATED: Dec. 4, 2012, 2012

_____
THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

**5**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re FINISAR CORPORATION SECURITIES LITIGATION | Case No. 5:11-CV-01252-EJD <br><br> <u>CLASS ACTION</u> <br><br> **[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES** <br><br> Hon. Edward J. Davila |

On February 11, 2021, a hearing having been held before this Court to determine, among other things, (1) whether and in what amount to award fees and reimbursement of Litigation Expenses to Lead Counsel Abraham, Fruchter &Twersky, LLP ("Lead Counsel") for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Lead Plaintiff" or "Oklahoma Firefighters") directly relating their representation of the Settlement Class; and (2) whether and in what amount to award Lead Plaintiff an incentive award pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Notice") was mailed to all reasonably identified Settlement Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated July 8, 2020 (Dkt. 199-1) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members who have not timely and validly requested exclusion, Lead Counsel, and the Claims Administrator.

3. Notice of Class Counsel's application for attorneys' fees and payment of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, due process, and other applicable law, constituted the best notice

practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees in the amount of $1,700,000 (which is 25% of the Settlement Fund), and payment of Litigation Expenses in the amount of $381,496.40, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and Litigation Expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a common fund of $6.8 million in cash and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Lead Counsel;

(b) Lead Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(c) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(d) Lead Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy; and

(e) The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method and Ninth Circuit precedent.

7. Pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(4), the Court hereby awards $5,000 to Lead Plaintiff Oklahoma Firefighters directly related to its representation of the Settlement Class in this Action.

8. Any appeal or challenge affecting this Court's approval of any attorneys' fee and expense application by Lead Counsel, or incentive award to Lead Plaintiff, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: ___February 16, 2021___ 

Honorable Edward J. Davila
United States District Judge

**6**

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-two.

Before:     Richard C. Wesley,
            Denny Chin,
            Richard J. Sullivan,
                    *Circuit Judges.*

_____

Goldman Sachs Group, Inc., Lloyd C.
Blankfein, David A. Viniar, Gary D. Cohn,          **ORDER**

          Petitioners,                              Docket No. 21-3105

v.

Arkansas Teachers Retirement System, West
Virginia Investment Management Board,
Plumbers and Pipefitters Pension Group,

          Respondents.

_____

Petitioners request, pursuant to Federal Rule of Civil Procedure 23(f), leave to appeal the December 8, 2021 order of the district court granting class certification.

IT IS HEREBY ORDERED that the Rule 23(f) petition is GRANTED. The merits of the appeal shall be referred to this panel.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

CERTIFIED COPY ISSUED ON 03/09/2022

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HP SECURITIES LITIGATION, | MASTER FILE NO. 3:12-CV-05980-CRB |
| | **CLASS ACTION** |
| This Document Relates To: All Actions | [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES |

This matter came for hearing on November 13, 2015 (the "Settlement Hearing"), on Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee and Expense Application"). The Court having considered Lead Counsel's Fee and Expense Application and all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that due and adequate notice of the Settlement, the Settlement Hearing and related matters, including Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, was given to the Settlement Class as required by the Court's July 17, 2015 Order (the "Preliminary Approval Order").

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Order hereby incorporates by reference the definitions in the Stipulation of Settlement and Release dated as of June 8, 2015 (the "Stipulation"), and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's Fee and Expense Application was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of Lead Counsel's Fee and Expense Application met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States, and any other applicable law, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

4. Settlement Class Members have been given the opportunity to object to Lead Counsel's Fee and Expense Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure.

Case 2:20-cv-02319-WLH-MAA   Document 198-9   Filed 10/03/22   Page 38 of 181
Case 3:12-cv-05980-CRB   Document 279   Filed 11/16/15   Page 39 of 4
Page ID #:4344

5.     Lead Counsel is hereby awarded attorneys' fees in the amount of 11% of the Settlement Amount, net of Court-approved Litigation Expenses, which sum the Court finds to be fair and reasonable, and $1,023,971.29 in reimbursement of Litigation Expenses, plus interest earned on both amounts at the same rate as earned by the Settlement Fund.  The foregoing attorneys' fees and Litigation Expenses shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

6.     Lead Plaintiff PGGM Vermogensbeheer B.V. is hereby awarded $162,900 from the Settlement Fund as reimbursement for its costs and expenses directly related to its representation of the Settlement Class.

7.     In making the foregoing awards of attorneys' fees and Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.     The Settlement has created a fund of $100 million in cash that has been deposited into an escrow account for the benefit of the Settlement Class pursuant to the terms of the Stipulation, and eligible members of the Settlement Class who submit acceptable Claim Forms will benefit from the Settlement that occurred because of Lead Counsel's efforts;

b.     Lead Counsel's Fee and Expense Application has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a large, sophisticated institutional investor that was actively involved in the prosecution and resolution of the Action;

c.     Copies of the Notice which stated that Lead Counsel would apply to the Court for attorneys' fees in an amount not to exceed eleven percent (11%) of the Settlement Amount, net of Litigation Expenses, and reimbursement of Litigation Expenses in an amount not to exceed $1.25 million, were mailed to over 809,000 potential Settlement Class Members or their nominees.  In addition, the Notice stated that the maximum amount of Litigation Expenses included reimbursement of costs

and expenses (including lost wages) incurred by Lead Plaintiff in connection with its representation of the Settlement Class, in an amount not to exceed $175,000;

> d.      There were no objections to Lead Counsel's Fee and Expense Application;

> e.      Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

> f.      The Action involves complex factual and legal issues and was actively prosecuted for nearly three years;

> g.      Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from the Defendants;

> h.      Lead Counsel devoted over 17,723 hours, with a lodestar value of approximately $9.4 million, to achieve the Settlement; and

> i.      The amount of attorneys' fees and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

8.      Any appeal or any challenge affecting this Court's award of attorneys' fees and Litigation Expenses shall in no way disturb or affect the finality of the Judgment.

9.      Jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with terms of the Stipulation.

11.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: 11/13/2015

_____
The Honorable Charles R. Breyer
United States District Judge

[PROPOSED] ORDER AWARDING ATTORNEYS'        3        MASTER FILE NO. 3:12-CV-05980-CRB
FEES AND LITIGATION EXPENSES

Case 2:20-cv-02319-WLH-MAA    Document 198-9    Filed 10/03/22    Page 40 of 181
Page ID #:4346

**8**

**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
IVO LABAR (#203492)
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
ALEC T. COQUIN (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com
acoquin@labaton.com

*Lead Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920 EJD (HRL) |
| | CLASS ACTION |
| | **[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF EXPENSES, AND PAYMENT OF CLASS REPRESENTATIVES' EXPENSES** |

On December 20, 2018, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Class Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

Case 2:20-cv-02319-WLH-MAA   Document 198-9   Filed 10/03/22   Page 42 of 181
Case 5:13-cv-01920-EJD   Document 317-9   Filed 12/20/18   Page 2 of 4
Page ID #:4348

relating to their representation of the Class; and (2) Class Representatives their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Notice") was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members who have not timely and validly requested exclusion, Plaintiffs' counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of September 11, 2018 (the "Stipulation").

3. Notice of Class Counsel's application for attorneys' fees and payment of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, due process, and other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel are hereby awarded, on behalf of all Plaintiffs' counsel, attorneys' fees in the amount of $8,075,000 plus interest at the same rate earned by the Settlement Fund (which is 19% of the Settlement Fund), and payment of litigation expenses in the amount of $1,988,789.66, which sums the Court finds to be fair and reasonable.

2

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

5.    The award of attorneys' fees and litigation expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.    In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a)    The Settlement has created a common fund of $42.5 million in cash and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b)    The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)    Class Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d)    The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e)    Class Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f)    Plaintiffs' counsel have devoted approximately 41,813.90 hours, with a lodestar value of $21,548,609.00 to achieve the Settlement;

(g)    The amount of attorneys' fees awarded are fair and reasonable and are less than fee awards approved in cases within the Ninth Circuit with similar recoveries;

3

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

(h)     Notice was disseminated to putative Class Members stating that Class Counsel would be submitting an application for attorneys' fees in an amount not to exceed 19% of the Settlement Fund, which includes interest, and payment of litigation expenses incurred in connection with the prosecution of this Action up to $2,500,000 plus interest, and that such application also might include a request that Class Representatives be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Class; and

(i)      There were no objections to the application for attorneys' fees or expenses.

7.      In accordance with the PSLRA, the Court hereby awards Class Representative Employees' Retirement System of the State of Hawaii $49,754.18 for its costs and expenses directly related to its representation of the Class, and Class Representative Greater Pennsylvania Carpenters' Pension Fund $9,100.00 for its costs and expenses directly related to its representation of the Class.

8.      Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses to Class Representatives in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.      Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

10.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated:  ___December 20_____, 2018     _____

HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

**9**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re JDS UNIPHASE CORPORATION
SECURITIES LITIGATION

 **FILED**

NOV 2 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

No. C 02-1486 CW

VERDICT QUESTIONS
FORM



## Part A--Section 10(b) and Section 20 False or Misleading Statements Liability

Please answer the questions below for each of the statements on the Table of Challenged Statements and indicate your unanimous answers on the Verdict Table. If a box on the Verdict Table is blacked out or already filled in, that means that the question does not apply to the corresponding statement or that the parties have agreed to an answer. Please skip any question that is blacked out or already answered. A "yes" answer favors Plaintiffs; a "no" answer favors Defendants.

1. Do you find that this challenged statement contains an untrue statement of material fact, or omits a material fact necessary under the circumstances to keep the statement that was made from being misleading? Answer Yes or No.

**If you answered "Yes," please proceed to Question 2, and if Question 2 is blacked out, please skip to Question 3. If you answered "No," please return to Question 1 for the next statement.**

2. Do you find that the challenged statement was <u>not</u> accompanied by meaningful cautionary statements as defined in the instructions? Answer Yes or No.

**If you answered "Yes," please proceed to Question 3. If you answered "No," please return to Question 1 for the next statement.**

3. Please enter "Yes" in the box representing any Individual Defendant who you find was substantially involved in the preparation of the challenged statement.

**If you identified any Individual Defendant, or if any Individual Defendant was already marked, please proceed to Question 4a. If you did not identify any Individual Defendant and no Individual Defendant was already marked, please return to Question 1 for the next statement.**

Case 2:20-cv-02319-WLH-MAA   Document 188-9   Filed 10/03/22   Page 47 of 181
Case 4.02-cv-01486-CW   Document 889-9   Filed 12/07/07   Page 2 of 15
Page ID #:4353

4a.   Do you find that any Individual Defendant who you found in Question 3 made or was responsible for the statement, or who the parties agree made the statement, did so with actual knowledge that the statement was materially false or misleading?  Answer Yes or No.

**If you answered "No" for any Individual Defendant identified in Question 4a, please answer Question 4b for that Individual Defendant.  Otherwise, skip to Question 5.**

4b.   Do you find that any Individual Defendant who you found in Question 3 made or was responsible for the statement, or who the parties agree made the statement, did so with deliberate recklessness?  Answer Yes or No.

**If you answered "Yes" to Question 4a or 4b for any Individual Defendant, please proceed to Question 5.  Otherwise, please return to Question 1 for the next statement.**

5.   Do you find that the untrue statement of material fact, or the omitted material fact, played a substantial part in causing a loss to Plaintiffs?  Answer Yes or No.

**If you answered "Yes," please proceed to Question 6.  If you answered "No," please return to Question 1 for the next statement.**

6.   Please enter "Yes" in the box representing any Individual Defendant who you find directly or indirectly controlled the person who made the challenged statement, directly or indirectly induced the person to make the statement, and did <u>not</u> act in good faith.

**Please return to Question 1 for the next statement.  When you have completed the chart for all statements, please review your answers recorded on the Verdict Table.  If you found for Plaintiff on any statement (i.e. if you answered "yes" in Column 5 for <u>any</u> statement), please proceed to Part B, Question 7.  Otherwise, please skip to Part D, Question 14.**

Case 2:20-cv-02319-WLH-MAA   Document 188-9  Filed 10/03/22   Page 48 of 181
Case 4:02-cv-01486-CW   Document 889-9  Filed 12/27/07   Page 3 of 15
Page ID #:4354

**Part B--Section 10(b) and Section 20 False or Misleading Statements Damages**

7.      Which of these two methods do you find is the most accurate method for calculating damages in this case?

        ___ Dollar Inflation      ___ Percentage Inflation

**If you selected "Dollar Inflation," please complete Question 8.   If you selected "Percentage Inflation," please complete Question 9 on Page 5.   (Do not complete both tables.)**

8.      If you answered "Dollar Inflation," please complete the table, following the instructions below.

        a.      Please black out Column 2 for any date on which you do not find that the challenged statement(s) on that date caused a loss (i.e. for which you answered "No" in Column 5 of the Verdict Table).

        b.      Beginning with the first date that is not blacked out in Column 2, please enter the dollar amount by which you find the false or misleading statement(s) made on that date inflated the price of JDSU stock.

        c.      For this first row only, please copy the amount you entered in Column 2 into Column 4.

        d.      Proceed to the next row.  If Column 2 is not blacked out, enter the dollar amount by which you find the false or misleading statement(s) made on this date inflated the price of JDSU stock.  Enter, in Column 3, the amount, if any, by which you find that any corrective disclosures, since the date of the previous row, have reduced the inflation created by false or misleading statements. Take the number from Column 4 in the previous row, add the number, if any, in Column 2, subtract the number, if any, in Column 3, and enter the result in Column 4.

        e.      Please continue to complete each row.

        **When you are finished, please skip to Part C, Question 10.**

3

Case 2:20-cv-02319-WLH-MAA   Document 188-9   Filed 10/03/22   Page 49 of 181
Case 4:02-cv-01486-CW   Document 889-9   Filed 11/27/07   Page 4 of 19
Page ID #:4355

## Dollar Inflation Table

| COLUMN 1 | COLUMN 1a | COLUMN 2 | COLUMN 3 | COLUMN 4 |
|---|---|---|---|---|
| Date | Price per share on this Date | Inflation created by false or misleading statement(s) on this date | Reduction in inflation due to corrective disclosures, if any, since previous date | Total inflation due to challenged statements on this date |
| 4/25/00 | $93.38 | $ |  | $ |
| 5/25/00 | $79.00 |  | $ | $ |
| 6/25/00 | $123.44 |  | $ | $ |
| 7/26/00 | $135.94 | $ | $ | $ |
| 8/25/00 | $125.31 |  | $ | $ |
| 9/1/00 | $123.81 | $ | $ | $ |
| 9/7/00 | $119.88 | $ | $ | $ |
| 10/26/00 | $74.44 | $ | $ | $ |
| 10/30/00 | $71.31 | $ | $ | $ |
| 11/14/00 | $75.63 | $ | $ | $ |
| 11/17/00 | $70.13 | $ | $ | $ |
| 12/20/00 | $46.00 |  | $ | $ |
| 1/25/01 | $55.19 | $ | $ | $ |
| 2/12/01 | $40.63 | $ | $ | $ |
| 2/13/01 | $38.50 | $ | $ | $ |
| 3/23/01 | $23.19 | $ | $ | $ |
| 4/24/01 | $20.82 | $ | $ | $ |
| 5/11/01 | $20.69 | $ | $ | $ |
| 6/15/01 | $12.44 |  | $ | $ |
| 7/26/01 | $9.47 |  | $ | $ |



4

Case 2:20-cv-02319-WLH-MAA    Document 198-9    Filed 10/03/22    Page 50 of 181
Case 4:02-cv-01486-CW    Document 889-9    Filed 11/27/07    Page 5 of 15
Page ID #:4356

9.      If you selected "Percentage Inflation" in Question 7 above, please complete the table, following the instructions below.

   a.      Please black out Column 2 for any date on which you do not find that the challenged statement(s) on that date caused a loss (i.e. for which you answered "No" in Column 5 of the Verdict Table).
   b.      Beginning with the first date that is not blacked out in Column 2, please enter the percent by which you find the false or misleading statement(s) made on that date inflated the price of JDSU stock.
   c.      For this first row only, please copy the amount you entered in Column 2 into Column 4.
   d.      Proceed to the next row.  If Column 2 is not blacked out, enter the percent by which you find that any false or misleading statement(s) made on this date inflated the price of JDSU stock.  Enter, in Column 3, the amount, if any, by which you find that any corrective disclosures, since the date of the previous row, have reduced the inflation created by false or misleading statements. Take the number from Column 4 in the previous row, add the number, if any, in Column 2, subtract the number, if any, in Column 3, and enter the result in Column 4.
   e.      Please continue to complete each row.

**When you are finished, please proceed to Part C, Question 10.**

United States District Court
For the Northern District of California

**United States District Court**

For the Northern District of California

## Percentage Inflation Table

| COLUMN 1 | COLUMN 2 | COLUMN 3 | COLUMN 4 |
|---|---|---|---|
| Date | Inflation created by false or misleading statement(s) on this date | Reduction in inflation due to corrective disclosures since previous date | Total inflation due to challenged statements on this date |
| 4/25/00 | % | ■ | % |
| 5/25/00 | ■ | % | % |
| 6/25/00 | ■ | % | % |
| 7/26/00 | % | % | % |
| 8/25/00 | ■ | % | % |
| 9/1/00 | % | % | % |
| 9/7/00 | % | % | % |
| 10/26/00 | % | % | % |
| 10/30/00 | % | % | % |
| 11/14/00 | % | % | % |
| 11/17/00 | % | % | % |
| 12/20/00 | ■ | % | % |
| 1/25/01 | % | % | % |
| 2/12/01 | % | % | % |
| 2/13/01 | % | % | % |
| 3/23/01 | % | % | % |
| 4/24/01 | % | % | % |
| 5/11/01 | % | % | % |
| 6/15/01 | ■ | % | % |
| 7/26/01 | ■ | % | % |



**Part C--Section 14(a) Misrepresentation in a Proxy Statement for Merger Liability & Damages**

If you found in answer to Question 1 above that Statement 10 was materially false or misleading, please answer Question 10. Otherwise, please skip to Part D, Question 14.

10. Do you find that statement 10 was an essential link in the accomplishment of the JDS-SDL merger?

    \_\_\_\_ Yes       X No

**Please proceed to Question 11**

11. Do you find that Defendant Straus failed to act with ordinary or reasonable care when he made statement 10?

    \_\_\_\_ Yes       X No

**Please proceed to Question 12.**

12. Do you find that Defendant Muller failed to act with ordinary or reasonable care when he made statement 10?

    \_\_\_\_ Yes       X No

If you have answered "Yes" to Question 10 and to either Question 11 and/or Question 12, please proceed to Question 13. Otherwise, please skip to Part D, Question 14.

13a. If you did not determine damages for Statement 10 on the Verdict Table, do you find that Statement 10 played a substantial part in causing a loss to Plaintiffs?

    \_\_\_\_ Yes       X No

If you answered "Yes," please proceed to Question 13b. Otherwise, please skip to Part D, Question 14.

13b. What is the dollar amount or percentage amount that Statement 10 inflated the price of JDSU stock on February 13, 2001? Please answer only once, using the method you selected in response to Question 7.

     $_____ or _____ %

**Please proceed to Part D, Question 14.**

7

Case 2:20-cv-02319-WLH-MAA   Document 188-9   Filed 10/03/22   Page 53 of 181
Case 4:02-cv-01486-CW   Document 889-9   Filed 12/27/07   Page 8 of 15
Page ID #:4359

**Part D--Section 20A Trading on Inside Information Liability & Damages**

14.   Do you find that one or more of the Individual Defendants made a decision to sell shares of JDSU stock using material, non-public information about the company?

Defendant Abbe             Yes   _____        No   _____

Defendant Kalkhoven        Yes   _____        No   _____

Defendant Muller           Yes   _____        No   _____

Defendant Straus           Yes   _____        No   _____

**If you answered "Yes" as to any defendant, please proceed. Otherwise, sign, date and return your verdict.**

**If, in answer to Question 7, you selected "Dollar Inflation," please complete Question 15.  If you selected "Percentage Inflation," please skip to Question 16 on Page 12.  (Do not complete both tables.)**

15.   If you selected "Dollar Inflation" in Question 7, please complete the table below for any Defendant who you found sold JDSU stock using material, non-public information.

   a.   Enter "Yes" in Column 2 for the date of any stock sale which you find the Individual Defendant made using material, non-public information about the company.
   b.   For every date on which you answered "Yes", please enter the dollar amount by which the price of JDSU stock was inflated because the public did not have this material information.

   **Then sign, date and return your verdict.**

Case 2:20-cv-02319-WLH-MAA    Document 188-9    Filed 10/03/22    Page 54 of 181
Case 4:02-cv-01486-CW    Document 889-9    Filed 11/27/07    Page 9 of 15
Page ID #:4360

## Dollar Inflation Tables

**Defendant Abbe**

| Column 1 | Column 1a | Column 2 | Column 3 |
|----------|-----------|----------|----------|
| Date | Market Price Per Share on Date | Used Material, Non-Public Information? | Dollar Inflation on Date of Sale |
| 8/1/00 | $116.87 | | $ |
| 8/11/00 | $117.75 | | $ |
| 2/26/01 | $32.63 | | $ |
| 2/27/01 | $27.81 | | $ |
| 2/28/01 | $26.75 | | $ |

**Defendant Kalkhoven**

| Column 1 | Column 1a | Column 2 | Column 3 |
|----------|-----------|----------|----------|
| Date | Market Price Per Share on Date | Used Material, Non-Public Information? | Dollar Inflation on Date of Sale |
| 5/22/00 | $85.31 | | $ |
| 5/24/00 | $83.50 | | $ |
| 7/31/00 | $118.16 | | $ |
| 8/4/00 | $115.94 | | $ |
| 8/7/00 | $121.19 | | $ |
| 8/21/00 | $124.38 | | $ |
| 8/22/00 | $124.50 | | $ |
| 8/31/00 | $124.48 | | $ |
| 9/1/00 | $123.81 | | $ |
| 9/7/00 | $119.88 | | $ |
| 9/12/00 | $103.19 | | $ |
| 9/13/00 | $104.81 | | $ |

Case 2:20-cv-02310-M1dd-MAW   Document 198-9   Filed 10/03/22   Page 55 of 181
Case 4:02-cv-01486-CW   Document 1383   Filed 11/27/07   Page 10 of 15
Page ID #:4361

| 9/18/00 | $97.81 | | $ |
|---|---|---|---|
| 9/19/00 | $107.94 | | $ |
| 9/20/00 | $107.13 | | $ |
| 9/22/00 | $107.00 | | $ |
| 9/25/00 | $106.81 | | $ |
| 10/4/00 | $94.06 | | $ |
| 10/5/00 | $95.06 | | $ |
| 10/11/00 | $85.88 | | $ |
| 10/13/00 | $94.38 | | $ |
| 10/16/00 | $94.44 | | $ |
| 10/20/00 | $102.38 | | $ |
| 10/27/00 | $77.25 | | $ |
| 11/1/00 | $78.56 | | $ |
| 1/18/01 | $60.31 | | $ |

Defendant Muller

| Column 1 | Column 1a | Column 2 | Column 3 |
|---|---|---|---|
| Date | Market Price Per Share on Date | Used Material, Non-Public Information? | Dollar Inflation on Date of Sale |
| 5/22/00 | $85.31 | | $ |
| 5/30/00 | $91.38 | | $ |
| 7/31/00 | $118.13 | | $ |
| 8/1/00 | $116.88 | | $ |
| 8/2/00 | $112.63 | | $ |
| 8/4/00 | $115.94 | | $ |
| 8/7/00 | $121.19 | | $ |
| 8/8/00 | $119.88 | | $ |
| 8/11/00 | $117.75 | | $ |
| 8/14/00 | $120.25 | | $ |

10

Case 2:20-cv-02310-WLH-MAA Document 198-9 Filed 10/03/22 Page 56 of 181
Case 4:02-cv-01486-CW Document 883-9 Filed 11/27/07 Page 11 of 19
Page ID #:4362

Defendant Straus

| Column 1 | Column 1a | Column 2 | Column 3 |
|---|---|---|---|
| Date | Market Price Per Share on Date | Used Material, Non-Public Information? | Dollar Inflation on Date of Sale |
| 8/1/00 | $116.88 | | $ |
| 8/4/00 | $115.94 | | $ |
| 8/7/00 | $121.19 | | $ |
| * | $55.81 | 11/30/00 | 2/1/01    $ |
| * | $28.00 | 11/30/00 | 3/6/01    $ |

*You must determine whether Defendant Straus used material, non-public information on November 30, 2000 in deciding whether he is liable for insider trading based on these sales. However, the damages must be calculated as of the actual date of the sales.



Case 2:20-cv-02310-MWF-MAA    Document 198-9    Filed 10/03/22    Page 57 of 181
Case 4:02-cv-01486-CW    Document 1883    Filed 11/27/07    Page 12 of 19
Page ID #:4363

16.   If you selected "Percentage Inflation" in Question 7, please complete the table below for any Defendant who you found sold JDSU stock using material, non-public information.

    a.    Enter "Yes" in Column 2 for the date of any stock sale which you find the Individual Defendant made while using material, non-public information about the company.

    b.    For every date on which you answered "Yes", please enter the percentage by which the price of JDSU stock was inflated because the public did not have this material information.

**Then sign, date and return your verdict.**

Case 2:20-cv-02310-MfuhdMAA Document 498-9 Filed 10/03/22 Page 58 of 181
Case 4:02-cv-01486-CW Document 1883 Filed 11/27/07 Page 13 of 19
Page ID #:4364

# Percentage Inflation Tables

**Defendant Abbe**

| Column 1 | Column 2 | Column 3 |
|---|---|---|
| Date | Used Material, Non-Public Information? | Percentage Inflation on Date of Sale |
| 8/1/00 | | % |
| 8/11/00 | | % |
| 2/26/01 | | % |
| 2/27/01 | | % |
| 8/1/00 | | % |

**Defendant Kalkhoven**

| Date | Used Material, Non-Public Information? | Percentage Inflation on Date of Sale |
|---|---|---|
| 5/22/00 | | % |
| 5/24/00 | | % |
| 7/31/00 | | % |
| 8/4/00 | | % |
| 8/7/00 | | % |
| 8/21/00 | | % |
| 8/22/00 | | % |
| 8/31/00 | | % |
| 9/1/00 | | % |
| 9/7/00 | | % |
| 9/12/00 | | % |
| 9/13/00 | | % |
| 9/18/00 | | % |
| 9/19/00 | | % |
| 9/20/00 | | % |
| 9/22/00 | | % |

13

United States District Court

For the Northern District of California

Case 2:20-cv-02310-MUH-MAA Document 198-9 Filed 10/03/22 Page 59 of 181
Case 4:02-cv-01486-CW Document 1883 Filed 11/27/07 Page 14 of 19
Page ID #:4365

**United States District Court**

For the Northern District of California

| 9/25/00 | | % |
|---|---|---|
| 10/4/00 | | % |
| 10/5/00 | | % |
| 10/11/00 | | % |
| 10/13/00 | | % |
| 10/16/00 | | % |
| 10/20/00 | | % |
| 10/27/00 | | % |
| 11/1/00 | | % |
| 1/18/01 | | % |

Defendant Muller

| Date | Used Material, Non-Public Information? | Percentage Inflation on Date of Sale |
|---|---|---|
| 5/22/00 | | % |
| 5/30/00 | | % |
| 7/31/00 | | % |
| 8/1/00 | | % |
| 8/2/00 | | % |
| 8/4/00 | | % |
| 8/7/00 | | % |
| 8/8/00 | | % |
| 8/11/00 | | % |
| 8/14/00 | | % |

14

Case 2:20-cv-02310-MWdeMAW   Document 98-9   Filed 10/03/22   Page 60 of 181
Case 4:02-cv-01486-CW   Document 863   Filed 11/27/07   Page 15 of 19
Page ID #:4366

**Defendant Straus**

| Date | Used Material, Non-Public Information? | Percentage Inflation on Date of Sale |
|------|---------------------------------------|--------------------------------------|
| 8/1/00 | | % |
| 8/4/00 | | % |
| 8/7/00 | | % |
| * | 11/30/00 | 2/1/01                          % |
| * | 11/30/00 | 3/6/01                          % |

*You must determine whether Defendant Straus used material, non-public information on November 30, in deciding whether he is liable for insider trading based on these sales.  However, the damages must be calculated as of the actual date of the sales.

**Please sign, date and return this form.**


Dated: _____

Jury Foreperson

11/27/07 . 1515 HRS .

United States District Court
For the Northern District of California

15

# VERDICT TABLE

Case 2:04-cv-04321-MAM   Document 898-9   Filed 07/03   Page 61 of 181   Page ID #:4367

*PETM SOO HOO* (signature)

| Statement | Quest. No. 1 Materially False or Misleading | Quest. No. 2 Lacks Cautionary Language | Quest. No. 3 Person(s) Making Statement | | | | Quest. No. 4a Actual Knowledge | | | | Quest. No. 4b Reckless Disregard | | | | Quest. No. 5 Caused Loss | Quest. No. 6 Controlling Person | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | | Abbe | Kalkhoven | Muller | Straus |
| **Statement No. 1** "... the market is exceeding, you know, our ability to ramp up ..." | NO | | | | | Yes | | | | | | | | | | | | | |
| **Statement No. 2** "In all of these markets, the demand for bandwidth technology and components remains incredibly strong, and I believe we will see this demand accelerated." | NO | | | Yes | | | | | | | | | | | | | | | |
| **Statement No. 3** "Two-and-a-half-gigabit modulators continue to demonstrate strong growth ..." | NO | | | | | Yes | | | | | | | | | | | | | |
| *(Goodwill)* **Statement No. 4** JDSU's intangible assets at June 30, 2000, were $22.3 billion, including goodwill of $21.3 billion. | NO | | | | Yes | | | | | | | | | | | | | | |
| *(Goodwill)* **Statement No. 5** JDSU's intangible assets, including goodwill, were $22.3 billion at June 30, 2000. | NO | | | | Yes | Yes | | | | | | | | | | | | | |
| **Statement No. 6** "... we still are ... capacity constrained ..." | NO | | Yes | | | | | | | | | | | | | | | | |
| **Statement No. 7** "These results reflect ... our substantial progress in expanding capacity to enable us to meet customer demand and serve the needs of our markets." | NO | | | | Yes | | | | | | | | | | | | | | |
| *(Goodwill)* **Statement No. 8** JDSU's intangible assets at June 30, 2000, were $22.3 billion, including goodwill of $21.3 billion. | NO | | | | Yes | Yes | | | | | | | | | | | | | |
| *(Goodwill)* **Statement No. 9** JDSU's goodwill was "21.1 [billion]" at September 30, 2000. | NO | | | | Yes | | | | | | | | | | | | | | |

Case 2:03-cv-04314-MAM Document 3089-9 Filed 07/09/03 Page 62 of 181 Page ID #:4368

| | Quest. No. 1 | Quest. No. 2 | Quest. No. 3 | | | | Quest. No. 4a | | | | Quest. No. 4b | | | | Quest. No. 5 | Quest. No. 6 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Materially False or Misleading | Lacks Cautionary Language | Person(s) Making Statement | | | | Actual Knowledge | | | | Reckless Disregard | | | | Caused Loss | Controlling Person | | | |
| | | | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | | Abbe | Kalkhoven | Muller | Straus |
| *(Goodwill)* Statement No. 10 • JDSU's intangible assets at June 30, 2000, were $22.3 billion, including goodwill of $21.3 billion. • JDSU's goodwill was "$21.1 [billion]" at September 30, 2000. | 11/16 No | | | | Yes | Yes | | | | | | | | | | | | | |
| Statement No. 11 "We don't expect lead times to come down in the near-term because our demand is so strong." | NO | | Yes | | | | | | | | | | | | | | | | |
| Statement No. 12 "Our backlog . . . is enormous . . ." | 11/20 NO | | Yes | | | | | | | | | | | | | | | | |
| Statement No. 13 "For the year, we expect earnings-per-share to be at 82 cents . . ." | 11/20 NO | | | | Yes | | | | | | | | | | | | | | |
| Statement No. 14 "We anticipate sales in the March quarter to be 7 percent to 10 percent above sales for the quarter ended December 30." | 11/21 NO | | | | Yes | | | | | | | | | | | | | | |
| *(Inventory)* Statement No. 15 JDSU's inventories balance at December 30, 2000, was "[$]493.9 [million]." | 11/20 NO | | | | | | | | | | | | | | | | | | |
| *(Goodwill)* Statement No. 16 • JDSU's intangible assets at June 30, 2000, were $22.3 billion, including goodwill of $21.3 billion. • JDSU's goodwill was "$21.1 [billion]" at September 30, 2000. | 11/29 NO | | | | Yes | Yes | | | | | | | | | | | | | |
| Statement No. 17 "The Company expects sales in the quarter ending March 31 to be at or slightly above $1 billion with earnings per share of $0.17." | 11/26 NO | | | | | | | | | | | | | | | | | | |
| *(Inventory)* Statement No. 18 JDSU's inventories balance was "[$]493.9 [million]" at December 30, 2000. | 11/26 NO | | | | Yes | | | | | | | | | | | | | | |
| *(Goodwill)* Statement No. 19 JDSU's goodwill was $21.2 billion at December 30, 2000. | 11/25 ND | | | | Yes | | | | | | | | | | | | | | |

Case 2:04-cv-02249-MMB Document 888-9 Filed 07/07/03 Page 63 of 181 Page ID #:4369

| | Quest. No. 1 | Quest. No. 2 | Quest. No. 3 Person(s) Making Statement | | | | Quest. No. 4a Actual Knowledge | | | | Quest. No. 4b Reckless Disregard | | | | Quest. No. 5 | Quest. No. 6 Controlling Person | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Materially False or Misleading | Lacks Cautionary Language | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | Caused Loss | Abbe | Kalkhoven | Muller | Straus |
| *(Goodwill)* <u>Statement No. 20</u> JDSU and SDL's combined *pro forma* intangible assets, including goodwill, were $60.2 billion at December 30, 2000. | 11/2? NO | █ | | █ | Yes | | | █ | | | | █ | | | | | █ | █ | |
| *(Inventory)* <u>Statement No. 21</u> JDSU's inventories balance was $493.9 million at December 30, 2000. | 11/26 NO | █ | | █ | Yes | · | | █ | | | | █ | | | | | █ | █ | |
| *(Inventory)* <u>Statement No. 22</u> • "Our third quarter results were . . . pro forma earnings of 14 cents per share." • "Pro forma gross margin was 48.6 percent of sales for the quarter." | 11/26 NO | █ | | █ | Yes | Yes | · | █ | | | | █ | | | | | █ | █ | |
| *(Inventory)* <u>Statement No. 23</u> JDSU's gross profits were $425.9 million for the quarter ended March 31, 2001, and $1,251.0 million for the nine months ended March 31, 2001. | 11/26 NO | █ | | █ | · | | | █ | | | | █ | | | | | █ | | |
| *(Inventory)* <u>Statement No. 24</u> JDSU's inventories balance was "[$]672.9 [million]" at March 31, 2001. | 11/26 NO | █ | | █ | Yes | | | █ | | | | █ | | | | | █ | █ | |

The jury find unamiously in favor of the defense on all counts. No financial damages awarded.

**10**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **In re PORTLAND GENERAL ELECTRIIC SECURITIES LITIGATION** | Case No. 3:20-cv-1583-SI (Lead)<br>Case No. 3:20-cv-1786-SI (Consolidated)<br><br>**OPINION AND ORDER APPROVING SETTLEMENT, ATTORNEY'S FEES, AND EXPENSES** |

Keith S. Dubanevich and Keil M. Mueller, STOLL STOLL BERNE LOKTING & SHLACHTER PC, 209 SW Oak Street. Suite 500, Portland, OR 97204; Daniel L. Berger, Barbara Hart, and Caitlin M. Moyna, GRANT & EISENHOFER PA, 485 Lexington Avenue, 29th Floor, New York, NY 10017. Of Attorneys for Plaintiffs and the Putative Class.

David B. Markowitz, Dallas S. DeLuca, and Stanton R. Gallegos, MARKOWITZ HERBOLD PC, 1455 SW Broadway, Suite 1900, Portland, OR 97201; Susan L. Salzstein, Alexander C. Drylewski, Shaud G. Tavakoli, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, One Manhattan West, New York, NY 10001; and Peter B. Morrison and Virginia Milstead, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Lead Plaintiff Public Employees Retirement System of Mississippi brings this securities fraud class action individually and on behalf of others similarly situated against Portland General Electric Company, its President and Chief Executive Officer Maria Pope, and its Chief Financial Officer James F. Lobdell (collectively, Defendants). In Claim One, Lead Plaintiff alleges that

PAGE 1 – OPINION AND ORDER

Defendants violated Section 10(b) of the Securities and Exchange Act (Act) and Rule 10b-5

promulgated thereunder. In Claim Two, Lead Plaintiff alleges that Defendants Pope and Lobdell

violated Section 20(a) of the Act. Defendants filed a motion to dismiss, and the Lead Plaintiff

responded. Before Defendants filed their reply brief, however, the parties reached a Stipulation

of Settlement dated July 10, 2021 (Settlement Agreement).[1] ECF 45-1. The Court preliminarily

approved the Settlement Agreement and appointed Grant & Eisenhofer, P.A. as Lead Counsel for

the Settlement Class. ECF 46. Now before the Court is Lead Plaintiff's unopposed Motion for

Final Approval of Class Action Settlement and Lead and Liaison Counsel's (collectively, Class

Counsel) Motion for Award of Attorney's Fees and Expenses. ECF 50.

### BACKGROUND

This action arises from Defendants' alleged misrepresentations about PGE's energy

trading practices. Lead Plaintiff alleges that PGE maintained a risk-averse, conservative profile,

that lead investors and analysts to characterize PGE as a low-risk investment. Lead Plaintiff

further alleges that this low-risk profile was especially important to PGE given its relationship

with Enron before Enron filed for bankruptcy. As with other power companies, PGE allegedly

traded within the energy market to hedge against the uncertainty of future energy prices. This

price-hedging form of energy trading is known as trading for "retail purposes." Lead Plaintiff

also alleges that beginning in early 2020, PGE engaged in energy trading for "non-retail

purposes," that is, energy trading for the purpose of generating profit. As a result, Lead Plaintiff

contends, PGE's statements in its filings with the Securities and Exchange Commission stating

that PGE did not engage in energy trading practices for "non-retail purposes" were false and

---

[1] Unless otherwise indicated, all capitalized terms used in this Opinion and Order have
the same meanings as defined in the Settlement Agreement.

PAGE 2 – OPINION AND ORDER

misleading. In August 2020, PGE announced that it suffered a $127 million loss due to these high-risk non-retail trades. After PGE's announcement, its stock price dropped from $41.64 to $37.16. This lawsuit followed. As noted above, the parties have reached a settlement, which is before the Court for final approval.

## DISCUSSION

### A.  Settlement Class Certification

#### 1.  Notice to the Class

The Court granted preliminary approval to the parties' proposed notice procedure. ECF 46. The Court is satisfied that the notice procedure was carried out according to the applicable standards. The Court finds that notice of the Stipulation was given to the Settlement Class by the best means practicable under the circumstances, including mailing the Notice to Class Members, posting the Notice, Proof of Claim, Stipulation, and Preliminary Approval Order on a dedicated website, and publishing the Summary Notice in *Investor's Business Daily* and on *PR Newswire*.

The Notice provided Class Members with all required information including, among other things: (1) a summary of the Action and the claims asserted; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Stipulation; (4) the fact that no affirmative action was needed to receive the benefit of class membership, but notice that Class Members could opt out of the Settlement Class; (5) an explanation of Class Members' opt-out rights, the date by which Class Members must opt out, and information about how to do so; (6) explaining the release of claims should Class Members choose to remain in the Settlement Class; (7) instructions about how to object to the Stipulation and the deadline for Class Members to submit any objections; (8) instructions about how to object to the requested attorney's fees, expenses, and service awards and the deadline for Class Members to submit any objections;

PAGE 3 – OPINION AND ORDER

(9) the date, time, and location of the final approval hearing; (10) the internet address for the

settlement website and the telephone number from which Class Members could obtain more

information on the Stipulation; (11) contact information for the  settlement administrator and the

Court; and (12) information about how Lead Counsel and the Class Representative would be

compensated. The notice is sufficient. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th

Cir. 2012) (reaffirming that a class notice need only "generally describe[] the terms of the

settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come

forward and be heard" (alteration in original) (quoting *Rodriguez v. W. Publ'g Corp.*, 563

F.3d 948, 962 (9th Cir. 2009))).

The form and method of notifying the Settlement Class fairly and adequately advised

Class Members of all relevant and material information about the Action and the proposed

Stipulation. The Court finds that the notice satisfies the requirements of due process and Rule 23

and the Private Securities Litigation Reform Act.

**2. Rule 23 Requirements**

To certify either a settlement class or a litigation class, the requirements of Rule 23 of the

Federal Rules of Civil Procedure must be satisfied. *See Hanlon v. Chrysler Corp.*, 150

F.3d 1011, 1019 (9th Cir. 1998). Rule 23 of the Federal Rules of Civil Procedure affords this

Court with "broad discretion over certification of class actions . . . ." *Stearns v. Ticketmaster

Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011). A plaintiff seeking class certification must satisfy

each requirement of Rule 23(a)—numerosity, commonality, typicality, and adequacy of

representation—and one subsection of Rule 23(b). *See, e.g., Lozano v. AT & T Wireless Servs.,

Inc.*, 504 F.3d 718, 724 (9th Cir. 2007). Rule 23 sets forth more than a "mere pleading standard."

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). On the other hand, Rule 23 provides

district courts with broader discretion to certify a class than to deny certification. *See Abdullah v.*

*U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013).

"The criteria for class certification are applied differently in litigation classes and

settlement classes." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en

banc). In considering a litigation class, the court "must be concerned with manageability at trial,"

whereas in considering a settlement class, "such manageability is not a concern . . . [because], by

definition, there will be no trial." *Id.* at 556-57. "[I]n deciding whether to certify a settlement

class, a district court must give heightened attention to the definition of the class or subclasses."

*Id.* at 557. This determination "demand[s] undiluted, even heightened, attention in the settlement

context" because the court "lack[s] the opportunity, present when a case is litigated, to adjust the

class, informed by the proceedings as they unfold." *Amchem Prods., Inc. v. Windsor*, 521

U.S. 591, 620 (1997); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848-49 (1999) ("When a

district court, as here, certifies for class action settlement only, the moment of certification

requires heightened attention.").

The Rule 23 analysis is "rigorous" and may "entail some overlap with the merits of the

plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351 (quotation marks omitted); *Comcast*

*Corp.*, 569 U.S. at 33-34. Nevertheless, Rule 23 "grants courts no license to engage in free-

ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust*

*Funds*, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent—but only

to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class

certification are satisfied." *Id.* A district court, however, "*must* consider the merits if they overlap

with the Rule 23(a) requirements." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th

Cir. 2011) (emphasis in original).

PAGE 5 – OPINION AND ORDER

Plaintiffs move without objection to certify the Settlement Class defined as:

> All persons or entities who, directly or through an intermediary, purchased or otherwise acquired common stock of PGE at any time during the period of February 13, 2020 through August 24, 2020, inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) the present or former executive officers or members of the Board of Directors of PGE and their immediate family members (as defined in 17 C.F.R. § 229.404 (Instructions to Item 404(a)(1)(a)(iii), substituting "PGE" for "the registrant")) of any excluded person; (iii) any entity in which any Defendant has, or had during the Class Period, a controlling interest; and (iv) any affiliate of PGE. Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

The Court previously agreed that the Class met the requisite factors in conditionally certifying the Class for settlement purposes in the preliminary approval of the Settlement. The Court, however, must now conduct a "rigorous" analysis of the Rule 23 factors.

### a.  Numerosity

Rule 23(a)(1) requires Plaintiffs to demonstrate that the proposed class "is so numerous that joinder of all members is impracticable." Rule 23(a)(1) provides no bright-line test or minimum number of class members necessary to meet the numerosity requirement. Instead, the court must evaluate the specific facts of each case. *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). In general, classes of 20 members or fewer are too small, classes of 21 to 40 members may or may not be sufficiently numerous depending on the facts of the case, and classes of 41 and higher are sufficiently numerous. *See* 5 James Wm. Moore et al., *Moore's Federal Practice - Civil* § 23.22(1)(b) (3d ed. 2021). In this district, there is a "rough rule of thumb" that more than 40 class members meets the numerosity requirement. *Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013); *see also Wilcox Dev. Co. v. First Interstate Bank of Or., N.A.*, 97 F.R.D. 440, 443 (D. Or. 1983) (same); 1 *McLaughlin on Class Actions* § 4:5 (17th ed.) ("The rule of thumb adopted by most courts is that proposed classes in excess

PAGE 6 – OPINION AND ORDER

of 40 generally satisfy the numerosity requirement."); 5 *Moore's Federal Practice - Civil*

§ 23.22(1)(b) ("A class of 41 or more is usually sufficiently numerous. Once again, many courts

have ruled that classes with more than 40 members satisfy the numerosity requirement."). The

claims administrator mailed over 67,000 Notice packets to potential Class Members, which

shows there are likely thousands of Class members. The Court therefore finds that the Class

meets the numerosity requirement.

### b.  Commonality

Rule 23(a)(2) states that class certification is appropriate only when the case presents

"questions of law or fact common to the class." To satisfy the commonality requirement,

Plaintiffs must show that the class members suffered the "same injury" and that their claims

depend upon a "common contention." *Wal-Mart*, 564 U.S. at 350. "That common contention,

moreover, must be of such a nature that it is capable of classwide resolution—which means that

determination of its truth or falsity will resolve an issue that is central to the validity of each one

of the claims in one stroke." *Id.* But class members need not have every issue in common.

Commonality requires only "a single significant question of law or fact" in common. *Mazza v.

Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012); *see also Wal-Mart*, 564 U.S. at 359.

"These common questions may center on 'shared legal issues with divergent factual predicates

[or] a common core of salient facts coupled with disparate legal remedies.'" *Jimenez v. Allstate

Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014) (alteration in original) (quoting *Hanlon*, 150 F.3d

at 1019).

Lead Plaintiff alleges that the Class incurred losses due to Defendants'

misrepresentations about PGE's high-risk energy trading practices. Specifically, Lead Plaintiff

alleges that Defendants repeatedly represented that PGE maintained only low-risk trading

practices when in fact, between February and August of 2020, PGE allegedly engaged in risky

PAGE 7 – OPINION AND ORDER

energy trading for non-retail purposes. There are common issues of law and fact stemming from these allegations, including whether Defendants materially misrepresented the risk of PGE's trading practices, whether Defendants made any alleged misrepresentations with an intent to deceive, and whether any alleged misrepresentation caused Plaintiffs' harm. The Court finds that the Settlement Class meets the commonality requirement.

### c. Typicality

To meet the typicality requirement, Plaintiffs must show that the named parties' claims or defenses are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Under the "permissive standards" of Rule 23(a)(3), the "representative's claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). To determine whether claims and defenses are typical, courts look to "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon*, 976 F.3d at 508).

Lead Plaintiff's claims are based on the same conduct as the claims of the Settlement Class and there is nothing to suggest that Lead Plaintiff's claims are not coextensive with the Class. Thus, the Class meets the typicality requirement.

### d. Adequacy of Representation

Rule 23(a)(4) states that before a class can be certified, a court must find that "the representative parties will fairly and adequately protect the interests of the class." This requirement turns on two questions: (1) whether "the named plaintiffs and their counsel have any

PAGE 8 – OPINION AND ORDER

conflicts of interest with other class members"; and (2) whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020; *see also* Fed. R. Civ. P. 23(g) (setting out factors to consider before appointing class counsel). The adequacy requirement is based on principles of constitutional due process. Accordingly, a court cannot bind absent class members if class representation is inadequate. *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940); *Hanlon*, 150 F.3d at 1020.

Lead Plaintiff is an adequate representative of the class because there is no evidence to suggest that Lead Plaintiff has any conflicts of interest with other Class members. Lead Counsel has extensive experience prosecuting securities fraud class actions and has vigorously pursued the interests of the Class by conducting a private investigation, preparing a Consolidated Amended Complaint in anticipation of Defendants' motion to dismiss, opposing Defendants' motion to dismiss, and participating in mediation. Thus, the Court finds that the Lead Plaintiff and Lead Counsel are adequate to represent the Class.

### e. Predominance

Rule 23(b)(3) requires a court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." This analysis, in accord with Rule 23's "principal purpose" of "promot[ing] efficiency and economy of litigation," inquires into "the relationship between the common and individual issues in the case, and tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation." *Abdullah*, 731 F.3d at 963-64 (simplified). The focus of this inquiry, however, is on "*questions* common to the class." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) (emphasis in original). Plaintiffs need not, at this threshold, "prove that the predominating question[s] will be answered in their favor." *Id.* at 468.

PAGE 9 – OPINION AND ORDER

"[T]here is substantial overlap between" the test for commonality under Rule 23(a)(2) and the predominance test under 23(b)(3). *Wolin*, 617 F.3d at 1172. The predominance test, however, "is 'far more demanding,' and asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Id.* (citation omitted) (quoting *Amchem*, 521 U.S. at 623-24). To determine whether common questions predominate, the Court begins with "the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011).

The common questions relevant to Plaintiffs' claims predominate over any issues relevant to any individual Plaintiff. Plaintiffs' claims share essential factual issues including whether Defendants misrepresented PGE's trading practices, whether Defendants made any misrepresentations with an intent to deceive, and whether any misrepresentations caused Plaintiffs' losses. *See Amchem*, 521 U.S. at 625 ("Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws."). Thus, the Class meets the predominance requirement.

### f. Superiority

Rule 23(b)(3)'s superiority requirement tests whether "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). To make this determination, a court looks to "whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. In turn, this inquiry "necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Id.* The Ninth Circuit recognizes that "[d]istrict courts are in the best position to consider the most fair and efficient procedure for conducting any given litigation, and so must be given wide discretion to evaluate superiority." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010) (quotation marks and citation

PAGE 10 – OPINION AND ORDER

omitted). Relating to superiority, the purpose of Rule 23(b)(3) is "to allow integration of numerous small individual claims into a single powerful unit." *Id.* at 722. This allows plaintiffs that otherwise likely would be "unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover. . . . 'to pool claims which would be uneconomical to litigate individually.'" *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985)).

Rule 23(b)(3) provides four non-exhaustive factors for courts to consider. These factors are:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

As to the first factor, "[w]here recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Wolin*, 617 F.3d at 1175. The cost of litigating individual securities fraud claims is high when compared to the amount of damages at stake for putative class members. *See In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 161 (2d Cir. 2021) ("Securities fraud cases are often complex and costly . . . ."). Accordingly, "[b]ecause individual damages pale in comparison to the costs of litigation, this factor points toward certification." *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 316 (N.D. Cal. 2018).

As to the second factor, all outstanding related cases, apart from the derivative suit, have been consolidated into this action. The second factor therefore favors certification. As to the third

PAGE 11 – OPINION AND ORDER

factor, concentrating this litigation in the District of Oregon is appropriate because the challenged conduct occurred in Oregon and potential Class Members are not centralized in any one geographic location.

The Court need not consider the fourth factor because the parties only seek certification of a settlement class, not a litigation class. *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial."). The Court finds that he Class meets the superiority requirement.

### 3. Conclusion

The Class meets the requirements for class certification. The Court finally certifies for settlement purposes the following class: all persons or entities who, directly or through an intermediary, purchased or otherwise acquired common stock of PGE at any time during the period of February 13, 2020, through August 24, 2020, inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) the present or former executive officers or members of the Board of Directors of PGE and their immediate family members (as defined in 17 C.F.R. § 229.404 (Instructions to Item 404(a) (1)(a)(iii), substituting "PGE" for "the registrant")) of any excluded person; (iii) any entity in which any Defendant has, or had during the Class Period, a controlling interest; and (iv) any affiliate of PGE. Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

PAGE 12 – OPINION AND ORDER

### B. Settlement Approval

#### 1. General Standards

Under Rule 23(e) of the Federal Rules of Civil Procedure, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Thus, to approve a class action settlement, a court must find that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012).

The settlement must be considered as a whole, and although there are "strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure it is 'fair, adequate, and free from collusion.'" *Lane*, 696 F.3d at 818-19 (quoting *Hanlon*, 150 F.3d at 1027). A court must consider whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate; and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). The Ninth Circuit has articulated a number of factors guiding this review, including: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Lane*, 696 F.3d at 819. Courts within the Ninth Circuit "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

PAGE 13 – OPINION AND ORDER

Class action settlements involve "'unique due process concerns for absent class members' who are bound by the court's judgments." *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)). When the settlement agreement is negotiated before formal class certification, as in this case, the court should engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e)." *Id.* (quoting *In re Bluetooth*, 654 F.3d at 946). This more "exacting review" is warranted "to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Lane*, 696 F.3d at 819.

The Ninth Circuit has recognized, however, that "[j]udicial review also takes place in the shadow of the reality that rejection of a settlement creates not only delay but also a state of uncertainty on all sides, with whatever gains were potentially achieved for the putative class put at risk." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Thus, there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Hyundai*, 926 F.3d at 556 (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)).

2. **Strength of Plaintiffs' Case; Risk, Expense, Complexity, and Likely Duration of Future Litigation; and Risk of Maintaining Class Action Status Throughout Trial**

Lead Plaintiff contends that although it believes it has meritorious claims, proceeding with this litigation would be risky. Lead Plaintiff notes that it faced challenges opposing Defendant's motion to dismiss, which the Court had not resolved before the parties reached a settlement. Lead Plaintiff also notes that even if its claims had survived a motion to dismiss, it would continue to face additional hurdles at the summary judgment stage and lengthy litigation beyond that, including a trial and likely appeals. Besides the risk of dismissal before trial or loss

PAGE 14 – OPINION AND ORDER

at trial, continued litigation would be expensive and time-consuming. Further, class certification

had not begun at the time the parties reached a settlement, and both sides bore the risk that a

class would or would not be certified. Thus, given the parties' uncertainty of the outcome and the

complexity of this case, these factors favor approval of the Settlement Agreement.

### 3.  Amount Offered in Settlement

The Settlement amount is $6.75 million. The Plan of Allocation awards each claimant a

pro rata share of the Settlement Fund based on the claimant's losses. Lead Plaintiff's damages

expert calculated the total possible damages to be from $46.1 million to $51.3 million. The

Settlement amount therefore provides a recovery of 13.2 percent to 14.6 percent of the total

estimated damages. This factor favors approval. *See Vataj v. Johnson*, 2021 WL 5161927, at *6

(N.D. Cal. Nov. 5, 2021) ("This 2% aggregate recovery is consistent with the 2–3% average

recovery that the parties identified in other securities class action settlements."); *Ontiveros v.

Zamora*, 303 F.R.D. 356, 370 (E.D. Cal. 2014) ("[I]t is well-settled law that a proposed

settlement may be acceptable even though it amounts to only a fraction of the potential recovery

that might be available to the class members at trial." (quoting *Nat'l Rural Telecomms. Coop. v.

DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004)).

### 4.  Extent of Discovery Completed

Formal discovery is not required before a class action settlement. *Linney v. Cellular

Alaska P'ship*, 151 F.3d 1234, 1239-40 (9th Cir. 1998). Rather, "[a]pproval of a class action

settlement is proper as long as discovery allowed the parties to form a clear view of the strengths

and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D.

Cal. 2013). The parties assert that although this case settled before resolution of Defendants'

motion to dismiss, they nevertheless exchanged sufficient information to adequately determine

the strengths and weaknesses of their positions. The parties exchanged information during

PAGE 15 – OPINION AND ORDER

negotiations, during mediation sessions, in mediation statements, and in briefing Defendants'

motion to dismiss. Thus, this factor does not weigh against approval. *See Zepeda v. PayPal,*

*Inc.*, 2017 WL 1113293, at *14 (N.D. Cal. Mar. 24, 2017) (concluding that although the parties

had not engaged in formal discovery, "the parties informally exchanged information and

documents in connection with the three prior mediations conducted in this action," which

favored approval of the settlement).

### 5.   Experience and Views of Counsel

"Parties represented by competent counsel are better positioned than courts to produce a

settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec.*

*Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle

the settlement to a presumption of fairness. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035,

1049 (9th Cir. 2019). The Court is satisfied that Lead Counsel has extensive experience litigating

securities fraud class actions. Thus, Lead Counsel's recommendation that the Settlement is fair,

reasonable, and adequate favors approval.

### 6.   Presence of a Government Participant

The Class Action Fairness Act (CAFA) provides in relevant part:

> Not later than 10 days after a proposed settlement of a class action
> is filed in court, each defendant . . . shall serve upon the
> appropriate State official of each State in which a class member
> resides and the appropriate Federal official, a notice of the
> proposed settlement[.]
>
> * * *
>
> An order giving final approval of a proposed settlement may not be
> issued earlier than 90 days after the later of the dates on which the
> appropriate Federal official and the appropriate State official are
> served with the notice required under subsection (b).

PAGE 16 – OPINION AND ORDER

28 U.S.C. § 1715(b), (d). Defendants mailed notices of the proposed settlement to the U.S. Attorney General and state Attorneys General of all 50 states, the District of Columbia, and the United States Territories by the required deadline under CAFA. Defendants also sent notices to officials at the Oregon Public Utility Commission and the Securities and Exchange Commission. No state or federal official has objected to the Settlement or otherwise become involved in the case. This factor therefore favors approval.

### 7. Reaction of the Class Members to the Settlement

No Class members objected to the Settlement and only two members opted out. The low rate of opt-outs and the lack of objections show that Class members favor the Settlement. This factor favors approval.

### 8. Evidence of Collusion

When the settlement agreement is negotiated before formal class certification, as in this case, the court should engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e)." *In re Bluetooth*, 654 F.3d at 946. The Ninth Circuit has identified three signs of collusion: (1) class counsel receives a disproportionate distribution of the settlement, or when the class receives no monetary distribution but counsel is amply awarded; (2) the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds without objection by a defendant; or (3) the parties arrange for payments not awarded to revert to a defendant rather than to be added to the class fund. *Id.* at 947.

Class Counsel seeks 25 percent of the Settlement amount, which is not a disproportionate share. Further, the Settlement contains no "clear sailing" or reversion provisions. The Court identifies no evidence of collusion or other conflicts of interest, which favors approval.

PAGE 17 – OPINION AND ORDER

### 9. Conclusion

The above factors support approval of the Settlement Agreement. The Court therefore finds that the Settlement and Plan of Allocation are fair, reasonable, and adequate.

## C. Attorney's Fees and Expenses

Requests for attorney's fees must be made by a motion pursuant to Rule 54(d)(2) and Rule 23(h) of the Federal Rules of Civil Procedure. In addition, notice of the motion must be served on all parties and class members. Fed. R. Civ. P. 23(h). When settlement is proposed along with a motion for class certification, notice to class members of the fee motion ordinarily accompanies the notice of the settlement proposal itself. Fed. R. Civ. P. 23(h) advisory committee's notes to 2003 amendment. The deadline for class members to object to requested fees must be set after the motion for the fees and documents supporting the motion have been filed. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010). "Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members." *Id*. at 994. Here, Class Counsel filed its motion for attorney's fees and supporting documents four weeks before the deadline to file objections, thereby complying with *In re Mercury*.

In considering the amount of attorney's fees for class counsel where there is a common fund, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth*, 654 F.3d at 942. Under either method, the court must exercise its discretion to achieve a "reasonable" result. *Id*. Because reasonableness is the goal, "mechanical or formulaic application of either method, where it yields and unreasonable result, can be an abuse of discretion." *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). When using the percentage method, 25 percent is the "benchmark" fee award,

PAGE 18 – OPINION AND ORDER

but this amount may be adjusted upward or downward when "special circumstances" warrant a departure. *In re Bluetooth*, 654 F.3d at 942. Courts must place in the record the relevant special circumstances. *Id.* As the Ninth Circuit has explained,

> In *Vizcaino*, we identified several factors courts may consider when assessing requests for attorneys' fees calculated pursuant to the percentage-of-recovery method: (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; (6) and whether the case was handled on a contingency basis.

> *Vizcaino* did not establish an exhaustive list of factors for assessing fee requests calculated using the percentage-of-recovery method, but district courts have frequently referred to the factors it identified when considering fee awards for class counsel. Ultimately, district courts must ensure their fee awards are "supported by findings that take into account all of the circumstances of the case."

*In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020) (citations omitted) (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002)); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (noting that the *Vizcaino* factors "include the extent to which class counsel achieved exceptional results for the class, whether the case was risky for class counsel, whether counsel's performance generated benefits beyond the cash settlement fund, the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis" and that in addition, "a court may cross-check its percentage-of-recovery figure against a lodestar calculation" (quotation marks omitted)).

The Court exercises its discretion to use the percentage-of-recovery method in this case. As described above, this case presents complex legal issues and litigation risks, and Class

PAGE 19 – OPINION AND ORDER

Counsel secured a favorable Settlement amount in comparison to the Class's estimated damages. These factors favor the 25 percent benchmark fee. Further, a lodestar cross check confirms that a 25 percent fee is appropriate. Lead Counsel expended 924.6 hours at hourly rates ranging from $220 to $1,000. Liaison Counsel expended 60.95 hours at hourly rates of $470 and $635. Liaison Counsel represents that these rates are standard rates in Oregon. Lead Plaintiff also notes that Lead and Liaison Counsel made an effort to staff the case leanly in order to avoid duplicative work. The total lodestar amount is $624,015.25. The requested 25 percent fee is $1,687,500, which represents a 2.7 multiplier of the lodestar cross check. A 2.7 multiplier is reasonable, given the complexity of this case and Class Counsel's efforts to curb repetitive work. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation."). The Court therefore finds that a 25 percent fee is reasonable.

Class Counsel also seeks recovery of $86,382.59 in expenses. These costs include expenses for an energy trading expert, an economics expert, an investigative firm to develop the facts of the case, an experienced mediator, as well as travel, filing fees, and legal research. The Court finds that these expenses have been reasonably and necessarily incurred in this case and are recoverable from the Settlement Fund. *See, e.g.*, *Wininger v. SI Mgmt., L.P.*, 301 F.3d 1115, 1120-21 (9th Cir. 2002) ("[J]urisdiction over a fund allows for the district court to spread the costs of the litigation among the recipients of the common benefit."); *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) ("Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement.").

PAGE 20 – OPINION AND ORDER

## CONCLUSION

The Court GRANTS Lead Plaintiff's unopposed Motion for Final Approval of Class Action Settlement and Class Counsel's unopposed Motion for Award of Attorney's Fees and Expenses (ECF 50). The Court awards Class Counsel $1,687,500 in attorney's fees and $86,382.59 in costs, to be paid from the Settlement Fund. This case is dismissed, but the Court retains jurisdiction over the parties and all matters relating to the Lawsuit and Settlement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 22nd day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 21 – OPINION AND ORDER

**11**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re Silver Wheaton Corp. Securities Litigation | Master File No: 2:15-cv-05146-CAS-PJWx c/w: 2:15-cv-05173-CAS(PJWx)<br><br>[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE PROCEDURES<br><br>Hon. Christina A. Snyder |

WHEREAS (i) Plaintiffs/Class Representatives ("Plaintiffs"), on behalf of themselves and the Settlement Class, and (ii) Defendants Silver Wheaton Corp. ("Silver Wheaton"), Randy V. J. Smallwood, Peter Barnes, and Gary Brown (collectively, the "Silver Wheaton Defendants"), and Deloitte LLP (Canada) ("Deloitte") (together, "Defendants") have jointly entered, by and through their respective counsel, into a Settlement of the claims asserted in the Litigation, the terms of which are set forth in a Stipulation of Settlement, dated February 10, 2020 (the "Stipulation");

WHEREAS, the Stipulation, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in

the Consolidated Second Amended Complaint for Violations of the Securities Laws (the "Complaint") filed in the Litigation; and the Court having read and considered the Stipulation, the proposed Internet Notice of Pendency and Proposed Settlement of Class Action (the "Internet Notice"), the proposed Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), the proposed Postcard Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Expenses (the "Postcard Notice"), the proposed Plan of Allocation of the Net Settlement Fund Among Settlement Class Members (the "Plan of Allocation"), the proposed Proof of Claim and Release Form (the "Proof of Claim"), the proposed Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, the Court has read and considered: (a) Plaintiffs' Motion for Preliminary Approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED, this ninth day of March 2020, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. **The Settlement Class:** On May 11, 2017, the Court certified a class as to the Silver Wheaton Defendants (the "Silver Wheaton Class") consisting of all persons and entities who purchased the publicly traded securities of Silver Wheaton (i) on a United States exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive, and did not sell such securities prior to July 6, 2015. Excluded from the Silver Wheaton Class are Defendants, all present and former officers and directors of Silver Wheaton and any subsidiary thereof, Deloitte and all of its present and former partners, members of such excluded persons' families and their legal representatives, heirs, successors or

assigns and any entity which such excluded persons controlled or in which they have or had a controlling interest.

Because a class has not been certified in the Action against Deloitte, the Settling Parties have stipulated, for purposes of the Settlement only, to a settlement class as to Deloitte (the "Deloitte Settlement Class") consisting of all persons and entities who purchased the publicly traded securities of Silver Wheaton (i) on a United States exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive (the "Class Period"), and did not sell such securities prior to July 6, 2015. Excluded from the Deloitte Settlement Class are Defendants, all present and former officers and directors of Silver Wheaton and any subsidiary thereof, Deloitte and all of its present and former partners, members of all such excluded persons' families and their legal representatives, heirs, successors or assigns and any entity which such excluded persons controlled or in which they have or had a controlling interest.

Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, preliminarily and for purposes of the Settlement only, the Deloitte Settlement Class. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Deloitte Settlement Class Members is so numerous that joinder of all members of the Deloitte Settlement Class is impracticable; (b) there are questions of law and fact common to the Deloitte Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Deloitte Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Deloitte Settlement Class; (e) the questions of law and fact common to the Deloitte Settlement Class predominate over any questions affecting only individual members of the Deloitte Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation.

For purposes of the Settlement only, the "Settlement Class" shall consist of both the Silver Wheaton Class and the Deloitte Settlement Class.

3. **<u>Preliminary Approval of the Settlement</u>:** The Court finds the Settlement is sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing. Specifically, the Court finds that:

(a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class: Plaintiffs have been actively involved in this Litigation, including regularly communicating with counsel and sitting for depositions. Plaintiffs' Counsel have vigorously litigated this action.

(b) The Settlement was negotiated at arm's length: Plaintiffs and the Silver Wheaton Defendants, represented by experienced counsel, held two mediations before the Hon. Layn Phillips, U.S.D.J. (ret.). Deloitte, also represented by experienced counsel, participated in the second mediation as well. The Settlement was only reached after extensive litigation.

(c) The relief provided for the Settlement Class is adequate: The Settlement recovers $41.5 million for Settlement Class Members. Plaintiffs briefed three motions to dismiss, one motion for class certification, a motion for leave to amend after the deadline to file amended pleadings, three motions to compel and one appeal therefrom and two additional discovery motions filed in Canada, and filed a motion for judgment on the pleadings as to one of Defendants' affirmative defenses. Plaintiffs took or defended a total of fourteen depositions and obtained and reviewed more than 800,000 pages of documents. Through these efforts, Plaintiffs understood the Litigation's strengths, weaknesses, and settlement value, and negotiated a fair, reasonable, and adequate Settlement.

(d) The Settlement treats Settlement Class Members equitably relative to each other: the Plan of Allocation calculates each Settlement Class Member's recognized claim through a formula. The formula is based on the

Settlement Class Members' purchases and sales of publicly traded Silver Wheaton securities on a United States exchange or in domestic U.S. transactions during the Class Period. Plaintiffs will receive a distribution from the Net Settlement Fund based on the same formula that governs the recovery of every member of the Settlement Class. There is no preferential treatment of Plaintiffs or any other Settlement Class Member.

(e) Concurrent with Plaintiffs' motion for final approval of this Settlement, Plaintiffs' Counsel will make an application for attorneys' fees and reimbursement of reasonable litigation expenses. The Notice, Postcard Notice, and Summary Notice indicate that Plaintiffs' Counsel will request a fee not to exceed one-third of the Settlement Amount and reimbursement of litigation expenses not to exceed $1,600,000.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Plaintiffs' Counsel previously selected by Plaintiffs and appointed by the Court, is hereby appointed as Counsel for the Settlement Class.

5. **Settlement Hearing:** A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on August 3, 2020 at 10:00 a.m. for the following purposes:

(a) to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b) to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to finally determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered;

/ / /

(d)     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to determine whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and an award to Plaintiffs should be approved; and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court may adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind.  The Court may enter its Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or awards to Plaintiffs.

7.     The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where doing so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8.     **Retention of Claims Administrator and Manner of Giving Notice:** Plaintiffs' Counsel is hereby authorized to retain Strategic Claims Services ("Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Final Settlement Hearing shall be given by Plaintiffs' Counsel as follows:

(a)     within fourteen (14)  calendar days of the date of entry of this Order, Silver Wheaton shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead

Counsel or the Claims Administrator) its reasonably available security lists (consisting of names and addresses) of the holders of Silver Wheaton securities during the Class Period;

(b)  not later than twenty-one (21)  calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the forms attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Silver Wheaton or in the records which Silver Wheaton caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)  contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)  not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in Investor's Business Daily and to be transmitted once over the PR Newswire; and

(e)  not later than seven (7) calendar days prior to the Final Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.  Plaintiffs' Counsel is authorized to disburse up to $2,000,000 for Administrative Costs (as defined in the Stipulation), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses.

/ / /

Case 2:15-cv-05146-CAS-PJW Document 467-1 Filed 03/09/20 Page 8 of 17 Page ID #:24401

After the Effective Date, additional amounts may be disbursed for Administrative Costs, if any, with Court approval.

10. **Approval of Form and Content of Notice:** The Court (a) approves the form, substance and requirements of the Internet Notice, the Summary Notice, the Postcard Notice, and the Proof of Claim, all of which are exhibits to the Stipulation, and (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 9 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Final Settlement Hearing shall be included in the Notice, the Summary Notice, and the Postcard Notice before they are published or mailed.

11. **Nominee Procedures:** Plaintiffs' Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Silver Wheaton securities during the Class Period for the benefit of another person or entity. Such nominee purchasers are directed to forward copies of the Postcard Notice to their

beneficial owners by email to all persons for whom an email address is available, and by mail otherwise, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Postcard Notice promptly to such beneficial owners. Additional copies of the Postcard Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners. Record holders shall be reimbursed $0.05 per Postcard Notice emailed or mailed (plus postage) from the Settlement Fund, upon receipt by the Claims Administrator of such request and proper documentation, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

12. **Participation in the Settlement:** To be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) The Settlement Class Member must complete, execute, and submit a Proof of Claim electronically on the website set up by the Claims Administrator no later than 11:59 PM ninety-six (96) calendar days from the date of this Order. The Settlement Class Member may instead elect to manually mail a completed Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than ninety-six (96) calendar days from the date of this Order, in which case the Settlement Class Member's recognized loss will be reduced by $5 or 1%, whichever is greater. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed

to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the Person(s) executing the Proof of Claim is acting in a representative capacity, such person must provide a certification of his or her current authority to act on behalf of the Settlement Class Member, electronically or otherwise; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (not more than ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

///

///

(d)     For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

13.     **<u>Exclusion From the Settlement Class</u>:** Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than ninety-six (96) calendar days from the date of this Order, to the following recipients: (i)  *In re Silver Wheaton Corp. Sec. Litig.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 3, Media, PA 19063, and (ii) both Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Silver Wheaton Corp. Sec. Litig.* Case No. 15-CV-5146-CAS-PJWx"; (iii) state the number of shares of Silver Wheaton securities  that the person or entity requesting exclusion purchased, acquired, and/or sold on a United States exchange or in domestic U.S. transactions during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale; (iv) provide adequate supporting documentation for the transactions for which the Settlement Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel and Defendants' Counsel; and (v) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless

it provides all the required information and documentation and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Persons, as more fully described in the Stipulation and Notice.

16. **<u>Appearance and Objections at Final Settlement Hearing</u>:** Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiffs' and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than fourteen (14) calendar days prior to the Final Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or which does not enter an appearance will be represented by Plaintiffs' Counsel.

/ / /

17. Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Final Settlement Hearing.

PLAINTIFFS' COUNSEL:
Jonathan Horne
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

COUNSEL FOR THE SILVER WHEATON DEFENDANTS:
Gregory L. Watts
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104

COUNSEL FOR DEFENDANT DELOITTE:
Lee G. Dunst
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

18. Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection(s), and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Silver Wheaton securities that the objecting Settlement Class Member purchased, acquired, and/or sold on the New York Stock Exchange or in domestic U.S. transactions during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale; (d) must state the name, address, and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; (e) must contain a statement confirming whether the Settlement Class Member or their counsel plan to appear at the Final Settlement Hearing; and (g) must state the number of times the Settlement Class Member filed an objection in the previous five years and the nature of each objection to each case in which the Settlement Class Member filed an objection in the previous five years. Objectors who enter an appearance and desire to present evidence at the Final Settlement Hearing in support of their objection(s) must include in their written objection(s) or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and reimbursement of Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of

Allocation or the requested attorneys' fees and reimbursement of Litigation Expenses in this or any other proceeding.

20. **Supporting Papers:** Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than twenty-eight (28) calendar days prior to the Final Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Settlement Hearing.

21. **Stay and Temporary Injunction:** Unless and until otherwise ordered by the Court, all proceedings in the Action shall be stayed other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Persons.

22. **Settlement Fund:** The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation or is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of December 4, 2020, as provided in the Stipulation.

24. **Use of this Order:** None of this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained

therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any of Plaintiffs' allegations or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Releasing Parties that any of their claims are without merit, that any of the Released Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Persons or Releasing Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties, the Released Persons, the Releasing Parties and their respective

///

counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Dated: March 9, 2020

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

**12**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| IN RE STELLANTIS N.V. SECURITIES LITIGATION | : : : : : : : | 19-CV-6770 (EK) (MMH) |

## ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT

WHEREAS, a putative securities class action is currently pending before this Court styled *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-6770-EK-MMH (the "Action");

WHEREAS, Lead Plaintiff Nicholas S. Panitza ("Lead Plaintiff"), on behalf of himself and the other members of the Settlement Class, and Defendants Stellantis N.V. f/k/a Fiat Chrysler Automobiles N.V. ("FCA"), Roland Iseli and Alessandro Baldi, as Co-Executors for the Estate of Sergio Marchionne, Michael Manley, and Richard K. Palmer (collectively, "Defendants" and, together with Lead Plaintiff, on behalf of himself and the other members of the Settlement Class, the "Parties") have entered into the Stipulation and Agreement of Settlement, dated May 14, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated October 15, 2021 (the "Preliminary Approval Order"), the Court: (i) preliminarily approved the Settlement; (ii) for the purposes of the Settlement, certified the Action as a class action, certified Lead Plaintiff as Class Representative for the Settlement Class, and appointed Lead Counsel as Class Counsel for the Settlement Class; (iii) directed that notice of the proposed Settlement be provided to Settlement Class Members; (iv) provided

00676732;V1

Settlement Class Members with the opportunity either to exclude themselves from or to object to the Settlement; and (v) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on February 17, 2022 (the "Settlement Fairness Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.  **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on May 14, 2021; and (ii) the Postcard Notice, the Internet Notice and the Summary Notice, all of which were filed with the Court on May 14, 2021 and August 5, 2021 (revised).

3.  **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class (the "Settlement Class") consisting of the putative class of all persons or entities who or which purchased or otherwise

00676732;V1                                                -2-

acquired, on a U.S. Exchange or in a transaction in the United States, FCA and/or STLA common stock between February 26, 2016 and January 27, 2021, both dates inclusive (the "Class Period"). Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of the Company and members of their immediate families; (iii) the legal representatives, heirs, successors or assigns of such excluded Person or entity; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons listed on Exhibit 1 hereto, who are found by the Court to have timely and validly requested exclusion from the Settlement.

4. **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

5. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and

00676732;V1                                            -3-

implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.    **Notice** – The Court finds that the dissemination of the Postcard Notice, the posting of the Internet Notice, and the publication of the Summary Notice:  (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the pendency of the Action; (b) the effect of the proposed Settlement (including the Releases to be provided thereunder); (c) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (d) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead  Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (e) their right to exclude themselves from the Settlement; and (f) their right to appear at the Settlement Fairness Hearing; (iv) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive notice.

7.    **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

00676732;V1                                    -4-

8. **Objections** – The Court finds that a full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.

9. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), having considered and found that:

a. Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class;

b. the Settlement was negotiated by the Parties at arm's length;

c. the relief provided for the Settlement Class is adequate, having taken into account:

(1) the costs, risks and delay of motion practice, trial and appeal;

(2) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; and

(3) the terms of any proposed award of attorney's fees, including timing of payment; and

d. the Settlement treats members of the Settlement Class equitably relative to each other.

00676732;V1                                                    -5-

10. Accordingly, the Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

11. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

12. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

13. **Releases and Bars** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a. Without further action by anyone, and subject to paragraph 14 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be

-6-

barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in the Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

b. Without further action by anyone, and subject to paragraph 14 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in the Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

14. Notwithstanding paragraphs 13(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

15. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

16.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (i) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (ii) the disposition of the Settlement Fund; (iii) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (iv) any motion to approve the Distribution Order; and (v) the Settlement Class Members for all matters relating to the Action.

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18.    **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

19.    **Attorneys' Fees and Litigation Expenses** – Lead Plaintiff's Counsel is awarded attorneys' fees in the amount of $ 1,665,000          , and expenses in the amount of $ 85,318.18       .   Lead Plaintiff is awarded $ 3,437.50        in costs related to his representation of the Class. The foregoing amounts shall be paid out of the Settlement Fund within five days of entry of this Order.  In the event that this Judgment does not become Final and any

portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and Lead Plaintiff shall, within thirty (30) calendar days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, refund the Settlement Fund the fee and expense award paid to Lead Plaintiff's Counsel and the cost award paid to Lead Plaintiff, respectively.

20. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, Settlement Class Members and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund, including interest accrued therein less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing, shall be returned to FCA (or such other persons or entities as FCA may direct) in accordance with the Stipulation.

21. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __23__ day of __February__, 2022.

\_\_/s/Eric Komitee_____
ERIC R. KOMITEE
U.S. DISTRICT JUDGE

# EXHIBIT 1

**Persons Excluded From the Settlement Class**

Joshua A. Mowbray

**13**

IN THE UNITED STATES DISRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GABBY KLEIN, *et al.*,
        Plaintiffs,

      v.                        Civil No. 3:20cv75 (DJN)

ALTRIA GROUP, INC. *et al.*,
        Defendants.

### ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

This matter comes before the Court on Lead Plaintiffs' Motion for Final Approval of

Class Action and Approval of Plan of Allocation of the Net Proceeds of the Settlement (ECF No.

307) and Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to

Lead Plaintiffs (ECF No. 309). For the reasons stated herein, the Court hereby GRANTS both

Motions (ECF Nos. 307, 309.)

WHEREAS, a securities class action is pending in this Court entitled *Klein v. Altria*

*Group, Inc., et al.*, No. 3:20-cv-00075-DJN (the "Action");

WHEREAS, Lead Plaintiffs Donald and Sarah Sherbondy and Construction Laborers

Pension Trust of Greater St. Louis ("Plaintiffs"), on behalf of themselves and the other members

of the Settlement Class (as defined below), and Defendants Altria Group, Inc. ("Altria"), JUUL

Labs, Inc. ("JLI"), Howard A. Willard III, William F. Gifford, Jr., Adam Bowen, James

Monsees, Kevin Burns, and K.C. Crosthwaite (collectively, the "Defendants," and, together with

Plaintiffs, on behalf of themselves and the other members of the Settlement Class, the "Parties")

have entered into the Stipulation and Agreement of Settlement dated December 9, 2021 (the

"Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted

against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated December 16, 2021 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class for purposes of this Settlement only; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on March 31, 2022 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 9, 2021; and (b) the Postcard Notice, Notice and Summary Notice, each of which were filed with the Court on December 9, 2021.

3.    **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired Altria securities between October 25, 2018 and April 1, 2020, both dates inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of Altria and JLI; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Altria and JLI and the directors and officers of Altria, JLI, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties.  Also excluded from the Settlement Class are the persons listed on Exhibit 1 hereto, who are excluded from the Settlement Class pursuant to request.

3

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees, Litigation Expenses and awards to Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4); (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.

4

6.    **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7.    **Objections** – The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

8.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), having considered and found that:

a.    Plaintiffs and Lead Counsel have adequately represented the Class;

b.    the proposal was negotiated at arm's length between experienced counsel;

c.    the relief provided for the Settlement Class is adequate, having taken into account:

(1)    the costs, risks, and delay of motion practice, trial and appeal;

(2)    the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; and

5

(3)     the terms of any proposed award of attorney's fees,

including timing of payment; and

d.     the proposed Plan of Allocation treats Settlement Class Members

equitably relative to each other.

9.     Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10.     The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

12.     **Releases and Bars** – The Releases set forth in paragraphs 4 through 8 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves,

6

and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

(b)     Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

7

13.     Notwithstanding paragraphs 12(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15.     **No Admissions** – Neither this Judgment, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against or to the prejudice of any of the Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs and the Settlement Class, or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any arbitration proceeding or other civil, criminal,

8

or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered or received against or to the prejudice of Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable in this Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)    shall be offered or received against or to the prejudice of any of the Defendants' Releasees, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Defendants' Releasees, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(d)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; ***provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective***

9

*counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.*

16. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion to approve the Settlement Class Distribution Order; and (d) the Settlement Class Members for all matters relating to the Action.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18. **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

19. **Attorneys' Fees and Litigation Expenses** – Lead Counsel is awarded attorneys' fees in the amount of $27,000,000, and expenses in the amount of $1,544,748.17, such amounts to be paid out of the Settlement Fund immediately upon entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among The Schall Law Firm and Cohen Milstein Sellers & Toll PLLC in the manner in which

10

Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. In the event that this Judgment does not become Final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and all other counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of (i) entry of the order rendering the Settlement and Judgment non-Final, (ii) notice of the Settlement being terminated, or (iii) the occurrence of any other event that precludes the Effective Date from occurring, refund the Settlement Fund the fee and expense award paid to Lead Counsel and, if applicable, distributed to other counsel.

20. **Awards to Plaintiffs** – Plaintiffs Donald Sherbondy, Sarah Sherbondy and Construction Laborers Pension Trust of Greater St. Louis are awarded $20,000, $20,000 and $28,775, respectively for their reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), with such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the MOU on October 28, 2021. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid, or payable and

11

less any Taxes and Tax Expenses paid, due, or owing, shall be returned to Altria (or such other persons or entities as Altria may direct), in accordance with the Stipulation.

22. **Additional Notice Required Following Disbursement** — Not later than thirty (30) days following the completion of the disbursement of the Settlement Fund, Plaintiffs shall file a notice to the Court listing the exact disbursement of funds for each recipient. Specifically, the notice shall state the exact amount disbursed to (1) the Settlement Class Members collectively (not by individual Class Member); (2) Lead Counsel, distinguishing between fees and expenses; (3) Lead Plaintiffs as awards; (3) the Claims Administrator; and (4) any other individual or entity receiving funds. If any portion of the Settlement Fund remains after disbursement to the Settlement Class Members, Lead Counsel, Lead Plaintiffs and the Claims Administrator, Plaintiffs shall indicate the total funds remaining and whether those funds have been or will be disbursed to a *cy pres* beneficiary, including identification of the *cy pres* beneficiary.

23. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment.

Let the Clerk file a copy of this Order and Judgment electronically and notify all counsel of record.

It is so ORDERED.

_____ /s/ _____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: March 31, 2022

12

# EXHIBIT 1

| # | NAME/ACCOUNT | CITY | STATE/COUNTRY |
|---|---|---|---|
| 1 | GERALD A JOHNSON & JODY A GRAMS TR UA 07/17/2014 JOHNSON TRUST | OAKDALE | MN |
| 2 | CHUNGHO CHIAO | N/A | N/A |
| 3 | RICHARD ENTERLINE JR | PINELLAS PARK | FL |
| 4 | WILLARD J SPARKS | ARLINGTON | TX |
| 5 | PHYLLIS A SPARKS | ARLINGTON | TX |
| 6 | KEVIN J O CONNER | BELLINGHAM | WA |
| 7 | MARY ANN E HILDEBRAND | LANSDALE | PA |
| 8 | KENNETH C GOTSCH & LYNNE M GOTSCH JT WROS | HIGHLAND PARK | IL |
| 9 | JAMES MISTRO & KAREN MISTRO | CRETE | IL |
| 10 | SHARON ALCALA | GAHANNA | OH |
| 11 | ROSEMARY MCDANIEL | TRENTON | FL |
| 12 | PATRICIA A WOMACK | MECHANICSVILLE | VA |
| 13 | DEBORAH J KNOWLES | KITCHENER | CAN |
| 14 | DAVID BRIAN HOLLAND | SAN ANTONIO | TX |
| 15 | JANET V BENSON | GLEN MILLS | PA |
| 16 | JAMES W JAPPE | CENTEREACH | NY |
| 17 | FOREST A BENSON | GLEN MILLS | PA |
| 18 | GEORGE DANIEL ROBBINS | RICHMOND | TX |
| 19 | BENJAMIN E & KATHLEEN M RAMP LIVING TRUST U/A 12/17/15 | GENESEO | IL |
| 20 | RENEE MCCOWN | PORTLAND | OR |
| 21 | KATHLEEN F WELLS | PATCHOGUE | NY |
| 22 | STEPHANIE CLARK | TELFORD | PA |
| 23 | STEPHEN L KRUER & RUTH L KRUER | FLOYDS KNOBS | IN |
| 24 | MICHAEL LOCASCIO | FLANDERS | NJ |
| 25 | EDNA R SHUEY | LAS VEGAS | NV |
| 26 | SANDRA CRUM | LEHIGHTON | PA |
| 27 | CLARENCE GREER | SMITHS STATION | AL |
| 28 | TERRY A PAGE & CAROLE R PAGE | HILLSBORO | IL |
| 29 | MARGARET M SIMPSON | CLARENDON | AR |
| 30 | EUGENE KLIMENT | LINCOLN | NE |
| 31 | GLENNA CATTERMOLE | SCOTTS VALLEY | CA |
| 32 | ELIANA CROOKS | LEOPOLD | AUS |

**14**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**CASE NO. 18-23786-CV-MARTINEZ-OTAZO-REYES**

CHARLES STEINBERG, individually and
on behalf of all others similarly situated,

     Plaintiff,

v.

OPKO HEALTH, INC., PHILLIP FROST,
ADAM LOGAL, and JUAN RODRIGUEZ,

     Defendants.

_____/

## <u>ORDER ON MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES</u>

THIS CAUSE is before the Court upon Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, and Incorporated Memorandum of Law, [ECF No. 119]. The Court has considered the Motion, the pertinent portions of the record, and is otherwise duly advised in the premises.

On September 4, 2020, the Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between Plaintiff Charles Steinberg ("Plaintiff"), on behalf of himself and all members of the Settlement Class, and Defendants OPKO Health, Inc., Phillip Frost, Adam Logal, and Juan Rodriguez ("Defendants") (collectively, the "Parties"), [ECF No. 115]. The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on December 15, 2020 at 1:30 p.m.

About two weeks later, on September 17, 2020, the Eleventh Circuit Court of Appeals entered a decision in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020). The Eleventh Circuit explicitly held that incentive awards for class representatives are prohibited by Supreme Court precedent. *Id*.

The Plaintiffs then submitted their Motion for Final Approval of Settlement and Plan of Allocation, [ECF No. 118], as well as their Motion for Attorneys' Fees, [ECF No. 119]. *See also Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020) (finding error where Court ordered objections to be due before counsel's motion for fees and costs). The Court has received **no** objections from any of the potential class members, after over 271,000 Notice Packets had been sent. [*See* ECF No. 123 at 2].

Lead Counsel Bernstein Litowitz Berger & Grossman LLP move, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in the amount of 20% of the Settlement Fund, or $3,300,000 plus interest earned at the same rate as earned by the Settlement Fund. [ECF No. 119]. Lead Counsel also requests $143,841.54 for litigation expenses paid or incurred, as well as payment of $17,500.00 for costs incurred by Lead Plaintiff Amitim Funds directly related to its representation of the Settlement Class, as authorized by the Private Securities Litigation Act of 1995 ("PSLRA").

On December 15, 2020, the Court held a duly noticed Final Approval Hearing to consider, among other things, whether and in what amount Lead Counsel should be awarded attorneys' fees and expenses, and whether Lead Plaintiff is entitled to reimbursement of certain fees and costs. The Court specifically required the parties to address the appropriateness of the Lead Plaintiff's request for reimbursement of costs in connection with its representation of the Settlement Class in light of the Eleventh Circuit's decision in *Johnson*. Accordingly, the Court has also considered

2

Lead Plaintiff's Memorandum of Law in Further Support of Reimbursement of Costs Pursuant to 15 U.S.C. § 78u-4(a)(4), [ECF No. 129].

The Court has reviewed and considered the Settlement, Stipulation, all pertinent portions of the record, and the proceedings held before the Court otherwise relating to settlement approval.

### I.      Approval of Attorneys' Fees and Costs

Pursuant to Federal Rule of Civil Procedure 23(h)(3), the Court has held a hearing on the matter and makes the following findings of fact and conclusions of law.

The Settlement confers substantial benefits on Settlement Class Members. The Settlement has created a fund of $16,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation. Because of the efforts of Plaintiffs' Counsel, numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement. This case involved complex federal securities litigation and success at trial would have proved difficult. Specifically, Plaintiffs faced numerous substantial challenges in establishing liability, loss causation, damages, and scienter. Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants.

This Settlement was reached following an extensive effort from Plaintiffs' Counsel, including conducting a comprehensive investigation into the claims asserted, consultation with numerous experts, and engaging in extensive settlement negotiations, including a full-day mediation session. Plaintiffs' Counsel vigorously and effectively pursued the Settlement Class Members' claims, and this Settlement was negotiated in good faith and in the absence of collusion. Indeed, the requested fee has been reviewed and approved as reasonable by Lead Plaintiff, a

sophisticated institutional investor that actively supervised the action. Plaintiffs' Counsel devoted nearly 2,900 hours, with a lodestar value of over $1,876,000, to achieve the Settlement.

Furthermore, copies of the Notice were mailed to over 271,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 20% of the Settlement Fund and for litigation expenses in an amount not to exceed $300,000. No objections to the requested attorneys' fees and litigation expenses were received by this Court.

Attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g.*, *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) (citations omitted). The requested fee award is consistent with other fee awards in this Circuit and District. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirming class attorneys' award of 33.3%); *see also Fought v. Am. Home Shield Corp.*, 668 F.3d 1233, 1243 (11th Cir. 2012) ("25% is generally recognized as a reasonable award in common fund cases."); *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774–75 (11th Cir. 1991) ("[t]he majority of common fund fee awards fall between 20% to 30% of the fund," and district courts consider 25% as a "benchmark" that "may be adjusted in accordance with the individual circumstances of each case"). Because the Court is convinced that 20% of the total Settlement Fund is a fair and reasonable award in this action, the Court finds it unnecessary to engage in a full-scale lodestar analysis. Nonetheless, the Court also notes that the requested fee represents a multiplier of 1.76 on Plaintiffs' Counsel's lodestar, which is within or below the range of multipliers typically deemed acceptable in class action settlements. *See, e.g.*, *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("not[ing] that lodestar multiples in large and complicated class actions range from 2.26 to 4.5").

Additionally, Plaintiffs' Counsel is entitled to be reimbursed from the class fund for the reasonable expenses incurred in this action, including costs for experts, court fees, as well as the use of online researching services and mediation. The Court finds Counsel's request reasonable and necessary.

Accordingly, Plaintiffs' Counsel are hereby **AWARDED** attorneys' fees in the amount of 20% of the Settlement Fund, and $143,841.54 in payment of Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it in good faith believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the action.

## II.      Approval of Lead Plaintiff's Request for Reimbursement

As for Lead Plaintiff Amitim Funds' request for reimbursement of costs and expenses, the Court gives pause. As set forth at the Final Fairness Hearing, the Court is wary to run afoul of the Eleventh Circuit's recent decision in *Johnson*, 975 F.3d at 1257. As such, the Court permitted Lead Plaintiff to submit a supplemental memorandum regarding *Johnson*'s effect on Plaintiff's fee request. [ECF No. 129].

At the outset of litigation under the PSLRA, a lead plaintiff is required to certify that he "will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4)." 15 U.S.C. § 78u-4(a)(2)(A)(vi). The referenced section, 15 U.S.C. § 78u-4(a)(4), implies that a representative of a class in a class action brought under the Securities and Exchange Act of 1934 may be awarded "its reasonable costs and expenses (including lost wages) directly relating to the representation of the class…." *Id*. As set forth in the Committee Report on

the Private Securities Litigation Act of 1995, Congress enacted this provision of the PSLRA to "remove the financial incentive for becoming a lead plaintiff." H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734. Accordingly, the PSLRA has been read to prohibit general incentive or service awards to class representatives. *See, e.g.*, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 960 n.4 (9th Cir. 2009) (noting that the PSLRA "prohibits granting incentive awards to class representatives in securities class actions"); *Azar v. Blount Int'l, Inc.*, No. 3:16-cv-0483-SI, 2019 WL 7372658, at *13 (D. Or. Dec. 31, 2019) (same); *In re Schering-Plough Corp. Enhance Sec. Litig.*, Nos. 08-397, 08-2177, 2013 WL 5505744, at *37 (D.N.J. Oct. 1, 2013) (same). The Conference Committee recognized, however, "that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages," and granted courts "discretion to award fees accordingly." H.R. Conf. Rep. No. 104-369 (1995).

Thus, the Court must determine whether Lead Plaintiff seeks "reasonable costs and expenses (including lost wages) directly relating to the representation of the class" as permitted under the PSLRA, or an incentive award prohibited by both the PSLRA and *Johnson*.

As set forth in Mr. Ronen Hirsch's Declaration, as Amitim Funds' Chief Legal Officer, Mr. Hirsch and other employees of the Amitim Funds have devoted at least 100 hours to the prosecution of this action, which was time they contend could have been devoted to other work. [ECF No. 120-2 at ¶ 10]. Because the PSLRA specifically authorizes the reimbursement of reasonable costs and expenses—including lost wages—directly relating representation of the class, Lead Plaintiff contends that *Johnson*'s prohibition against incentive awards should not affect the Court's determination. The Court agrees. Indeed, *Johnson* and the PSLRA both reflect the proposition that representative plaintiffs to a class action are not entitled to an incentive award.

Where the two may diverge, however, is how to define an impermissible incentive award versus an expense or cost of litigation. Namely, how should a court differentiate between "lost wages" under the PSLRA and a "salary" prohibited by *Johnson*?

In *Johnson*, the Eleventh Circuit held that "[a] plaintiff suing on behalf of a class can be reimbursed for attorneys' fees and expenses incurred in carrying on the litigation, but he cannot be paid a salary or be reimbursed for his personal expenses." 975 F.3d at 1257. Here, the amount sought by Lead Plaintiff represents the value of time dedicated by its employees in supervising and participating in the action, including, among other things, reviewing significant pleadings and briefs, communicating regularly with Lead Counsel, and evaluating and approving the Settlement. [ECF No. 120-2 at ¶¶ 5, 10]. In this regard, the amount seems more akin to a salary—and thus, a prohibited incentive award—than expenses incurred in carrying on the litigation. For example, in *Johnson*, the plaintiff claimed to be entitled to an incentive payment because he "took critical steps to protect the interests of the class, and spent considerable time pursuing their claims…by frequently communicating with his counsel, keeping himself apprised of the matter, approving drafts before filing, and responding to [defendant's] discovery requests." *Johnson*, 975 F.3d at 1258 (cleaned up). "In other words, [plaintiff] wanted to be compensated for the time he spent litigating the case…." *Id*. (cleaned up). The Circuit likened plaintiff's request to a salary—an award the Supreme Court has deemed "decidedly objectionable." *Id*. (quoting *Trustees v. Greenough*, 105 U.S. 527, 537 (1882)). In so holding, the Eleventh Circuit has seemingly deemed the type of reimbursement sought by Lead Plaintiff, not as an expense of litigation, but as prohibited salary compensation.

On the other hand, the PSLRA specifically contemplates that a class representative could be awarded reasonable lost wages in pursuing litigation. *See In re ESS Tech., Inc. Sec. Litig.*, No.

C-02-04497 RMW, 2007 WL 3231729, at *2 (N.D. Cal. Oct. 30, 2007); 15 U.S.C. § 78u-4(a)(4).

"Numerous courts reviewing lead plaintiff fee requests under the PSLRA have concluded that in order to recover under § 78u-4(a)(4), the lead plaintiff must provide meaningful evidence demonstrating that the requested amounts represent actual costs and expenses incurred directly as a result of the litigation." *In re ESS Tech.*, 2007 WL 3231729, at *2. Evidence of time spent away from work may suffice. *See, e.g.*, *In re AMF Bowling Sec. Litig.*, 334 F. Supp. 2d 462, 470 (S.D.N.Y. 2004) ("Nothing presented to me places the time devoted to this case by the two class representatives into the category of recoverable expense. Neither claims any out-of-pocket expense. There is no assertion that either lost time at work or gave up employer-granted vacation time."); *Abrams v. Van Kampen Funds, Inc.*, No. 01-C-7538, 2006 WL 163023, at *4 (N.D. Ill. Jan. 18, 2006) ("Lead plaintiffs do not contend that any portion of the requested amount represents any actual expenses that either has incurred. They do not claim that they missed any work or other earning opportunity in order to participate in the litigation. Under the PSLRA, lead plaintiffs cannot be awarded additional compensation."); *In re KeySpan Corp. Sec. Litig.*, No. 01-CV-5852, 2005 WL 3093399, at *21 (E.D.N.Y. Sept. 30, 2005) ("Counsel have not shown how the time expended by the Class Representative and Lead Plaintiffs resulted in actual losses, whether in the form of diminishment in wages, lost sales commissions, missed business opportunities, use of leave or vacation time or actual expenses incurred."); *see also* S. Rep. No. 104-98 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 689 ("Recognizing that service as the lead plaintiff may require court appearances or other duties involving time away from work, the Committee grants courts discretion to award the lead plaintiff reimbursement for 'reasonable costs and expenses' (including lost wages) directly relating to representation of the class.").

This case is a close call. Lead Plaintiff has provided support for its $17,500.00 reimbursement request in the form of Mr. Hirsch's Declaration, [ECF No. 120-2]. Mr. Hirsch specified that the time Lead Plaintiff's employees "devoted to the representation of the Settlement Class in this Action was time that [it] would otherwise have spent on other work for the Amitim Funds and, thus, represented a cost to the Amitim Funds." [*Id.* at ¶ 10]. In this regard, Lead Plaintiff's request could reflect "lost wages" or costs sufficient under the PSLRA as interpreted by numerous courts. While somewhat conclusory,[1] the Declaration and record as a whole support a reimbursement award based on the Amitim Funds' time expended in litigating this action. The Court also finds that the Amitim Funds' request and oversight of this case falls in line with the congressional intent of the PSLRA. As such, in its discretion, the Court finds reimbursement appropriate pursuant to 15 U.S.C. § 78u-4(a)(4).

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

2. Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, and Incorporated Memorandum of Law, [ECF No. 119], is **GRANTED**.

3. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of **<u>20% of the Settlement Fund, and $143,841.54 in payment of Lead Counsel's litigation expenses</u>** (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith,

---

[1] For example, the Declaration does not indicate how oversight of this litigation would not fall within Mr. Hirsch's job description as Chief Legal Officer of the Amitim Funds.

believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

4. Lead Plaintiff Amitim Funds is hereby awarded **$17,500.00** from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

5. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

6. Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

7. In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this award shall be rendered null and void to the extent provided by the Stipulation.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of April 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Otazo-Reyes

10

**15**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN AND JUNE VITIELLO, Individually and on Behalf of All Others Similarly Situated, **Plaintiffs,** v. BED BATH & BEYOND INC., *et al.*, **Defendants.** | No. 2:20-cv-04240-MCA-MAH |

## ORDER APPROVING
## CLASS-ACTION SETTLEMENT

WHEREAS Lead Plaintiff Kavin Bakhda, on behalf of himself and the Class (as defined below), additional named plaintiff Richard Lipka (collectively with Lead Plaintiff, "Plaintiffs"), and Defendants Bed Bath & Beyond Inc., Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia have entered into a Settlement Agreement[1] to settle the claims asserted in the Action; and

WHEREAS Lead Plaintiff and Defendants have applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order granting final approval of the proposed settlement in accordance with the Stipulation of Settlement (including its exhibits) (the "Settlement Agreement"), which sets forth the terms and conditions of the proposed settlement (the "Settlement"); and

WHEREAS, on February 4, 2022, the Court entered an Order preliminarily approving the proposed Settlement, preliminarily certifying the Class for settlement purposes, directing notice

---

[1]    To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement. Selected definitions from the Settlement Agreement are reprinted in the Appendix to this Order.

00694182;V1

to be sent and published to potential Class Members, and scheduling a hearing (the "Fairness Hearing") to consider whether to approve the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's application for an Attorneys' Fees and Expenses Award, and Lead Plaintiff's application for a PSLRA Award; and

WHEREAS the Court held the Fairness Hearing on June 2, 2022 to determine, among other things, (*i*) whether the terms and conditions of the proposed Settlement are fair, reasonable, and adequate and should therefore be approved; (*ii*) whether the Class should be finally certified for settlement purposes; (*iii*) whether notice to the Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to potential Class Members in accordance with the Federal Rules of Civil Procedure, the PSLRA, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law; (*iv*) whether to approve the proposed Plan of Allocation; (*v*) whether to enter an order and judgment dismissing the Action on the merits and with prejudice as to Defendants and against all Class Members, and releasing all the Released Class Claims and Released Releasees' Claims as provided in the Settlement Agreement; (*vi*) whether to enter the requested permanent injunction and bar orders as provided in the Settlement Agreement; (*vii*) whether and in what amount to grant an Attorneys' Fees and Expenses Award to Lead Counsel; and (*viii*) whether and in what amount to grant a PSLRA Award to Lead Plaintiff; and

WHEREAS the Court received submissions and heard argument at the Fairness Hearing;

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, and **for the reasons set forth on the record during the Final Fairness Hearing, held on the record on June 2, 2022**, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

00694182;V1                                              2

1. **Incorporation of Settlement Documents.** This Order incorporates and makes a part hereof the Settlement Agreement dated as of October 25, 2021, including its defined terms.

2. **Jurisdiction.** The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, and all other Class Members (as defined below) and has jurisdiction to enter this Order and the Judgment.

3. **Final Class Certification.** The Court grants certification of the Class solely for purposes of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3). The Class is defined to consist of all persons and entities who purchased or otherwise acquired BBBY Common Stock during the period from September 4, 2019 through February 11, 2020, inclusive. Excluded from the Class are:

   a. such persons or entities who submitted valid and timely requests for exclusion from the Class;

   b. such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

   c. BBBY and (*i*) all officers and directors of BBBY during the Class Period (including Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia), (*ii*) BBBY's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which BBBY or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subparts (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

4. This certification of the Class is made for the sole purpose of consummating the Settlement of the Action in accordance with the Settlement Agreement. If the Court's approval

of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect deemed unacceptable by a Settling Party, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiffs or anyone else to seek class certification in this or any other matter.

5.      For purposes of the settlement of the Action, and only for those purposes, the Court finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and any other applicable laws (including the PSLRA), have been satisfied, in that:

a.      The Class is ascertainable from business records and/or from objective criteria;

b.      The Class is so numerous that joinder of all members would be impractical;

c.      One or more questions of fact and law are common to all Class Members;

d.      Lead Plaintiff's claims are typical of those of the other members of the Class;

e.      Lead Plaintiff has been and is capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Lead Plaintiff's interests have been and are consistent with those of the other Class Members; (*ii*) Lead Counsel has been and is able and qualified to represent the Class, and (*iii*) Lead Plaintiff and Lead Counsel have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

f.      For settlement purposes, questions of law and/or fact common to members of the Class predominate over any such questions affecting only individual Class Members, and

00694182;V1                                      4

a class action is superior to all other available methods for the fair and efficient resolution of the Action.  In making these findings for settlement purposes, the Court has considered, among other things, (*i*) the questions of law and fact pled in the Complaint, (*ii*) the Class Members' interest in the fairness, reasonableness, and adequacy of the proposed Settlement, (*iii*) the Class Members' interests in individually controlling the prosecution of separate actions, (*iv*) the impracticability or inefficiency of prosecuting separate actions, (*v*) the extent and nature of any litigation concerning these claims already commenced, and (*vi*) the desirability of concentrating the litigation of the claims in a particular forum.

6.       **Final Certification of Lead Plaintiff and Appointment of Lead Counsel for Settlement Purposes.**  Solely for purposes of the proposed Settlement, the Court hereby confirms its (*i*) certification of Lead Plaintiff as representative of the Class and (*ii*) appointment of Bernstein Liebhard LLP as Lead Counsel for the Class pursuant to Fed. R. Civ. P. 23(g).

7.       **Notice.**  The Court finds that the distribution of the Individual Notice and Claim Form, the publication of the Summary Notice, and the notice methodology as set forth in the Preliminary Approval Order all were implemented in accordance with the terms of that Order. The Court further finds that the Individual Notice, the Claim Form, the Summary Notice, and the notice methodology (*i*) constituted the best practicable notice to potential Class Members, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement Agreement (including the release of claims), their right to object to the proposed Settlement, their right to exclude themselves from the Class, and their right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice (including any State and/or

00694182;V1                                    5

federal authorities entitled to receive notice under the Class Action Fairness Act of 2005), and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

8. **<u>Final Settlement Approval.</u>** The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their experienced counsel – under the auspices of an experienced mediator – and was entered into in good faith. The terms of the Settlement Agreement do not have any material deficiencies, do not improperly grant preferential treatment to any individual Class Member, and treat Class Members equitably relative to each other. Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, and the Rules of the Court, and in the best interests of the Class Members.

9. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Amount among eligible Class Members.

10. In making these findings and in concluding that the relief provided to the Class is fair, reasonable, and adequate, the Court considered, among other factors, the considerations outlined in Federal Rule of Civil Procedure 23(e)(2) and in *In re National Football League Players Concussion Injury Litigation*, 821 F.3d 410, 437 (3d Cir. 2016), including (*i*) the complexity, expense, and likely duration of the litigation if it were to continue, including the costs, risks, and delay of trial and appeal; (*ii*) the reaction of the potential Class Members to the proposed Settlement, including the number of exclusion requests and the number of objections;

00694182;V1                                    6

(*iii*) the stage of the proceedings and the amount of discovery and other materials available to Lead Counsel, including the Due-Diligence Discovery provided to Lead Counsel; (*iv*) the risks of establishing liability and damages, including the nature of the claims asserted and the strength of Plaintiffs' claims and Defendants' defenses as to liability and damages; (*v*) Lead Plaintiff's risks of obtaining certification of a litigation class and of maintaining certification through trial; (*vi*) the ability of Defendants to withstand a greater judgment; (*vii*) the range of reasonableness of the Settlement Amount in light of the best possible recovery; (*viii*) the range of reasonableness of the Settlement Amount to a possible recovery in light of all the attendant risks of litigation; (*ix*) the availability of opt-out rights for potential Class Members who do not wish to participate in the Settlement; (*x*) the effectiveness of the procedures for processing Class Members' claims for relief from the Settlement Fund and distributing such relief to eligible Class Members; (*xi*) the terms of the proposed award of attorneys' fees, including the timing of the payment; (*xii*) the terms of the Supplemental Agreement; (*xiii*) the treatment of Class Members relative to each other; (*xiv*) the adequacy of Lead Plaintiff's and Lead Counsel's representation of the Class; (*xv*) the arm's-length nature of the negotiation of the proposed Settlement; (*xvi*) the involvement of a respected and experienced mediator (Jed Melnick, Esq.); (*xvii*) the experience and views of the Settling Parties' counsel; (*xviii*) the submissions and arguments made throughout the proceedings by the Settling Parties; and (*xix*) the submissions and arguments made at and in connection with the Fairness Hearing.

11.     The Settling Parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions.  The Court approves the documents submitted to the Court in connection with the implementation of the Settlement Agreement.

12. **Releases.** Pursuant to this Approval Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, Plaintiffs and all other Class Members (whether or not a Claim Form has been executed and/or delivered by or on behalf of any such Class Member), on behalf of themselves and the other Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

      a.     all Released Class Claims against each and every one of the Releasees;

      b.     all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement, and/or (*v*) the resolution of any Claim Forms submitted in connection with the Settlement; and

      c.     all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

13. Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, each and every Releasee,

including Defendants' Counsel, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged each and all Releasors, including Lead Counsel, from any and all Released Releasees' Claims, except to the extent otherwise specified in the Settlement Agreement.

14.     Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, Plaintiffs' Counsel and any other counsel representing Lead Plaintiff or any other Class Member in connection with or related in any manner to the Action, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, Affiliates, and assigns, and any person or entity claiming by, through, or on behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged Defendants, Defendants' Counsel, and all other Releasees from any and all Claims that relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, or (*iii*) the Settlement terms and their implementation.

15.     Notwithstanding paragraphs 12 through 14 above, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order, or the Judgment.

16. **Permanent Injunction.** The Court orders as follows:

a. Plaintiffs and all other Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims;

b. All persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims; and

c. All Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to Released Releasees' Claims.

17.     Notwithstanding paragraph 16 above, nothing in this Order or in the Judgment

shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the

Settlement Agreement, this Order, or the Judgment.

18.     **Contribution Bar Order.**  In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any

and all Claims for contribution arising out of any Released Class Claim (*i*) by any person or

entity against any of the Releasees and (*ii*) by any of the Releasees against any person or entity

other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred,

extinguished, discharged, satisfied, and unenforceable.  Accordingly, without limitation to any of

the above, (*i*) any person or entity is hereby permanently enjoined from commencing,

prosecuting, or asserting against any of the Releasees any such Claim for contribution, and

(*ii*) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting

against any person or entity any such Claim for contribution.  In accordance with 15 U.S.C.

§ 78u-4(f)(7)(B), any Final verdict or judgment that might be obtained by or on behalf of the

Class or a Class Member against any person or entity for loss for which such person or entity and

any Releasee are found to be jointly liable shall be reduced by the greater of (*i*) an amount that

corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the

Class or Class Member or (*ii*) the amount paid by or on behalf of Defendants to the Class or

Class Member for common damages, unless the court entering such judgment orders otherwise.

19.     **Complete Bar Order.**  To effectuate the Settlement, the Court hereby enters the

following Complete Bar:

a.     Any and all persons and entities are permanently barred, enjoined, and

restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising

under any federal, state, or foreign statutory or common-law rule, however styled, whether for

indemnification or contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Class Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any Claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this subparagraph are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Class Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided, however,* that, if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Class Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member and (*ii*) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

b.      Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-

00694182;V1                                    12

law rule, however styled, whether for indemnification or contribution or otherwise denominated,
including Claims for breach of contract and for misrepresentation, where the Claim is or arises
from a Released Class Claim and the alleged injury to such Releasee arises from that Releasee's
alleged liability to the Class or any Class Member, including any Claim in which any Releasee
seeks to recover from any person or entity (including another Releasee) (*i*) any amounts that any
such Releasee has or might become liable to pay to the Class or any Class Member and/or
(*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class
Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable.

c. Notwithstanding anything stated in the Complete Bar Order, if any person
or entity (for purposes of this subparagraph, a "petitioner") commences against any of the
Releasees any action either (*i*) asserting a Claim that is or arises from a Released Class Claim
and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the
Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses
incurred in connection with any such Claim, and if such action or Claim is not barred by a court
pursuant to this paragraph 19 or is otherwise not barred by the Complete Bar Order, neither the
Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against
(*i*) such petitioner, (*ii*) any person or entity who is or was controlled by, controlling, or under
common control with the petitioner, whose assets or estate are or were controlled, represented, or
administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*iii*) any
person or entity that participated with any of the preceding persons or entities described in
items (*i*) and/or (*ii*) of this subparagraph in connection with the assertion of the Claim brought
against the Releasee(s).

00694182;V1                                                         13

d.     If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Class Claim.

e.     Nothing in the Contribution Bar Order or Complete Bar Order shall (*i*) expand the release provided by Class Members and other Releasors to the Releasees under paragraph 12 above or (*ii*) bar any persons who are excluded from the Class by definition or by request from asserting any Released Class Claim against any of the Releasees.  Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (*i*) nothing shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (*ii*) nothing shall release, interfere with, limit, or bar the assertion by any Releasee of any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct and Claims at issue in the Action.

20.     **No Admissions.**  This Order and the Judgment, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with the Judgment or the Settlement Agreement shall not constitute or be construed as an admission by any of the Releasees of any wrongdoing or liability, or by any of the Releasors of any infirmity in Plaintiffs' Claims.  This Order, the Judgment, and the Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint and of the Released Class Claims.  In no event shall this Order, the Judgment, the Settlement Agreement, any of their provisions, or any negotiations, statements, or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory, or other

00694182;V1                                14

proceeding, except a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, this Order, the Judgment, the Settlement Agreement, and any related negotiations, statements, or court proceedings shall not be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession (*i*) of any kind against the Settling Parties or the other Releasees and Releasors in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding or (*ii*) of any liability or wrongdoing whatsoever on the part of any person or entity, including Defendants, or as a waiver by Defendants of any applicable defense, or (*iii*) by Plaintiffs or the Class of the infirmities of any claims, causes of action, or remedies.

21. Notwithstanding anything in paragraph 20 above, this Order, the Judgment, and/or the Settlement Agreement may be filed in any action against or by any Releasee to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, injunction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

22. **Attorneys' Fees and Expenses Award.** Lead Counsel is hereby awarded attorneys' fees in the amount of 33 1/3% (*i.e.*, $2,331,000) of the Settlement Fund, which is the $7,000,000 Settlement Amount plus any interest that has accrued on the Settlement Amount on deposit in the Escrow Account, and expenses in the amount of $58,508.86. Those amounts shall be paid out of the Settlement Fund (as that term is defined in the Settlement Agreement) pursuant to the terms set out in Section X of the Settlement Agreement. The Court finds that the Attorneys' Fees and Expenses Award is fair, reasonable, and appropriate.

23. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that: (a) the Settlement has created a fund of $7 million that has been

paid into escrow pursuant to the terms of the Settlement and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement; (b) the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by Lead Plaintiff; (c) copies of the Individual Notice, which were mailed to all potential Class Members who could be identified with reasonable effort, stated that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $100,000; (d) Lead Counsel adequately conducted the litigation and achieved the Settlement; (e) the Action raised complex issues; (f) the Action presented significant risks to establishing liability and damages; and (g) the amount of attorneys' fees and expenses is fair and reasonable and consistent with awards in similar cases.

24. **PSLRA Award.** The Court finds that a PSLRA Award of $5,000 to Lead Plaintiff is reasonable in the circumstances. This amount shall be paid out of the Settlement Fund pursuant to the terms set out in Section XI of the Settlement Agreement.

25. **Modification of Settlement Agreement.** Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement (including its exhibits) that (*i*) are not materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the rights of Class Members under the Settlement Agreement.

26. **Dismissal of Action.** The Action, including all Claims that have been asserted, is hereby dismissed on the merits and with prejudice, without fees or costs to any Settling Party except as otherwise provided in the Settlement Agreement.

27. **Retention of Jurisdiction.** Without in any way affecting the finality of this Order and the Judgment, and subject to the Mediator's ability to make final, binding, and

00694182;V1                                              16

nonappealable rulings as prescribed in the Settlement Agreement, the Court expressly retains

continuing and exclusive jurisdiction over the Settlement and all Settling Parties, the Class

Members, and anyone else who appeared before this Court for all matters relating to the Action,

including the administration, consummation, interpretation, implementation, or enforcement of

the Settlement Agreement or of this Order and the Judgment, and for any other reasonably

necessary purposes, including:

     a.     enforcing the terms and conditions of the Settlement Agreement, this

Order, and the Judgment (including the Complete Bar Order, the PSLRA Contribution Bar

Order, and the permanent injunction);

     b.     resolving any disputes, claims, or causes of action that, in whole or in part,

are related to or arise out of the Settlement Agreement, this Order, or the Judgment (including

whether a person or entity is or is not a Class Member and whether Claims or causes of action

allegedly related to the Released Class Claims are or are not barred by this Order and the

Judgment or the Release);

     c.     entering such additional orders as may be necessary or appropriate to

protect or effectuate this Order and the Judgment, including whether to impose a bond on any

parties who appeal from this Order or the Judgment; and

     d.     entering any other necessary or appropriate orders to protect and effectuate

this Court's retention of continuing jurisdiction.

28.     **Rule 11 Findings.**  The Court finds that all complaints filed in the Action were

filed on a good-faith basis in accordance with the PSLRA and with Rule 11 of the Federal Rules

of Civil Procedure based upon all publicly available information.  The Court finds that all

Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

29. **Termination.** If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement (including pursuant to Section XIV), this Order and the Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement; *provided, however,* that paragraph 40 of the Preliminary Approval Order (concerning the Confidentiality Agreement) shall remain in effect even if this Order and the Judgment are rendered null and void.

30. **Entry of Judgment.** There is no just reason to delay the entry of this Order and the Judgment, and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Any appeal from this Order or other proceeding seeking subsequent judicial review of this Order pertaining solely to (*i*) the attorneys' fees or expenses awarded to Lead Counsel or the PSLRA Award to Lead Plaintiff and/or (*ii*) the Plan of Allocation shall not in any way delay or preclude this Order from becoming Final under the terms of the Settlement Agreement.

SO ORDERED this **2nd** day of **June**, 2022

*/s Michael A. Hammer*

Honorable Michael A. Hammer, U.S.M.J.

## APPENDIX OF SELECTED SETTLEMENT DEFINITIONS

"**Action**" means the securities class action now pending in this Court and captioned *Vitiello v. Bed Bath & Beyond Inc.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.), including any other cases that have been or might be consolidated into that action as of the Final Settlement Date, including *Kirkland v. Bed Bath & Beyond Inc.*, No. 2:20-cv-05339-MCA-MAH (D.N.J.), which was consolidated into this Action pursuant to the Court's August 14, 2020 order.

"**BBBY Affiliate**" means any Affiliate, holding company, or subsidiary of BBBY, and any other person or entity affiliated with BBBY through direct or indirect ownership of BBBY shares.

"**BBBY Common Stock**" means publicly traded common stock issued by BBBY.

"**Operative Facts**" means those facts and circumstances that provide the factual predicate for the claims asserted in the Action and shall include, among other things:

      a.     BBBY's management of inventory, including its use of promotions and markdowns to reduce its inventory during the Class Period;

      b.     BBBY's use of inventory, sales, and pricing programs, including Revionics and JDA, in connection with its inventory-reduction program, and any reports, analyses, or documents generated by such programs;

      c.     BBBY's communications with, demands received from, or negotiations with shareholders, including Legion Partners Asset Management, Macellum Advisors, and Ancora Advisors, relating to BBBY's management structure and personnel, its use

of promotions, coupons, or other marketing methods, or its inventory management, including any actions taken by BBBY in response to such communications, demands, or negotiations;

d. any alleged meetings, communications, or discussions between or among BBBY employees regarding BBBY's inventory-reduction program, data, reports, or analyses provided by BBBY's inventory, pricing or management software (including but not limited to Revionics and JDA), or other attempts at reducing company inventory;

e. any review, analysis, synthesis, presentation, or alleged concealment or attempted concealment of any alleged data, reports, or analyses provided by BBBY's inventory, pricing, or management software (including but not limited to Revionics and JDA);

f. BBBY's merchandising or promotional strategies or operations, including its use (or lack of use) of coupon marketing, markdowns, and promotions;

g. BBBY's changes to its management positions and structure, including (*i*) its replacement of Mary A. Winston as interim CEO with Mark Tritton, (*ii*) the termination or resignation of, and resulting search for replacements for, the Chief Merchandising Officer, Chief Marketing Officer, Chief Digital Officer, General Counsel, Chief Administrative Officer, and Chief Brand Officer, and (*iii*) the resignation of Robyn D'Elia;

h. BBBY's financial guidance, projections, and earnings expectations, including revisions to or withdrawals of previously announced guidance;

i. any salaries, bonuses, stock awards, or other compensation paid by BBBY to Mark J. Tritton, Mary A. Winston, or Robyn M. D'Elia;

j.      any alleged communications (whether internal to BBBY or external, and whether oral or written) relating to or evidencing any of the alleged conduct described in Sections I.A.45.a-i;

k.      any Claims related to transactions in BBBY Common Stock by any Releasees during the Class Period, including any Claims under Exchange Act §§ 10(b), 20(a), or 20A or SEC Rule 10b-5 relating to such transactions, to the extent that such Claims are related in any way to the alleged conduct and/or topics described in Sections I.A.45.a-j;

l.      any allegedly false or misleading statements or omissions in any SEC filings (including Forms 10-Q and 10-K and proxy statements), Exchange Act or Sarbanes-Oxley certifications, or press releases filed or issued during the Class Period relating to the matters described in Sections I.A.45.a-k, including, without limitation, those addressing (*i*) BBBY's inventory during the Class Period, (*ii*) BBBY's inventory-management practices, policies, and programs, (*iii*) BBBY's use of inventory, pricing, and sales software, including Revionics and JDA, (*iv*) BBBY's hiring, termination, or recruitment of employees or executives, (*v*) BBBY's financial performance, results, estimates, projections, or guidance, (*vi*) BBBY's internal controls and policies, and (*vii*) the retail industry in general;

m.      any alleged misstatements or omissions at industry or investor conferences, or in analyst meetings, earnings calls, or other public statements, during the Class Period relating to the matters described in Sections I.A.45.a-l;

n.      any alleged inflation or decline in the price of BBBY Common Stock during the Class Period that is related to or arises out of the alleged conduct and/or topics described in Sections I.A.45.a-m; and

o.      any Claims under Exchange Action §§ 10(b) and/or 20(a) and/or SEC Rule 10b-5 arising out of the alleged conduct and/or topics described in Sections I.A.45.a-n.

**"Released Class Claims"** means each and every Claim that existed as of, on, or before the Execution Date and that Plaintiffs or any other Class Member (*i*) asserted against any of the Releasees in the Action (including all Claims alleged in the Complaint) or (*ii*) could have asserted or could assert against any of the Releasees in connection with or relating directly or indirectly to any of the Operative Facts or any alleged statements about, mischaracterizations of, or omissions concerning them, whether arising under any federal, state, or other statutory or common-law rule or under any foreign law, in any court, tribunal, agency, or other forum, if such Claim also arises out of or relates to the purchase or other acquisition of BBBY Common Stock, or to any other Investment Decision, during the Class Period; *provided*, *however*, that the term "Released Class Claims" does not include (and will not release or impair) (*i*) any claims asserted in any action under the Employee Retirement Income Security Act of 1974; (*ii*) any claims asserted in any shareholder derivative action on behalf of BBBY, including without limitation the claims asserted in the Derivative Actions; or (*iii*) any claims to enforce this Settlement Agreement.

**"Released Releasees' Claims"** means each and every Claim that has been, could have been, or could be asserted in the Action or in any other proceeding by any Releasee (including Defendants and their successors and assigns), or his, her, or its respective estates, heirs, executors, agents, attorneys (including in-house counsel, outside counsel, and Defendants' Counsel), beneficiaries, accountants, professional advisors, trusts, trustees, administrators, and

00694182;V1                                              APP-4

assigns, against Plaintiffs, any other Class Members, or any of their respective attorneys (including, without limitation, Plaintiffs' Counsel), and that arises out of or relates in any way to the initiation, prosecution, or settlement of the Action or the implementation of this Settlement Agreement; *provided, however*, that Released Releasees' Claim shall not include any Claim to enforce the Settlement Agreement.

**"Releasee"** means each and every one of, and "Releasees" means all of, (*i*) BBBY, (*ii*) BBBY Affiliates, (*iii*) each of BBBY's and BBBY's Affiliates' current and former officers (including Mark J. Tritton, Mary A. Winston, and Robyn M. D'Elia), directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Defendants' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers and any entities in which BBBY or any BBBY Affiliate has or had a Controlling Interest or that has or had a Controlling Interest in BBBY or any BBBY Affiliate, and (*iv*) for each of the foregoing Releasees, (*y*) to the extent the Releasee is an entity, each of its current and former officers, directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Defendants' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and any entities in which any Releasee has or had a Controlling Interest or that has or had a Controlling Interest in the Releasee and (*z*) to the extent the Releasee is an individual, each of his

00694182;V1                                        APP-5

Case 2:20-cv-04401-MCA-MAH Document 158-9 Filed 06/08/21 Page 224 of 241 PageID: 18075
Case 2:20-cv-04401-MCA-MAH Document 90 Filed 06/08/21 Page 224 of 241 PageID: 18075
Page ID #:4471

or her Family Members, estates, heirs, executors, beneficiaries, trusts, trustees, agents, representatives, attorneys, advisors, administrators, accountants, consultants, assigns, assignees, representatives, partners, successors-in-interest, insurance carriers, and reinsurers.

**"Releasor"** means each and every one of, and "Releasors" means all of, (*i*) Plaintiffs, (*ii*) all other Class Members, and (*iii*) for each of the foregoing Releasors, their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, or any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasors, *provided* that Releasors shall not include any BBBY shareholder to the extent that such person or entity seeks to assert a derivative claim on behalf of BBBY.

**16**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| ZWICK PARTNERS, LP and APARNA RAO, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:16-cv-02475 |
| v. | ) ) | |
| QUORUM HEALTH CORPORATION, COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, W. LARRY CASH, THOMAS D. MILLER and MICHAEL J. CULOTTA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds (Doc. No. 347) and Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Class Representative (Doc. No. 349), which are not opposed by Defendants.

Class Representative Zwick Partners, LP ("Plaintiff"), on behalf of itself and the Class (see Doc. No. 342 at 11), and Defendants Community Health Systems, Inc. ("CHSI"), Wayne T. Smith, W. Larry Cash, Michael J. Culotta, Quorum Health Corporation ("Quorum"), and Thomas D. Miller (collectively, the "Defendants," and, together with Plaintiff, on behalf of itself and the other members of the Class, the "Parties")[1] have agreed—subject to Court approval following notice to the Class and a settlement fairness hearing—to settle the above-captioned matter (the "Action")

---

[1] Smith and Cash, together, the "Individual CHSI Defendants," and Miller and Culotta, together, the "Individual Quorum Defendants."

upon the terms set forth in July 16, 2020 Stipulation and Agreement of Settlement ("Stipulation")

(Doc. No. 342), and the Amendment to the Stipulation and Agreement of Settlement dated

November 10, 2020. (Doc. No. 357-3)("Amendment")(Collectively referred to as "Stipulation").

On July 27, 2020, the Court preliminarily approved the Settlement, directed that notice of

the proposed Settlement be provided to Class Members, provided Class Members with the

opportunity either to exclude themselves from the Class or to object to the Settlement, and

scheduled a hearing regarding final approval of the Settlement. (Doc. No. 345). The Court

conducted a Settlement Fairness Hearing on November 30, 2020 to consider, among other things,

whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class,

and should therefore be approved, whether a judgment should be entered dismissing the Action

with prejudice against the Defendants, and whether the requested fees and costs are reasonable.

Having reviewed and considered the Parties' Stipulation, the record in this case, Plaintiffs'

Memoranda of Law in support of the pending motions (Doc. Nos. 348, 350, 356) and supporting

exhibits and declarations (see Doc. Nos. 351, 357), and the arguments of counsel, the Court finds

and concludes as follows:

1.     **Jurisdiction**. The Court has jurisdiction over the subject matter of the Action and

all matters relating to the Settlement and has personal jurisdiction over all of the Parties and each

of the Class Members.

2.     **Incorporation of Settlement Documents**. All defined terms contained herein,

unless otherwise defined, shall have the same meanings as set forth in the Stipulation. This

Judgment also incorporates and makes a part hereof: (a) the Stipulation (Doc. No. 342 and 357-3);

(b) the Notice (Doc. No. 342-2); and (c) the Summary Notice (Doc. No. 342-4), all of which were

filed with the Court.

3.      **Notice**. Dissemination of the Notice and the publication of Summary Notice was accomplished as set forth in the Stipulation and in the Court's July 21, 2020 Order directing notice to the Class. Notice constituted the best notice practical under the circumstances, constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement, and met the requirements of Rule 23(c)(2) and (e)(1), due process, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, and all other applicable law and rules. Notice was also reasonably calculated, under the circumstances, to apprise Class Members of (a) the pendency of the Action; (b) the effect of the proposed Settlement (including the Releases to be provided thereunder); (c) Class Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and a compensatory award to Plaintiff; (d) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and a compensatory award to Plaintiff; (e) their right to exclude themselves from the Class; and (f) their right to appear at the Settlement Fairness Hearing.

4.      **Objections**. No objections were made to the Settlement either before or during the Settlement Fairness Hearing.

5.      **Final Settlement Approval and Dismissal of Claims**. Under Federal Rule of Civil Procedure 23(e)(2), after a hearing, the Court finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects fair, reasonable, and adequate to the Class. Specifically, the Court finds as follows:

3

a.      Plaintiff and Class Counsel have vigorously represented the interests of the Class, having prosecuted this action on behalf of the Class for more than four years. Specifically, over 35 fact and expert depositions were taken by the Parties, including three depositions of Plaintiff and its managing partners, and over 550,000 pages of documents were reviewed. Plaintiff and Class Counsel successfully defended against Defendants' motions to dismiss, achieved class certification, successfully defended against Defendants' motion for summary judgment and were completing their trial preparation when the Settlement was reached. Counsel demonstrated knowledge about the case and expertise in the field of securities litigation.

b.      The Settlement arises out of arm's-length, informed, and non-collusive negotiations between counsel for Plaintiffs and the Defendants. Specifically, during contentious, hard-fought litigation, the parties engaged a neutral, The Honorable Gary Feess (ret.), to conduct mediation. The parties met in person on two separate days and engaged in hours of additional conversations with the mediator by telephone.

c.      The Settlement creates a settlement fund of $18 million, which represents between 12.7% and 42.9% of estimated recoverable damages. The Court finds this is a more than adequate, indeed extraordinary result, considering: (i) the costs, risks, and delay of trial and appeal, particularly in light of the complex nature of Plaintiffs' case and the multiple potential defenses available at trial; (ii) the effectiveness and straightforwardness of the proposed claims process; (iii) the reasonableness of the request for an award of attorneys' fees and costs and service awards for the class representatives; and (iv) that the only agreement identified under Rule 23(e)(3) consists of the Amendment that sets forth certain conditions under which the Settlement may be withdrawn or terminated at Defendants' sole discretion if Class Members who meet certain criteria exclude themselves from the Class.

d.      The Court finds that Plaintiffs' proposed plan of allocation is fair, reasonable, and adequate. Under the Plan of Allocation set out in the Notice, Class Members are treated equitably relative to each other, based on the timing of their purchase or acquisition of Quorum common stock during the Class Period, and any subsequent sales of those shares, by providing that each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund based on the amount of their Recognized Losses.

6.      The Settlement is also fair, reasonable, and adequate considering the factors enumerated by the Sixth Circuit: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

a.      The Settlement was reached after years of contested litigation, including certification of the Class, and multiple mediation efforts that concluded only shortly before trial. There is no risk of fraud or collusion.

b.      This case was extraordinarily complex and expensive, and further litigation would only be more so. Securities class actions are complex, and Plaintiffs' claims in this case involved complicated facts and complex accounting, valuation, legal issues, and economic analysis.

c.      The parties engaged in full discovery, with the case ready for trial when the Settlement was reached.

d.      The Class faced significant risk, on both liability and damages, at trial and on appeal.

e.      Plaintiff and Class Counsel unreservedly support the Settlement.

5

f.       The reaction of absent class members weighs in favor of approval, as no Class Members objected.

g.       The public interest favors settlement of complex litigation and class actions, particularly where settlement ensures effective enforcement of securities laws.

7.       Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation. The Action and all of the claims asserted against Defendants in the Action by Plaintiff and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.       **Binding Effect**. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9.       **Releases and Bars**. The Releases set forth in paragraphs 4 through 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, the Court orders that:

a.       Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Class Member, shall be deemed to have, and by operation of law and of this Judgment shall have compromised, settled, released, resolved,

6

relinquished, remised, waived, and discharged, fully, finally, and forever, each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

b.      Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of this Judgment shall have compromised, settled, released, resolved, relinquished, waived, and discharged, fully, finally, and forever, each and every Released Defendants' Claim against the Plaintiff's Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

10.     In accordance with 15 U.S.C. § 78u-4(f)(7)(A) and pursuant to federal common law, any and all claims that are brought by any person against Defendants (a) for contribution or indemnification arising out of any Released Plaintiffs' Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Plaintiff or the Class, are hereby permanently barred and discharged. Any such claims brought by Defendants against any person (other than non-Defendant persons whose liability to Plaintiff or the Class is extinguished by this Judgment) are likewise permanently barred and discharged. Provided, however, that nothing in

7

this paragraph or Stipulation shall apply to bar or otherwise affect any claim of right to indemnification between: (1) CHSI and any present or former officer or director of CHSI, except, to the extent applicable, any of the Individual Quorum Defendants; (2) Quorum and any present or former officer or director of Quorum, except, to the extent applicable, any of the Individual CHSI Defendants; or (3) any claim for insurance coverage by any Defendant.

11.    Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination of Plaintiff's Counsel, the Class Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; and (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

12.    Notwithstanding paragraphs 9a – 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    **Rule 11 Findings**. The Court finds and concludes that the Parties and their respective counsel have represented to the Court that they have each complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.    **No Admissions**. Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the

8

execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.    shall be offered against Plaintiff or any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiff or any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable in this Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiff or any of the Plaintiff's Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be

9

or would have been recovered after trial; *provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.*

15. **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the administration and distribution of the Settlement Fund; and (c) the Class Members for all matters relating to the Action.

16. **Modification of the Agreement of Settlement**. Without further approval from the Court, Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

17. **Plan of Allocation**. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

18. **Attorneys' Fees, Litigation Expenses, and Compensatory Award**. The Court will grant Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Class Representative (Doc. No. 349) and award Class Counsel attorneys' fees in the amount of $5,400,000, plus interest, reimbursement of $1,898,839.09 in expenses, plus

10

interest, and a compensatory award in the amounts of $35,000 to Plaintiff to be paid from the Settlement Fund. In awarding these amounts, the Court finds as follows:

a.      The resolution of this case has created a common benefit fund for the class, so it is appropriate to assess attorney's fees against the fund. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980).

b.      Class Counsel's requested fee award is fair and reasonable under the percentage-of-the-fund approach. This is the preferred method where, as here, "a substantial common fund has been established for the benefit of class members through the efforts of class counsel." In re Se. Milk Antitrust Litig., No. 07-208, 2013 WL 2155387, at *2 (E.D. Tenn. May 17, 2013). While the requested fee of thirty percent of the fund is very significant, it "is certainly within the range often awarded in common fund cases, both nationwide and in the Sixth Circuit," and is appropriate given the exceptional result Class Counsel achieved notwithstanding substantial risk. Id. at *3.

c.      The requested fee meets all of the factors the Sixth Circuit articulated in Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir. 1974), specifically:

1)      the recovery of $18 million, which represents between 12.7% and 42.9% of Plaintiffs' estimated Class-wide damages, is an excellent outcome for the Class, especially relative to historical range of securities class action settlements, see, e.g., Cornerstone Research, Securities Class Action Settlements: 2019 Review and Analysis at 6, (2020)[2] (observing that between 2010 and 2018 the median settlement as a percentage of damages between $75 million and $149 million was 4.9%); NERA Economic Consulting, Recent Trends in Securities

---

[2]   https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2019-Review-and-Analysis

11

Class Action Litigation: 2018 Full Year Review, at 35 (2019)[3] (observing that in 2018 the median of settlement value as a percentage of damages was 4.7% for losses between $50 million and $99 million, and 3.1% for losses between $100 million and $199 million);

      2)    society has a strong interest in compensating Class Counsel for the risks and complex issues posed by this case, thereby encouraging others to bring similar litigation in the future;

      3)    fees and reimbursement of costs in this case were entirely contingent upon success, creating a risk of under-compensation in the absence of settlement or victory at trial, see Lonardo v. Travelers Indem. Co., 706 F. Supp. 2d 766, 795 (N.D. Ohio 2010);

      4)    Class Counsel devoted over nine thousand hours to this case and the time value of their services was substantial;

      5)    this class action involved complicated facts and complex accounting, valuation, legal issues, and economic analysis, requiring Class Counsel to overcome substantial hurdles to prove their claims; and

      6)    Class Counsel, who are experienced class action and securities law practitioners, displayed skill and commitment throughout the litigation.

      d.    The Court has confirmed the reasonableness of Class Counsel's fee request by conducting a lodestar cross-check. This involves multiplying reasonable rates by reasonable hours. Gascho v. Global Fitness Holdings, LLC, 822 F.3d 269, 279 (6th Cir. 2016). The "sum may then be increased by a 'multiplier' to account for the costs and risks involved in the litigation, as well as the complexities of the case and the size of the recovery." In re Sulzer Hip Prosthesis &

---

[3] https://www.nera.com/content/dam/nera/publications/2019/PUB_Year_End_Trends_012819_Final.pdf

12

Knee Prosthesis Liab. Litig., 268 F. Supp. 2d 907, 922 (N.D. Ohio 2003). The Court finds that Class Counsel's reasonable lodestar was $5,724,495.00 based on Counsel's hourly billing rates for the period from the inception of the case until November 9, 2020, see Doc. No. 351 at ¶¶ 103–04, and that an award of $5,400,000.00 yields a multiplier on a thirty percent fee of 0.94. This multiplier falls well below an acceptable range. See, e.g., In re Cardinal Health Inc. Sec. Litigs., 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (awarding a multiplier of 6.0 and noting that typical multipliers range from 1.3 to 4.5). The use of current (2020) rates is appropriate to "compensate for the delay in payment during the pendency of the litigation." In re UnumProvident Corp. Deriv. Litig., No. 02- 386, 2010 WL 289179, at *9 (E.D. Tenn. Jan. 20, 2010).

e.      Class Counsel reasonably incurred a total of $1,898,839.09 in litigation expenses for which Class Counsel seek reimbursement in this case. Class Counsel "is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related expenses." In re Cardizem CD Antitrust Litig., 218 F.R.D. 508, 535 (E.D. Mich. 2003). Moreover, this amount is less than the $2 million limit disclosed in the Notice.

f.      The requested class representative award of $35,000 to Plaintiff is justified by the time and resources both invested into supervising and prosecuting this case. The awards is also justified as an economic incentive to others to bring securities litigation even though their claims may not be sizable.

g.      No objections were made to Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, or to Class Representative's request for reimbursement of its reasonable costs and expenses.

19.    **Termination of Settlement**. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiff, Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes and Tax Expenses paid, due, or owing, shall be returned to Defendants, in accordance with the Stipulation.

For the foregoing reasons, Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds (Doc. No. 347) and Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Class Representative (Doc. No. 349) are **GRANTED**. Class Counsel are awarded attorneys' fees in the amount of $5,400,000, plus interest, and reimbursement of $1,898,839.09 in expenses, and Plaintiff is awarded $35,000 as compensation for being the Class Representative. These awards shall be paid from the Settlement Fund.

The Court finds under Federal Rule of Civil Procedure 54(b) that there is no just reason to delay the entry of this Judgment, and the Clerk shall enter Judgment under Rule 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE