**POMERANTZ LLP**
Jennifer Pafiti (SBN 292790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

(*Additional counsel on signature page*)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FUNKO, INC., et al., <br><br> Defendants. | Case No. 2:20-cv-02319-VAP-(MAAx) <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND ENTRY OF JUDGMENT AND (II) LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND REIMBURSEMENT TO LEAD PLAINTIFFS** <br><br> <u>Hearing</u> <br> Date: November 7, 2022 <br> Time: 2:00 PM <br> Courtroom: 8A <br> Judge: Hon. Virginia A. Phillips |

Lead Plaintiffs Abdul Baker, Zhibin Zhang, and Huaiyu Zheng (collectively, "Lead Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully submit this reply memorandum in support of (i) their Motion for Final Approval of Settlement, Certification of Settlement Class, and Entry of Judgment and (ii) Lead Counsel's Motion for Award Of Attorneys' Fees, Expenses, and Reimbursement to Lead Plaintiffs (collectively, the "Motions").

## I.   PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $7,000,000.[1] As detailed in the Motions, the Settlement is the product of hard-fought litigation and extensive arm's-length settlement negotiations and represents a very favorable result for the Class in light of the substantial challenges Lead Plaintiffs would have faced in proving liability and damages. To date, not a single Class Member has lodged an objection and only one Settlement Class Member has excluded himself from the Settlement.

The extensive notice program further confirms that the Settlement, Plan of Allocation, and requested fee and expense awards have the support of the Settlement Class. Pursuant to the Preliminary Approval Order (ECF No. 193), the Claims Administrator, Strategic Claims Services ("SCS"), has mailed 23,031 Postcard Notices to potential Settlement Class Members or their nominees. *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Report on Requests for Exclusions and Objections; and (C) Claim Filing Status dated October 28, 2022 at ¶ 3, 4 ("Supp. Bravata Decl."), attached as Exhibit A to the Supplemental Declaration of Stephanie M. Beige filed concurrently herewith (the "Supp. Beige Decl."). Email notification with a direct link to the Postcard Notice and the settlement webpage

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement filed with the Court on June 3, 2022 (the "Stipulation") (ECF No. 186-1).

has also been sent to 8,860 potential Settlement Class Members. *Id.* at ¶ 3. As such, in total, 31,966 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Postcard Notice. *Id.* Additionally, the Summary Notice was published in *Investor's Business Daily* and *PR Newswire*. *See* ECF No. 198-4, Ex. 4 at ¶ 9. The Court-ordered deadline for Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, and awards to Lead Plaintiffs, or to request exclusion from the Settlement Class, was October 17, 2022. *See* Preliminary Approval Order at 13; ECF No. 195 at 2.

Thus, the reaction of the Settlement Class strongly supports approval of the Settlement, the requested attorneys' fees and expenses, and the reimbursement awards to the Lead Plaintiffs, and Lead Plaintiffs respectfully request that the Court enter the [Proposed] Orders and Final Judgment, submitted herewith.

## II.  ARGUMENT

### A.  THE REACTION OF THE CLASS SUPPORTS FINAL APPROVAL AND THE REQUEST FOR FEES

The Settlement and request for attorney's fees and expenses are each appropriate, as detailed in Lead Plaintiffs' and Lead Counsels' motion papers. *See* ECF Nos. 196, 197. Additionally, the objection period expired on October 17, 2022 and no Settlement Class Member (or other person or entity) objected to either the Settlement or to Lead Counsels' application for an award of attorneys' fees and expenses. There is only one request for exclusion from the Settlement and the Claims Administrator reports that the Settlement Class Members are participating in this Settlement at a favorable rate, submitting more than 5,848 claims.[2] *See* Supp. Bravata Decl. at ¶ 9.

---

[2] On September 21, 2022, SCS received an exclusion request from individual shareholder, Jonathan D Sato who claims to have purchased 100 shares of Funko common stock at a price of $8.84 during the Class Period. *See* Exhibit E to the Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections dated October 3, 2022 (ECF 198-4).

The positive reaction of the Settlement Class supports final approval. Specifically, after providing notice to nearly 32,000 potential Settlement Class Members, not a single Settlement Class Member objected and only one Settlement Class Member requested exclusion. This overwhelmingly positive reaction is a significant factor that weighs in favor of finding the Settlement fair and adequate. *See Arnold v. Fitflop USA, LLC*, 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (a small number of objections "indicat[ed] that the vast majority of Class Members and other concerned parties are likely satisfied with the resolution of this case"); *Thompson v. Transamerica Life Ins. Co.*, 2020 WL 6145105, at *7 (C.D. Cal. Sept. 16, 2020) (finding that "the relatively small number of exclusion requests reinforces this Court's conclusion on behalf of the Settlement Class that the Settlement Agreement is fair, reasonable, and adequate" and noting that the filing of only two valid objections "strongly supports approval" of the settlement); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (lack of objections supports "the inference that the class approves of the settlement is even stronger"); *Francisco v. Emeritus Corp.*, 2019 WL 7856768, at *4 (C.D. Cal. 2019) ("Given the low number of requests for exclusion and the absence of any objections to the terms or conditions of the Settlement, the Class response is favorable overall."). Accordingly, the positive reaction of the Settlement Class supports final approval of the Settlement.

The reaction of the Settlement Class also supports awarding the requested attorneys' fees, expenses, and reimbursements to Lead Plaintiffs. "The existence or absence of objectors to the requested attorneys' fee is a factor in determining the appropriate fee award." *In re Heritage Bond. Litig.*, 2005 WL 1594403, at *21 (C.D. Cal. June 10, 2005). As discussed above, there are no objections to Lead Counsels' requested attorneys' fees. Accordingly, this further evidences that the request is fair and reasonable. *See Boyd v. Bank of America Corp.*, 2014 WL 6473804, at *9 (C.D. Cal. Nov. 18, 2014)

Case No. 2:20-cv-02319-VAP-MAAx
MEMORANDUM OF POINTS AND AUTHORITIES

("The lack of any opposition … weighs in favor of an upward modification of the benchmark rate [for attorneys' fees]."); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *22 (S.D.N.Y. Dec. 18, 2019) ("The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested."); *Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *12 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members to a 25 percent fee supports the finding that Plaintiffs' request is reasonable."). Indeed, the lack of any objections from "'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, also supports approval. *See, e.g., In re Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451, at *6 (D.N.J. May 31, 2012) ("'The lack of objections to the requested attorneys' fees supports the request, especially because the settlement class includes large, sophisticated institutional investors.'"); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (institutional investors "had the means, the motive, and the sophistication to raise objections if they thought the . . . fee was excessive").

Accordingly, the positive reaction of the Settlement Class supports final approval and the request for attorneys' fees and expenses.

## B.     THE NOTICE PLAN SATISFIED RULE 23 AND DUE PROCESS

Pursuant to the Court-approved Notice Plan, beginning on July 19, 2022, SCS began mailing copies of the Notice to potential Settlement Class Members who could be identified and to 1,808 nominees. *See* Supp. Bravata Decl. at ¶ 3; ECF No. 198-4 at ¶ 4. In addition, the Internet Notice, Claim Form, the Stipulation of Settlement, and Preliminary Order were made available to potential Settlement Class Members on the Settlement website and a Summary Notice of the Settlement was published in *Investor's Business Daily* and released over *PR Newswire*. *See* ECF No. 198-4 at ¶ 9. Further, SCS continues to promptly respond to each telephone inquiry and address Settlement Class

Members' inquiries. *See* Supp. Bravata Decl. at ¶ 5. The Notice procedures employed by Lead Counsel and the Claims Administrator are consistent with notice procedures routinely approved in securities class actions and adequately apprised the Settlement Class of the Settlement and the Class Members' rights with respect to the Settlement. *See, e.g., Chupa v. Armstrong Flooring, Inc.*, No. 2:19-CV-09840-CAS (MRWx) (C.D. Cal. Feb. 22, 2021) (Dkt. 99); *In re Silver Wheaton Corp. Sec. Litig.*, No. 2:15-cv05146-CAS (PJWx) (C.D. Cal. Mar. 9, 2020) (Dkt. 487); *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *8 (C.D. Cal. Oct. 10, 2019) (finding a similar process "fair, reasonable and adequate").

The Court-approved Notice Plan employed by Lead Counsel and SCS adequately notified potential Settlement Class Members of the Settlement and satisfied Rule 23 and due process.

### C. SCS SHOULD BE REIMBURSED FOR EXPENSES INCURRED IN CONNECTION WITH THE NOTICE PROGRAM

To date, SCS has incurred expenses of $53,610.21 in connection with administering the Notice program pursuant to the Preliminary Order. *See* Supp. Bravata Decl. at ¶10. The invoice detailing SCS's expenses is included as Exhibit A to the Supp. Bravata Decl. *See id.* SCS anticipates the total administration costs to range from approximately $94,000 to $114,000. This is well below the $200,000 figure provided in the Notice, which no Settlement Class Member objected to. As such, SCS should be reimbursed for its expenses incurred to date.

### III. CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant the Motions and enter the [Proposed] Orders and Final Judgment submitted herewith.

Dated: October 28, 2022

Respectfully submitted,

**POMERANTZ LLP**
/s/ Michael J. Wernke
Michael J. Wernke (pro hac vice)
Jeremy A. Lieberman (pro hac vice)
600 Third Ave., 20th Fl.
New York, NY 10016
Tel: (212) 661-1100
Email: mjwernke@pomlaw.com
Email: jalieberman@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

/s/ Stephanie M. Beige
Stephanie M. Beige
**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (pro hac forthcoming)
Stephanie M. Beige (pro hac vice)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Email: bernstein@bernlieb.com
Email: beige@bernlieb.com

*Co-Lead Counsel for Lead Plaintiffs*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York, 10165

Case No. 2:20-cv-02319-VAP-MAAx
MEMORANDUM OF POINTS AND AUTHORITIES

Telephone: (212) 697-6486
Email: peretz@bgandg.com
*Additional Counsel for Lead Plaintiffs*

Case No. 2:20-cv-02319-VAP-MAAx
MEMORANDUM OF POINTS AND AUTHORITIES