**POMERANTZ LLP**
Jennifer Pafiti (SBN 292790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> FUNKO, INC., et al., <br><br> Defendants. | Case No.: 2:20-cv-02319-VAP-MAAx <br><br> Judge: Hon. Virginia A. Phillips Courtroom 8A-8th Floor <br><br> **CLASS ACTION** |

## [PROPOSED] ORDER
## AND FINAL JUDGMENT APPROVING SETTLEMENT

WHEREAS, a securities class action is pending in this court entitled *Gilberto Ferreira, et al. v. Funko, Inc., et al.*, 2:20-cv-02319-VAP-MAAx (the "Action");

WHEREAS, (a) Lead Plaintiffs Huaiyu Zheng, Abdul Baker, and Zhibin Zhang ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Funko, Inc. ("Funko") and Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, and Adam Kriger (the "Individual Defendants," and together with Funko, the "Funko Defendants" or the "Settling Defendants"), and ACON Investments, L.L.C., ACON Funko Manager,

L.L.C., ACON Funko Investors, L.L.C., ACON Funko Investors Holdings 1, L.L.C., ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C. (the "ACON Defendants," and together with the Settling Defendants, the "Defendants") have determined to settle all claims asserted in this Action against all parties with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 3, 2022 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated July 19, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 7, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral

and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof the Stipulation and the exhibits thereto, filed with the Court on June 3, 2022.

3.    **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired shares of Funko publicly traded common stock during the period from August 8, 2019 through March 5, 2020, inclusive, (the "Class Period"), and who allege they were damaged thereby (the "Settlement Class"). The Settlement Class includes all persons or entities who purchased Funko common stock contemporaneously with sales of Funko common stock made by Defendant Mariotti during the Class Period.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the conduct alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Funko; (viii) all Funko plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in-interest, or assigns of any excluded person or entity in their respective capacity as such. Also excluded from the Settlement Class are any persons and entities who or

00716308;V1

[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT
Case No. 2:20-cv-02319-VAP(MAAx)

which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.    **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met. In certifying Settlement Class for purposes of Settlement the Court has analyzed the requirements of Federal Rule of Civil Procedure 23 and found that:

a. The Rule 23(a)(1) numerosity requirement is satisfied because the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable;

b. The Rule 23(a)(2) commonality requirement is satisfied because there are questions of law and fact common to the Settlement Class which predominate over any individual questions;

c. The Rule 23(a)(3) typicality requirement is satisfied because the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class;

d. The Rule 23(a)(4) adequacy requirement is satisfied because Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and

e. The Rule 23(b)(3) predominance requirement is satisfied because common issues predominate over individualized concerns and a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

5.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel Bernstein Liebhard LLP and Pomerantz LLP as Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and

adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.    **Notice** – The Court finds that the dissemination of the Postcard Notice, Internet Notice and the publication of the Summary Notice satisfied the Notice requirements pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Preliminary Order. The Court has analyzed the requirements of Federal Rule of Civil Procedure 23(e) and found that:

a. Notice was directed in a reasonable manner to all Settlement Class members who would be bound by the proposed Settlement;

b.  The Notice was timely, accurate, and informative;

c.  The Claims Administrator implemented the Notice in accordance with the Preliminary Approval Order;

d. The Notice constituted the best notice practicable under the circumstances;

e. The Notice was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsels' motion for attorneys' fees and Litigation Expenses, including application for PSLRA awards to Lead Plaintiffs; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsels' motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing;

f. The Notice constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and

00716308;V1

5

[PROPOSED] ORDER AND FINAL JUDGMENT
APPROVING SETTLEMENT
Case No. 2:20-cv-02319-VAP(MAAx)

g. The Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the Settlement Hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment, except those persons and entities listed on Exhibit 1 to this Judgment.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. In granting final approval of the Settlement the Court has analyzed the requirements of Federal Rule of Civil Procedure 23 and found that:

a. Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

b. The Settlement was negotiated by the Parties at arm's length;

c. The Settlement is not the product of fraud or overreaching by, or collusion between, the Parties;

d. Sufficient discovery has been taken and investigation completed to enable Lead Counsel and the Court to act intelligently;

e. The relief provided for the Settlement Class under the Settlement is adequate taking into account the strength of Lead Plaintiffs' claims, the risk, expense, complexity, and likely duration of further litigation, the risk of certifying the Action as a class action and maintaining class action status throughout the trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the reaction of Settlement Class members, and the proposed attorneys' fee award;

f. The Settlement treats members of the Settlement Class equitably relative to each other. The parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

10. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation

relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a. Without further action by anyone, and subject to paragraph 11 below, upon the Effective date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and all of the Defendants' Releasees, and shall forever be barred and enjoined from bringing, asserting, or prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

b. Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, the Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and all of the Plaintiffs' Releasees, and shall forever be barred and enjoined from bringing, asserting or prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the parties or any Releasee to enforce or effectuate the terms of the Stipulation or this Judgment.

00716308;V1

[PROPOSED] ORDER AND FINAL JUDGMENT
APPROVING SETTLEMENT
Case No. 2:20-cv-02319-VAP(MAAx)

12.    **Rule 11 Findings** – The Court finds and concludes that the parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.    **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.    Shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.    Shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs'

Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

       c. Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to and rely on this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement, including but not limited to by filing the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and the Settlement Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the

00716308;V1

[PROPOSED] ORDER AND FINAL JUDGMENT
APPROVING SETTLEMENT
Case No. 2:20-cv-02319-VAP(MAAx)

rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and the Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

17.    **Settlement Administration Fees and Expenses** – The Claims Administrator, Strategic Claims Services, shall be reimbursed for fees and expenses in the amount of $_____ associated with implementing the Notice program and administrating the settlement to date. Such amounts are to be paid out of the Settlement Fund immediately upon entry of this Order.

18.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

19.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this ___ day of _____, 2022.


_____
The Honorable Virginia A. Phillips
United States District Judge

# EXHIBIT 1

**Persons Excluded From the Settlement Class**

Jonathan D. Sato