**POMERANTZ LLP**
Jennifer Pafiti (SBN 292790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERREIRA, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>   v.<br><br>FUNKO, INC., et al.,<br><br>                        Defendants. | Case No.: 2:20-cv-02319-VAP-MAAx<br><br>Judge: Hon. Virginia A. Phillips Courtroom 8A-8th Floor<br><br>**CLASS ACTION** |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, EXPENSES, AND REIMBURSEMENT TO LEAD PLAINTIFFS

WHEREAS, a securities class action is pending in this court entitled *Gilberto Ferreira, et al. v. Funko, Inc., et al.*, 2:20-cv-02319-VAP-MAAx (the "Action");

WHEREAS, (a) Lead Plaintiffs Huaiyu Zheng, Abdul Baker, and Zhibin Zhang ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Funko, Inc. ("Funko") and Brian Mariotti, Jennifer Fall Jung, Andrew Perlmutter, Ken Brotman, Gino Dellomo, and Adam Kriger (the "Individual Defendants," and together with Funko, the "Funko Defendants" or the "Settling Defendants"), and ACON Investments, L.L.C., ACON Funko Manager,

L.L.C., ACON Funko Investors, L.L.C., ACON Funko Investors Holdings 1, L.L.C., ACON Funko Investors Holdings 2, L.L.C., ACON Funko Investors Holdings 3, L.L.C., and ACON Equity GenPar, L.L.C. (the "ACON Defendants," and together with the Settling Defendants, the "Defendants") have determined to settle all claims asserted in this Action against all parties with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 3, 2022 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated July 19, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 7, 2022 (the "Settlement Hearing") to consider, among other things, whether and in what amount to award (a) Lead Counsel in the above captioned securities class action fees and litigation expenses; and (b) Lead Plaintiffs' costs and expenses (including lost wages), pursuant to the PSLRA, relating to their representation of the Settlement Class.

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral

00716220;V2

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES Case No. 2:20-cv-02319-VAP(MAAx)

and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the parties and each of the Settlement Class Members.

2. **Notice** – Notice of Lead Counsels' application for attorneys' fees of up to 25 percent of the Settlement Fund, payment of expenses of up to $275,000, and reimbursements to Lead Plaintiffs of up to $18,000 each, was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and litigation expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all persons and entities entitled thereto.

No Settlement Class Member objected to the Settlement or Lead Counsels' application for attorneys' fees, expenses, and reimbursements to Lead Plaintiffs.

3. **Attorneys' Fees** – When evaluating attorneys' fees, the Ninth Circuit holds "the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295-96 (9th Cir. 1994)). When using the percentage-of-the-fund method, "courts typically set a benchmark of 25 percent of the fund as a reasonable fee award and justify any increase or decrease from this amount based on circumstances in the record." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443,

455 (E.D. Cal. May 14, 2013); *see Paul Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989).

Lead Counsel seek an award of attorneys' fees of 25 percent of the Settlement Fund, which is consistent with the Ninth Circuit's 25 percent "benchmark award for attorney[s] fees." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

4.   Lead Counsel are awarded 25 percent of the Settlement Fund as attorneys' fees in the amount of $_____, plus interest, such amounts to be paid out of the Settlement Fund immediately upon entry of this Order.

5.   In making this award of attorneys' fees to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

a.   The Settlement has created a common fund of $7 million in cash, which is a favorable result, and that Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

b.   The requested attorneys' fees of 25% of the Settlement Fund is within the benchmark in the Ninth Circuit and is consistent with fee awards approved in cases within the Ninth Circuit;

c.   The requested attorneys' fees have been reviewed and approved as fair and reasonable by Lead Plaintiffs, who have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

d.   Lead Counsel undertook the Action on a contingent basis, and have received no compensation during the years the Action was litigated, and any fee and expense award has been contingent on the result achieved;

e.   The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy challenging proceedings the resolution of which would be uncertain;

f.  Lead Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

g.  Lead Counsel has devoted approximately 3,211 hours of work at their respective hourly rates to litigating this Action, with a reasonable lodestar of $2,546,814.39;

h.  The Court has reviewed Lead Counsels' declarations and finds Lead Counsels' respective hourly rates to be reasonable;

i.  Lead Counsels' lodestar does not include hours billed after September 30, 2022, and does not include time spent drafting and finalizing the motions for approval of Lead Counsels' fee and expenses request.

6.    **Reimbursement of Expenses**: Lead Counsel seek reimbursement of litigation expenses in the amount of $141,142.47, which is less than the $275,000 estimate provided in the Notice to the Settlement Class.

7.    The Court has reviewed Lead Counsels' declarations detailing the costs incurred in this Action and awards Lead Counsel $_____in litigation expenses, plus interest, such amounts to be paid out of the Settlement Fund immediately upon entry of this Order.

8.    Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among Bronstein, Gewirtz & Grossman, LLC and other counsel who performed work for the benefit of the Settlement Class at their direction in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

9.    In the event that this Order does not become final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and all other counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of (i) entry of the order rendering the Settlement and Judgment non-Final, (ii) notice of the Settlement being terminated, or (iii) the

occurrence of any other event that precludes the Effective Date from occurring, refund the Settlement Fund the fee and expense award paid to Lead Counsel and, if applicable, distributed to other counsel.

10.   **Awards to Lead Plaintiffs** – Lead Plaintiffs Abdul Baker, Zhibin Zhang, and Huaiyu Zheng are awarded $_____, $_____ and $_____, respectively, for their reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), with such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

11.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

SO ORDERED this ___ day of _____, 2022.

_____
The Honorable Virginia A. Phillips
United States District Judge

00716220;V2

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES
Case No. 2:20-cv-02319-VAP(MAAx)