**EXHIBIT B**

**Compendium of Unreported Cases**

1. *Chupa v. Armstrong Flooring*, 2:19cv09840CAS(MRWx) (C.D. Cal. Feb. 22, 2021) (Dkt. 99)

2. *In re Silver Wheaton Corp. Sec. Litig.* 2:15-cv-05146-CAS-PJWx (C.D. Cal. Mar. 9, 2020) (Dkt. 487)

00716440;V1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated, | Case No. 2:19-cv-09840-CAS-MRWx |
| Plaintiff, | Judge: Hon. Christina A. Snyder<br>Courtroom 8D – 8th Floor |
| v. | **CLASS ACTION** |
| ARMSTRONG FLOORING, INC., et al., | **[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT** |
| Defendants. | |

WHEREAS, a securities class action is pending in this court entitled *Chupa v. Armstrong Flooring, Inc.*, 2:19-cv-09840-CAS-MRW (C.D. Cal.) (the "Action");

WHEREAS, (a) Lead Plaintiff Randy Marker ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below), and (b) defendant Armstrong Flooring, Inc. ("Armstrong Flooring") have determined to settle all claims asserted in this Action in their entirety and as against all Defendants with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 15, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement

1

in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Proposed Class Certification for Settlement Purposes</u>** – Solely for purposes of effectuating the proposed Settlement, the Parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure: all persons or entities who purchased Armstrong Flooring common stock on the open market between March 6, 2018 and March 3, 2020 (the "Class Period"), and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Armstrong Flooring; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Armstrong Flooring; (viii) all Armstrong Flooring plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **<u>Class Findings</u>** – The Court finds, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class

2

solely for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court also finds that it will likely be able to certify Lead Plaintiff as Class Representative for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below. The Court finds probative that the Settlement was negotiated at arm's length under the oversight of an experienced mediator.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on July 19, 2021, at 10:00 a.m. in Courtroom 8D of the First Street U.S. Courthouse, 350 W. 1st Street, 8th Floor, Los Angeles, CA 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine

3

whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the Releases set forth in the Stipulation should be ordered; (e) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (f) to determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved; (g) to consider any Settlement Class Members' timely objections to the Settlement, Plan of Allocation, or motion for attorneys' fees and Litigation Expenses; and (h) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class, provided that doing so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.

a. not later than ten (10) business days after the date of entry of this Order, Armstrong Flooring shall, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, provide or cause to be provided to the Claims

4

Administrator in electronic format a list consisting of names and mailing addresses and email addresses, if available, of those who purchased or held Armstrong Flooring common stock during the Class Period;

b. beginning not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Armstrong Flooring or in the records which Armstrong Flooring caused to be provided, or who otherwise may be identified through further reasonable effort;

c. contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Internet Notice and Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Internet Notice and Claim Form can be downloaded;

d. not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in Investor's Business Daily and to be transmitted once over the PR Newswire; and

e. not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court: (a) approves, as to form and content, the Postcard Notice, Internet Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4 respectively; and, (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Summary Notice, Internet Notice and Claim Form in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed

5

Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Internet Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Plaintiffs' Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Armstrong Flooring common stock during the Class Period for the benefit of another person or entity. Brokers and other nominees who purchased Armstrong Flooring common stock during the Class Period for the benefit of another person or entity shall, within seven days of receipt of the Postcard Notice, either: (a) provide to the Claims Administrator the name and last known address of each such person or entity; (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and, within seven days of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request an electronic copy of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and, within seven days of receipt, email the Postcard Notice directly to all such persons and entities for which email addresses are available. If available, the broker or other nominee must also provide the Claims Administer with the e-mails of the beneficial owners. If a broker or other nominee opts to utilize procedure (b) or

6

(c) above, then such broker or nominee must provide a statement to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Upon full compliance with this Order, such brokers or other nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator. Such properly documented expenses incurred by brokers or other nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or received electronically no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late claims, provided such acceptance does not delay

the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12. In order to be entitled to participate in the recovery from the Net Settlement Fund after the Effective Date, each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the

8

Stipulation and the Internet Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. **<u>Exclusion From the Settlement Class</u>** – All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request to be excluded, or "opt out," from the Settlement Class. Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Internet Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: Armstrong Flooring, Inc. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063 and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Chupa v. Armstrong Flooring, Inc.*, 2:19-cv-09840-CAS-MRW (C.D. Cal.)"; (iii) state the number of Armstrong Flooring common shares that the person or entity requesting exclusion (A) owned as of the opening of trading on March 6, 2018 and (B) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

15. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the

Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Internet Notice.

17. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendant's Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear to show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided,*

*however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendant's Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendant's Counsel** |
|---|---|
| Bernstein Liebhard LLP | Skadden, Arps, Slate, Meagher & Flom LLP |
| Michael S. Bigin | Peter B. Morrison, Esq. |
| 10 East 40th St., 28th Floor | 300 South Grand Avenue, Suite 3400 |
| New York, NY 10016 | Los Angeles, CA 90071 |

19. Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Armstrong Flooring common stock that the objecting Settlement Class Member (i) owned as of the opening of trading on March 6, 2018 and (ii) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must

11

include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff and all other members of the Settlement Class from commencing or prosecuting, directly or indirectly, any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund held by the Escrow Agent at Signature Bank shall be deemed and considered to be *in custodia*

*legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for, or in respect to, the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses** – Defendants' Releasees shall have no responsibility or liability for (i) the Plan of Allocation, (ii) any actions of the Escrow Agent, (iii) any distributions from the Net Settlement Fund, or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff. The Court will consider the Plan of Allocation and any applications for attorneys' fees or Litigation Expenses separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action and Releases. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff,

13

the other Settlement Class Members, and Defendants, and the parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

27. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c)

14

shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28. **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

29. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

SO ORDERED this 22nd day of February, 2021.

*Christina A. Snyder*

The Honorable Christina A. Snyder
United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Silver Wheaton Corp. Securities Litigation | Master File No: 2:15-cv-05146-CAS-PJWx c/w: 2:15-cv-05173-CAS(PJWx) **[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE PROCEDURES** Hon. Christina A. Snyder |

WHEREAS (i) Plaintiffs/Class Representatives ("Plaintiffs"), on behalf of themselves and the Settlement Class, and (ii) Defendants Silver Wheaton Corp. ("Silver Wheaton"), Randy V. J. Smallwood, Peter Barnes, and Gary Brown (collectively, the "Silver Wheaton Defendants"), and Deloitte LLP (Canada) ("Deloitte") (together, "Defendants") have jointly entered, by and through their respective counsel, into a Settlement of the claims asserted in the Litigation, the terms of which are set forth in a Stipulation of Settlement, dated February 10, 2020 (the "Stipulation");

WHEREAS, the Stipulation, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in

the Consolidated Second Amended Complaint for Violations of the Securities Laws (the "Complaint") filed in the Litigation; and the Court having read and considered the Stipulation, the proposed Internet Notice of Pendency and Proposed Settlement of Class Action (the "Internet Notice"), the proposed Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), the proposed Postcard Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Expenses (the "Postcard Notice"), the proposed Plan of Allocation of the Net Settlement Fund Among Settlement Class Members (the "Plan of Allocation"), the proposed Proof of Claim and Release Form (the "Proof of Claim"), the proposed Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, the Court has read and considered: (a) Plaintiffs' Motion for Preliminary Approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED, this ninth day of March 2020, that:

1.    Capitalized terms used herein have the meanings defined in the Stipulation.

2.    **The Settlement Class:** On May 11, 2017, the Court certified a class as to the Silver Wheaton Defendants (the "Silver Wheaton Class") consisting of all persons and entities who purchased the publicly traded securities of Silver Wheaton (i) on a United States exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive, and did not sell such securities prior to July 6, 2015.  Excluded from the Silver Wheaton Class are Defendants, all present and former officers and directors of Silver Wheaton and any subsidiary thereof, Deloitte and all of its present and former partners, members of such excluded persons' families and their legal representatives, heirs, successors or

Case 2:15-cv-03240-CAS-FJW   Document 487   Filed 03/09/20   Page 396 of 417   Page ID
#:25822

assigns and any entity which such excluded persons controlled or in which they have or had a controlling interest.

Because a class has not been certified in the Action against Deloitte, the Settling Parties have stipulated, for purposes of the Settlement only, to a settlement class as to Deloitte (the "Deloitte Settlement Class") consisting of all persons and entities who purchased the publicly traded securities of Silver Wheaton (i) on a United States exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive (the "Class Period"), and did not sell such securities prior to July 6, 2015. Excluded from the Deloitte Settlement Class are Defendants, all present and former officers and directors of Silver Wheaton and any subsidiary thereof, Deloitte and all of its present and former partners, members of all such excluded persons' families and their legal representatives, heirs, successors or assigns and any entity which such excluded persons controlled or in which they have or had a controlling interest.

Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, preliminarily and for purposes of the Settlement only, the Deloitte Settlement Class. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Deloitte Settlement Class Members is so numerous that joinder of all members of the Deloitte Settlement Class is impracticable; (b) there are questions of law and fact common to the Deloitte Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Deloitte Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Deloitte Settlement Class; (e) the questions of law and fact common to the Deloitte Settlement Class predominate over any questions affecting only individual members of the Deloitte Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation.

For purposes of the Settlement only, the "Settlement Class" shall consist of both the Silver Wheaton Class and the Deloitte Settlement Class.

3.    **Preliminary Approval of the Settlement:** The Court finds the Settlement is sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.  Specifically, the Court finds that:

(a)    Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class: Plaintiffs have been actively involved in this Litigation, including regularly communicating with counsel and sitting for depositions. Plaintiffs' Counsel have vigorously litigated this action.

(b)    The Settlement was negotiated at arm's length: Plaintiffs and the Silver Wheaton Defendants, represented by experienced counsel, held two mediations before the Hon. Layn Phillips, U.S.D.J. (ret.).  Deloitte, also represented by experienced counsel, participated in the second mediation as well.  The Settlement was only reached after extensive litigation.

(c)    The relief provided for the Settlement Class is adequate: The Settlement recovers $41.5 million for Settlement Class Members.  Plaintiffs briefed three motions to dismiss, one motion for class certification, a motion for leave to amend after the deadline to file amended pleadings, three motions to compel and one appeal therefrom and two additional discovery motions filed in Canada, and filed a motion for judgment on the pleadings as to one of Defendants' affirmative defenses. Plaintiffs took or defended a total of fourteen depositions and obtained and reviewed more than 800,000 pages of documents.  Through these efforts, Plaintiffs understood the Litigation's strengths, weaknesses, and settlement value, and negotiated a fair, reasonable, and adequate Settlement.

(d)    The Settlement treats Settlement Class Members equitably relative to each other: the Plan of Allocation calculates each Settlement Class Member's recognized claim through a formula.  The formula is based on the

Case 2:15-cv-03240-CAS-FFM   Document 487-5   Filed 03/09/20   Page 306 of 437   Page ID #:4548

Settlement Class Members' purchases and sales of publicly traded Silver Wheaton securities on a United States exchange or in domestic U.S. transactions during the Class Period. Plaintiffs will receive a distribution from the Net Settlement Fund based on the same formula that governs the recovery of every member of the Settlement Class. There is no preferential treatment of Plaintiffs or any other Settlement Class Member.

(e)    Concurrent with Plaintiffs' motion for final approval of this Settlement, Plaintiffs' Counsel will make an application for attorneys' fees and reimbursement of reasonable litigation expenses. The Notice, Postcard Notice, and Summary Notice indicate that Plaintiffs' Counsel will request a fee not to exceed one-third of the Settlement Amount and reimbursement of litigation expenses not to exceed $1,600,000.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Plaintiffs' Counsel previously selected by Plaintiffs and appointed by the Court, is hereby appointed as Counsel for the Settlement Class.

5.    **Settlement Hearing:** A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on August 3, 2020 at 10:00 a.m. for the following purposes:

(a)    to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b)    to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)    to finally determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered;

///

Case 2:15-cv-05146-CAS-PJW    Document 487-5    Filed 03/09/20    Page 6 of 17   Page ID #:4549

(d)    to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)    to determine whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and an award to Plaintiffs should be approved; and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court may adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind.  The Court may enter its Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or awards to Plaintiffs.

7.    The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where doing so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8.    **Retention of Claims Administrator and Manner of Giving Notice:** Plaintiffs' Counsel is hereby authorized to retain Strategic Claims Services ("Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Final Settlement Hearing shall be given by Plaintiffs' Counsel as follows:

(a)    within fourteen (14) calendar days of the date of entry of this Order, Silver Wheaton shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead

Case 2:15-cv-03340-CAS-FJW   Document 487-5   Filed 03/09/20   Page 796 of 17   Page ID #:4550

Counsel or the Claims Administrator) its reasonably available security lists (consisting of names and addresses) of the holders of Silver Wheaton securities during the Class Period;

(b)   not later than twenty-one (21) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the forms attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Silver Wheaton or in the records which Silver Wheaton caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)   contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)   not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in Investor's Business Daily and to be transmitted once over the PR Newswire; and

(e)   not later than seven (7) calendar days prior to the Final Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.   Plaintiffs' Counsel is authorized to disburse up to $2,000,000 for Administrative Costs (as defined in the Stipulation), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses.

/ / /

Case 2:15-cv-05146-CAS-PJW   Document 487   Filed 03/09/20   Page 396 of 417   Page ID #:25827

After the Effective Date, additional amounts may be disbursed for Administrative Costs, if any, with Court approval.

10. **Approval of Form and Content of Notice:** The Court (a) approves the form, substance and requirements of the Internet Notice, the Summary Notice, the Postcard Notice, and the Proof of Claim, all of which are exhibits to the Stipulation, and (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 9 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Final Settlement Hearing shall be included in the Notice, the Summary Notice, and the Postcard Notice before they are published or mailed.

11. **Nominee Procedures:** Plaintiffs' Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Silver Wheaton securities during the Class Period for the benefit of another person or entity. Such nominee purchasers are directed to forward copies of the Postcard Notice to their

beneficial owners by email to all persons for whom an email address is available, and by mail otherwise, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Postcard Notice promptly to such beneficial owners. Additional copies of the Postcard Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners. Record holders shall be reimbursed $0.05 per Postcard Notice emailed or mailed (plus postage) from the Settlement Fund, upon receipt by the Claims Administrator of such request and proper documentation, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

12. **Participation in the Settlement:** To be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) The Settlement Class Member must complete, execute, and submit a Proof of Claim electronically on the website set up by the Claims Administrator no later than 11:59 PM ninety-six (96) calendar days from the date of this Order. The Settlement Class Member may instead elect to manually mail a completed Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than ninety-six (96) calendar days from the date of this Order, in which case the Settlement Class Member's recognized loss will be reduced by $5 or 1%, whichever is greater. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed

Case 2:15-cv-05146-CAS-PJW   Document 487-5   Filed 09/09/20   Page 10 of 17   Page ID #:25829

to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the Person(s) executing the Proof of Claim is acting in a representative capacity, such person must provide a certification of his or her current authority to act on behalf of the Settlement Class Member, electronically or otherwise; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (not more than ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

/ / /

/ / /

(d)    For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

13.    **Exclusion From the Settlement Class:** Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than ninety-six (96) calendar days from the date of this Order, to the following recipients: (i) *In re Silver Wheaton Corp. Sec. Litig.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 3, Media, PA 19063, and (ii) both Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Silver Wheaton Corp. Sec. Litig.* Case No. 15-CV-5146-CAS-PJWx"; (iii) state the number of shares of Silver Wheaton securities that the person or entity requesting exclusion purchased, acquired, and/or sold on a United States exchange or in domestic U.S. transactions during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale; (iv) provide adequate supporting documentation for the transactions for which the Settlement Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel and Defendants' Counsel; and (v) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless

Case 2:15-cv-05146-CAS-PJW   Document 487-5   Filed 09/09/20   Page 29 of 17   Page ID #:25631

it provides all the required information and documentation and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Persons, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at Final Settlement Hearing:** Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiffs' and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than  fourteen (14) calendar days prior to the Final Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who or which does not enter an appearance will be represented by Plaintiffs' Counsel.

///

Case 2:20-cv-02319-MCS-MAA    Document 189-5  Filed 10/28/22   Page 31 of 35   Page
ID #:4556
Case 2:15-cv-05146-CAS-PJW    Document 487   Filed 03/09/20   Page 19 of 17   Page ID
#:25832

17.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Final Settlement Hearing.

PLAINTIFFS' COUNSEL:
Jonathan Horne
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

COUNSEL FOR THE SILVER WHEATON DEFENDANTS:
Gregory L. Watts
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104

COUNSEL FOR DEFENDANT DELOITTE:
Lee G. Dunst
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

Case 2:15-cv-05146-CAS-PJW   Document 487-5   Filed 09/09/20   Page 14 of 17   Page ID
#:25633

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection(s), and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Silver Wheaton securities that the objecting Settlement Class Member purchased, acquired, and/or sold on the New York Stock Exchange or in domestic U.S. transactions during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale; (d) must state the name, address, and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; (e) must contain a statement confirming whether the Settlement Class Member or their counsel plan to appear at the Final Settlement Hearing; and (g) must state the number of times the Settlement Class Member filed an objection in the previous five years and the nature of each objection to each case in which the Settlement Class Member filed an objection in the previous five years. Objectors who enter an appearance and desire to present evidence at the Final Settlement Hearing in support of their objection(s) must include in their written objection(s) or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and reimbursement of Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of

Allocation or the requested attorneys' fees and reimbursement of Litigation Expenses in this or any other proceeding.

20. **Supporting Papers:** Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than twenty-eight (28) calendar days prior to the Final Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Settlement Hearing.

21. **Stay and Temporary Injunction:** Unless and until otherwise ordered by the Court, all proceedings in the Action shall be stayed other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Persons.

22. **Settlement Fund:** The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation or is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of December 4, 2020, as provided in the Stipulation.

24. **Use of this Order:** None of this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained

therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any of Plaintiffs' allegations or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Releasing Parties that any of their claims are without merit, that any of the Released Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Persons or Releasing Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties, the Released Persons, the Releasing Parties and their respective

/ / /

counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

26.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Dated: March 9, 2020

_Christina A. Snyder_
___
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE